

**Town of Mansfield**
**Town Manager's Office**

**John O. D'Agostino**
**Town Manager**
Telephone        (508) 261-7370
Facsimile        (508) 261-7498
Email townmanager@mansfieldma.com

### MEMORANDUM

**TO:**       Jack Beliveau, Director, M.M.E.D.

**FROM:**     John O. D'Agostino, Town Manager

**DATE:**     December 10, 2003

**SUBJECT:**  Auditors for the Mansfield Municipal Light Department

---

Please be advised that I desire to hire the same auditing firm for the Town of Mansfield. In my opinion, it is important to have one auditing firm perform the audits of both entities. Therefore, we will not seek an extension or a new contract for services with Goulet, Salvidio and Associates. The Manager of the Light Department will select the new auditing firm for the Municipal Light Department.

If you have any questions, please see me.


JOD/eo
Cc:    Mr. James F. Goulet
       9 Irving Street
       Worcester, MA  01609

*cc BOS 12-24*

*FYI*

# Memo

**To:**     John D'Agostino

**From:**   Jack Beliveau

**Date:**   December 16, 2003

**Re:**     Auditor

---

I have received your December 10, memo with respect to the cessation of auditing service with Goulet Salvidio Associates and your intention to hire another firm. Please be aware that the auditor develops and completes the DTE report for the State of Massachusetts and FERC forms EIA-412 and 861 as well as the independent audit required by the FERC. While it is your desire to hire the same firm for both the Town and the Light Department, typically CPA firms are reluctant to complete an audit of a subunit and complete an overall audit. Changes in Federal laws (Sarbanes/Oxley) have made audit firms more reluctant to assume multiple tasks within one unit.

The DTE report for FY 2003 is due in March 2004 and the EIA forms in February 2004. Letters must be sent in January by the audit firm to a random sample of customers to confirm balances. Also, the auditors observe the counting of inventory in early January to verify the count. If they are not present, they will issue a "qualified" audit. It is therefore important that a new firm be engaged immediately who is familiar with the completion of these documents.

Additionally, in the past, the audit firm was hired by and engaged by the Board of Light Commissioners.

While I have advised Mr. Goulet of your wishes, I await your further direction with respect to the FY 2003 audit.



**Town of Mansfield**
**Town Manager's Office**

John O. D'Agostino
Town Manager
Telephone          (508) 261-7370
Facsimile          (508) 261-7498
Email townmanager@mansfieldma.com

## MEMORANDUM

**TO:**        Jack Beliveau, Director, M.M.E.D.

**FROM:**      John O. D'Agostino, Town Manager

**DATE:**      December 10, 2003

**SUBJECT:**   Auditors for the Mansfield Municipal Light Department

---

Please be advised that I desire to hire the same auditing firm for the Town of Mansfield. In my opinion, it is important to have one auditing firm perform the audits of both entities. Therefore, we will not seek an extension or a new contract for services with Goulet, Salvidio and Associates. The Manager of the Light Department will select the new auditing firm for the Municipal Light Department.

If you have any questions, please see me.


JOD/eo
Cc:    Mr. James F. Goulet
       9 Irving Street
       Worcester, MA  01609



**Town of Mansfield**
**Town Manager's Office**

**John O. D'Agostino**
**Town Manager**
Telephone        (508) 261-7370
Facsimile        (508) 261-7498
Email townmanager@mansfieldma.com

**MEMORANDUM**

**TO:**            Jack Beliveau, Director, M.M.E.D.

**FROM:**          John O. D'Agostino, Town Manager

**DATE:**          December 23, 2003

**SUBJECT:**       Light Department Auditors

---

Under Chapter M.G.L. 164, the Manager of the Light Department is vested with the responsibility to hire in this case the auditor for the Light Department. My memorandum of December 10, 2003, clearly articulated my desire to consolidate auditing functions between the Town and the Light Department. At that time, I learned that the auditor's contract with the Department was about to expire. This information should have been brought to my attention and that of the Light Commissioners long before it did. This action did not provide me with the opportunity to explore other auditing options. Further, during my discussions with you in my office on or about the 16th or 17th of December, you indicated that if we were to look for an auditor, we needed to proceed immediately because of the aforementioned timeline (your memo dated 12/16/03 in response to my memo dated 12/10/03) to get the audit started. Last night I learned that the auditors had already commenced auditing functions for 2003. Given the fact that the Light Commissioners and myself had very little advance notice of the expiration of the auditors contract with the Department and that auditing functions had commenced for 2003, the actions of the department are contrary to the administrative initiatives and desires of the Manager of the Light Department. M.G.L. clearly vests hiring authority with the Manager of the Light Plant.

In the future, such actions contrary to either state statute or the administrative initiatives of the Manager of the Light Plant will not be tolerated and may lead to further disciplinary action.

T:\Daily Correspondence\Light Department Auditors.doc

Commencing immediately, I desire a brief status report on a weekly basis concerning the operations of the plant inclusive of administration, personnel and any issues that I, as Manager, should be made aware. Furthermore, all personnel decisions and contracts with the Light Department will require my consent and prior approval before implementation.

JOD/eo

J

**The Commonwealth of Massachusetts**
**Commission Against Discrimination**
**One Ashburton Place, Boston, MA 02108**
**Phone: (617) 994-6000 Fax: (617) 994-6024**

*3/22/04*

Date Issued: 3/22/2004

Juliane Balliro, Esq.
Perkins, Smith & Cohen
One Beacon Street, 30th Fl.
Boston, MA 02108

Re:   Complainant(s)   John Beliveau

Vs.

       Respondent(s)   T- Mansfield, Municipal Electric Plant, John O. D'Agostino, Town Manager

**MCAD Docket Number: 04BEM00606**
**EEOC/HUD Charge Number: 16CA401120**

Dear Counsel:

The Commission has received notice that a civil action is being filed in **_Superior Court_** in the above-referenced matter. Pursuant to M.G.L.A. 151B, Section 9 (Chapter 478 of the Acts of 1974), the complaint before the Commission is hereby dismissed without prejudice as to the merits.

**Please be advised that pursuant to 804 CMR 1.15(2), the parties are required to serve upon the Commission's General Counsel a copy of any final order obtained in court. In addition, any party filing an appeal of such final order is required to serve a notice of appeal upon the Commission's General Counsel.**

Please be advised the Complainant is barred from subsequently bring a complaint on the same matter before this Commission.

Very truly yours,

Dorca I. Gomez
Chairwoman

# THE COMMONWEALTH OF MASSACHUSETTS
## COMMISSION AGAINST DISCRIMINATION
### ONE ASHBURTON PLACE
**BOSTON, MA 02108-1518**

Tel: (617) 994-6000          TTY: (617) 994-6196          Fax: (617) 994-6024

TO:      **File**
FR:      **Robin Edwards**
RE:      **John J. Beliveau v. Town of Mansfield, Municipal Electric Plant and John O D'Agostino**
MCAD #   **04BEM00606**
EEOC #   **16CA401120 (25+ employees)**
DATE:    **March 22, 2004**

## RECOMMENDATION: CASE CLOSURE – WITHDRAWN IN ORDER TO FILE A PRIVATE RIGHT OF ACTION ON THE SAME MATTER IN CIVIL COURT

On February 18, 2004 Complainant filed a complaint with the Massachusetts Commission Against Discrimination. Complainant alleged Respondents discriminated against him on or around February 12, 2004 on the basis of Retaliation in violation of M.G.L. c.151B§4 (4) and Title VII.

On March 16, 2004 Complainant's Counsel submitted an Emergency Motion to withdraw, which was granted by the AAU Supervisor, this complaint from the MCAD and EEOC in order to pursue the matter as a private right of action in civil court.

The Commission finds no reason to investigate this matter further. Therefore, it is recommended that Complainant be allowed to withdraw this complaint.

Robin Edwards
Administrative Assistant
MCAD, AAU

COMMONWEALTH OF MASSACHUSETTS
MASSACHUSETTS COMMISSION AGAINST DISCRIMINATION

MCAD Docket Nos. 04BEM00194 and
04-BEM1300606
EEOC Charge Nos.: 16CA400789 and
016CA401120

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
JOHN J. BELIVEAU                           \*
    Complainant                       \*
v.                                             \*
                                               \*
JOHN D'AGOSTINO and TOWN OF       \*
MANSFIELD                                   \*
    Respondents                       \*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINANT'S EMERGENCY MOTION FOR
## REMOVAL OF COMPLAINT PURSUANT TO 804 C.M.R. 1.15(2)(a)

The Complainant in the above-entitled matters, John J. Beliveau ("Beliveau"),

respectfully moves the Commission to allow him to remove his charges from this Agency

immediately and file his retaliation claims in a court of law.

Under 804 CMR 1.15(2)(a) there is good cause for removal at this time for the following

reasons:

1.      Since the filing of his first charge of discrimination, the individual respondent,

John O. D'Agostino, has engaged in a public pattern of behavior intended to undermine Mr.

Beliveau's credibility and destroy his personal and professional reputation.

2.      That Mr. Beliveau intends to bring legal claims in a court of law against Mr.

D'Agostino that are separate and distinct from the employment discrimination claims pending

before this agency and the EEOC.

3.      Mr. D'Agostino has engaged in a damaging pattern of behavior toward Mr.

Beliveau despite the filing of two separate charges of discrimination with this agency. In view of

Mr. D'Agostino's behavior, Mr. Beliveau believes that it is in his best interest to file his legal claims in a court of law at the earliest opportunity.

4.    Mr. Beliveau intends to remove his administrative claims from this tribunal as the prosecution of a single action in a single forum serves both his best interests and the interests of judicial economy.

5.    That in the event Beliveau is compelled to wait until the expiration of the 90 day period to obtain a right to sue, he will be forced to choose between a prompt filing of important but unrelated claims and the need to amend his court complaint to add the employment discrimination claims following expiration of the ninety (90) day period.

6.    Amendment of a complaint to add employment discrimination claims does not serve the interests of judicial economy.

As a result, immediate removal is supported by good cause in order that Mr. Beliveau may promptly proceed with all of his claims in a single action without the need to file unnecessary pleadings to amend his complaint at a later date.

Respectfully submitted:
On behalf of the Complainant,
By his Attorney,

Juliane Balliro, Esq. (BBO# 028010)
PERKINS SMITH & COHEN LLP
One Beacon Street
Boston, MA 02108
(617) 854-4000

Dated: March 16, 2004

2

# PERKINS SMITH & COHEN

Perkins Smith & Cohen LLP
Attorneys at Law

**Juliane Balliro**
617-854-4171
JBalliro@pscboston.com

March 16, 2004

Robert Sanders, Director
Equal Employment Opportunity Commission
John F. Kennedy Federal Building
475 Government Center
Boston, MA  02203

>       Re:     John Beliveau v. Town of Mansfield, et al.
>               EEOC/HUD #s:  16CA400789; 16CA401120
>               **Request For Notice of Right to Sue Prior to the Expiration of 180 Days**

Dear Mr. Sanders:

Pursuant to 29 C.F.R. §1601.28, Complainant John Beliveau ("Mr. Beliveau") hereby requests that the Equal Employment Opportunity Commission ("EEOC") immediately dismiss the above-captioned matters and issue him a notice of his right to pursue a civil action ("right-to-sue letter") before the expiration of 180 days from the date that he filed his Charge of Discrimination ("Charge") with the EEOC.  Mr. Beliveau filed two charges with the Massachusetts Commission Against Discrimination and EEOC on January 13, 2004 and February 18, 2004 respectively.  A copy of the charges are enclosed.

As grounds for this request, Mr. Beliveau states that EEOC regulations allow the Commission to issue a notice of right to sue "at any time prior to the expiration of 180 days from the date of filing the charge with the Commission . . . ."  29 C.F.R. §1601.28.

As further grounds for this request, Mr. Beliveau states that a right-to-sue letter is needed immediately as the individual respondent, John O. D'Agostino, has engaged in a public pattern of behavior intended to undermine Mr. Beliveau's credibility and destroy his personal and professional reputation since Mr. Beliveau filed his first Charge of Discrimination.  Mr. D'Agostino has engaged in a damaging pattern of behavior toward Mr. Beliveau despite the filing of two separate charges of discrimination with this agency.  In view of Mr. D'Agostino's behavior, Mr. Beliveau believes that it is in his best interest to file his legal claims in a court of law at the earliest opportunity.  Mr. Beliveau intends to bring legal claims in a court of law against Mr. D'Agostino that are separate and distinct from the employment discrimination claims pending before this agency and the EEOC.  As a result, Mr. Beliveau intends to remove his administrative claims from this tribunal to the courts as the prosecution of a single action in a single forum serves both his best interests and the interests of judicial economy.  In the event

Robert Sanders, Director
March 16, 2004
Page 2


Mr. Beliveau is compelled to wait until the expiration of the 90 day period to obtain a right to sue on his state and federal employment discrimination claims, he will be forced to choose between a prompt filing of important but unrelated claims and the need to amend his court complaint to add the employment discrimination claims following expiration of the ninety (90) day period.

Accordingly, a right-to-sue letter is needed immediately so that Mr. Beliveau can assert his federal discrimination and retaliation claims as part of a civil action he intends to file prior to the expiration of the waiting period in order to consolidate all claims preserve judicial economy.

Thank you for your attention to this matter. If you have any questions or if I can provide further information, please do not hesitate to contact me.

Very truly yours,

Juliane Balliro


enclosures

cc:     MCAD
        Mr. John Beliveau
31091-2 RighttoSueltr.doc

**U.S. Department of Justice**

**Civil Rights Division**

NOTICE OF RIGHT TO SUE
WITHIN 90 DAYS

CERTIFIED MAIL
5059 5302

*950 Pennsylvania Avenue, N.W.*
*Karen Ferguson, EMP, PHB, Room 4239*
*Washington, DC 20530*

April 23, 2004

Mr. John J. Beliveau
c/o Juliane Balliro, Esquire
Law Offices of Perkins, Smith & Cohen
Attorneys at Law
1 Beacon St., 30th Fl.
Boston, MA  02108-3106

Re:  EEOC Charge Against Town of Mansfield, Municipal Electric Plant, et al.
     No. 16C200400789

Dear Mr. Beliveau:

Because you filed the above charge with the Equal Employment
Opportunity Commission, and the Commission has determined that it
will not be able to investigate and conciliate that charge within
180 days of the date the Commission assumed jurisdiction over the
charge and the Department has determined that it will not file any
lawsuit(s) based thereon within that time, and because you through
your attorney have specifically requested this Notice, you are
hereby notified that you have the right to institute a civil action
under Title VII of the Civil Rights Act of 1964, as amended, 42
U.S.C. 2000e, et seq., against the above-named respondent.

If you choose to commence a civil action, such suit must be
filed in the appropriate Court within 90 days of your receipt of
this Notice.

This Notice should not be taken to mean that the Department of
Justice has made a judgment as to whether or not your case is
meritorious.

Sincerely,

R. Alexander Acosta
Assistant Attorney General
Civil Rights Division

by

Karen L. Ferguson
Civil Rights Analyst
Employment Litigation Section

cc:  Boston Area Office, EEOC
     Town of Mansfield, Municipal Electric Plant, et al.

RECEIVED
APR 2 8 2004
By



**Town of Mansfield**
**Town Manager's Office**

**John O. D'Agostino**
**Town Manager**
Telephone (508) 261-7370
Facsimile        (508) 261-7498
Email townmanager@mansfieldma.com

<u>**MEMORANDUM**</u>

**To:**          Board of Selectmen

**From:**        John D'Agostino, Town Manager

**Date:**        February 13, 2004

**Re:**          John Beliveau, Termination of Employment

_____

I am writing to inform you of my decision to terminate Mr. Beliveau's employment with the Town, effective yesterday.   The Town hired Mr. Beliveau as Director of the Municipal Electric Plant in September 1998.     Because Mr. Beliveau is an employee at-will, the Town may terminate Mr. Beliveau's employment at any time for any reason, so long as it does not do so for an unlawful reason.   I recognize that Mr. Beliveau will likely bring a claim against the Town as a result of my decision.       However, I must act in the best interests of the Town and not shrink from my responsibilities out of fear of criticism or the potential for baseless claims. I am required to discharge Mr. Beliveau in order to achieve important management goals and serve the interests of the rate payers of the MMED.     The reasons set forth below are not exhaustive, but they are representative of the issues that led to my decision to terminate Mr. Beliveau's employment.

### 1.  <u>Mr. Beliveau has failed to work cooperatively with other Town Employees.</u>

An inordinate amount of my time has been spent refereeing disputes between Mr. Beliveau and other Town employees.  Mr. Beliveau's attitude and actions have fostered divisiveness and disunity within the Town.  An example of this is the situation that developed when the Town Treasurer and the Town Accountant sent a memo to Mr. Beliveau asking him to arrange a meeting to discuss the cash balances that the Municipal Electric Department keeps on deposit with the Town.   The Treasurer and Accountant were concerned because their records disclosed that on occasion, the Municipal Electric Department had a negative cash balance with the Town.  I asked Mr. Beliveau, the Treasurer, and the Accountant to work together to resolve the issue.

Unfortunately, the involved parties were not able to work together to resolve the issue.    The Treasurer, the Accountant, and I found Mr. Beliveau and his staff uncooperative.    Mr. Beliveau seemed to perceive the memo regarding the cash balances as an attack and he reacted defensively.

Months passed with the situation remaining unsettled.    Town employees, including me, continued to devote much time and energy toward reaching a solution.    The level of acrimony between the Town Hall employees and the Municipal Electric Department employees continued to grow. Ultimately, Mr. Beliveau engaged the Municipal Electric Department auditor to become involved in the situation.

In November 2003, the auditor issued a report which included a recommendation that the Municipal Electric Department maintain higher cash balances on deposit with the Town.    This simple step has prevented any further deficiencies from occurring.    The Accountant, the Treasurer and I remain convinced that the issue could have been resolved internally if Mr. Beliveau had been cooperative with the process of finding a solution.    Mr. Beliveau was largely responsible for the fact that significant resources, in terms of both time and money, were expended unnecessarily.

## 2.  **Mr. Beliveau has refused to recognize or submit to the authority of his supervisor, the Municipal Electric Department Manager.**

As you are aware, I serve as the Municipal Electric Department Manager.    Mr. Beliveau's job description states that he is to assist the Manager in the operation of the Municipal Electric Department.    As my position as Manager of the Municipal Electric Department makes Mr. Beliveau subject to my supervision, his refusal to acknowledge my authority in this regard makes his continued employment untenable.

I have found on a number of occasions that Mr. Beliveau has worked at cross-purposes with me. An example of this situation occurred recently with respect to my desire to have a single auditor conduct the audits of both the Town and the Municipal Electric Department.    In furtherance of this policy, on December 10, 2003 I advised Mr. Beliveau that the Town would not be extending the existing auditor's contract nor entering into a new contract with his firm.    Mr. Beliveau replied to my memo on December 16, 2003 by noting his reservations about my decision and warning that if the Town wished to hire a new auditor, it needed to proceed without delay in order to give a new auditor enough time to meet the required deadlines. Mr. Beliveau's memo failed to inform me that the auditor's contract expired on December 31, 2003.    Further, Mr. Beliveau's memo does not inform me that the 2003 audit had already commenced.    Mr. Beliveau did not reveal this information to me until the December 22, 2003 meeting of the Board of Municipal Electric Commissioners. The Board of the Municipal Electric Commissioners voted to defer the process of exploring a transition to a single auditor because they were given very little advance notice of the expiration of the auditors' contract and because, unbeknownst me, the existing auditor had already commenced auditing functions for 2003.

By failing to give me adequate notice of the expiration date of the auditor's contract and by failing to inform me that the 2003 audit had already commenced, Mr. Beliveau interfered with my ability to begin the process of effecting an orderly transition to a single auditor. Withholding this relevant information until the meeting of the Board of Electric Commissioners is an act of insubordination and undermines my efforts to rationalize and improve municipal operations.

### 3. Mr. Beliveau filed false charges of retaliation containing false statements under oath.

Mr. Beliveau recently forwarded to me an affidavit, signed under oath, which falsely accuses me of retaliating against him for his support of Ms. Stoyle in connection with her claim of sexual harassment. There is absolutely no truth to Mr. Beliveau's charge. The false charge disparages me and interferes with my ability to perform my functions as Town Manager and Manager of the Municipal Electric Department. Reading Mr. Beliveau's affidavit filed in support of his claim of discrimination, it is quite clear that Mr. Beliveau perceives any efforts to supervise him to be retaliatory and inappropriate.

Mr. Beliveau has received regular raises during the time that Ms. Stoyle's claim has been pending and no adverse employment action has been taken against him. I have very little information about, or interest in, any support provided to Ms. Stoyle by Mr. Beliveau. The matter has been turned over to insurance counsel and my involvement in the defense of the claim has been minimal. No copy of the independent investigator's report regarding the charges has been made available to me nor have I seen a transcript of Mr. Beliveau's deposition.

Equally as troubling, Mr. Beliveau's affidavit in support of his charge of discrimination contains false statements, including statements that falsely accuse me of lying. Specifically, Mr. Beliveau accuses me of lying about my knowledge concerning the status of the 2003 audit. Mr. Beliveau falsely claims that I learned on November 17, 2003 that the year end audit had commenced as a result of Ms. Stoyle reporting that information at the meeting of the Board of Electric Commissioners that day. The minutes of the meeting do not contain information regarding the commencement of the year end audit and a review of the videotape of the meeting fails to show Ms. Stoyle reporting any such thing. The truth is that I did not know about the audit commencement until Mr. Beliveau told the Board of Light Commissioners on December 22. The filing of an affidavit containing intentionally false statements represents conduct which can not be tolerated by the Town of Mansfield.