UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

DR. JOHN BELIVEAU,
     Plaintiff

                                  CIVIL ACTION NO. 04-11329-DPW

 v.

TOWN OF MANSFIELD MUNICIPAL
ELECTRONIC DEPARTMENT, ET AL.,
   Defendants

## ORDER RE: TRIAL AND PRE-TRIAL

WOODLOCK, District Judge

     A Pretrial Conference is set for **AUGUST 16, 2005 AT 2:30 P.M.** in courtroom 1 on the 3rd floor.  A trial date shall be set at that time, and the parties should be prepared to commence trial as of the Monday following the conference.  Trial will continue on a 9am to 1pm schedule until deliberations. Prior to that time, Counsel shall have conferred with their clients and with each other to explore the possibilities of settlement, and shall advise the Court as to prospects of settlement.  No excuses will be granted from this obligation..

     By **AUGUST 1, 2005** counsel shall meet and  confer for the purpose of preparing, either jointly or separately, a pre-trial memorandum for presentation to the Court no later than **AUGUST 9, 2005.**  Extensions for filing will not be granted without showing of exceptional cause.  Failure to file a Pre-Trial Memorandum in a timely manner may result in dismissal, default or other appropriate sanctions.

     The Pre-Trial Memorandum shall set forth:

1.  The names, addresses and telephone numbers of trial counsel;

2.  Whether the case is to be tried with or without a jury;

3.  A concise summary of the evidence that will be offered by the plaintiff, defendant, and other parties, with respect to both liability and damages (including special damages, if any);

4.  The facts established by pleadings or by stipulations of        counsel or by admissions. Counsel shall stipulate all facts not in genuine dispute;

5.  Contested issues of fact;

6.  Any jurisdictional question;

7.  Issues of law, including evidentiary questions, together        with supporting authority;

8.  Any requested amendments to the pleadings;

9.  Any additional matters to aid in the disposition of the action;

10. The probable length of trial;

11. The names and addresses of witnesses who will testify at the trial, and the purpose of the testimony of each witness, i.e., whether factual, medical, expert, etc.  Unless the        qualifications of any medical or other expert witness are admitted, a brief statement of the qualifications of such witness shall be included; and

12. The proposed exhibits..

Immediately upon receipt of this Order, any counsel who realizes that one or more attorneys have not been notified shall forthwith notify the additional attorney(s) in writing as to the entry of this Order, and shall file a copy of the writing with the Clerk.

In the event that some disposition of the case has heretofore been made, or is made before AUGUST 16, 2005, counsel shall by telephone forthwith notify the Deputy Clerk signing this Order

and promptly thereafter submit closing papers.  Compliance with this Order is not excused, absent the

actual filing of closing papers or the entry of a Settlement Order of Dismissal in a form prescribed by

the Court.

Failure to comply with any of the directions set forth above may result in judgment of dismissal

or default, or the imposition of other sanctions deemed appropriate by the Court.

It is further ORDERED:

On or before  **AUGUST 9, 2005**, counsel for the parties shall file an update of the following

materials with copies for the

Court and all parties.

1.  A statement of facts to be submitted to

the court or jury:

(a)  by stipulation; and,

(b)  by admission.

2.  A list of prospective witnesses, including names  and addresses.

3.  An identification by inclusive page and lines of any portions of depositions or interrogatory

responses to be offered at trial and a precise  statement of any objections thereto.

4.  A list of exhibits to be introduced without objection, <u>identified by a single sequence of numbers</u>,

regardless of which party is the proponent of an exhibit,   **in the form attached hereto as Appendix**

**"A".**

5.  A list of marked items to be offered at trial,  as to which a party reserves the right to object,

<u>identified by a single sequence of capital letters</u>,   regardless of which party is the proponent of an

exhibit,   **in the form attached hereto as Appendix "A".**

6.  Motions in limine or other requests regarding  foreseeable disputes concerning evidentiary issues, including authority for the ruling requested.

7.  A trial memorandum addressing those items as to  which there are forseeable disputes concerning  issues of law.

8.  In cases to be tried by a jury:

(a)  requests for instructions with citation to supporting authority;

(b)  any proposed interrogatories or special verdict  forms; and

(c)  any proposed questions for the <u>voir</u> <u>dire</u>  examination.

BY THE COURT,

<u>/s/ Rebecca Greenberg</u>
Deputy Clerk

DATED:  August 19, 2004

APPENDIX "A"

USE THIS FORMAT FOR PREPARATION OF EXHIBIT LIST:

| Exhibit Offered By: | Exhibit Number/ Letter | Marked [yes/no] | Admitted [yes/no] | Descrip-tion of Exhibit | Offered through Witness: | Date Admitted |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |

SAMPLE EXHIBIT LIST

(Third, Fourth, Sixth and Seventh Columns and bracketed material to be completed at trial)

| Exhibit Offered By: | Exhibit Number/ Letter | Marked [yes/no] | Admitted [yes/no] | Descrip-tion of Exhibit | Offered through Witness: | Date Admitted |
|---|---|---|---|---|---|---|
| Plaintiff | 1 | yes | yes | MGH Hospital Record dated 8/5/98 | John Jones | 10/10/98 |
| Defendant | 2 | yes | yes | Boston Police Report dated 8/5/98 | Officer John Smith | 10/11/98 |
| Plaintiff | 3A | yes | yes | 3x5 photo of Plaintiff showing injuries | Plaintiff | 10/11/98 |
| Plaintiff | 3B | yes | yes | 4x6 photo scene of accident | Plaintiff | 10/11/98 |