**UNITES STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHETTS**

| | |
|---|---|
| DR. JOHN J. BELIVEAU,<br><br>PLAINTIFF<br><br>        v.<br><br>TOWN OF MANSFIELD MUNICIPAL<br>ELECTRIC DEPARTMENT and<br>JOHN O. D'AGOSTINO,<br><br>DEFENDANTS | Civil Action No. 1:04-CV-11329-DPW |

**DEFENDANTS' INITIAL DISCLOSURES
PURSUANT TO FED.R.CIV.P. 26(a) (1)**

The Defendants hereby provide the following disclosures pursuant to Rule 26(a) (1) of the Federal Rules of Civil Procedure. The Defendants rely on currently available information and reserve the right to identify additional persons, documents and tangible things, and damages.

A.      **Individuals Likely to Have Discoverable Information Relevant to Disputed Facts and Subjects of Information.**

Individuals who may have knowledge of issues disputed in the pleadings:

**1. John O. D'Agostino**
   12 Park Avenue
   Mansfield, Massachusetts.

Mr. D'Agostino is likely to have discoverable information concerning facts and allegation contained in the Complaint and Answer.

**2. Dr. John J. Beliveau**
   230 Blueberry Lane
   West Kingston, Rhode Island.

Dr. Beliveau is likely to have discoverable information concerning facts and allegations contained in the Complaint and Answer.

3. **Members of the Town of Mansfield's Board of Light Commissioners**
Members of the Town of Mansfield's Board of Light Commissioners are likely to have discoverable information on subjects including, but not limited to, Plaintiff's employment with the MMED, Plaintiff's responsibilities in his capacity with the MMED, matters discussed in and relating to Board meetings, and facts and allegations contained in the Complaint and Answer.

**4. Members of the Town of Mansfield's Board of Selectmen**
Members of the Town of Mansfield's Board of Selectmen are likely to have discoverable information on subjects including, but not limited to, matters discussed in and relating to Board meetings, and facts and allegations contained in the Complaint and Answer.

**5. Mary Lou Cotton**
Mary Lou Cotton is likely to have discoverable information on subjects including, but not limited to, matters discussed in and relating to Board of Selectmen meetings,

statements made by John D'Agostino and Dr. Beliveau, and other issues relating to the facts and allegations contained in the Complaint and Answer.

### 6. Kimberly Stoyle

Ms. Stoyle is likely to have discoverable information on subjects including, but not limited to, her claims filed against the Town of Mansfield and Mr. D'Agostino ("Stoyle Charge"), the Town of Mansfield's investigation into her claims, her employment with the Town of Mansfield, and facts and allegations contained in the Complaint and Answer.

### 7. James Goulet

Mr. Goulet is likely to have discoverable information on subjects including, but not limited to, his services rendered to the MMED.

### 8. Richard Boucher

**Town Treasurer**
Richard Boucher is likely to have discoverable information on subjects including, but not limited to, his interactions with Dr. Beliveau and other facts associated with the Town Treasurer's office.

### 13. Bea Kearney

**Town Accountant**
Bea Kearney is likely to have discoverable information on subjects including, but not limited to, her interactions with Dr. Beliveau and other facts concerning the Town Accountant's office.

### 14. Lieutenant George Figueredo

Lieutenant Figueredo is likely to have discoverable information on subjects including, but not limited to, facts surrounding Plaintiff's termination from the MMED.

15. **Stephen O'Donnell**
    I.B.E.W. Local 104
    130 West Street
    Walpole, MA  02081

Mr. O'Donnell is likely to have discoverable information on subjects including, but not limited to, a prohibited labor practice charge filed by Local 104 in connection with the termination of the Plaintiff's employment with MMED.

16. **Gary Babin, MMED**

Mr. Babin is likely to have discoverable information on subjects including, but not limited to, his employment with MMED and the operation of the MMED.

**The following names appear in documents, and those listed may have knowledge of relevant facts:**

1. Robert Brown
2. Gary D'Ambra
3. Laurie Anderson
4. Eileen Ouellette
5. Andres Gazzolo

The Defendants recognize that persons other than those listed may have knowledge of discoverable information, and reserve the right to supplement this disclosure during the course of discovery.

**B. Description and Location of Documents, Data Compilations and Tangible Things Relevant to Disputed Facts.**

1. **Light Commissioners Meeting Agendas, including, but not limited to:**

a. 10/20/03
b. 11/17/03
c. 12/22/03

**2.    Minutes and video recordings of Light Commissioners Meetings, including but not limited to:**

a.  1/6/03
b.  2/3/03
c.  3/10/03
d.  4/14/03
e.  5/12/03
f.  6/9/03
g.  8/11/03
h.  9/10/03
i.  10/20/03
j.  11/17/03
k.  12/22/03

**3.    Memoranda and Letters from various individuals including, but not limited to:**

a.  To Board of Selectmen from John D'Agostino, dated 2/13/04 re: Termination of John Beliveau's employment;
b.  To Beliveau and Stoyle from Boucher and Kearny dated 2/13/03 re: Light Department Balances;
c.  From James F. Goulet to D'Agostino dated 7/3/03 re: Audit;
d.  To Goulet from D'Agostino dated 7/14/03 re: Audit;
e.  To Boucher and Kearney from Beliveau dated 12/12/03 re: Result of Audit regarding Cash Balance Discrepancy;
f.  Letter from Goulet to Beliveau dated 11/12/03 re: Cash Balance Discrepancy;
g.  To D'Agostino from Boucher and Kearney dated 12/11/03 re: Light Department Audit Review;

h. To Beliveau from Boucher and Kearney dated 12/15/03 re: Audit report of Goulet, Salvidio, P.C.;

i. To Beliveau from D'Agostino dated 12/10/03 re: auditors for the MMED;

j. To D'Agostino from Beliveau dated 12/16/03 re: auditor;

k. To Beliveau from D'Agostino dated 12/23/03 re: Light Department Auditors;

l. To D'Agostino from Beliveau dated 7/16/03 re: Cash Reconciliation –Light Department Audit;

m. To Kearney from Beliveau dated 7/30/03 re: Meeting of July 24;

n. To Beliveau and Stoyle from Kearney dated 7/29/03 re: Light Department Balances;

o. To Robert Mangiaratti, Town Counsel from Kearney dated 9/4/03 re: Electric Accounting Allocation;

p. To Board of Light Commissioners from Beliveau dated 5/12/2003 re: questions from Board Members Regarding Donations;

q. To Beliveau from D'Agostino dated 2/12/02 re: payroll change sheet/Departmental Operating Issues;

r. To D'Agostino from Beliveau dated 4/2/03 re: MMWEC balances;

s. To Board of Light Commissioners from Beliveau dated 4/7/03 re: Light Department Reserves;

t. To Beliveau from D'Agostino dated 10/14/03 re: Budget Oversight and Review;

u. To Beliveau from D'Agostino dated 12/1/03 re: Electric Payments;

v. To D'Agostino from Kearney dated 1/23/04 re: vendor numbers on vouchers;

w. To Selectmen/Finance Committee dated 4/3/02 re: Lock Box;

x. To D'Agostino from Boucher dated 5/18/01 re: Lock Box;

y. To D'Agostino, Selectmen, Beliveau from Boucher dated 5/22/01 re: Memo J. Beliveau;

z. To Board of Light Commissioners from Beliveau dated 5/22/01 re: Credit Card Payments and Lock Box;

aa. To Boucher from Beliveau dated 8/01/01 re: Customer Service;

bb. To Beliveau from Boucher dated 8/03/01 re: Memo dated 8/01/01.

3. **Miscellaneous documents:**
   a. Charge of Discrimination dated December 5, 2002, by Kimberly Stoyle, against John D'Agostino, and decisions and notices of the MCAD regarding Kimberly Stoyle's claims.

   b. John Beliveau's Personnel File from the Town of Mansfield.

   c. Charge of Discrimination dated January 13, 2004 filed by John Beliveau with the MCAD.

   d. Charge of Prohibited Labor Practice filed by I.B.E.W. Local 104 and Labor Relations Commission Decisions and notices.

   e. Director of Electric Department, Job Description approved June 15, 1998.

Documents described above will be made available for inspection and copying at the offices of Volterra, Goldberg, Mangiaratti & Jacobs, 3 Mill Street, Attleboro, MA.

The Defendants reserve the right to supplement this disclosure during the course of discovery.

**C.    Computation of Damages.**

Not Applicable.

**D.    Insurance Agreements.**

No insuring agreement is applicable.  The Defendants shall supplement this response if developments occur which would warrant supplementation.

Dated:  September 8, 2004                         Respectfully submitted,

                                                  TOWN OF MANSFIELD MUNICIPAL
                                                  ELECTRIC DEPARTMENT and
                                                  JOHN D'AGOSTINO
                                                  By their attorney,

<u>/s/ Susan Jacobs, Esquire</u>
Susan Jacobs, Esq. – BBO#554875
VOLTERRA, GOLDBERG,
MANGIARATTI & JACOBS
Three Mill Street
Attleboro, MA  02703
(508) 222-1463
