UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04 11329 DPW

DR. JOHN J. BELIVEAU,        )
                             )
         Plaintiff           )
VS.                          )
                             )
TOWN OF MANSFIELD MUNICIPAL  )
ELECTRIC DEPARTMENT AND      )
JOHN D'AGOSTINO,             )
                             )
         Defendants          )

**MOTION TO COMPEL PRODUCTION OF THE
PLAINTIFF'S JOURNAL AND TO STAY DISCOVERY PENDING PRODUCTION**

The Defendants, the Town of Mansfield and John D'Agostino (the "Defendants"), hereby move to compel the production of the Plaintiff John Beliveau's journal and to stay discovery in this matter until the journal is produced. As grounds therefore, the Defendants state that the contents of the journal kept by the Plaintiff during his employment with the Defendants and which purportedly documents events that occurred during his employment are clearly relevant to the subject matter of this action and is not subject to the attorney client and/or attorney work product doctrine as the Plaintiff contends. As further grounds the Defendants state as follows.

I.      Background

This action results as a result of the termination of the Plaintiff from his position at the Mansfield Municipal Electric Department (MMED) which occurred in early 2004. The events that led to this termination began, according to the Plaintiff, in the summer of 2003. The Plaintiff apparently had kept the journal in question long before the events that led to his termination, according to him, had begun and before he retained counsel

for this case. The defendants' defense includes the belief that it was the Plaintiff, possibly in combination with others, who set events in motion to attack the defendant D'Agostino and that those actions began long before the summer of 2003. Thus, the contents of the journal are critical to discovering the true course of events.

During the course of this litigation, the Defendants became aware that the Plaintiff kept a journal documenting events that occurred in the workplace for a number of years. The Defendants requested that the Plaintiff produce the journal. Apparently, Plaintiff's current counsel had not been aware of this journal prior to this year. By letter dated February 8, 2005, the Plaintiff's counsel indicated that the journal was not included in the documents being produced with that letter because the attorneys had not yet had a chance to review the journal to determine whether any or all of it was privileged. Over the course of the next several months, the Defendants repeatedly inquired as to when the journal would be produced. Finally, over three months after the initial request, the Plaintiff's counsel, refused to produce any portion of the journal asserting for the first time that the entire journal was privileged under the attorney-client privilege and work product doctrine. The Plaintiff claims that the privilege attaches to the journal because he began recording it at the request of "prior counsel" in October 2001 ending in February 2004. The Plaintiff's assertion of the attorney-client privilege and attorney work product doctrine as regards the journal is this case is wholly mistaken. Not only is the "prior counsel" referenced not counsel to the Plaintiff in this pending litigation, but the journal is not a communication between he and his attorney for the attorney-client privilege to attach, but rather a recording by the Plaintiff of events that occurred while he was employed by the Defendants.[1] Further, the journal

---

[1] The attorney referenced in the May 6, 2005 is Richard Condit. Mr. Condit is an attorney from Washington D.C. who was retained by the Plaintiff to represent him in his lawsuit against his

is also not a document protected by the attorney work product doctrine, as it was not prepared in anticipation of the pending litigation. Rather, the Plaintiff having chosen to keep a journal documenting events that occurred during his employment with the defendants cannot now refuse to disclose his writing under the guise that they are communications between he and his attorney and/or were prepared in anticipation of the pending litigation.

II.     Legal Argument

Under the work product doctrine codified in Rule 26(b)(3) of the Federal Rules of Civil Procedure, certain protections are afforded to (1) documents or other tangible things, which (2) are prepared in anticipation of litigation or for trial, (3) by or for another party or by or for hat other party's representative. In order to gain protection, the document must be prepared in "anticipation of litigation". Rule 26(b)(3) of the Federal Rules of Civil Procedure; Hickman v. Taylor, 329 U.S. 495 (1947); also see, Atlantic Financial Management Securities Kitigation v. Strong, 121 F.R. D. 141 (1988); colonial Gas Company v. Aetna Casualty & Surety Company, 139 F.R.D. 269 (19991); City of Worcester v. HCA Management Company, 839 F. Supp. 86 (1993). The pertinent test is "whether in light of the nature of the document and the factual situation in this particular case the document can fairly be said to have been prepared or obtained because of the prospect of litigation. Colonial Gas Company, 139 F.R.D. at 274, quoting Resnick v. American Dental Ass'n, 95 F.R.D. 372 , 375 (N.D.III 1982). The work product doctrine is distinct from the broader attorney-client privilege. Id., citing United States v. Nobles, 422 U.S. 225, n.11 (1975). It is not designed to protect a confidential relationship, but rather to promote the adversary system by protecting the product of

---

prior employer. Subsequently at the recommendation of the Plaintiff, Mr. Condit was retained by the Defendants to represent them in their appeal of a judgment against the Town of Mansfield

an attorney's work. Id., citing, In Re Atlantic Financial Management Securities Litigation, 121 F.R.D. 141, 145 (D.Mass. 1988). The work product doctrine protects the integrity of the adversarial process by creating a zone of privacy and protection for the attorney's preparatory work on a case. Worcester v. HCA Management Company, 839 F. Supp. at 88, citing Hickman, 329 U.S. at 510-511.

      Here, the journal kept by the Plaintiff, even if at request of counsel in October 2001 several years prior to his termination in January 2004 and prior to the filing of his lawsuit, cannot be fairly said to have been prepared or obtained by "prior counsel" because of the prospect of the pending litigation. Since this litigation arises out of the Plaintiff's termination in 2004, there was no litigation to anticipate prior to that date. Rather, the document was created by the Plaintiff for purposes of documenting the events occurring at his place of employment from October 2001 through February 2004. Indeed, the defendants believe that the Plaintiff routinely documented issues surrounding his employment at all times. Before becoming employed by the MMED the Plaintiff had been involved in litigation with regard to his previous employment, and documents in that case suggest that the Plaintiff extensively documented his job issues even then. Accordingly, the Plaintiff's writings at the MMED cannot be considered preparatory work of an attorney prepared in anticipation of litigation. Certainly the Plaintiff cannot be claiming that he was anticipating litigation over his future termination as far back as October 2001, as according to the Plaintiff the event that triggered his termination, his support of Ms. Stoyle's filing of a discrimination complaint in December 2002, had not yet occurred. Unless Ms. Stoyle and the Plaintiff were conspiring as early as 2001 to file complaints against the Defendants, the Plaintiff's

---

Electric Department as the result of a lawsuit brought by the Plaintiff's predecessor.

writings at that time cold not be said to be made in anticipation of any litigation let alone, the pending matter.

As the journal clearly does not fall under the protection of the attorney work product doctrine, as an attorney or his representative in anticipation of litigation did not create it, the only remaining privilege claimed by the Plaintiff is that of the attorney-client privilege. The attorney-client privilege protects communications made between an attorney and client for the sake of obtaining legal advise. City of Worcester, 839 F.Supp. at 88, citing Upjohn Co. v. United States, 449 U.S. 383 (1981). The journal cannot be construed as a communication between the Plaintiff and his "prior counsel" just because that counsel allegedly told the Plaintiff to keep such a journal. The journal, such as any diary or calendar, is not a communication between a client and his attorney for purposes of obtaining legal advice, absent passages in that journal that clearly reference conversations the Plaintiff had with his attorney or advise given to him by his attorney. Rather, the journal is merely the Plaintiff's recording of events that occurred while he was employed by the Defendants. Such writings are clearly relevant to the subject matter of the pending litigation.

III.     Conclusion

Wherefore, as the journal is not protected by the attorney-client privilege and/or attorney work product doctrine, the Defendants respectfully request that the Court order the Plaintiff to produce the journal within thirty days. In addition, as the journal is crucial to this case and contains information necessary to proceed with discovery in this matter, the Defendants request that the Court stay discovery until such time as the journal is produced.

The defendants request oral argument on this Motion as soon as possible.

          Respectfully submitted,
          The Defendants,
          The Town of Mansfield and John O. D'Agostino,
          By his attorneys,


          /s/Leonard H. Kesten
          Leonard H. Kesten, BBO# 542042
          Deborah I. Ecker, BBO# 554623
          BRODY, HARDOON, PERKINS & KESTEN, LLP
          One Exeter Plaza
          Boston, MA 02116
          (617) 880-7100


          /s/ Susan Jacobs
          Susan Jacobs, Esq.
          Robert Mangiaratti, Esq.
          VOLTERRA, GOLDBERG, MANGIARATTI & JACOBS
          Three Mill Street
          Attleboro, MA 02703
          (508) 222-1463

Dated:   July 11, 2005