UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-11329-DPW

|  |  |
|---|---|
| DR. JOHN J. BELIVEAU, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| TOWN OF MANSFIELD MUNICIPAL ELECTRIC DEPARTMENT AND JOHN D'AGOSTINO, | ) ) ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S OPPOSITION TO
MOTION TO COMPEL PRODUCTION OF THE PLAINTIFF'S JOURNAL
AND TO STAY DISCOVERY PENDING PRODUCTION**

Plaintiff hereby opposes the Defendants' Motion to Compel Production of the Plaintiff's Journal and to Stay Discovery Pending Production. Plaintiff's journal is a privileged document under the Attorney-Client Privilege and the Court should protect the journal from disclosure pursuant to that privilege. Moreover, even should the Court find that Plaintiff's journal is not privileged and must be produced to Defendants, the Court should deny Defendants' motion to stay discovery pending production. Although Defendants may be entitled, should the Court find that the journal is not privileged, to an extension of time to take depositions based on the Plaintiff's failure to produce the journal, Defendants are not entitled to prevent Plaintiff from taking depositions and proceeding with discovery in this matter, and should not be permitted to stay discovery in its entirety through their motion to compel.

I.  **Factual History:**

The document at issue here is a series of factual summaries generated by the Plaintiff, Dr. John J. Beliveau, between 2001 and 2004. *See Affidavit of Dr. John J. Beliveau* ("Beliveau Aff."), attached hereto as Exhibit A. In the fall of 2001, Beliveau became concerned about certain events taking place concerning his work. Beliveau decided to consult an attorney. He spoke with Richard Condit, an Attorney who had represented Beliveau in a previous matter. *Id*. Attorney Condit felt that he needed additional factual information to properly advise Beliveau at that time. As a result, Condit asked Beliveau to create a summary of events, and to continue to create such fact summaries going forward, so as to communicate to Condit, on a periodic and ongoing basis, all relevant information. *Id.*

After Beliveau's conversation with Attorney Condit, and pursuant to Attorney Condit's instructions, Beliveau did indeed begin keeping a summary of events in order to facilitate communication with his attorney. Beliveau would periodically email these factual summaries to Attorney Condit. Beliveau would also communicate the information contained in these summaries to Attorney Condit by phone. On or about January of 2004, Beliveau retained new counsel relating to this matter. In February of 2004, Beliveau stopped creating the factual summaries, as it was no longer necessary to apprise Condit of the relevant facts. *Id.*

It is the factual summaries generated by Beliveau pursuant to Condit's instructions and in order to facilitate his communications with Attorney Condit, or Beliveau's "journal," that the Defendants now seek through their motion to compel.

II.  **Beliveau's Journal is Protected Under the Attorney-Client Privilege:**

Defendants assert that Beliveau's journal is not protected by the attorney-client privilege because it is simply a recording of events by the Plaintiff, and not a communication with

Plaintiff's attorney. This characterization ignores the genesis and purpose of the journal, which was to catalog Beliveau's observations, at his attorney's instruction, and for the purpose of communication of facts and observations to his attorney.

Defendants recognize that the attorney-client privilege protects communications made between an attorney and client for the sake of obtaining legal advice. *See Motion To Compel Production of the Plaintiff's Journal and to Stay Discovery Pending Production* at 5. *Citations omitted*. Nevertheless, Defendants ask the Court to find that the privilege does not apply in this case to documents created precisely for that purpose. Such an abrogation of the privilege would be inconsistent with the history and intent behind it. As the Supreme Court has stated, the purpose of the attorney-client privilege, "is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). "The lawyer-client privilege rests on the need for the advocate and counselor to know all that relates to the client's reasons for seeking representation if the professional mission is to be carried out." *Id*.

The attorney-client privilege applies where 1) legal advice of any kind is sought from a professional legal adviser in his capacity as a professional legal adviser; and 2) the communications relating to that purpose are made in confidence by the client; and 3) the communications are, at the client's request, permanently protected from disclosure by the client or by the legal adviser, unless the privilege has been waived. *See Fromson v. Anitec Printing Plates, Inc.*, 152 F.R.D. 2, 3 (1993). *Citations omitted*.

These protected communications include communications of fact from a client to an attorney. The attorney/client privilege "exists to protect not only the giving of professional

advice to those who can act on it but also the giving of information to the lawyer to enable him to give sound and informed advice…The first step in the resolution of any legal problem is ascertaining the factual background and sifting through the facts with an eye to the legally relevant." *Upjohn Co.* at 390-391. *Citation omitted*.

The document sought by Defendants falls squarely within the purview of this privilege. Beliveau consulted an attorney for legal advice and, in order to provide the attorney with all of the facts and information relevant to that need for legal advice (and at the attorney's direction), created a document summarizing relevant information for the attorney to review. Beliveau then did communicate that information to the attorney by email and by phone. Such a document lies at the heart of the attorney-client privilege, which is designed to permit clients to disclose facts, observations, and other information to attorneys without concern that the information will be subject to discovery.

The Court should therefore protect this document as a privileged communication between a client and his attorney. This is not to say that the Defendants may not ask Plaintiff about relevant factual information simply because that information is also contained in the journal. Defendants may inquire of the Plaintiff, consistent with the Federal Rules of Civil Procedure, with regard to his memory of any relevant factual information. However, such an inquiry may not go so far as to require the production of or to inquire as to the content of privileged documents, such as Beliveau's journal, which was prepared for communication of information to Beliveau's attorney.

**III.   The Court Should Deny Defendants' Motion to Stay Discovery:**

Even should the Court find that Beliveau's journal, in whole or in part, is not protected by the attorney-client privilege and must be produced to Defendants, the Court should deny

Defendants' Motion to Stay Discovery. There is no reason for the Plaintiff to be prevented from going forward with discovery in this matter. Defendants have been aware of the existence of Plaintiff's journal for months. However, Defendants have waited until now, on the eve of the close of discovery, to bring this motion to compel. The Defendants cannot be permitted to prevent Plaintiff from continuing with discovery, and extend discovery for all parties in this matter, simply by asserting that they have been denied access to a single document. Plaintiff is ready and willing to take depositions and to proceed with discovery in this matter and should be permitted to proceed.

Should the Court grant Defendants' motion to compel, the Court should grant Defendants only a short two-week extension on the time for Defendants to complete discovery, and should leave Plaintiff's discovery scheduled unchanged. Such a short extension for Defendants will more than make up for any harm Defendants' claim they have suffered through being denied access to the journal, a document Defendants could have sought months ago through a motion to compel.

## Conclusion:

The Court should find that Beliveau's journal is protected by the attorney-client privilege and should not be produced. In the alternative, should the Court find that Beliveau's journal is not so protected, the Court should deny Defendants' motion to stay discovery and should instead grant Defendants a two-week extension on the discovery deadline in this matter.

|  | RESPECTFULLY SUBMITTED, |
|---|---|
|  | **DR. JOHN J. BELIVEAU,** |
|  | By his attorneys, |
|  |   /s/ Christine M. Griffin<br>Juliane Balliro (BBO # 028010)<br>Christine M. Griffin (BBO # 651401)<br>Wolf, Block, Schorr and Solis-Cohen LLP<br>One Boston Place<br>Boston, MA 02108<br>617-854-4100 |
| July 25, 2005 |  |

### CERTIFICATE OF SERVICE

I, Christine M. Griffin, hereby certify that I served the foregoing document by first class mail, postage prepaid, on this the 25th of July, 2005, on the following:

Leonard H. Kesten
Deborah I. Ecker
Brody, Hardoon, Perkins & Kesten, LLP
One Exeter Plaza
Boston, MA 02116

Susan Jacobs
Robert Mangiaratti
Volterra, Goldberg, Mangiaratti & Jacobs
Three Mill Street
Attleboro, MA 02703

                                                  /s/ Christine M. Griffin
                                                  Christine M. Griffin