UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04 11329 DPW

DR. JOHN J. BELIVEAU, )
)
       Plaintiff )
VS. )
)
TOWN OF MANSFIELD MUNICIPAL )
ELECTRIC DEPARTMENT AND )
JOHN D'AGOSTINO, )
)
       Defendants )

## DEFENDANTS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF THEIR MOTION TO COMPEL PRODUCTION OF THE PLAINTIFF'S JOURNAL

At the hearing regarding this motion, the Court asked the parties to submit supplemental memoranda regarding further support for their positions as well as ordering the plaintiff to produce the "journal" for an in camera inspection. Accordingly, the defendants hereby supplement the information already provided to the court as follows.

Prior to coming to Mansfield, Mr. Beliveau had worked for the US Navy. In that job, he had been a party to protracted litigation in which he was represented by an attorney named Richard Condit. Mr. Beliveau started in his position in Mansfield in September of 1998. At that time, the top assistant to him was a woman who had worked for his predecessor named Kim Gaissl. His litigation against the Navy was ongoing. In April of 1999 Mr. Beliveau terminated Ms. Gaissl. In May of that year, she filed an MCAD complaint against the Mansfield Municipal Electric Department (MMED). The position statement for the defendant was filed by the firm of Kingston and Hodnett,

labor counsel for the MMED. Subsequently, this firm was asked to represent the MMED, however, we were informed that Mr. Beliveau preferred to have the labor firm to represent the MMED. Later that year, Ms. Gaissl filed a suit in the USDC against the MMED and Mr. Beliveau. At that time, Mr. Beliveau was represented by attorney Condit, his previous lawyer, and the MMED was represented by Labor Counsel.

During this time, late 1998 and 1999, the MMED was a defendant in a suit brought in the USDC by John Larch, Mr. Beliveau's predecessor. This firm represented the MMED. Shortly after Mr. Beliveau was hired, he persuaded the Town to hire Richard Condit to co-counsel with this firm in our representation of these defendants. The Larch matter was not resolved until December of 2001. Thus, during 2000 and 2001, Attorney Condit served as counsel for the MMED and was paid by the MMED. Further, Attorney Condit continued to represent Mr. Beliveau in the Gaissl matter until that was resolved in June of 2001, and was paid by the MMED to do so.

In the instant dispute, Mr. Beliveau now claims that he consulted with Mr. Condit in 2001 regarding potential problems and that he began a journal at Mr. Condit's request at that time. However, in discovery in the instant matter, we have located a memo to the file that Mr. Beliveau had prepared in early 2000 regarding a series of incidents and a disagreement that he had at that time with Mr. D'Agostino. (Attached as Exhibit "A"). A review of that memo indicates that it is a summary of events which occurred over the span of about three months. Obviously, this memorandum was prepared by Mr. Beliveau to help him remember events.

As discussed before, the defendants in this lawsuit learned of the existence of a "diary" kept by Mr. Beliveau when counsel reviewed a deposition given by Mr. Beliveau in an MCAD proceeding brought against the MMED and Mr. D'Agostino by Mr. Beliveau's "CFO", Kim Stoyle. That deposition was taken on September 23, 2003. In

the relevant passage, Mr. Beliveau is being asked about his memory about a meeting which occurred in October of 2001. When asked about notes regarding that meeting, he testified that he kept a diary. In response to a question as to what kind of diary it was, he said that he keeps it weekly to record things that are "typically of a personal nature to help me recall if I have to". In response to that answer, the attorney for Ms. Stoyle, who was taking the deposition, demanded the diary. Mr. Beliveau then said " I'd like to put on the record that it's my understanding that personal notes that are not part of the company's property are not completed on the company's computer are not discoverable. We may disagree, but that's why I did not come here with them". Nowhere in this passage is an attorney mentioned. The relevant pages of the deposition, 85-92 are attached as Exhibit "B".

    The defendants suggest to this Court that Mr. Beliveau's recent attempts to shield his "diary" from discovery should be thwarted by this Court. While the events which Mr. Beliveau claims led to this lawsuit only began in 2003 according to him, the defendants expect to prove that Mr. Beliveau was wreaking havoc long before then. Thus, his contemporaneous notes regarding events as he remembered them at the time are critical to the defense of this case. Mr. Beliveau's memories about what occurred in his interactions with the defendants and important witnesses, written down shortly after the events themselves, are unique documents which should be produced.

    Wherefore, the defendants ask that this Court order the production of Mr. Beliveau's diary with appropriate strictly personal information, if it exists in the "diary", redacted.

Respectfully submitted,
The Defendants,
The Town of Mansfield and John O. D'Agostino,
By their attorneys,


_/s/Leonard H. Kesten_
Leonard H. Kesten, BBO# 542042
Deborah I. Ecker, BBO# 554623
BRODY, HARDOON, PERKINS & KESTEN, LLP
One Exeter Plaza
Boston, MA 02116
(617) 880-7100


Dated:        August 26, 2005