UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DR. JOHN J. BELIVEAU,        )<br>                              )<br>       Plaintiff,            )<br>v.                            )<br>                              )    CIVIL ACTION<br>TOWN OF MANSFIELD MUNICIPAL   )    NO. 04-11329-DPW<br>ELECTRIC DEPARTMENT and       )<br>JOHN D'AGOSTINO,              )<br>                              )<br>       Defendants.           ) | |

### ORDER ON DEFENDANTS' MOTION TO COMPEL
### PRODUCTION OF THE PLAINTIFF'S JOURNAL

September 8, 2005

This matter is before the court on the defendants' Motion to Compel Production of the Plaintiff's Journal (Docket No. 19). After consideration of the pleadings, affidavits, argument of counsel and an *in camera* review of the journal, the motion is DENIED WITHOUT PREJUDICE.

The plaintiff claims that the journal is protected by the attorney-client privilege.[1] That privilege "protects communications made between an attorney and a client for the sake of obtaining legal advice." City of Worcester v. HCA Mgmt. Co., Inc., 839 F. Supp. 86, 88 (D. Mass. 1993) (citing Upjohn Co. v. United States, 449 U.S. 383, 389, 101 S. Ct. 677, 682, 66 L. Ed. 2d 584 (1981)). Since, as detailed below, the record establishes that

---

[1] Since the plaintiff does not claim a privilege based on the work-product doctrine, that doctrine will not be addressed.

Dr. Beliveau kept the journal "in order to inform an attorney about facts from his daily life that he considered to be relevant to his potential legal remedies" it is protected as an attorney-client communication.  Clark v. Buffalo Wire Works Co., Inc., 190 F.R.D. 93, 96 (W.D.N.Y. 1999) (notes about events occurring at work kept by an employee who was concerned about being fired, which were intended to be used by counsel after termination, protected by the attorney-client privilege); Bernbach v. Timex Corp., 174 F.R.D. 9, 9-10 (D. Conn. 1997) (fourteen notebooks containing "almost daily notes of events and conditions in [the plaintiff's] life which she felt were critical for her attorneys to know" protected by the attorney-client privilege).

A review of the journal itself does not establish, with any certainty, that it was created in the context of seeking legal advice.  It is consistent, to a large degree, with the plaintiff keeping a record for his own use.[2]  However, both the attorney involved, Richard Condit, Esq., and the client, Dr. Beliveau, have submitted affidavits in which they attest that the journal was kept at the direction of the attorney in connection with a request by Dr. Beliveau for legal advice, that the journal entries were conveyed to Attorney Condit, and that Attorney Condit used the communications to render legal advice to Dr. Beliveau.  Thus, based on these affidavits, the plaintiff has met his burden of establishing the four elements of the attorney-client privilege, i.e. "(1) [a] communication; (2) made between privileged persons; (3) in confidence; (4) for the purpose of seeking, obtaining, or

---

[2] The court does find that the plaintiff has sufficiently addressed the reasons why he did not mention that the journal was maintained at the request of counsel at his earlier deposition.

providing legal assistance to the client." E. Epstein, The Attorney-Client Privilege and the Work-Product Doctrine (4th ed.) at 46 (ABA 2001). See also Int'l Paper Co. v. Fibreboard Corp., 63 F.R.D. 88, 93-94 (D. Del. 1974) (affidavits must contain sufficient information to bring the document within the attorney-client privilege; "[a]n improperly asserted claim of privilege is no claim of privilege at all.").

    The defendants, in an unverified pleading, have challenged the existence of an attorney-client relationship between the plaintiff and Attorney Condit. The basis for this challenge is that Attorney Condit allegedly also represented the defendant until December 2001, when the "Larch matter" was resolved. This court notes that the journal itself seems to have been started in October, 2001. However, the plaintiff disputes the defendants' time-line and has attested that there was an attorney-client relationship between Attorney Condit and Dr. Beliveau beginning in the Fall of 2001. There is insufficient information in the record to cause the court to challenge this assertion. Moreover, the fact that a daily journal was kept for later review by a to-be-hired counsel would not necessarily preclude the application of the attorney-client privilege. See Clark, 190 F.R.D. at 96, and cases cited.

    However, given the defendants' contentions about the existence of an attorney-client relationship, and the fact that the journal covers a period of several years, during which time no affirmative legal actions were brought by Dr. Beliveau so that the existence of an attorney-client relationship is not obvious, the court is denying the defendants' motion to compel without prejudice. The defendants may take discovery as

to non-privileged matters which relate to the existence and parameters of an attorney-client relationship, if they so desire. If the record then supports the conclusion that the journal was not, in fact, kept for the purpose of obtaining legal advice, the defendants may renew their motion.

In any event, nothing herein shall preclude the defendants from exploring the underlying information contained in the journal. See Bernbach, 174 F.R.D. at 10 and cases cited.

## ORDER

For the reasons detailed herein, the defendants' Motion to Compel Production of the Plaintiff's Journal (Docket No. 19) is DENIED WITHOUT PREJUDICE.

        / s / Judith Gail Dein
        Judith Gail Dein
        United States Magistrate Judge