UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04 11329 DPW

DR. JOHN J. BELIVEAU,                    )
                                         )
              Plaintiff                  )
VS.                                      )
                                         )
TOWN OF MANSFIELD MUNICIPAL   )
ELECTRIC DEPARTMENT AND          )
JOHN D'AGOSTINO,                       )
                                         )
              Defendants                 )

## PROPOSED PROTOCOL FOR THE INSPECTION OF COMPUTER-BASED EVIDENCE COLLECTED FROM THE PLAINTIFF

The Defendants propose that the following Protocol govern TechFusion's inspection, copying and analysis of the data collected from the Plaintiff's computers, back-up tapes, and any other electronic storage media:

1.    For purposes of the copying to take place as provided below, the Plaintiff shall not delete any data contained in all computers, back-up tapes, and any other electronic storage media in his possession, custody or control (a) that was utilized during the period of time that he was employed by the Defendant, (b) that ever contained data concerning the Defendants and/or, (c) that were used to create or otherwise contain data constituting or concerning any communications between the Plaintiff and the Defendants.

2.    The Defendants are permitted within twenty-four hours of this order being issued or the protocol being executed by the parties, to inspect and copy all electronic storage media, including but not limited to computer

hard disks, back-up tapes, and any other external storage media produced by the Plaintiff pursuant to the following protocol:

(a) For each computer hard disk produced by the Plaintiff, TechFusion will make one full-image copy onto a separate computer storage device (the "First Copy").

(b) At its laboratory in Cambridge, Massachusetts, TechFusion will use each First Copy to create a second full-image copy (the "Second Copy"). All of TechFusion's analysis will be performed on the Second Copies.

(c) TechFusion may review each Second Copy and may disclose and/or provide to the Defendants all data contained on the Second Copy except for "personal Data" and data protected by the Attorney-client or other privilege. For purposes of this Protocol, "Personal Data" is defined as data that does not directly or indirectly relate to the Defendants.

(d) TechFusion may also examine each Second Copy for any and all evidence of the copying, deletion, removal, accessing, printing, creation, editing or transmittal to anyone of any non-Personal Data and may disclose and/or provide all such information to the Defendants with the exception of information protected by the attorney-client privilege.

(e) Initially, summaries or copies of the information gathered pursuant to paragraphs c and d above will be provided to counsel for the Plaintiff who will have ten (10) calendar days from receipt thereof to determine

if any of the information contains Personal Data or information protected by Privilege. The Plaintiff shall create a log describing each item of information identified as Personal Data or privileged information and the basis for the assertion that the item constitutes Personal Data or privileged information with sufficient detail to permit the Defendants and the Court to determine whether or not the item should be excluded from disclosure to the Defendants. A copy of the Log shall be served upon counsel for the Defendants before the expiration of the ten (10) calendar day period.

(f) After the expiration of the ten (10) calendar day period, TechFusion may disclose and/or provide to the Defendants all data not identified by the Plaintiff as Personal Data or privileged information in the Log delivered to counsel for the Defendants, and the Plaintiff shall be provided with the same information and data.

(g) TechFusion shall not disclose to the Defendants the substance of any information identified by the Plaintiff as Personal Data or privileged information unless a Court so orders or the Plaintiff subsequently retracts the designation in writing.

(h) All copies of the Plaintiff's hardrives shall be destroyed at the conclusion of this litigation.

IT IS SO ORDERED.

_____

DATED: