UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-11329-DPW

| | |
|---|---|
| DR. JOHN J. BELIVEAU, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| TOWN OF MANSFIELD MUNICIPAL ELECTRIC DEPARTMENT AND JOHN D'AGOSTINO, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER AND TO QUASH DEPOSITION SUBPOENA DUCES TECUM TO RHODE ISLAND HOSPITAL REGARDING MEDICAL AND MENTAL HEALTH RECORDS OF PLAINTIFF**

Plaintiff, Dr. John J. Beliveau ("Beliveau"), hereby moves for a protective order pursuant to Federal Rule of Civil Procedure 26(c) regarding his medical and mental health records. Plaintiff further moves to quash the Deposition Subpoena Duces Tecum M.R.C.P. (sic) Rule 30(A) & Rule 45 ("Subpoena") served by the Defendants Town of Mansfield Municipal Electric Department (the "Town") and John D'Agostino ("D'Agostino") on the Keeper of the Records for the Rhode Island Hospital, located in Providence, Rhode Island, and as reason therefor states the following:

**INTRODUCTION**

Defendants' Subpoena seeks from the Rhode Island hospital broad swaths of records with no limitation on content or time. Defendants seek, in summary,: 1) any and all medical records for each admission and discharge of plaintiff; 2) X-ray films and MRI sheets; 3) all documents reflecting medical charges for services; and 4) all medical records, mental health records, therapy

records, therapy notes and evaluation records of plaintiff.  Defendants' incredibly overbroad request ignores Beliveau's privileges and seeks to obtain documents that are irrelevant and to which Defendants are not entitled.  Defendants' Subpoena appears to be little more than a thinly-veiled effort to invade Beliveau's personal and private life to discover information that has no bearing on these proceedings.  The Court should enter a protective order in this matter regarding Beliveau's medical and mental health records and should quash the subpoena.

## ARGUMENT

**I.    Defendants Are Not Entitled To Beliveau's Psychological Records.**

Beliveau's mental health records are privileged under the psychotherapist-patient privilege and/or the social worker patient privilege.  These privileges protect mental health records from disclosure and are recognized by both Massachusetts and Federal Courts.  *See* M.G.L. c. 233, § 20B;  M.G.L. c. 112, § 135B;  *Jaffee v. Redmond*, 518 U.S. 1, 116 S.Ct. 1923 (1996).   Beliveau has not waived either privilege, and Defendants are not entitled to the records.

**A.    Beliveau Has Only Asserted A Claim For Garden Variety Emotional Distress.**

It is well-established that "a 'garden variety claim of emotional distress' does not waive the [psychiatrist and social worker privileges]." *Sorenson v. H & R Block, Inc.*, 197 F.R.D. 199 * 203 (D. Mass. 2000) (construing Massachusetts law) and cases cited therein; *Robart v. Alamo Rent-A-Car LLC,* 2005 Mass. Super. LEXIS 122 * 6 (2005), citing *Sabree v. United Bhd. Of Carpenters & Joiners of Am., Local No. 33,* 126 F.R.D. 422, 426 (D. Mass. 1989) and others. Thus, "a plaintiff seeking damages for emotional distress does not thereby waive [the privileges] unless there is also an allegation of 'psychological injury which necessitated psychiatric treatment." *Sorenson v. H & R Block, Inc.*, *supra* at 203 citing *Perrin v. S & A Enterprises*, 1999 Mass. Super. LEXIS 68 at n.1 (1999).

2

Here, Beliveau has not alleged that Defendants caused any specific psychological injury, let alone one that necessitated psychiatric treatment. *Compare* Plaintiff's Complaint and Jury Demand, a copy of which is attached hereto (without attachments) and incorporated herein as Exhibit A, *with Jacobs v. Vachon*, 2000 Mass. Super. LEXIS 35, *5-6 (plaintiff waived privilege where she alleged that, in addition to garden variety emotional distress, she suffered from "irreparable mental damage" and "extreme impairment of her mental health") and *Robart v. Alamo Rent-A-Car LLC*, 2005 Mass. Super. LEXIS 122, *2 (2005) (plaintiff put mental condition at issue where she claimed that she suffered "traumatic brain injury with serious cognitive deficits and consequently had been unable to earn a living" as a result of the defendant's conduct). Even a cursory review of relevant case law reveals that Beliveau has not waived his social worker-patient or psychiatrist-patient privileges.

Even assuming, *arguendo*, that Beliveau's complaint could be construed as asserting more than garden variety emotional distress, Beliveau disclaims any intent to do so. To be clear: <u>Beliveau is not and does not intend to assert anything more than garden variety emotional distress in connection with his allegations against Defendants, nor does he intend to introduce expert testimony or records in support of his emotional distress claim</u>.[1] *See Sorenson v. H & R Block, Inc.*, 197 F.R.D. 199 * 203 (D. Mass. 2000) (where counsel specifically averred at hearing that Plaintiffs were not alleging mental injury or psychic damage, Court concluded that privilege had not been waived, even if one allegation in the Complaint did not comport with the assertion);

---

[1] In fact, Beliveau is not aware of any such mental health records held by the Rhode Island Hospital on which he could rely. Although Beliveau has not had an opportunity to review the records held by the Rhode Island Hospital, it is his best memory and belief that none of the mental health records held by the Rhode Island hospital were generated during the time that Beliveau worked for the Town of Mansfield, nor were any of those records generated in connection with Beliveau's work for the Town of Mansfield or his claims in this matter. The Defendants' Subpoena is not limited in time or scope, and therefore seeks mental health records which are entirely irrelevant to the claims made by the Plaintiff here.

*Myers v. Tom Foolery's*, 1999 Mass. Super. LEXIS 405, *6 (1999) (in denying defendant's motion to compel, it was relevant that plaintiff claimed that she would not attempt to introduce any evidence or testimony by her social worker). Under the circumstances, Beliveau has not waived either his social worker-patient or psychiatrist-patient privileges.

### B. Beliveau Does Not Intend To Use Records Or Expert Testimony In These Proceedings To Support His Claim For Emotional Distress.

Even where a plaintiff has put his mental or emotional health at issue, a key factor considered by Courts in determining whether a defendant is entitled to a plaintiff's psychological records is whether the plaintiff intends to use the records affirmatively or to call an expert witness in support of his claims. *See, e.g. Vanderbilt v. Town of Chilmark*, 174 F.R.D. 225 (1997) (assuming without deciding that plaintiff put her mental health at issue, psychological records remain privileged unless plaintiff were to call her doctor as a witness or testify to the substance of the communication); *Booker v. City of Boston*, 1999 U.S. Dist. LEXIS 14402 (1999) ("privilege is not waived unless the plaintiff makes a positive use of the privileged material in the prosecution of her case"); *Myers v. Tom Foolery's*, 1999 Mass. Super. LEXIS 405, *5-6 (1999) (relevant that Plaintiff had not sought to introduce evidence or testimony of social worker); *Robart v. Alamo Rent-A-Car LLC, supra* at * 10-11 (although plaintiff had introduced mental or emotional condition as element of claim, plaintiff had not waived privilege where she was not seeking to admit psychological records or to call social worker to testify). Here, as stated above, Beliveau does not intend to do either with his medical or mental health records, and is not aware of any relevant mental health records held by the Rhode Island Hospital. Accordingly, Defendants should not be entitled to discover his privileged records.

4

### C. Beliveau Does Not Need To Rely Upon Psychological Records To Establish His Claim For Emotional Distress, And Defendants Will Not Be Prejudiced If They Cannot Discover His Psychological Records.

*Stonehill College v. MCAD*, 441 Mass. 549 (1999), affirms the rule that "evidence in the form of some physical manifestation of the emotional distress, or evidence in the form of expert testimony, *is not necessary* to obtain an award [for emotional distress]." *Id.* at 546 (emphasis added). Consistent with this affirmation, post-*Stonehill* courts continue to hold that a claimant's testimony is sufficient to establish the causal connection between emotional distress and work place discrimination. *See e.g., Pettiford v. City of New Bedford Police Dep't.*, 26 MDLR 304, 314 (2004), (award to complainant of damages for emotional distress may be based solely upon complainant's testimony as to the cause of her distress) citing *Stonehill* and others; *Poore v. Town of Harwich Highschool*, 26 MDLR 270, 286-287 (2004) (basing emotional distress award on testimony of complainant), citing *Stonehill*.

Furthermore, Defendants are not entitled to delve into Beliveau's privileged and/or confidential medical and psychological records simply to rebut Beliveau's testimony, particularly where, as here, they can do so by other means. It is undisputed that Defendants will be able to test Beliveau's credibility by inquiry and cross-examination, and to pose relevant and unobjectionable questions to Beliveau regarding the factors set forth in *Stonehill*. *See, e.g., Booker* at 4-5 (although defendants were not entitled to privileged psychological records, they remained free to question plaintiffs about "the fact of psychotherapy treatment" and "to inquire into plaintiffs' pasts for the purpose of showing that their emotional distress was caused at least in part by events and circumstances that were not related to the alleged acts of the defendants").[2]

---

[2] By this same token, Defendants may be permitted to inquire whether or not Beliveau has received psychotherapy treatment, and the dates of such treatment. This does *not* mean, however, that Defendants are entitled to Beliveau's privileged records regarding the same.

Defendants do not need records from Beliveau in order to make such inquiries. Under the circumstances, Defendants should not be permitted to eviscerate Beliveau's privileges or privacy solely for the purpose of potentially attacking his credibility.

Moreover, none of Beliveau's medical records are even arguably relevant to this case. Given that medical records are typically considered confidential, it would be particularly unfair to require Beliveau to produce them solely to provide Defendants with an opportunity to fish through his personal information. *See Commonwealth v. Senior*, 433 Mass. 453, 457 (2001) ("there is a legislatively created policy favoring the confidentiality of medical records").

**II.     Defendants' Request For Medical And Psychological Records Is Overly Broad And Clearly Intended To Harass And Oppress Beliveau.**

Even assuming, *arguendo*, that Defendants were entitled to some subset of Beliveau's medical or psychological records, Defendants' Subpoena is incredibly overbroad. Defendants essentially seek all of Plaintiff's medical and mental health records held by the Rhode Island Hospital, regardless of when the records were created or what they concern.

Defendants have put forth no reasonable theory under which they are entitled to such a broad range of documents, encompassing information that has absolutely no relationship in time or substance to the specific allegations made or damages claimed by Beliveau. Under the circumstances, there can be little doubt that Defendants are seeking this information solely to harass and embarrass Beliveau. Defendants' request for this information must be denied.

**CONCLUSION**

For the reasons stated above, the Court should enter a Protective Order in this matter preventing the Defendants from seeking discovery of any of the Plaintiff's medical or mental health records and quashing the Subpoena issued by the Defendants to the Rhode Island Hospital.

RESPECTFULLY SUBMITTED,

**DR. JOHN J. BELIVEAU,**

By his attorneys,

 /s/ Christine M. Griffin
Juliane Balliro (BBO # 028010)
Christine M. Griffin (BBO # 651401)
Wolf, Block, Schorr and Solis-Cohen LLP
One Boston Place
Boston, MA 02108
617-854-4100

September 27, 2005

### CERTIFICATE REGARDING CONFERENCE PURSUANT TO LOCAL RULE 7.1 and Fed.R.Civ.P. 26(c)

I, Christine M. Griffin, hereby certify that on September 27, 2005 I conferred in good faith with Leonard H. Kesten and Robert Mangiaratti, counsel for the defendants, regarding the issues presented above, but that we were unable to narrow or resolve these issues.

 /s/ Christine M. Griffin
Christine M. Griffin

### CERTIFICATE OF SERVICE

I, Christine M. Griffin, hereby certify that I served the foregoing document by first class mail, postage prepaid, on this the 27th of September, 2005, on the following:

Leonard H. Kesten
Deborah I. Ecker
Brody, Hardon, Perkins & Kesten, LLP
One Exeter Plaza
Boston, MA 02116

Susan Jacobs
Robert Mangiaratti
Volterra, Goldberg, Mangiaratti & Jacobs
Three Mill Street
Attleboro, MA 02703

 /s/ Christine M. Griffin
Christine M. Griffin