UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-11329-DPW

_____
                                       )
DR. JOHN J. BELIVEAU,                  )
                                       )
       Plaintiff,                      )
                                       )
v.                                     )
                                       )
TOWN OF MANSFIELD MUNICIPAL            )
ELECTRIC DEPARTMENT AND                )
JOHN D'AGOSTINO,                       )
                                       )
       Defendants.                     )
_____)

**PLAINTIFF'S OPPOSITION TO
DEFENDANTS' EMERGENCY MOTION TO INSPECT COMPUTERS AND TO
PRESERVE COMPUTERS AND ELECTRONIC DATA**

      Plaintiff, Dr. John J. Beliveau ("Beliveau"), hereby opposes Defendants' Emergency Motion to Inspect Computers and to Preserve Computers and Electronic Data ("Defendants' Motion"). It is inexplicable that Defendants felt compelled to file an "emergency motion" with the Court seeking a discovery Order in this matter when defendants have not yet served a single document request, interrogatory, or request for inspection on Plaintiff in the more than 12 months since the Complaint was filed in this matter. Defendants' motion is disingenuous in its assertion of pressing time constraints and potential loss of information. There is no evidence that there is any relevant information on Beliveau's home computer that is in danger of being destroyed or that would not be produced in response to an appropriate discovery request.

      Moreover, the discovery Order sought by the Defendants is outrageous in that it is overly broad and unduly burdensome to an extreme degree. This discovery request is designed not to seek legitimate discoverable information, but as a fishing expedition into the Plaintiff's personal

1

and private information and as an attempt to inconvenience and harass the Plaintiff by disallowing him from using the home computers owned by him and his family.

## ARGUMENT

**I.      Defendants Have Not Complied With the Federal Rules of Civil Procedure.[1]**

Defendants are entitled to serve discovery requests on Plaintiff pursuant to Fed.R.Civ.P. 26 and 34.  Plaintiff, in turn, is entitled to 30 days to respond.  Instead of complying with the Federal Rules of Civil Procedure defendants have short-circuited the discovery process, racing to the Court for relief without so much as engaging in a pre-motion conference, as required under Local Rule 7.1, or serving a single document request, interrogatory, or request for inspection on Plaintiff before seeking the Court's relief.  Moreover, the requested inspection far exceeds the scope of discovery permitted under the Federal Rules, seeking to halt Plaintiff's use of his home computer in its entirety, and demanding that a third-party be permitted to do a search of Plaintiff's computers that will include a search of privileged, private, and irrelevant information.

Such a disregard for the Federal Rules is completely unjustified in these circumstances where Plaintiff has participated fairly in the discovery process and where there is no indication that any relevant information is in danger of being lost or destroyed.[2]

---

[1] Although Defendants' Motion refers to the Massachusetts Rules of Civil Procedure, Plaintiff assumes that Defendants intended to refer to the Federal Rules of Civil Procedure, and responds accordingly.

[2] Although Defendants have not served any interrogatories, document requests, or requests for inspection on Plaintiff, substantial discovery has been provided to Defendants by Plaintiff pursuant to Plaintiff's obligations under Fed.R.Civ.P.26(a)(1) regarding initial disclosures.  As part of Plaintiff's initial disclosures, Plaintiff served more than 3500 pages of documents on Defendants in February of 2005.

### A. Defendants' Motion Should Be Denied Because Defendants Have Failed To Serve Proper Discovery Requests.

Defendants claim that emergency action is necessary because "although Rule 34 allows the Plaintiff thirty days to respond [to Rule 34 requests to inspect], immediate compliance with this request is necessary in order to expedite a review of the documents, particularly given the timeline for discovery in this case." Defendants' Motion at 2. This claim is puzzling given that, prior to the Defendants' filing of their motion, all of the parties had been discussing, and had tentatively agreed, that a joint motion to extend the discovery deadline would be filed in this matter. Such a joint motion has now been filed seeking an extension on all discovery until December 15, 2005, providing ample time for Defendants to undertake whatever document discovery they deem appropriate. Moreover, it is difficult to understand why such an emergency and immediate need for this information has suddenly surfaced this week, when Defendants have participated in this case for over a year without serving ANY requests for inspection or paper discovery on Plaintiff at any time during that period.

The Court should deny Defendants' Motion. To the extent that Defendants continue to seek this discovery, Defendants should be required to serve a discovery request on Plaintiff in the normal course and consistent with the Federal Rules. Plaintiff will respond to such a request appropriately by searching his computer and providing non-privileged responsive information to Defendants as required under the Federal Rules.

### B. There Is No Reason To Believe That Any Discoverable Information Is In Danger of Being Lost or Destroyed.

In their motion, Defendants demand an Order allowing "the Defendants to immediately inspect and copy the memories of the computers of the Plaintiff, John J. Beliveau" and ordering that no information regarding Beliveau's employment with the Town be deleted from said

3

computers. Defendants' Motion at 1. However, Defendants have offered no explanation as to why they believe that such immediate action is necessary. Instead, Defendants argue that the Plaintiff has produced documents that do not appear on the computer used by the Plaintiff while he was employed by the Town and that "Defendants believe that many more such documents related to the subject matter of this litigation were created by the Plaintiff on his personal computer(s) that have not been produced." There is absolutely no basis for this assertion.

Plaintiff has produced to Defendants as part of his document disclosures copies of certain documents that he has on disk and that he copied onto disk from the Town computers while he was an employee of the Town. *See* Affidavit of Dr. John J. Beliveau, attached hereto as Exhibit A ("Aff. Beliveau"). These documents were not created by Plaintiff on his home computer. These documents, and all of the documents downloaded from the Town computers and contained on plaintiff's disks, are documents that presumably are in the possession, custody and control of the Town. The Town seized Beliveau's work computers, including a desktop computer and a laptop computer, when they terminated him. Presumably the documents that Beliveau has on disk are still on those computers or other Town computers and are in the possession of the Town. Nevertheless, Plaintiff will produce copies of the disks that he has which contain documents that he copied from Town computers onto disk to the Defendants.

The Defendants offer no other explanation for why immediate impoundment of the Defendant's computer is required, other than to assert that they are entitled to such an extreme action as the result of the Court's Order on Defendants' Motion to Compel Production of the Plaintiff's Journal ("Denial of Motion to Compel"), an Order which denied Defendants' Motion. Defendants' proffer an overly-expansive interpretation of the Court's Order in denying the motion to compel, as is discussed in more detail below.

Defendants' Motion seeks broad access to a wide variety of protected information in a manner that will severely impact and inconvenience the Plaintiff. Such a discovery demand amounts to nothing more than a fishing expedition through which Defendants' hope to gain access to privileged, protected, and irrelevant material contained on Plaintiff's hard drive. Defendants allege that they seek an Order requiring that Plaintiff surrender his personal computers to a third-party chosen by Defendants in Order to "impose the least amount of business interruption and intrusion into the personal date (sic) of the Plaintiff." Defendants' motion at 2. This assertion is absurd. Defendants' emergency request is perhaps the most intrusive way that discovery regarding Plaintiff's computers could be taken, and is entirely unjustified by the circumstances of this case.

## II.     Defendants Have Not Provided Requested Discovery Information to Plaintiff.

It is surprising that Defendants seek discovery of the Plaintiff's computers in order to gain access to Town documents, which Defendants presumably already possess themselves. In contrast to Defendants, who have sought no written discovery from Plaintiff, Plaintiff has served a number of discovery requests on Defendants, including seeking emails and other material contained on Town computers. Thus far, Defendants have not received any of the requested computer documents.

On November 11, 2004 Plaintiff served his First Requests for Production of Documents on the Defendants The Town of Mansfield Municipal Electric Department (the "Town") and John D'Agostino ("D'Agostino") seeking documents, including documents regarding Beliveau's employment with the Town of Mansfield, certain ethics and sexual harassment claims and investigations in the Town, and communications and documents created and exchanged within the Town regarding these issues. In addition to these document requests, Plaintiff also sought

5

documents through the service of deposition subpoenas duces tecum on witnesses in this matter, including a Fed.R.Civ.P. 30(b)(6) deposition notice to D'Agostino. That subpoena requested a variety of documents, including all e-mail correspondence in any way related to Jack Beliveau or issues involving Jack Beliveau, and any and all notes, records or documents reflecting conversations with or about Jack Beliveau. The Town presumably possess many computer documents, including emails, that would be responsive to these requests. However the Town has been unwilling to provide these documents to Plaintiff, protesting that the requests are overly broad and burdensome and asserting that it will take years and thousands of dollars to amass the requested information. Nevertheless, Defendants now seek to designate a third-party to extract from Plaintiff's computers exactly the information that they are unwilling to extract from their own computer and archive system. Defendants should not be permitted to flout Plaintiff's legitimate and proper discovery requests for this material, and then seek emergency relief from the Court compelling the Plaintiff to provide Defendants with these same documents.

### III. Defendants' Reading of The Court's Order Denying Defendants' Motion To Compel Is Over-Broad:

As justification for their emergency demand for discovery, Defendants state that the Court's Order on Defendants' Motion To Compel Production of the Plaintiff's Journal "allowed the Defendants to conduct discovery concerning the journal to determine whether or not all or part of it is privileged as alleged by the Plaintiff." Defendants' Motion at 1-2. What the Court Order in fact says, is "defendants may take discovery as to non-privileged matters which relate to the existence and parameters of an attorney-client relationship, if they so desire." Denial of Motion to Compel at 4. It is stretching the bounds of reason to believe that by giving Defendants such permission to take discovery on "non-privileged matters" that the Court intended to invite an emergency motion such as that presented by Defendants here. The computer hard drives

6

sought by Defendants contain a variety of privileged information, and the discovery of those hard drives that is sought by Defendants is overly broad and unduly burdensome. *See* Aff. Beliveau. The Court should not permit the Defendants to use their investigation of when and whether Beliveau had attorney client relationships to do an end-run around the attorney-client privilege and to gain access to huge swaths of privileged and protected documents that they would not otherwise be entitled to.

Defendants have a wide variety of avenues open to them to conduct the discovery contemplated by the Court's Order Denying the Motion to Compel, including deposing Plaintiff himself. The parties have now jointly moved to extend the discovery deadlines in this matter. Should the Court allow that motion, Defendants will have ample time to properly conduct discovery on this issue. The Court should deny Defendants' Emergency Motion.

## CONCLUSION

Defendants' filing of this motion in this manner is designed to annoy, harass and embarrass the Plaintiff. The motion does not comply with the Federal Rules of Civil Procedure and seeks overly broad and unduly burdensome discovery. For all of the above reasons, Defendants' motion should be denied in its entirety and Defendants should be Ordered, if they wish to pursue this line of discovery, to submit proper discovery requests to Plaintiff which comport with the Federal Rules.

RESPECTFULLY SUBMITTED,

**DR. JOHN J. BELIVEAU,**

By his attorneys,

/s/ Christine M. Griffin
Juliane Balliro (BBO # 028010)
Christine M. Griffin (BBO # 651401)
Wolf, Block, Schorr and Solis-Cohen LLP
One Boston Place
Boston, MA 02108
617-854-4100

September 30, 2005

## **CERTIFICATE OF SERVICE**

    I, Christine M. Griffin, hereby certify that it is my understanding that the foregoing document will be served on all counsel of record via email through the Court's ECF filing system upon the electronic filing of this document with the Court on this the 30th day of September, 2005.

/s/ Christine M. Griffin
Christine M. Griffin
