UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04 11329 DPW

DR. JOHN J. BELIVEAU,         )
                              )
         Plaintiff            )
VS.                           )
                              )
TOWN OF MANSFIELD MUNICIPAL   )
ELECTRIC DEPARTMENT AND       )
JOHN D'AGOSTINO,              )
                              )
         Defendants           )

## DEFENDANTS' OPPOSITION TO
## PLAINITFF'S MOTION FOR PROTECTIVE ORDER AND TO QUASH DEPOSITION SUBPOENA DUCES TECUM TO RHODE ISLAND HOSPITAL REGARDING MEDICAL AND MENTAL HEALTH RECORDS OF PLAINTIFF

NOW COME the Defendants in the above-captioned matter and hereby Oppose Plaintiff's Motion for Protective Order and to Quash Deposition Subpoena Duces Tecum to Rhode Island Hospital regarding Medical and Mental Health Records of Plaintiff. In support thereof the defendants state the following:

This is an action in which the plaintiff, Jack Beliveau, is alleging wrongful discharge against the defendants. He claims that he was discharged because of his whistle blowing activity. However, the defendants allege that Mr. Beliveau was discharged primarily because of his inability to get along with other employees in the

1

Town of Mansfield. The defendants will offer evidence that Mr. Beliveau regularly turned minor disputes into major disputes and demonstrated paranoia and overreaction to the slightest problem.

Prior to his employment at the Town of Mansfield, the United States Navy employed Mr. Beliveau. As a result of that employment, Mr. Beliveau brought an action against the Navy alleging that he was a whistleblower. He also filed a workers' compensation claim alleging that the retaliatory actions taken by the United States Navy caused him stress that effected his employment with the Navy. In reviewing the documents in those cases, the defendants learned that Mr. Beliveau claimed emotional injury from the retaliation by the United States Navy against his whistle blowing activity. He claimed that he was treated for the emotional injury at the Rhode Island Hospital in the late 1990s. It also appears that Mr. Beliveau had a similar pattern of inability to get along with other employees at the United States Navy that he demonstrated with the Town of Mansfield. Indeed, after he came to Mansfield, he was still making a claim against the Navy that his stress and subsequent treatment at the Rhode Island Hospital was related to his employment with the Navy.

One of the key issues in this action is whether Mr. Beliveau is able to work cooperatively with others. The records of his treatment at the Rhode Island Hospital may well contain admissible evidence as to Mr. Beliveau's reactions to the normal stresses of everyday work. Accordingly, since the issues described in his disputes with his previous employer, the Navy, are so similar in nature to his issues in Mansfield, the Rhode Island Hospital records are relevant. Furthermore, it appears that those records were produced in the United States Navy claim and, thus, are no longer privileged.

WHEREFORE, for the reasons stated above, the Defendants ask that this Honorable Court deny Plaintiff's Motion for Protective Order and to Quash Deposition Subpoena Duces Tecum to Rhode Island Hospital regarding Medical and Mental Health Records of Plaintiff and Order the production of these relevant records.

Respectfully submitted,

The Defendants,
Town of Mansfield Municipal Electrical
Department and John D'Agostino,
By their attorneys,


/s/Leonard H. Kesten
Leonard H. Kesten, BBO# 058260
Deborah I. Ecker, BBO# 554623
Brody, Hardoon, Perkins & Kesten, LLP
One Exeter Plaza
Boston, MA 02116
(617) 880-7100

Dated: October 11, 2005