UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-11329-DPW

| | |
|---|---|
| DR. JOHN J. BELIVEAU, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| TOWN OF MANSFIELD MUNICIPAL | ) |
| ELECTRIC DEPARTMENT AND | ) |
| JOHN D'AGOSTINO, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S MOTION TO COMPEL
PRODUCTION OF DOCUMENTS FROM DEFENDANTS TOWN OF MANSFIELD
ELECTRIC DEPARTMENT AND JOHN D'AGOSTINO**

Plaintiff, Dr. John J. Beliveau ("Beliveau"), hereby moves to compel production of documents from the Defendants, the Town of Mansfield Municipal Electric Department (the "Town") and John D'Agostino ("D'Agostino"), collectively, the "Defendants." As reason for this motion, Plaintiff states as follows:

**Background**

On November 11, 2004, Plaintiff served his First Requests for Production of Documents, separately, on each of the Defendants. Those requests sought a variety of documents from Defendants, including documents regarding Beliveau's employment with the Town of Mansfield, certain ethics and sexual harassment claims and investigations that took place in the Town, and communications and documents created and exchanged within the Town regarding these issues. *See* First Requests for Production of Documents to each Defendant, attached as Exhibits A and B hereto.

In addition to these document requests, Plaintiff also sought documents from Defendants through the service of deposition subpoenas duces tecum on witnesses in this matter, including a Fed.R.Civ.P. 30(b)(6) deposition notice to Defendant D'Agostino served in May of 2005. *See* Fed.R.Civ.P. 30(b)(6) Deposition Notice to John D'Agostino, attached as Exhibit C hereto. That subpoena requested a variety of documents, including all e-mail correspondence in any way related to Jack Beliveau or issues involving Jack Beliveau, and any and all notes, records or documents reflecting conversations with or about Jack Beliveau.

Plaintiff has served similar subpoenas duces tecum, seeking Town documents, on other current and former Town employees, including: Bea Kearney (first subpoena dated May 9, 2005, subpoenas attached as Exhibit D hereto); Richard Boucher (first subpoena dated May 9, 2005, subpoenas attached as Exhibit E hereto); Louis Amoruso (first subpoena dated December 7, 2005, subpoenas attached as Exhibit F hereto); Mansfield Police Lt. George Figueredo (subpoena dated December 7, 2005, attached as Exhibit G hereto)[1]; and Gary Babin (first subpoena dated December 7, 2005, subpoenas attached as Exhibit H hereto).

## Argument

**I.    The Plaintiff Has Properly Requested Certain Documents From the Defendants, and the Defendants Have Failed to Comply With Those Requests.**

The Town and its current and former employees presumably possess many computer documents, including emails, that would be responsive to the requests included in Plaintiff's document requests, Plaintiff's Fed.R.Civ.P. 30(b)(6) subpoena, and Plaintiff's subpoenas duces

---

[1] With regard to the subpoena duces tecum issued to Lt. George Figueredo of the Mansfield Police Department, Lt. Figueredo arrived at his deposition with some documents that he considered responsive to the subpoena duces tecum. Counsel for the Defendant, D'Agostino, took possession of those documents before Lt. Figueredo could produce the documents to Plaintiff's counsel. D'Agostino's counsel did not produce those documents to Plaintiff's counsel until several days later, after the deposition of Lt. Figueredo had been completed.

tecum. Although the Defendants have produced some documents responsive to Plaintiff's requests, the Defendants have failed to produce the vast majority of the electronically stored documents requested by Plaintiffs.[2]

Although document requests were served on the Defendants in this matter almost a year and a half ago, and despite a series of additional subpoenas requesting documents that have been served since that time, as recently as last week Defendants were responding to a subpoena duces tecum as follows: "The Defendants will provide the Plaintiff with a copy of the Town of Mansfield Municipal Electric Department email archive discs for the years 2004-2005. The Defendants have not been able to open and read the contents of those discs to date." *See* Gary Babin's Response To Document Requests Contained In Schedule A Attached To Notice Of Taking The Deposition Of Gary Babin, dated March 23, 2006, and attached as Exhibit I hereto.

This response is simply the most recent in a series of improbable assertions by Defendants that they have been unable to access electronically stored documents and that they will produce those documents at some unspecified future date. These representations are particularly egregious given that the Defendants have, in several instances, used documents that have been requested by, but not produced to, Plaintiff during depositions in this matter.

Moreover, despite Defendants' failure to produce electronically-stored documents to Plaintiff, Defendants have requested, and received, substantial electronic discovery from Plaintiff. Before serving a single document request in this matter, Defendants filed a motion to compel the Production of the Plaintiff's computer hard drives for inspection and copying. Once

---

[2] Plaintiff concedes that it would be nearly impossible for Plaintiff to determine if certain of the documents produced to Plaintiff in this matter originated on the Town's computer system or in the Town's paper files. However, based on Plaintiff's knowledge of the facts in this case, his work for the Town, and on Defendants' production of documents in this and other matters, Plaintiff believes that there are hundreds of pages of electronically stored documents that have not been produced to Plaintiff in this matter.

proper document requests were served by Defendants, the Plaintiff timely produced to the Defendants all of the non-privileged documents relating to the Plaintiff's employment with the Town and contained on the Plaintiff's computers.

At the depositions taken by Plaintiff in this matter, opposing counsel and the deponents have repeatedly admitted that all of the documents responsive to the Plaintiff's requests have not been produced. *See* excerpt from 30(b)(6) Deposition of John D'Agostino, taken in this matter on September 12, 2005 (in which D'Agostino asserts that he had no part in collecting documents or responding to the document requests contained in the subpoena, and that all responses were prepared solely by counsel), attached hereto as Exhibit J; excerpt from Deposition of John D'Agostino, taken in this matter on January 11, 2006 (in which D'Agostino similarly asserts that he has done no search for documents and has left that search to counsel), attached hereto as Exhibit K; excerpt from Deposition of Beatrice Kearney, taken in this matter on January 5, 2006 (in which the witness indicates that she has gathered all responsive documents, but that all responsive documents have not been produced to Plaintiff's counsel), attached hereto as Exhibit L; and deposition of Louis Amoroso, taken in this matter on January 9, 2006 (in which witness indicates that he has deleted substantial numbers of documents from his email archives), attached hereto as Exhibit M. *See also*, Exhibit I, Babin's Response to Document Requests (in which Defendants state that they have been unable to open and produce email archives).

The Town has been unwilling to provide email and other electronically-stored documents to Plaintiff in response to Plaintiff's discovery requests, protesting that the requests are overly broad and burdensome and asserting that it will take years and thousands of dollars to amass the requested information. However, even while making such assertions, the Defendants' counsel

seems to have been capable of searching for documents on Dr. Beliveau's former work computer, which is in the Defendants' possession, and using such documents at deposition.

The Town, and its current and former employees, have additionally failed to produce a wide variety of requested information that is vital to Plaintiff's discovery in this case. In addition to electronically stored material, the Town has failed to produce telephone bills from the relevant periods, records of investigations of EEO complaints, copies of an investigation commissioned by the Town Selectmen and conducted by Attorney James Lampke involving the Defendant, John D'Agostino, video tapes of public meetings held in Mansfield during the relevant time period, and court documents regarding D'Agostino's divorce. The Plaintiff is entitled to discovery of these documents.

## II.    The Plaintiff Is Entitled To Documents, Including Electronically Stored Documents, In The Defendants' Possession, Custody, and Control.

The Plaintiff is entitled to the requested, non-privileged, documents, including electronically-stored documents, in the Defendants' possession, custody and control pursuant to Fed.R.Civ.P. 30 and 34. *See Williams v. Mass. Mut. Life Ins. Co.*, 226 F.R.D. 144, 145-146 (D.Mass. 2005)("As the parties are no doubt aware, e-mail messages and other electronically stored information are generally subject to document disclosure requirements under the Federal Rules of Civil Procedure." *Citation omitted*.). Furthermore, because the majority of the documents requested by Plaintiff are documents created and maintained by a Massachusetts public entity, the Defendants cannot claim privilege with regard to many of these documents, and in fact have an affirmative obligation under the Massachusetts Public Records Law to preserve, and to provide to the public upon request, copies of many of the documents requested by Plaintiff.

If a party fails to comply with properly propounded discovery requests, a motion to compel, and for sanctions, may be filed pursuant to Fed.R.Civ.P. 37. Plaintiff now hereby so moves. Plaintiff has sought discovery from the Defendants in this matter for more than a year and a half. Plaintiff has served document requests and deposition subpoenas duces tecum seeking the responsive documents, including electronically-stored documents, in the Defendants' possession, custody and control and relating to this lawsuit. The Defendants, and their current and former employees, have failed to produce responsive documents. Defendant D'Agostino has yet to produce any significant portion of his email, when it is clear that numerous responsive emails exist. By using documents that have not yet been produced to Plaintiff during depositions in this matter, Defendants have sought to obtain an unfair strategic advantage over the Plaintiff. This flouting of discovery obligations in this manner should not be permitted.

The Plaintiff, on the other hand, has produced extensive discovery to Defendants, including a large number of electronically-stored documents.[3] The Defendants should be compelled to similarly comply with their discovery obligations.

## Conclusion

For more than a year and a half, the Plaintiff has properly requested documents, including electronically-stored documents, relating to this lawsuit from Defendants. Neither the Town, nor it's current and former employees, nor D'Agostino in his capacity as Town Manager, has

---

[3] In contrast to Defendants, Plaintiff has produced thousands of pages of both paper and electronically-stored documents. Defendants failed to serve a single document request on Plaintiff until December 28, 2005, well over a year after this action was commenced. Plaintiff responded to those document requests on January 27, 2006 and produced documents responsive to those requests on February 16, 2006. Moreover, the Plaintiff in this matter was additionally forced to file a motion to quash a subpoena served by Defendants and requesting that Defendants be permitted access to ALL of the files on ALL of the Plaintiff's computers. That discovery was not permitted to take place. It is inexplicable that Defendants would file a motion seeking such burdensome electronic discovery from Plaintiff, while simultaneously refusing to produce the electronic discovery documents that have been legitimately requested from them by Plaintiff.

produced the requested documents.  Plaintiff hereby moves that the Court Order the Defendants to search their files, including their electronic files, for the requested documents and to provide those documents to Plaintiff within 30 days of Order of this Court.  Plaintiff further requests, and herby moves, that the Court award the Plaintiff sanctions in the amount of his costs and fees in pursuing this motion to compel and in the amount of the additional discovery costs incurred by Plaintiff as the result of Defendants' failure to comply with their discovery obligations.

                        RESPECTFULLY SUBMITTED,

                        **DR. JOHN J. BELIVEAU,**

                        By his attorneys,

                        /s/ Christine M. Griffin
                        Juliane Balliro (BBO # 028010)
                        Christine M. Griffin (BBO # 651401)
                        Wolf, Block, Schorr and Solis-Cohen LLP
                        One Boston Place
                        Boston, MA 02108
                        617-854-4100

March 29, 2006

### CERTIFICATE REGARDING CONFERENCE PURSUANT TO LOCAL RULES 7.1 and 37.1

I, Christine M. Griffin, hereby certify that on March 29th, 2006 I conferred in good faith with counsel for the Defendants in this matter, Deborah Ecker and Susan Jacobs, each individually by phone, regarding the issues presented above, but that we were unable to narrow or resolve these issues. Although Defendants claim that they have produced or are producing all responsive documents, the descriptions of documents that have been or will be provided do not encompass all of the documents sought by Plaintiff's various document requests, and the parties were unable to agree otherwise.

    /s/ Christine M. Griffin
Christine M. Griffin

### CERTIFICATE OF SERVICE

I, Christine M. Griffin, hereby certify that it is my understanding that the foregoing document will be served on all counsel of record via email through the Court's ECF filing system upon the electronic filing of this document with the Court on this the 29th day of March, 2006.

    /s/ Christine M. Griffin
Christine M. Griffin