EXHIBIT B

TO

PLAINTIFF'S MOTION TO COMPEL
PRODUCTION OF DOCUMENTS FROM DEFENDANTS TOWN OF MANSFIELD
ELECTRIC DEPARTMENT AND JOHN D'AGOSTINO

*11/11/04*
*Pleadings*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DR. JOHN J. BELIVEAU,<br>Plaintiff,<br><br>v.<br><br>TOWN OF MANSFIELD MUNICIPAL<br>ELECTRIC DEPARTMENT, JOHN O.<br>D'AGOSTINO,<br>Defendants. | Civil Action No. 1:04-cv-11329-DPW |

## PLAINTIFF, DR. JOHN J. BELIVEAU'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO THE DEFENDANT, JOHN O. D'AGOSTINO

The plaintiff, Dr. John J. Beliveau ("Dr. Beliveau"), pursuant to Fed. R. Civ. P. 34, hereby serves its First Request for Production of Documents upon defendant John O. D'Agostino. Please take notice that pursuant to Fed. R. Civ. P. 34(b), Defendant shall make the requested documents available for such purposes at the offices of PERKINS, SMITH & COHEN, LLP, One Beacon Street, 30th Floor, Boston, Massachusetts 02108, or at such other place upon which the parties mutually agree, within thirty days of the date hereof.

I.   **DEFINITIONS AND INSTRUCTIONS**

1.   "Document" is used in the broadest sense contemplated by Fed. R. Civ. P. 34 and includes but is not limited to the following items: agreements; drafts; communications; correspondence; facsimiles; memoranda; records; books; financial statements; summaries of records; notes of personal conversations or interviews; diaries; calendars; forecasts; statistical statements; accountants' work papers; analytical records; minutes or records of meetings or conferences; reports and/or summaries of investigations; opinions or reports

of consultants; appraisals; reports and/or summaries of negotiations; contracts; stenographic, handwritten or any other notes; working papers; federal and state income tax returns; checks, front and back; check stubs or receipts; shipping documents; manifests; invoice vouchers; computer printouts and computer disks and tapes; and e-mail correspondence; however produced or reproduced. A draft or non-identical copy is a separate document within the meaning of this term.

2. "Communication" is used in the broadest sense contemplated by the Massachusetts Rules and includes every manner of transmitting or receiving information (in the form of facts, ideas, inquiries, opinions, or thoughts) regardless of form.

3. The term "concerning" means referring to, describing, evidencing, or constituting.

4. The term "D'Agostino" or "you" refers to John O. D'Agostino, or anyone else acting, or who has acted, on his behalf or who is reasonably believed to have authorization to act on its behalf.

5. The term "Electric Department" refers to the Town of Mansfield Municipal Electric Department, its employees, agents, affiliates, or anyone else acting, or who has acted, on its behalf or who is reasonably believed to have authorization to act on its behalf.

6. The term "Stoyle Charge" refers to the Charge of Discrimination filed on or about December 5, 2002 by Kimberley Stoyle against John D'Agostino with the Massachusetts Commission Against Discrimination.

7. The term "Town of Mansfield" refers to the Town of Mansfield Municipal Electric Department, its employees, agents, affiliates, boards, commissions, or anyone else acting, or who has acted, on its behalf or who is reasonably believed to have authorization to act on its behalf.

8. The term "Ethics Investigation" refers to any investigation by the Massachusetts Ethics Commission into the conduct of John D'Agostino.

9. The terms "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the requests inclusive rather than exclusive. The use of the word "including" shall be construed to mean "without limitation."

10. Reference to the singular in any of these requests shall also include a reference to the plural, and reference to the plural shall include a reference to the singular.

11. The documents requests herein shall be organized and labeled according to the number of the document request.

12. The duty to produce documents shall not be limited or affected by the fact that the same document is available through another source. All documents should be produced which are not subject to an objection and are known by, possessed or controlled by, or available to defendant or any of his attorneys, consultants, representatives, employees, officers, directors, partners, or other agents.

13. If a privilege is claimed with respect to any document or thing, please identify the following:
   a. the privilege claimed;
   b. the date of creation of the document or thing;
   c. a general description of the document or thing;
   d. the title of the document or thing;
   e. the identity of author of the document or thing;
   f. the identity of each person who received or saw a copy of the document or thing; and

    g.     a description of the document or thing which you would consider adequate to support your contention that the document is privileged or protected.

If the objection relates to only part of the document, the balance of the document production should be answered in full.

14.     If any documents requested have been destroyed, lost, mislaid, or were formerly in your possession but are otherwise missing, please so state, specifying for each document or thing:

    a.     the type of document;

    b.     a description of the nature and contents of the document;

    c.     the identity of the author;

    d.     the circumstances under which it ceased to exist or cannot be located;

    e.     the identity of all person(s) having knowledge of the circumstances under which it ceased to exist; and

    f.     the identity of all person(s) who had knowledge of the contents.

No requested document should be destroyed or deleted pursuant to any document retention program maintained by the defendant.

14.     This request for production of documents is deemed to be continuing. Should you obtain any other documents or information which would supplement or modify the documents or information supplied by you in response to this request, you are directed pursuant to Fed.R.Civ.P. 26(e) to give timely notice of such documents and information and to furnish the additional documents or information to the Plaintiff without delay. No responsive documents are to be altered, destroyed, or deleted prior to production to the Plaintiff.

15. The time period covered by the requests shall be deemed to be September 1, 1998 to present, unless otherwise noted.

## II. DOCUMENTS REQUESTED

1. All documents concerning your employment responsibilities, including participation in any committees, boards, or groups or continuing education.

2. All documents that relate to Dr. Beliveau's job performance, including but not limited to formal or informal internal memoranda, performance review information and documents reflecting assessments of merit.

3. All documents concerning any matters critical of Dr. Beliveau's job performance.

4. All documents concerning any warning and review in connection with your assertion that Dr. Beliveau was not getting along, working at cross purposes, and/or was insubordinate with any other individual at the Electric Department or the Town of Mansfield.

5. All documents concerning any alleged difficulties between Dr. Beliveau and the Town Accountant and/or any individual in the Town of Mansfield Treasurer's office.

6. All documents concerning any complaints and/or grievances concerning job performance, behavior and/or demeanor of the Town of Mansfield's Treasurer.

7. All documents concerning PILOT or "internal charges" payments from 1997 until present.

8. All documents concerning any audit of the Electric Department and/or the Town of Mansfield from 1998 until present.

9. All documents concerning any response and/or action to be taken as a result of any audit conducted or to be conducted at the Electric Department.

5

10. All documents concerning any reprimands and/or disciplinary actions taken by you, the Electric Department and/or the Town of Mansfield against Bea Kearney, Richard Boucher, Dr. Beliveau and/or Kimberly Stoyle.

11. All documents concerning any job descriptions, including their date of approval by Board of Selectmen and/or the Board of Light Commissioners, of the Town Manager, Electric Department Manager and the Electric Department Director.

12. All documents concerning management reports, including but not limited to any documents which details any statistical, budgetary, financial results, data, and/or reports of project status, from any department head in the Town of Mansfield to the Town Manager from 2002 through 2003.

13. All documents concerning any formal or informal investigation conducted by you, the Town of Mansfield, or the Electric Department concerning any Ethics Investigation of John D'Agostino.

14. All documents concerning Dr. Beliveau's involvement in the Stoyle Charge.

15. All documents concerning any formal investigation conducted by you, the Town of Mansfield, and/or the Electric Department and any insurance carrier concerning the Stoyle Charge.

16. All documents or communication by and between you, the Town of Mansfield, and/or the Electric Department and any insurance carrier concerning the Stoyle Charge.

17. All documents or communications received by or sent to James Lampke in connection with the Stoyle Charge.

18. All documents concerning any formal investigation conduced by you, the Town of Mansfield, or the Electric Department concerning the Charges of Discrimination filed by

Dr. Beliveau against you and/or the Electric Department with the Massachusetts Commission Against Discrimination.

19. All documents or communications by and between you, the Town of Mansfield, and/or the Electric Department and any insurance carrier concerning the Charges of Discrimination filed by Dr. Beliveau against you and/or the Electric Department with the Massachusetts Commission Against Discrimination.

20. All documents concerning Dr. Beliveau's involvement in any Ethics Investigation.

21. All documents concerning any formal or informal investigation conducted by you, the Town of Mansfield, or the Electric Department concerning any Ethics Investigation.

22. All documents or communication by and between you, the Town of Mansfield, and/or Electric Department and any insurance carrier concerning any Ethics Investigation.

23. All documents concerning Dr. Beliveau's employment responsibilities from the time of hiring to the time of termination, including but not limited to job descriptions and communications regarding expectations of Dr. Beliveau throughout his employment.

24. All documents, records and communications concerning meetings, communications, conversations or any other communication by and between you and the Board of Light Commissioners and/or the Board of Selectmen concerning Dr. Beliveau.

25. All documents concerning meetings of the Board of Light Commissioners, including but not limited to executive session minutes for the years 2003 and 2004.

26. All documents concerning meetings of the Board of Selectmen, including but not limited to executive session minutes for the years 2003 and 2004.

27. All documents concerning the person or persons who replaced Dr. Beliveau, including but not limited to such person's resumes.

28. All communications and telephonic records and/or bills concerning any communication between January 1, 2003, and April 1, 2004 between you and individuals who replaced Dr. Beliveau as Director.

29. All documents concerning any formal or informal complaints or charges or discrimination, sexual harassment, retaliation and/or violation of company policy pertaining to you alleged by anyone in Mansfield or your prior employment.

29. All documents setting forth conclusions, findings and recommendations resulting from any investigation by the Electric Department, Town of Mansfield, Town of Blackstone, City of Springfield and/or any of your former employers, into complaints or charges of discrimination, sexual harassment, retaliation, and/or violation of company policy pertaining to you within the past fifteen years.

30. All documents concerning the organizational structure of the Electric Department.

31. All documents or communications concerning public records request concerning Dr. Beliveau.

32. All documents and communications by and between you and any publisher or author, or anyone working on their behalf, in the newspaper news reporting industry.

33. All documents in support of your assertion that Dr. Beliveau has failed to work cooperatively with other Town Employees contained in your memorandum to the Board of Selectmen dated February 13, 2004.

34. All documents in support of your assertion that Dr. Beliveau has refused to recognize or submit to the authority of his supervisors, the Municipal Electric Department Manager contained in your memorandum to the Board of Selectmen dated February 13, 2004.

35. All documents in support of your assertion that Dr. Beliveau has filed false charges of retaliation containing false statements under oath contained in your memorandum to the Board of Selectmen dated February 13, 2004.

36. All documents of any kind which you or your co-defendants intend to offer as evidence at the trial in this action.

37. All documents concerning any statement obtained by any fact witness in this matter.

38. All documents provided to any expert witness retained in this matter.

Respectfully Submitted,

Dr. John J. Beliveau,
By his attorneys,

*/s/ Daniel P. McCarthy*

Juliane Balliro, BBO#028010
Daniel P. McCarthy, BBO#651559
Perkins, Smith & Cohen, LLP
One Beacon Street, 30th Floor
Boston, MA 02108
617-854-4000

Dated: November 11, 2004
31091-2-RPDsD'Agost.doc

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail-hand on 11-11-04