EXHIBIT C - Part 2

TO

**PLAINTIFF'S MOTION TO COMPEL
PRODUCTION OF DOCUMENTS FROM DEFENDANTS TOWN OF MANSFIELD
ELECTRIC DEPARTMENT AND JOHN D'AGOSTINO**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
Docket No. 04-11329-DPW

|  |  |
|---|---|
| DR. JOHN J. BELIVEAU,<br>        Plaintiff,<br><br>v.<br><br>TOWN OF MANSFIELD MUNICIPAL<br>ELECTRIC DEPARTMENT, JOHN O.<br>D'AGOSTINO,<br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### RE-NOTICE OF TAKING THE DEPOSITION OF
### JOHN O. D'AGOSTINO PURSUANT TO FED. R. CIV. P. 30(b)(6)

TO:    Leonard H. Kesten, Esq.
       Brody, Hardoon, Perkins & Kesten, LLP
       One Exeter Plaza
       Boston, MA  02116

PLEASE TAKE NOTICE that, at 10:00 a.m. on Monday, September 12, 2005, at the

offices of Wolf, Block, Schorr & Solis-Cohen LLP, One Boston Place, Boston, Massachusetts,

the Plaintiff, Dr. John J. Beliveau ("Dr. Beliveau"), by his attorneys, will take the deposition

upon oral examination of Defendant, John O. D'Agostino ("D'Agostino").

The deposition will be conducted before a Notary Public or other officer authorized by

law to administer oaths.  The oral examination will continue from day to day until completed.

You are invited to attend and cross-examine.

D'Agostino is directed, pursuant to Fed. R. Civ. P. 30(b)(6) and 34, to produce at or before the scheduled deposition the documents in the possession, custody or control of D'Agostino listed in the attached Schedule A.

Respectfully Submitted,
Dr. John J. Beliveau,
By his attorneys,

Juliane Balliro (BBO#028010)
Christine M. Griffin (BBO#651401)
Wolf, Block, Schorr & Solis-Cohen LLP
One Boston Place
Boston, MA 02108
617-226-4000

Dated: September 8, 2005

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing document was served on this 8th day of September, 2005, to counsel of record by facsimile.

Juliane Balliro

## SCHEDULE A
### Documents to be Produced

1.      Complete copies of the Mansfield Electric Department Depreciation Accounts for the years 2002-2004.

2.      Complete copies of the Mansfield Electric Department Cash Accounts for the years 2002-2004.

3.      Complete copies of the Town of Mansfield Cash Accounts for the years 2002-2004.

4.      Copies of the Town of Mansfield reconciliation of cash accounts complete with variances identified and all auditor recommendations and management letters for the years 1998-present.

5.      All memos, documents or other communications regarding cash balance discrepancies between 1998-2004.

6.      All memos, e-mails or other communications between Bea Kearney, and/or Richard Boucher, and/or John D'Agostino regarding cash balances, cash reconciliation, transfers of funds, budgets and/or the person of Jack Beliveau from 1998-present.

7.      All bills, with supporting documentation and/or studies, submitted by the Town of Mansfield to the Mansfield Electric Department for internal charges made during the years 1998-2005.

8.      All records relating to INTERNAL CHARGES AND PILOT payments made during the years 1998-2005 and supporting documentation for those charges.

9.      All documents relating to or reflecting costs charged to the Mansfield Electric Department for health insurance with documentation supporting said costs from 1998-present

10.      All documents relating to or reflecting costs charged to the Mansfield Electric Department for Pension cost and charges with documentation supporting said costs from 1998-present.

11.   .   The Town of Mansfield budgets for the years 2000-2004.

12.      All e-mail correspondence in any way related to Jack Beliveau or any issue involving Jack Beliveau.

13.      Any and all documents of any nature whatsoever submitted to James Goulet relating to the Electric Department audit conducted during the year 2003.

14.     Any and all notes, records, documents reflecting conversations with Jack Beliveau or about Jack Beliveau for the years 2001-2004.

15.     Any and all records reflecting or relating to lockbox accounts for the years 2001-2004.

16.     All payroll change slips 1998-the present for the following individuals:  Jack Beliveau, Richard Boucher, Sandra LaRosee, Lee Azinheira, Helen Christian, Sue McGinley, John D'Agostino.

17.     All American Express credit card bills charged by John D'Agostino with backup and supporting documentation from 1998- present.

18.     All memos, e-mails or other communications between Bea Kearney and John D'Agostino regarding American Express charges from 1998–present.

# United States District Court
## For The District of Massachusetts

| | |
|---|---|
| DR. JOHN J. BELIVEAU<br><br>        Plaintiff,<br><br>vs.<br><br><br>TOWN OF MANSFIELD MUNICIPAL<br>ELECTRIC DEPARTMENT, JOHN O.<br>D'AGOSTINO,<br><br>        Defendants. | SUBPOENA IN A CIVIL PROCEEDING<br>**Case No. 04-11329-DPW** |

To:

John O. D'Agostino
c/o Town of Mansfield Electric Department
125 High Street, Suite 4
Mansfield, MA 02048

YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above adversary proceeding.

| PLACE | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above adversary proceeding.

| PLACE | DATE AND TIME |
|---|---|
| | |

**X** YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (See attached Exhibit A ):

| PLACE | **Wolf, Block, Schorr & Solis-Cohen LLP**<br>**One Boston Place**<br>**Boston, MA 02108** | DATE AND TIME<br>**September 12, 2005; 10:00 a.m.** |
|---|---|---|

YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.
☐

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any subpoenaed organization not a party to this proceeding case shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Fed.R.Civ.P.30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| *Juliane Balliro* | **September 8, 2005** |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER:

Juliane Balliro, Esq.
Wolf, Block, Schorr & Solis-Cohen LLP
One Boston Place, Boston, MA 02108

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foegoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

_____

---

Rule 45, Red.R.Civ.P., Parts (c) & (d).

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

    (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

    (2)(A) A person commanded to produce and permit inspection and copying of designatedbooks, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

    (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

    (3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

    (i) fails to allow reasonable time for compliance;

    (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts businessin person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

    (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

    (iv) subjects a person to undue burden.
(B) If a subpoena

    (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

    (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

    (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production onlyupon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

    (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

    (2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A
### Documents to be Produced

1.      Complete copies of the Mansfield Electric Department Depreciation Accounts for the years 2002-2004.

2.      Complete copies of the Mansfield Electric Department Cash Accounts for the years 2002-2004.

3.      Complete copies of the Town of Mansfield Cash Accounts for the years 2002-2004.

4.      Copies of the Town of Mansfield reconciliation of cash accounts complete with variances identified and all auditor recommendations and management letters for the years 1998-present.

5.      All memos, documents or other communications regarding cash balance discrepancies between 1998-2004.

6.      All memos, e-mails or other communications between Bea Kearney, and/or Richard Boucher, and/or John D'Agostino regarding cash balances, cash reconciliation, transfers of funds, budgets and/or the person of Jack Beliveau from 1998-present.

7.      All bills, with supporting documentation and/or studies, submitted by the Town of Mansfield to the Mansfield Electric Department for internal charges made during the years 1998-2005.

8.      All records relating to INTERNAL CHARGES AND PILOT payments made during the years 1998-2005 and supporting documentation for those charges.

9.      All documents relating to or reflecting costs charged to the Mansfield Electric Department for health insurance with documentation supporting said costs from 1998-present

10.     All documents relating to or reflecting costs charged to the Mansfield Electric Department for Pension cost and charges with documentation supporting said costs from 1998-present.

11.     The Town of Mansfield budgets for the years 2000-2004.

12.     All e-mail correspondence in any way related to Jack Beliveau or any issue involving Jack Beliveau.

13.     Any and all documents of any nature whatsoever submitted to James Goulet relating to the Electric Department audit conducted during the year 2003.

-3-

14.    Any and all notes, records, documents reflecting conversations with Jack Beliveau or about Jack Beliveau for the years 2001-2004.

15.    Any and all records reflecting or relating to lockbox accounts for the years 2001-2004.

16.    All payroll change slips 1998-the present for the following individuals:  Jack Beliveau, Richard Boucher, Sandra LaRosee, Lee Azinheira, Helen Christian, Sue McGinley, John D'Agostino.

17.    All American Express credit card bills charged by John D'Agostino with backup and supporting documentation from 1998- present.

18.    All memos, e-mails or other communications between Bea Kearney and John D'Agostino regarding American Express charges from 1998–present.