EXHIBIT F

TO

PLAINTIFF'S MOTION TO COMPEL
PRODUCTION OF DOCUMENTS FROM DEFENDANTS TOWN OF MANSFIELD
ELECTRIC DEPARTMENT AND JOHN D'AGOSTINO

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
Docket No. 04-11329-DPW

DR. JOHN J. BELIVEAU,
            Plaintiff,

v.

TOWN OF MANSFIELD MUNICIPAL
ELECTRIC DEPARTMENT, JOHN O.
D'AGOSTINO,
            Defendants.

NOTICE OF TAKING THE DEPOSITION OF
LOUIS AMORUSO PURSUANT TO FED. R. CIV. P. 30

TO: Leonard H. Kesten, Esq.            Susan Jacobs, Esq.
    Brody Hardoon Perkins & Kesten     Volterra Goldberg Mangiaratti & Jacobs
    One Exeter Plaza                   Three Mill St.
    Boston, MA 02116                   Attleboro, MA 02703

PLEASE TAKE NOTICE that, at 2:00 p.m. on Monday, January 2, 2006, at the offices of Wolf, Block, Schorr & Solis-Cohen LLP, One Boston Place, Boston, Massachusetts, the Plaintiff, Dr. John J. Beliveau ("Dr. Beliveau"), by his attorneys, will take the deposition upon oral examination of Louis Amoruso ("Amoruso"), 6 Brookside Road, Mansfield, MA 02048.

The deposition will be conducted before a Notary Public or other officer authorized by law to administer oaths. The oral examination will continue from day to day until completed. You are invited to attend and cross-examine.

Amoruso is directed, pursuant to Fed. R. Civ. P. 30 and 34, to produce at or before the scheduled deposition the documents in the possession, custody or control of Amoruso listed in the attached Schedule A.

Respectfully Submitted,
Dr. John J. Beliveau,
By his attorneys,

_____
Juliane Balliro (BBO#028010)
Christine M. Griffin (BBO#651401)
Wolf, Block, Schorr & Solis-Cohen LLP
One Boston Place
Boston, MA 02108
617-226-4000

Dated: December 7, 2005

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing document was served on this 7th day of December, 2005, on counsel of record by facsimile and first class mail.

_____
Christine M. Griffin

## SCHEDULE A
### Documents to be Produced

These Requests include requests for all e-mails contained on Louis Amoruso's personal computer, work computer or any computer owned by the Town of Mansfield between 1998 to the present.

1. Copies of all e-mail communication between Louis Amoruso and John D'Agostino and/or Dr. John Beliveau.

2. Copies of all e-mail communication between Louis Amoruso and other members of the Mansfield Board of Selectmen regarding Dr. John Beliveau, John D'Agostino, and/or the Mansfield Electric Department.

3. Copies of all e-mail communication between Louis Amoruso and Andrew Gazola, chairman of the Mansfield Finance Committee.

4. Copies of all e-mail communication between Louis Amoruso and members of the Mansfield Finance Committee.

# United States District Court
## For The District of Massachusetts

| | |
|---|---|
| DR. JOHN J. BELIVEAU<br>　　　　Plaintiff,<br>VS.<br><br>TOWN OF MANSFIELD MUNICIPAL<br>ELECTRIC DEPARTMENT, JOHN O.<br>D'AGOSTINO,<br>　　　　Defendants. | SUBPOENA IN A CIVIL PROCEEDING<br>Case No. 04-11329-DPW |

To:
Louis Amoruso
6 Brookside Road
Mansfield, MA 02048

YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above adversary proceeding.

| PLACE | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

X YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above adversary proceeding.

| PLACE | DATE AND TIME |
|---|---|
| Wolf, Block, Schorr & Solis-Cohen LLP<br>One Boston Place<br>Boston, MA 02108 | January 2, 2006; 2:00 p.m. |

X YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below  See Schedule A attached

| PLACE | DATE AND TIME |
|---|---|
| Wolf, Block, Schorr & Solis-Cohen LLP<br>One Boston Place<br>Boston, MA 02108 | January 2, 2006; 2:00 p.m. |

YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any subpoenaed organization not a party to this proceeding case shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Fed.R.Civ.P.30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| *[signature]* | December 7, 2005 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER:
Christine M. Griffin, Esq.
Wolf, Block, Schorr & Solis-Cohen LLP
One Boston Place, Boston, MA 02108  617-226-4000

| PROOF OF SERVICE | | |
|---|---|---|
| SERVED | DATE | PLACE |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Red.R.Civ.P., Parts (c) & (d).

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A
### Documents to be Produced

These Requests include requests for all e-mails contained on Louis Amoruso's personal computer, work computer or any computer owned by the Town of Mansfield between 1998 to the present.

1. Copies of all e-mail communication between Louis Amoruso and John D'Agostino and/or Dr. John Beliveau.

2. Copies of all e-mail communication between Louis Amoruso and other members of the Mansfield Board of Selectmen regarding Dr. John Beliveau, John D'Agostino, and/or the Mansfield Electric Department.

3. Copies of all e-mail communication between Louis Amoruso and Andrew Gazola, chairman of the Mansfield Finance Committee.

4. Copies of all e-mail communication between Louis Amoruso and members of the Mansfield Finance Committee.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
Docket No. 04-11329-DPW

|  |  |
|---|---|
| DR. JOHN J. BELIVEAU,<br>Plaintiff,<br><br>v.<br><br>TOWN OF MANSFIELD MUNICIPAL ELECTRIC DEPARTMENT, JOHN O. D'AGOSTINO,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

CORRECTED NOTICE OF TAKING THE DEPOSITION OF
LOUIS AMORUSO PURSUANT TO FED. R. CIV. P. 30

TO:  Leonard H. Kesten, Esq.            Susan Jacobs, Esq.
     Brody Hardoon Perkins & Kesten     Volterra Goldberg Mangiaratti & Jacobs
     One Exeter Plaza                   Three Mill St.
     Boston, MA 02116                   Attleboro, MA 02703

PLEASE TAKE NOTICE that, at 2:00 p.m. on Monday, January 9, 2006, at the offices of Wolf, Block, Schorr & Solis-Cohen LLP, One Boston Place, Boston, Massachusetts, the Plaintiff, Dr. John J. Beliveau ("Dr. Beliveau"), by his attorneys, will take the deposition upon oral examination of Louis Amoruso ("Amoruso"), 6 Brookside Road, Mansfield, MA 02048.

The deposition will be conducted before a Notary Public or other officer authorized by law to administer oaths. The oral examination will continue from day to day until completed. You are invited to attend and cross-examine.

Amoruso is directed, pursuant to Fed. R. Civ. P. 30 and 34, to produce at or before the scheduled deposition the documents in the possession, custody or control of Amoruso listed in the attached Schedule A.

Respectfully Submitted,
Dr. John J. Beliveau,
By his attorneys,

*/s/ Christine M. Griffin/*

Juliane Balliro (BBO#028010)
Christine M. Griffin (BBO#651401)
Wolf, Block, Schorr & Solis-Cohen LLP
One Boston Place
Boston, MA 02108
617-226-4000

Dated: December 8, 2005

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing document was served on this 8th day of December, 2005, on counsel of record by facsimile and first class mail.

*/s/ Christine M. Griffin/*
Christine M. Griffin

## SCHEDULE A
### Documents to be Produced

These Requests include requests for all e-mails contained on Louis Amoruso's personal computer, work computer or any computer owned by the Town of Mansfield between 1998 to the present.

1. Copies of all e-mail communication between Louis Amoruso and John D'Agostino and/or Dr. John Beliveau.

2. Copies of all e-mail communication between Louis Amoruso and other members of the Mansfield Board of Selectmen regarding Dr. John Beliveau, John D'Agostino, and/or the Mansfield Electric Department.

3. Copies of all e-mail communication between Louis Amoruso and Andrew Gazola, chairman of the Mansfield Finance Committee.

4. Copies of all e-mail communication between Louis Amoruso and members of the Mansfield Finance Committee.

12/8/05

# United States District Court
## For The District of Massachusetts

| | |
|---|---|
| DR. JOHN J. BELIVEAU<br>    Plaintiff,<br>vs.<br><br>TOWN OF MANSFIELD MUNICIPAL<br>ELECTRIC DEPARTMENT, JOHN O.<br>D'AGOSTINO,<br>    Defendants. | SUBPOENA IN A CIVIL PROCEEDING<br>Case No. 04-11329-DPW |

To:
Louis Amoruso
6 Brookside Road
Mansfield, MA 02048

YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above adversary proceeding.

| PLACE | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

X YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above adversary proceeding.

| PLACE | Wolf, Block, Schorr & Solis-Cohen LLP<br>One Boston Place<br>Boston, MA 02108 | DATE AND TIME<br>January 9, 2006; 2:00 p.m. |
|---|---|---|

X YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below   See Schedule A attached

| PLACE | Wolf, Block, Schorr & Solis-Cohen LLP<br>One Boston Place<br>Boston, MA 02108 | DATE AND TIME<br>January 9, 2006; 2:00 p.m. |
|---|---|---|

YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any subpoenaed organization not a party to this proceeding case shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Fed.R.Civ.P.30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE<br>*/s/ Christine M. Griffin/* | DATE<br>December 8, 2005 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER:
Christine M. Griffin, Esq.
Wolf, Block, Schorr & Solis-Cohen LLP
One Boston Place, Boston, MA 02108   617-226-4000

| PROOF OF SERVICE | | |
|---|---|---|
| SERVED | DATE | PLACE |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

---

Rule 45, Red.R.Civ.P., Parts (c) & (d).

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

    (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

    (2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

    (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

    (3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

    (i) fails to allow reasonable time for compliance;

    (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

    (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

    (iv) subjects a person to undue burden.
(B) If a subpoena

    (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

    (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

    (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

    (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

    (2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A
### Documents to be Produced

These Requests include requests for all e-mails contained on Louis Amoruso's personal computer, work computer or any computer owned by the Town of Mansfield between 1998 to the present.

1. Copies of all e-mail communication between Louis Amoruso and John D'Agostino and/or Dr. John Beliveau.

2. Copies of all e-mail communication between Louis Amoruso and other members of the Mansfield Board of Selectmen regarding Dr. John Beliveau, John D'Agostino, and/or the Mansfield Electric Department.

3. Copies of all e-mail communication between Louis Amoruso and Andrew Gazola, chairman of the Mansfield Finance Committee.

4. Copies of all e-mail communication between Louis Amoruso and members of the Mansfield Finance Committee.