# EXHIBIT H — Part 1

## TO

## PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM DEFENDANTS TOWN OF MANSFIELD ELECTRIC DEPARTMENT AND JOHN D'AGOSTINO

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Docket No. 04-11329-DPW

| | |
|---|---|
| DR. JOHN J. BELIVEAU,<br>    Plaintiff,<br><br>v.<br><br>TOWN OF MANSFIELD MUNICIPAL<br>ELECTRIC DEPARTMENT, JOHN O.<br>D'AGOSTINO,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### NOTICE OF TAKING THE DEPOSITION OF
### GARY BABIN PURSUANT TO FED. R. CIV. P. 30

TO:    Leonard H. Kesten, Esq.               Susan Jacobs, Esq.
        Brody Hardoon Perkins & Kesten      Volterra Goldberg Mangiaratti & Jacobs
        One Exeter Plaza                           Three Mill St.
        Boston, MA 02116                       Attleboro, MA 02703

    PLEASE TAKE NOTICE that, at 2:00 p.m. on Thursday, January 5, 2006, at the offices of Wolf, Block, Schorr & Solis-Cohen LLP, One Boston Place, Boston, Massachusetts, the Plaintiff, Dr. John J. Beliveau ("Dr. Beliveau"), by his attorneys, will take the deposition upon oral examination of Gary Babin ("Babin"), 83 Norfolk Road, Millis, MA 02054 and Mansfield Municipal Electric, 125 High Street, Mansfield, MA.

    The deposition will be conducted before a Notary Public or other officer authorized by law to administer oaths. The oral examination will continue from day to day until completed. You are invited to attend and cross-examine.

-2-

Babin is directed, pursuant to Fed. R. Civ. P. 30 and 34, to produce at or before the scheduled deposition the documents in the possession, custody or control of Babin listed in the attached Schedule A.

Respectfully Submitted,
Dr. John J. Beliveau,
By his attorneys,

_____
Juliane Balliro (BBO#028010)
Christine M. Griffin (BBO#651401)
Wolf, Block, Schorr & Solis-Cohen LLP
One Boston Place
Boston, MA  02108
617-226-4000

Dated: December 7, 2005

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing document was served on this 7th day of December, 2005, on counsel of record by facsimile and first class mail.

_____
Christine M. Griffin

## SCHEDULE A
### Documents to be Produced

1. All e-mail communications between Gary Babin and John D'Agostino whether contained on personal computers or work computers, from January 1, 2003 until the present.

2. All e-mail communications between Gary Babin and members of the Board of Light Commissioners from January 1, 2003 until the present

3. Copies of all telephone records, including records of calls from work, residential and cell phones, or demonstrating calls between Gary Babin and 1) John D'Agostino; or 2) any other representative of Mansfield, including members of the Finance Committee; or 3) former employers of the Town of Mansfield, between January 1, 2003 and June 1, 2004.

4. Copies of all studies, analyses and documents concerning increases in the Purchase Power Cost Adjustment (PPCA) made in the Town of Mansfield during 2003, 2004 and 2005.

5. Copies of any studies, reports or analyses concerning internal charges received from the Town of Mansfield in 2004 and 2005.

6. A copy of the Mansfield Electric Department audit and management letters for fiscal and/or calendar year 2002, 2003, and 2004.

7. Copies of legal bills, charged to or paid by the Mansfield Electric Department from January 1, 2003 through the present.

8. Copies of bills from PLM, including all detailed summaries, charged to or paid by the Mansfield Electric Department from January 1, 2003 through the present.

9. A copy of the e-mail archive from the Mansfield Electric Department's e-mail server from February 2004 through the latest available month.

10. A copy of rate comparisons published by MMWEC for typical 500 KWH/month customers for fourth quarter 2003 and the most recent quarter of 2005.

11. All American Express bills reflecting charges from January 2002 to the present.

# United States District Court
## For The District of Massachusetts

| | |
|---|---|
| DR. JOHN J. BELIVEAU<br>　　　　Plaintiff,<br>vs.<br>TOWN OF MANSFIELD MUNICIPAL ELECTRIC DEPARTMENT, JOHN O. D'AGOSTINO,<br>　　　　Defendants. | SUBPOENA IN A CIVIL PROCEEDING<br>Case No. 04-11329-DPW |

To:
Gary Babin
83 Norfolk Rd
Millis, MA 02054

Mansfield Municipal Electric
125 High Street
Mansfield, MA

YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above adversary proceeding.

| PLACE | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

X YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above adversary proceeding.

| PLACE | Wolf, Block, Schorr & Solis-Cohen LLP<br>One Boston Place<br>Boston, MA 02108 | DATE AND TIME<br>January 5, 2006; 9:00 a.m. |
|---|---|---|

X YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below  See Schedule A attached

| PLACE | Wolf, Block, Schorr & Solis-Cohen LLP<br>One Boston Place<br>Boston, MA 02108 | DATE AND TIME<br>January 5, 2006; 9:00 a.m. |
|---|---|---|

YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.
☐

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any subpoenaed organization not a party to this proceeding case shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Fed.R.Civ.P.30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE<br>*[signature]* Christine M. Griffin | DATE<br>December 7, 2005 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER:
Christine M. Griffin, Esq.
Wolf, Block, Schorr & Solis-Cohen LLP
One Boston Place, Boston, MA 02108  617-226-4000

| | PROOF OF SERVICE | |
|---|---|---|
| | DATE | PLACE |
| SERVED | | |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

Rule 45, Red.R.Civ.P., Parts (c) & (d).

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

    (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

    (2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

    (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

    (3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

    (i) fails to allow reasonable time for compliance;

    (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

    (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

    (iv) subjects a person to undue burden.
(B) If a subpoena

    (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

    (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

    (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

    (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

    (2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A
### Documents to be Produced

1. All e-mail communications between Gary Babin and John D'Agostino whether contained on personal computers or work computers, from January 1, 2003 until the present.

2. All e-mail communications between Gary Babin and members of the Board of Light Commissioners from January 1, 2003 until the present

3. Copies of all telephone records, including records of calls from work, residential and cell phones, or demonstrating calls between Gary Babin and 1) John D'Agostino; or 2) any other representative of Mansfield, including members of the Finance Committee; or 3) former employers of the Town of Mansfield, between January 1, 2003 and June 1, 2004.

4. Copies of all studies, analyses and documents concerning increases in the Purchase Power Cost Adjustment (PPCA) made in the Town of Mansfield during 2003, 2004 and 2005.

5. Copies of any studies, reports or analyses concerning internal charges received from the Town of Mansfield in 2004 and 2005.

6. A copy of the Mansfield Electric Department audit and management letters for fiscal and/or calendar year 2002, 2003, and 2004.

7. Copies of legal bills, charged to or paid by the Mansfield Electric Department from January 1, 2003 through the present.

8. Copies of bills from PLM, including all detailed summaries, charged to or paid by the Mansfield Electric Department from January 1, 2003 through the present.

9. A copy of the e-mail archive from the Mansfield Electric Department's e-mail server from February 2004 through the latest available month.

10. A copy of rate comparisons published by MMWEC for typical 500 KWH/month customers for fourth quarter 2003 and the most recent quarter of 2005.

11. All American Express bills reflecting charges from January 2002 to the present.