EXHIBIT M

TO

PLAINTIFF'S MOTION TO COMPEL
PRODUCTION OF DOCUMENTS FROM DEFENDANTS TOWN OF MANSFIELD
ELECTRIC DEPARTMENT AND JOHN D'AGOSTINO

1

VOLUME: I
PAGES: 1-114
EXHIBITS: See Index

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CASE NO. 04-11329-DPW

---------------------------------x
DR. JOHN J. BELIVEAU,            x
          Plaintiff              x
                                 x
     vs.                         x
                                 x
TOWN OF MANSFIELD MUNICIPAL      x
ELECTRIC DEPARTMENT, JOHN O.     x
D'AGOSTINO,                      x
          Defendants             x
---------------------------------x

DEPOSITION of LOUIS AMORUSO, taken pursuant to the applicable provisions of the Federal Rules of Civil Procedure, before Jill Kourafas, Certified Shorthand Reporter and Notary Public in and for the Commonwealth of Massachusetts held at the Law Offices of Wolf Block, One Boston Place, Boston, Massachusetts, on Monday, January 9, 2006, commencing at 2:15 p.m.

REPORTERS, INC.
GENERAL & TECHNICAL COURT REPORTING
23 MERRYMOUNT ROAD, QUINCY, MA 02169
617.786.7783/FACSIMILE 617.786.7723

---

2

APPEARANCES OF COUNSEL:

For the Plaintiff:
   WOLF BLOCK SCHORR SOLIS & COHEN, LLP
   (BY:  JULIANE BALLIRO, ESQ.)
   One Boston Place
   Boston, Massachusetts 02108

For the Defendant Town of Mansfield:
   VOLTERRA, GOLDBERG, MANGIARATTI & JACOBS
   (BY:  SUSAN JACOBS, ESQ.)
   Three Mill Street
   Attleboro, Massachusetts 02703

For the Defendant John O. D'Agostino:
   BRODY, HARDOON, PERKINS & KESTEN, LLP
   (BY:  LEONARD H. KESTEN, ESQ.)
   One Exeter Plaza
   Boston, Massachusetts 02116

Also Present:

   Dr. John J. Beliveau

---

3

INDEX

Testimony of:                              Page

LOUIS AMORUSO
Examination by Ms. Balliro                   4

INDEX OF EXHIBITS

Exhibits   Description                     Page

  1        Subpoena                          7
  2        Letter dated 11/29/02             9
  3        Email dated 10/1/02              74
  4        Email dated 3/28/00              77
  5        Email dated 3/30/00              78
  6        Two-page email dated
           2/25/02 and 2/27/02              80
  7        Email dated 2/28/02              82
  8        Email dated 7/9/02               82
  9        Email dated 10/1/02              84
 10        Five pages of emails,
           first email dated 10/2/02        85
 11        Two-page email starting
           with 11/7/02                     86

(Exhibits attached.)

---

4

1           P R O C E E D I N G S
2               STIPULATIONS
3           It is hereby stipulated and agreed
4      by and between counsel for the respective
5      parties that all objections, except as to
6      form, and motions to strike will be reserved
7      until the time of trial or pretrial hearing.
8           It is further agreed the witness
9      will read and sign the deposition transcript
10     within 30 days of receipt of deposition
11     transcript under the pains and penalties of
12     perjury; otherwise, the deposition transcript
13     will be deemed signed.
14
15          LOUIS AMORUSO, having been first duly
16     sworn, testifies as follows:
17
18
19          EXAMINATION BY MS. BALLIRO:
20  Q.  Mr. Amoruso, thank you for coming in this
21      afternoon.  I'm Juliane Balliro and I
22      represent Jack Beliveau.
23  A.  Good to meet you.
24  Q.  Have you ever had your deposition taken

Page 5

```
1      before?
2  A.  No.
3  Q.  Good. Just a few ground rules to keep in
4      mind as we go forward.
5          The court reporter can only take
6      down one person talking at a time, so even if
7      you know what the rest of my question is
8      going to be, if you could wait until I
9      complete the question before you give your
10     answer that would be helpful.
11         Also, she can't record nods of the
12     head or shrugs of the shoulders or sneers or
13     glares. So, we are asking you to answer the
14     questions verbally as best you can.
15         If for any reason you don't
16     understand a question that I put to you,
17     please let me know and I'll rephrase it in a
18     manner so you can understand it.
19         If you can't hear me at any time,
20     let me know and I'll try and bring my voice
21     up.
22         If you need to take a break, you're
23     free to take a break. I would only ask if
24     there's a question pending before you, in
```

Page 6

```
1      other words, I have asked you a question you
2      haven't yet answered it, that you answer the
3      question before you take your break.
4          I'm asking you also not to guess.
5      Unless you tell me that "I'm guessing," you
6      will occasionally hear the lawyers say an
7      objection, but unless an attorney instructs
8      you not to answer the question, just ignore
9      the objection and answer the question.
10         We're reserving on those, we don't
11     have a judge to rule on them, so we're
12     reserving on most of our objections later on
13     in the proceedings.
14         Do you have any questions before we
15     get started?
16 A.  Only one. Do you want these?
17 Q.  Oh, you brought documents?
18 A.  You asked for them.
19 Q.  There's one other thing I want to tell you.
20     The rules allow you 30 days after you receive
21     a copy of your deposition transcript to read
22     it and sign it, and the transcript will
23     include what is called "an errata sheet,"
24     which is a sheet on which you can record any
```

Page 7

```
1      typographical errors or corrections to your
2      testimony.
3          If you make changes or corrections
4      and sign your deposition within the 30 days,
5      the errata sheet will be included as part of
6      your deposition testimony. If you don't,
7      then the deposition will be deemed written as
8      signed. You won't have an opportunity to
9      make any changes.
10 A.  Gotcha.
11 Q.  We have a subpoena somewhere, but let me take
12     a minute.
13 A.  I have a copy.
14 Q.  You have your own copy. Why don't we do
15     that.
16         MS. BALLIRO: Let's just mark this
17     as Exhibit No. 1.
18         (Exhibit No. 1, Subpoena, marked.)
19 Q.  Mr. Amoruso, I'm placing a document before
20     you.
21         It's a cover letter from my office
22     with an attached subpoena and attached to the
23     subpoena is a Schedule A of documents to be
24     produced. It's been marked as Exhibit No. 1
```

Page 8

```
1      to this deposition. I'll place it in front
2      of you with the schedule page up and ask you
3      if you brought any documents responsive to
4      that subpoena with you today?
5  A.  Yes.
6  Q.  What did you bring?
7  A.  I brought any emails I had that met the
8      criteria of 1 through 4. Unfortunately, I
9      don't save my emails, so all of this is
10     probably about a month's worth of emails I
11     had in the system at the time.
12 Q.  You don't print out the emails that you
13     delete?
14 A.  No. I would have 10,000 tons of paper.
15 Q.  I placed a stack of documents before you.
16     It's the stack you handed to me moments ago.
17         The item on top appears to be
18     a letter or memo of some sort dated
19     November 28, 2002. That's one of the
20     documents you brought with you today?
21 A.  Yes.
22 Q.  Which request do you deem this top page
23     responsive to?
24 A.  Mr. Grazzolo is the Chairman of FINCOM. It
```