UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-11329-DPW

|  |  |
|---|---|
| DR. JOHN J. BELIVEAU, | ) |
| Plaintiff, | ) |
| v. | ) |
| TOWN OF MANSFIELD MUNICIPAL ELECTRIC DEPARTMENT AND JOHN D'AGOSTINO, | ) |
| Defendants. | ) |

**PLAINTIFF'S MOTION TO QUASH
DEPOSITION SUBPOENA DUCES TECUM
TO CRIMINAL HISTORY BOARD**

Plaintiff, Dr. John J. Beliveau ("Beliveau"), pursuant to Federal Rules of Civil Procedure 26 and 45, hereby moves to quash the "Deposition Subpoena Duces Tecum M.R.C.P. (sic) Rule 30(A) & Rule 45" ("Subpoena") served by the Defendants Town of Mansfield Municipal Electric Department ("Town") and John D'Agostino ("D'Agostino") (collectively, "Defendants") on the Keeper of the Records for the Criminal History Board located in Chelsea, Massachusetts, and as reason therefor, states the following:

**Background**

Pursuant to a request of the parties, the Court established a discovery deadline in this matter of March 31, 2006. On March 27, 2006 the Defendants in this matter issued a deposition notice and a deposition subpoena to the Keeper of the Records for the Criminal History Board located in Chelsea, Massachusetts. That subpoena seeks documents as follows: Any and all CORI requests made by or on behalf of the Town of

Mansfield Municipal Electric Department for any employees of that entity in 2000.  The subpoena demands that the documents be produced at deposition on or before April 7, 2006 at 10 am.  This subpoena is untimely, demanding production of documents well after the discovery deadline has passed.  The subpoena should therefore be quashed in its entirety.

## Discussion

As clearly stated in Alper v. United States, parties to litigation may not circumvent a discovery deadline:

> [g]ranted, neither Rule 45 nor Rule 34 contains any time limit within which to procure documents from third parties. See Rice v. United States, 164 F.R.D. 556, 557 (N.D. Okla. 1995).  Still, as in Rice, this court does not believe 'that a party should be allowed to employ a subpoena after a discovery deadline to obtain materials from third parties that could have been produced during discovery.'  Id. at 558.

Alper v. United States, 190 F.R.D. 281, 283 (D. Mass. 2000); see also Carter v. United States, 164 F.R.D. 131, 133 (D. Mass. 1995) (holding that portions of deposition notices seeking extensive production of documents were improper attempts to conduct written discovery after scheduling deadline).

The court in Alper held equally clearly that all pre-trial discovery requests, including subpoenas duces tecum, become unseasonable once the discovery deadline has passed:

> [i]n short, Rule 45 Subpoenas, which are intended to secure the pre-trial production of documents and things, are encompassed within the definition of 'discovery,' as enunciated in Rule 26(a)(5) and, therefore, are subject to the same time constraints that apply to all of the other methods of formal discovery.

Alper 190 F.R.D. at 283-84 (quoting Marvin Lumber & Cedar Co. v. PPG Indus., Inc., 177 F.R.D. 443, 443 (D. Minn. 1997).  The Marvin Lumber court found that conservation

of judicial resources and the court's effective control over litigation were at the heart of honoring such deadlines:

> [t]o allow a party to continue with formal discovery -- that is, discovery which invokes the authority of the Court -- whether in the guise of Rule 45, or any of the other discovery methods recognized by Rule 26(a)(5), after the discovery deadline unnecessarily lengthens discovery process, and diverts the parties' attention, from the post-discovery aspects of preparing a case for Trial.

Marvin Lumber 177 F.R.D. at 445; see also In re Application of Time, Inc., 1999 U.S. Dist. LEXIS 15858 at *7 (E.D. La. 1999) (holding that subpoenas "are discovery devices which, although governed in the first instance by Rule 45, are also subject to the parameters established by Rule 26").

In the present case, and pursuant to the parties' request, the Court established, a deadline for the completion of discovery by March 31, 2006. The Defendants' Subpoena, calling for a deposition date of April 7, 2006, is a blatant violation of that discovery deadline. As such, Beliveau seeks an order of this Court quashing the Subpoena.

## CONCLUSION

For the reasons stated above, the Court should enter an Order quashing the Subpoena issued by the Defendants to the Keeper of the Records for the Criminal History Board.

          RESPECTFULLY SUBMITTED,

          **DR. JOHN J. BELIVEAU,**
          By his attorneys,

          /s/ Christine M. Griffin
          Juliane Balliro (BBO # 028010)
          Christine M. Griffin (BBO # 651401)
          Wolf, Block, Schorr and Solis-Cohen LLP
          One Boston Place
          Boston, MA 02108
          617-226-4000

April 5, 2006

## CERTIFICATE REGARDING CONFERENCE PURSUANT TO LOCAL RULE 7.1 and Fed.R.Civ.P. 26(c)

     I, Christine M. Griffin, hereby certify that on Wednesday, April 5, 2006, I conferred in good faith with Deborah Ecker and Susan Jacobs, counsel for the defendants, by phone, regarding the issues presented above, but that we were unable to narrow or resolve these issues.

          /s/ Christine M. Griffin
          Christine M. Griffin

## CERTIFICATE OF SERVICE

     I, Christine M. Griffin, hereby certify that it is my understanding that the foregoing document will be served on all counsel of record via email through the Court's ECF filing system upon the electronic filing of this document with the Court on this the 5th day of April, 2006.

          /s/ Christine M. Griffin
          Christine M. Griffin