UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04 11329 DPW

| | |
|---|---|
| DR. JOHN J. BELIVEAU, | ) |
| Plaintiff | ) |
| VS. | ) |
| TOWN OF MANSFIELD MUNICIPAL ELECTRIC DEPARTMENT AND JOHN D'AGOSTINO, | ) |
| Defendants | ) |

### DEFENDANTS' MOTION TO CONSOLIDATE FOR PURPOSES OF TRIAL PURSUANT TO RULE 42 OF THE FEDERAL RULES OF CIVIL PROCEDURE.

The Defendants, Town of Mansfield Municipal Electric Department and John D'Agostino, hereby move that the two matters currently pending before this Honorable Court, *Kimberly Stoyle v. Town of Mansfield et al.*, U.S.D.C. Docket No. 2005-10354 DPW *and John Beliveau v. Town of Mansfield et al.*, U.S.D.C. Docket No. 2004-11329 DPW, be consolidated for purposes of trial.

As grounds therefore, the Defendants state that the subject matter and their defenses of both actions are wholly intertwined. The Plaintiff, John J. Beliveau, was employed by the Town of Mansfield as the Director of the Mansfield Municipal Electric Department (hereinafter "MMED") and the Plaintiff, Kimberly Stoyle, was employed by the Town of Mansfield as the Chief Financial Officer of the MMED.

The Plaintiff, Kimberly Stoyle, filed a Charge of Discrimination with the MCAD and EEOC on December 5, 2002, claiming that the Town of Mansfield, the Mansfield Municipal Electric Department and John D'Agostino discriminated against her in employment on the basis of gender. Ms. Stoyle filed a second Charge of Discrimination with the MCAD and EEOC on June 1, 2004, charging the Board of

1

Light Commissioners with retaliation and aiding and abetting discrimination on February 17, 2005, Ms. Stoyle's MCAD and EEOC claims were removed for the purpose of filing a civil action in this Court. The discovery period in Ms. Stoyle's case is set to close on or about May 31, 2006.

On January 13, 2004, the Plaintiff, John J. Beliveau, filed a Charge of Discrimination against the Town of Mansfield Municipal Electric Department and John D'Agostino. Mr. Beliveau filed a second Charge of Discrimination on February 18, 2004. He then removed his claims from the MCAD and EEOC for purposes of filing a civil action in this Court. In his complaint, Mr. Beliveau claims that because he corroborated much of Ms. Stoyle's allegations of sexual harassment and retaliation against Mr. D'Agostino, he was the subject of retaliation and ultimately terminated.

In order to prevail on her claim, Ms. Stoyle must prove that she was in fact the subject of sexual harassment by the Town of Mansfield Town Manager, John D'Agostino. In order to prevail on his claim, Mr. Beliveau must prove that he in fact truly corroborated Ms. Stoyle's allegations causing the Defendants to retaliate against him. The defendants expect to prove that Stoyle and Beliveau conspired to manufacture the allegations of sexual harassment.

The commonality of their claims is furher evidenced by the discovery propounded by both plaintiffs as well as the depositions taken by them during the course of the discovery period. Both Plaintiffs requested that the Town produce numerous documents regarding the PILOT (payments in lieu of taxes), cash reconciliation accounts, American Express bills, telephone records, as well as documents concerning the "lock box" issues among others. Both Plaintiffs have taken

the depositions of Mr. D'Agostino, Gary Babin, and Lou Amoroso, as well as the depositions of one another and have made similar inquires of those witnesses.

Further, it has become apparent that the Defendants' defenses to both Plaintiffs' cases will be similar. Ms. Stoyle and Dr. Beliveau conspired to create a claim against Mr. D'Agostino and to abuse process by filing those claims knowing that their claims were devoid of any reasonable factual support for ulterior and illegitimate purpose. The Defendants have filed motions for leave of court to file counterclaims in both cases which motions and supporting documents are incorporated herein.

WHEREFORE, as it is apparent that the witness testimony and documentary evidence introduced at both trials will be substantially similar, the Defendants hereby respectfully request that the cases referenced above be consolidated for purposes of Trial.

Respectfully submitted,

The Defendants,
By their attorneys,


/s/ Leonard H. Kesten
Leonard H. Kesten, BBO# 542042
Deborah I. Ecker, BBO# 554623
BRODY, HARDOON, PERKINS & KESTEN, LLP
One Exeter Plaza
Boston, MA 02116
(617) 880-7100


/s/ Susan Jacobs
Susan Jacobs
Robert Mangiaratti
Volterra, Goldberg, Mangiaratti & Jacobs
Three Mill Street
Attleboro, MA 02703
(508) 222-1463

## REQUEST FOR HEARING

The Defendants hereby respectfully requests a Hearing in this matter as it believes a hearing will assist the Court in rendering a just and fair decision.

/s/ Leonard H. Kesten
Leonard H. Kesten, BBO# 058260