UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-11329-DPW

| | |
|---|---|
| DR. JOHN J. BELIVEAU, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| TOWN OF MANSFIELD MUNICIPAL ELECTRIC DEPARTMENT AND JOHN D'AGOSTINO, | ) ) ) ) |
| Defendants. | ) ) |

**PLAINTIFF'S OPPOSITION TO
DEFENDANTS' REQUEST FOR AN ORDER TO HAVE THE PLAINTIFF
UNDERGO A MENTAL EXAMINATION PURSUANT TO FED. R. CIV. P. 35**

Plaintiff, Dr. John J. Beliveau (alternatively, "Beliveau" or "Plaintiff"), hereby opposes the Defendants' Request For an Order To Have The Plaintiff Undergo A Mental Examination Pursuant To Fed. R. Civ. P. 35 (the "Motion"). As reason therefor, Beliveau states as follows:

**INTRODUCTION**

Substantively and procedurally, by not advancing a single case citation, relevant fact, or meritorious legal argument, the Defendants' Motion fails to establish the "good cause shown" as required under Rule 35(a) for this Court to order a psychiatric examination of the Plaintiff. Fed. R. Civ. P. 35(a) (2006). Specifically, the Defendants have patently failed to make "an affirmative showing … that each condition as to which an examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination" as required, offering instead in the Motion "mere conclusory allegations from the pleadings."

Schlagenhauf v. Holder, 379 U.S. 104, 118 (1964).  On those bases, the Motion fails to meet the standards under Rule 35(a) and should be denied.

## ARGUMENT

In distinguishing from the "freedom of action" that governs the practice of most pretrial discovery (e.g., interrogatories and depositions), the Supreme Court announced in Schlagenhauf that in order to secure a mental examination under Rule 35, application to the court adequately demonstrating good cause was a predicate.  379 U.S. at 117-118.  The Court stated that such application

> is not a mere formality, but is a plainly expressed limitation on the use of [Rule 34].  This is obviously true as to the 'in controversy and good cause' requirements of Rule 35.  They are not met by mere conclusory allegations of the pleadings -- nor by mere relevance to the case -- but require an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination.

Id. at 118.  The Court acknowledged that there would be some cases

> where the pleadings alone are sufficient to meet these requirements.  A plaintiff in a negligence action who asserts mental or physical injury, cf. Sibbach v. Wilson & Co. supra, places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury.

Id. at 119 (citing Sibbach v. Wilson & Co., 312 U.S. 1 (1941)).

Since Schlagenhauf, there has evolved in the federal courts a test for determining whether to allow a motion for a psychological examination under Rule 35:

> although no 'hard and fast rule' has been articulated, courts seem to allow them when 1) there is a separate tort claim for emotional distress, 2) the plaintiff alleges that he suffers from a severe ongoing mental injury or a psychiatric disorder, 3) the plaintiff will offer expert testimony to support the claim, or 4) the plaintiff concedes his mental condition is in controversy.

Smith v. J.I. Case Corporation, 163 F.R.D. 229, 231 (1995); see also Turner v. Imperial Stores, 161 F.R.D. 89, 95-96 (S.D. Cal. 1995); Bridges v. Eastman Kodak Co., 850 F. Supp. 216 (S.D.N.Y. 1994).  Regarding positively the findings of, *inter alia,* a District of Massachusetts case, the Case Corporation court held that "a claim of emotional distress without more, is insufficient to put the plaintiff's mental condition 'in controversy.'"  Case Corporation, 163 F.R.D. at 230 (citing Turner, 161 F.R.D. at 97; Cody v. Marriot Corp., 103 F.R.D. 421, 422 (D. Mass. 1984)).  In Cody, the court held quite clearly that the requirements of Rule 35 "make it very apparent that sweeping examinations of a party who has not affirmatively put into issue his own mental … condition are not to be ordered merely because the person has made a claim of emotional distress."  103 F.R.D. at 422 (quoting in part Schlagenhauf, 379 U.S. at 121-22).

      In the present case, the Defendants have not satisfied the threshold parameters the Case Corporation court set forth to establish the requisite good cause under Rule 35.  In fact, the only element present here is that Beliveau has included in his complaint a claim for garden variety emotional distress.  On the contrary and to reiterate, the Cody court has clearly stated such a claim, on its own, is insufficient.  103 F.R.D. at 422.  Beliveau has not alleged that Defendants caused any specific psychological injury, let alone one that necessitated psychiatric treatment.  Even assuming, *arguendo*, that Beliveau's complaint could be construed as asserting more than garden variety emotional distress, Beliveau disclaims any intent to do so.  To be clear: Beliveau is not and does not intend to assert anything more than garden variety emotional distress in connection with his allegations against Defendants, nor does he intend to introduce expert testimony or records in support of his emotional distress claim.  Regarding the final factor, and as likely goes without saying, Beliveau adamantly refutes the proposition that his mental condition is at controversy in the present matter.  As the Cody court stated in denying a similar

request by movant in that case, where the movant asserted under <u>Schlagenhauf,</u> that the Plaintiff's assertion of a claim for mental injury in a negligence action sufficed as good cause for such an examination: "The short answer to the defendants line of reasoning is: this is not a negligence action; this is an employment discrimination action." <u>Cody</u> at 422-23. Just as in <u>Cody</u>, the action at bar is a claim for employment discrimination, making a Rule 35 examination here equally unjustified. Because the Motion has satisfied neither the procedural nor substantive requirements under Rule 35, and because the case law demonstrates that such an examination is not warranted in this case, the motion for a mental examination of Beliveau should be denied.

## CONCLUSION

For the reasons stated above, the Court should deny the Defendants' Request for Order to Have the Plaintiff Undergo a Mental Examination Pursuant to Fed. R. Civ. P. 35.

RESPECTFULLY SUBMITTED,

**DR. JOHN J. BELIVEAU,**

By his attorneys,

 /s/ Christine M. Griffin
Juliane Balliro (BBO # 028010)
Christine M. Griffin (BBO # 651401)
Wolf, Block, Schorr and Solis-Cohen LLP
One Boston Place
Boston, MA 02108
617-854-4100

April 7, 2006

**CERTIFICATE OF SERVICE**

  I, Christine M. Griffin, hereby certify that it is my understanding that the foregoing document will be served on all counsel of record via email through the Court's ECF filing system upon the electronic filing of this document with the Court on this the 7th day of April, 2006.

                /s/ Christine M. Griffin
                Christine M. Griffin