UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-11329-DPW

|  |  |
|---|---|
| DR. JOHN J. BELIVEAU,<br><br>        Plaintiff,<br><br>v.<br><br>TOWN OF MANSFIELD MUNICIPAL<br>ELECTRIC DEPARTMENT AND<br>JOHN D'AGOSTINO,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S MOTION TO NULLIFY CONFIDENTIALITY AGREEMENT**

Plaintiff, Dr. John J. Beliveau ("Beliveau"), hereby moves to nullify the confidentiality agreement that has been entered in this matter between the parties, and as reason therefor, states the following:

**Argument**

Defendants Town of Mansfield Municipal Electric Department ("Town") and John D'Agostino ("D'Agostino") (collectively, "Defendants") requested of Plaintiff that a confidentiality agreement be entered between the parties in this matter. Specifically, Defendants were concerned that certain portions of the deposition testimony of the Police Chief of the Town, and certain documents produced by the Police Chief pursuant to the subpoena duces tecum that was directed to him, would contain sensitive material regarding criminal investigations of the Mansfield police department.

Plaintiff agreed to Defendants' request for a confidentiality agreement, and, as requested by Defendants, the parties entered into a confidentiality agreement on Friday,

March 31, 2006, at the start of the deposition of the Mansfield Police Chief. The Confidentiality Agreement was entered as an exhibit in that deposition. A copy of that confidentiality agreement is attached as Exhibit A hereto.

During the course of the deposition, certain portions of the testimony and certain deposition exhibits were designated by the Defendants as "confidential" material. That information primarily focused on criminal investigations conducted by the Town of Mansfield and relating to certain of the allegations by the Plaintiff in this matter, including, particularly, the Plaintiff's allegation that D'Agostino improperly agreed to provide a job to the wife of one of his gambling buddies, a man named Thomas Hottleman.

After having approached Plaintiff and requested that Plaintiff enter into this confidentiality agreement, and after Plaintiff had complied with that request, Defendants in this matter filed a motion less than a week later to amend their answer and to file counterclaims against Plaintiff. Included in that motion to amend, in paragraphs 31 - 38 of Defendants' proposed Counterclaims against the Plaintiff (filed with the Court, as an attachment to Defendants' Motion to Amend Answer, as Docket No. 46-2), Defendants allege, in a publicly filed document, that Plaintiff and his former employee, Kimberly Stoyle engaged in a conspiracy in which they "instituted a sham hiring 'process' which was designed to result in the employment of persons favored by them and to exclude other qualified candidates from legitimate consideration." Proposed Counterclaims at ¶ 32. On information and belief, the allegations contained in Defendants' proposed Counterclaims have not only been filed with the Court, and therefore made public, but

they have also been shared with members of the media, and have resulted in at least one newspaper article to date.

It is inequitable for the Defendants to seek to cloak material that supports the Plaintiff's claims with a confidentiality agreement, and then to immediately make public statements, not supported by the confidential material, accusing Plaintiff of improper conduct. The Court should not permit the Defendants to engage in this sort of strategic and inequitable use of the confidentiality agreement entered in this matter, and should nullify that agreement. A copy of certain of the documents that have been designated as confidential under the agreement is being filed herewith, under seal, as Exhibit B hereto.

## CONCLUSION

For the reasons stated above, the Court should enter an Order nullifying the confidentiality agreement entered into by the parties in this matter.

                                                    RESPECTFULLY SUBMITTED,

**DR. JOHN J. BELIVEAU,**
By his attorneys,

 /s/ Christine M. Griffin
Juliane Balliro (BBO # 028010)
Christine M. Griffin (BBO # 651401)
Wolf, Block, Schorr and Solis-Cohen LLP
One Boston Place
Boston, MA 02108
617-226-4000

April 13, 2006

## CERTIFICATE REGARDING CONFERENCE PURSUANT TO LOCAL RULE 7.1

I, Christine M. Griffin, hereby certify that on April 13, 2006, I conferred in good faith with Deborah Ecker by phone, regarding the issues presented above, but that we were unable to narrow or resolve these issues. I further certify that on April 13, 2006, I attempted to contact Susan Jacobs, by phone, but was unable to reach her.

      /s/ Christine M. Griffin
      Christine M. Griffin

## CERTIFICATE OF SERVICE

I, Christine M. Griffin, hereby certify that it is my understanding that the foregoing document will be served on all counsel of record via email through the Court's ECF filing system upon the electronic filing of this document with the Court on this the 13th day of April, 2006. Exhibit B only, filed under seal herewith, is being served on Defendants' counsel by hand today, April 13, 2006.

      /s/ Christine M. Griffin
      Christine M. Griffin