UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04 11329 DPW

DR. JOHN J. BELIVEAU,           )
             Plaintiff     )
VS.                             )
                                )
TOWN OF MANSFIELD MUNICIPAL     )
ELECTRIC DEPARTMENT AND JOHN    )
D'AGOSTINO,                     )
             Defendants    )

## DEFENDANTS' RENEWED MOTION TO COMPEL THE PLAINTIFF TO PRODUCE JOURNAL

On July 12 of 2005, the Defendants, John D'Agostino and the Town of Mansfield Municipal Electric Department (the "Defendants") filed a motion to compel the Plaintiff John Beliveau ("Beliveau") to produce a document that the Plaintiff claimed was a "journal". The defendants had learned of the existence of the document form a review of a deposition that Beliveau had given another mater. Beliveau opposed the motion by claiming that he had been instructed to keep the journal by his private attorney, Richard Condit. He further claimed that he had occasionally conveyed the journal to Mr. Condit who allegedly used the entries to render legal advice to Beliveau. The Court issued an Order dated September 8, 2005 denying the Defendants' Motion without prejudice and allowed the Defendants to take discovery as to non-privileged matters relating to the existence and parameters of an attorney-client relationship. The Court noted if the record then supported the conclusion that the journal was not, in fact kept for the

purpose of obtaining legal advice, the Defendants could renew their motion. The Defendants now seek to renew their motion to compel the Plaintiff to produce the journal.

During the course of discovery, the Plaintiff provided the Defendants with computer discs containing, in relevant part, e mails that the plaintiff saved from his work computer. In reviewing those documents, defendants discovered an e mail from Beliveau's work e mail address to Beliveau's offsite e mail address sent on November 20, 2002. The attachment to that e mail was entitled "log". Defendants then reviewed the attachments produced by the plaintiff and did not see one called "log". Thereafter, defendants reviewed the e mail archives of the MMED and discovered the attachment which was an earlier version of the "log" at issue. ( see November "log" attached hereto as Exhibit "A"). The defendants know that his is an earlier version because when the plaintiff produced the "log" to the Court, he inadvertently produced a copy to the defendants. Once defendants realized that the document produced to them in 2005 was the document at issue, it was returned to the plaintiff. However, defendants' counsel read some of the "log" before realizing that it was an allegedly privileged document. Thus, defendants were aware of some of the contents of the 2005 document and realized that the "log" attached to the e mail was an earlier, different version of the same document. It was clear that the "log" was not a contemporaneous diary, but a living document altered by Beliveau to fit his version of events.

Subsequent to the discovery of the "log" attached to the November e mail, defendants reviewed the plaintiff's work computer and discovered an earlier version of

2

the "log" which had been apparently created in late February of 2002. (see February "Log" attached hereto as exhibit "B").

Furthermore, in reviewing the plaintiff's e mails, the defendants discovered that the plaintiff sought and received legal advise not from attorney Condit, but from attorney Jim Pender, a lawyer representing not Beliveau but representing the defendant MMED.. Attorney Pender was and is the labor counsel for the MMED. In February of 2002, attorney Pender advised Beliveau to keep a "diary" of events. (see e mails between Beliveau and Pender attached as exhibit "C"). The earliest "log" that was discovered on Beliveau's work computer was created days after he received advise from attorney Pender, who represented and was paid for by the MMED, about the possibility of suing the MMED . It is important to note that attorney Pender was and is counsel for the defendant MMED, not Beliveau. Thus any communication between them is not privileged as to the MMED, a defendant in this matter.

Beliveau has testified that he understood that anything on his work computer was the property of the Town. Thus, he had no expectation of privacy for those the "logs" that he created and kept on his work computer. The defendants are now in possession of two earlier versions of the "log" which are clearly not privileged. Since this is true, the plaintiff has lost his claim of privilege as to the "log" he produced to the court in 2005 and the Court should order it's production to the defendants.

WHEREFORE, the Defendants respectfully request that this Court compel the Plaintiff to produce the "log" that was the subject of the Defendants' previous motion.

Respectfully submitted,
The Defendants,
Town of Mansfield Municipal Electric Department
and John D'Agostino,
By their attorneys,


/s/ Leonard H. Kesten
Leonard H. Kesten, BBO No. 542042
Deborah I. Ecker, BBO No. 554623
BRODY, HARDOON, PERKINS & KESTEN, LLP
One Exeter Plaza
Boston, MA 02116
(617) 880-7100



/s/ Susan Jacobs
Susan Jacobs
Robert Mangiaratti
VOLTERRA, GOLDBERG, MANGIARATTI & JACOBS
Three Mill Street
Attleboro, MA 02703
(508) 222-1463

DATED: April 20, 2006