**From:** Pender, James M. [jpender@morganbrown.com]
**Sent:** Friday, February 22, 2002 10:25 AM
**To:** '_John Beliveau'
**Subject:** RE: FYI

Politically you're in a tough situation. Continue to document everything. Consider starting a diary of work matters (a real one, not a manufactured after-the-fact one like Kym Gaissl's) in which all future incidents would be recorded.

If you haven't yet, you should respond in detail to the "warning" e-mail letter as soon as you can.

I'm in and out of the office all day today. Let's talk next week.

Jim

---

James M. Pender
Morgan, Brown & Joy, LLP
Phone: 617-523-6666 ext. 273
Fax: 617-367-3125

Subject to attorney-client privilege and/or attorney work product doctrine

> -----Original Message-----
> **From:** _John Beliveau [mailto:beliveau@mansfieldelectric.com]
> **Sent:** Friday, February 22, 2002 10:10 AM
> **To:** 'Pender, James M.'
> **Subject:** RE: FYI
>
>
> Thanks,
>   I have clearly established notification of higher authority both in writing to John and the Selectmen regarding those matters I believe to be illegal. The hard problem is proving the nexus between retaliatory action, i.e., a hostile work environment, and the "protected" activity. Much of it is circumstantial and related by temporal occurrence. This is typically the case. I'll just have to wait it out and see where it goes. He continues to set me up for failure, but so far he has been caught twice. At least two of the Selectmen are now well aware of the fact that he has intentionally set me up and he had to admit to them the other day. The problem is the other three selectmen think he walks on water and don't want to do anything about it.
>
>                                           Jack
>
>
> -----Original Message-----
> **From:** Pender, James M. [mailto:jpender@morganbrown.com]
> **Sent:** Thursday, February 21, 2002 2:24 PM
> **To:** '_John Beliveau'
> **Subject:** FYI
>
>
>
> Jack:
>
> Case cited below also held that any employee who "objects to, or refuses to
> participate in any activity, policy or practice which the employee
> reasonably believes is in violation of a law, or a rule or regulation
> promulgated pursuant to law, or which the employee reasonably believes poses

a risk to public health, safety or the environment" need not inform his employer first to have protection under the state whistleblower law. M.G.L. c. 148, §185(b)(3).

The "inform your employer first" requirement is only if the employee is going to report possibly unlawful activity to a public body. Therefore, if a public employee refuses to do something he thinks is illegal and is terminated as a result, that employee would be protected under the statute. 2 year statute of limitation from the retaliatory conduct.

Jim

---

Employment

Wrongful Discharge - Whistleblower Law <<...>>
Where a plaintiff contends that she was wrongfully terminated from her municipal job for objecting to and/or refusing to participate in what she believed to be violations of the procurement laws and ordinances of the commonwealth and the city of Everett, I hold that she has stated actionable claims (1) against the defendant city and codefendant mayor for wrongful discharge in violation of Article 10 of the Massachusetts Declaration of Rights (Count II) and wrongful discharge in violation of the state whistleblower law, G.L.c. 149, Sect. 185 (Count IV) and (2) against the codefendant mayor alone for intentional interference with contractual relations (Count VII).
By contrast, I hold that the plaintiff has not stated actionable claims against the defendant and codefendant for wrongful discharge in violation of Article 16 of the Massachusetts Declaration of Rights (Count I) or violation of the Massachusetts Civil Rights Act (Count III) or against the defendant city alone for breach of contract (Count VIII).
Accordingly, I deny the defendants summary judgment as to Counts II, IV and VII of the plaintiff's complaint and grant the defendants summary judgment as to Counts I, III and VIII.
In issuing today's decision, I note: that constitutional claims are not included within the waiver provision of the whistleblower law, G.L.c. 149, Sect. 185(f); and that claims against the codefendant individual arising out of the same acts and omissions as gave rise to the whistleblower claim against the city are not precluded here.
Mahoney v. Ragucci, et al. (Lawyers Weekly No. 12-181-01) (18 pages) (Houston, J.) (Middlesex Superior Court) (Docket No. 99-1196).

---

James M. Pender
Morgan, Brown & Joy, LLP
Phone: 617-523-6666 ext. 273
Fax: 617-367-3125

Subject to attorney-client privilege and/or attorney work product doctrine