UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-11329-DPW

| | |
|---|---|
| DR. JOHN J. BELIVEAU, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| TOWN OF MANSFIELD MUNICIPAL ELECTRIC DEPARTMENT AND JOHN D'AGOSTINO, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION TO CONSOLIDATE**

Plaintiff, Dr. John J. Beliveau (alternatively, "Beliveau" or "Plaintiff"), hereby opposes the Defendants' Motion to Consolidate this action with Civil Action No. 05-10354, *Kimberly Stoyle v. The Mansfield Municipal Electric Department, John D'Agostino, Town of Mansfield Board of Light Commissioners, Louis Amoruso, Michael McCue, David McCarter, Daniel Donovan, Roger Achille and Steve MacCaffrie* (the "Stoyle Action"). Beliveau's lawsuit brings certain claims that are distinct from the Stoyle Action, sues different defendants than are sued in the Stoyle Action, and is on a dramatically different schedule than the Stoyle Action. Allowing these two cases to be consolidated will delay Beliveau's case substantially and will cause Beliveau to be forced to expend substantial additional funds on discovery and otherwise pursuing his claims. Moreover, the issues presented in the Stoyle Action and the Beliveau Action are similar, but not the same. This is potentially more confusing to a jury than if the issues in the two cases were very different. A jury may well be confused by the subtle differences between

1

the claims in the two cases and may not be able to make fine distinctions between them. Therefore, the Motion to Consolidate should be denied for the following reasons:

## I.     Standard of Review

"When considering a motion to consolidate pursuant to Fed. R. Civ. P. 42, 'the threshold issue is whether the two proceedings involve a common party and common issues of fact or law.'" *Cruickshank v. Clean Seas Co.*, 402 F. Supp. 2d 328, 340-341 (D. Mass. 2005) *citing Seguro de Servicio de Salud de Puerto Rico v. McAuto Sys. Group, Inc.*, 878 F.2d 5, 8 (1st Cir. 1989). "'Once this determination is made, the trial court has broad discretion in weighing the costs and benefits of consolidation to decide whether that procedure is appropriate." *Id.*

In considering a motion to consolidate, Courts will balance the interests of the parties, convenience, judicial economy, and savings in time, effort, and expense against any confusion or prejudice that consolidation would create. *Cruickshank* at 340. In applying this analysis to the motion to consolidate at issue here, the Court should find that there is a substantial probability that consolidation will confuse a jury based on the facts that: 1) some of the claims are the same in the two cases, and some are different; 2) some of the parties are the same in the two cases, and some are different; and 3) to the extent that the claims and parties in the two cases are the same, those claims often arise out of different sets of facts. Moreover, in analyzing the motion for consolidation, the Court should find that the Plaintiff, Dr. John J. Beliveau, would be substantially prejudiced by the consolidation of these cases in that the costs and delay that he could incur would be substantial.

## II.    The Claims Brought in The Two Cases Are Similar, But Not The Same.

Although it is true that both Beliveau and Stoyle have brought claims for:  1) Title VII Retaliation; 2) M.G.L. ch. 151B §4(4) Retaliation; 3) M.G.L. ch. 149 §185 - Whistleblower

2

Claims; 4) Wrongful Termination; 5) Intentional Infliction of Emotional Distress; and 6) Tortious Interference With Advantageous Relations, Beliveau and Stoyle have based several of these claims on different facts and circumstances. Both parties had contentious relationships with John D'Agostino, and each party alleges a distinct series of incidents between themselves and Mr. D'Agostino which culminated in their terminations. Although it is true that the core of the claims brought in these two cases spring from Ms. Stoyle's claims of sexual harassment and Dr. Beliveau's support of her in those sexual harassment claims, the cluster of events surrounding each of their terminations, and the road to those terminations (which took place a year apart), is quite distinct.

The differences between their claims and circumstances is evidenced by the fact that each party has additional claims not shared by the other. Beliveau has brought additional claims for: 1) M.G.L. ch. 151B §4(4)(A) - Coercion, Intimidation, Threats, or Interference; and 2) Defamation. Stoyle has brought additional claims for 1) Title VII Aiding and Abetting; 2) M.G.L. ch. 151B §4(5) Aiding and Abetting; 3) 42 U.S.C. 1983 Civil Rights Claim; 4) M.G.L. ch. 12 §§ H, I - Civil Rights Act Claim; 5) Constructive Discharge; and 6) Negligent Retention/Supervision.

Ms. Stoyle's claims certainly encompass her allegations that she was harassed and discriminated against as the result of her gender. However, Ms. Stoyle's claims, in large part, also center on her role as the Chief Financial Officer for the MMED, and her repeated complaints regarding the illegal misappropriation of MMED funds, illegal charges to the MMED and improper charges by Mr. D'Agostino to a Town credit card. Ms. Stoyle alleges that in August, 2003, she notified the Massachusetts Office of the Inspector General in writing regarding her concerns that public funds were being misappropriated. *See Stoyle Complaint* at ¶

44. This complaint, which is distinct from Beliveau's claims, forms the basis of Stoyle's Whistleblower claims.

Beliveau was fired from the MMED on February 12, 2004. His claims do not involve activity beyond that point. Ms. Stoyle's claims, on the other hand, relate to additional activity occurring in the MMED under its new director, Gary Babin, who took over after Beliveau was fired. Ms. Stoyle claims that her job responsibilities were substantially diminished under Mr. Babin. *Id.* at ¶ 49. In addition, after Babin was hired, Ms. Stoyle alleges that illegal charges were reinstituted, that the Treasurer was illegally borrowing money from MMED funds, and that D'Agostino again improperly used his Town credit card.

Dr. Beliveau, on the other hand, focuses his Whistleblower complaints on his participation in an ethics investigation regarding D'Agostino's hiring practices. This is an entirely different theory of Whistleblowing from that brought by Ms. Stoyle. Beliveau alleges that in the summer of 2003 he was contacted by an attorney from the Massachusetts Ethics Commission in connection with an investigation into Mr. D'Agostino concerning D'Agostino's insistence on the MMED hiring a certain individual, Ms. Hottleman, despite the hiring committee's failure to rank her in the top five candidates for the position. *Beliveau's Complaint* at ¶¶ 25-26. This is the crux of Beliveau's Whistleblowing claim.

Despite the overlap between these two cases, there are significant differences in the claims brought and in the theories behind each of the claims. It is entirely likely that, should these two cases be consolidated, a jury would be confused by the similarities and subtle differences between these two cases.

4

**III.    The Lawsuits Involve Similar, But Not Identical, Parties.**

Ms. Stoyle has brought her lawsuit against The Mansfield Municipal Electric Department ("MMED"), John D'Agostino, Town of Mansfield Board of Light Commissioners, Louis Amoruso, Michael McCue, David McCarter, Daniel Donovan, Roger Achille and Steve MacCaffrie. Mr. Beliveau has sued only two of these entities, the Mansfield Municipal Electric Department and John D'Agostino. The other seven Defendants in Ms. Stoyle's matter were not sued by Dr. Beliveau. The addition of these Defendants to Beliveau's case will make his case more complicated and is likely to confuse a jury. The jury will have to keep track of a dozen claims and nine defendants, making sure to ascertain which claims are brought by which Plaintiff against which Defendants, some of whom are individuals and some public entities. Given the scope and complexity of each of these cases, that will be no easy task. It is entirely likely that a jury will be confused by the combination of many defendants, sued by different plaintiffs, if these cases are consolidated.

**IV.    Prejudice to the Parties.**

Dr. Beliveau filed his lawsuit in June of 2004 and has been diligently pursuing his lawsuit since that time. Discovery in his matter concluded on March 31, 2006. The Defendants in this matter have filed a motion to add counterclaims at this late date, and Plaintiff has opposed that motion. In Plaintiff's view, Beliveau's case is now essentially ready for trial. It would cause substantial prejudice to Beliveau to consolidate his case with Stoyle's case at this point. Stoyle's case still has substantial discovery remaining. Counsel for Ms. Stoyle has indicated that the current discovery deadline in that matter, which is the end of May, will need to be extended. Should the two cases be consolidated, it is unlikely that this case will be ready for trial for several more months. This delay will cause Beliveau to expend substantial additional sums of

5

money to participate in the discovery that remains in the Stoyle matter. Consolidation would also leave this case, which was filed two years ago, unresolved for a substantial additional period of time.

**Conclusion.**

Because the claims in these two matters are similar, but not identical, and because the parties sued in this matter are similar, but not identical, it is likely that a jury will be confused by the consolidation of these two cases. Sorting out the subtle differences between different types of retaliation, or the differences between a whistleblower claim based on accounting violations and a whistleblower claim based on hiring practices, is not a simple task. Moreover, it is likely that the jury will find it difficult to keep clear which claims are brought on which theory by which Plaintiff against which of the myriad Defendants. Finally, the prejudice to Beliveau that will be caused by consolidation would be substantial, causing substantial additional costs and substantial delay. Because of the risk of confusion to the jury and the potential prejudice to the Plaintiff, the Court should deny the motion to consolidate these matters.

    RESPECTFULLY SUBMITTED,

    **DR. JOHN J. BELIVEAU,**

    By his attorneys,

    _____
    Juliane Balliro (BBO # 028010)
    Christine M. Griffin (BBO # 651401)
    Wolf, Block, Schorr and Solis-Cohen LLP
    One Boston Place
    Boston, MA 02108
    617-854-4100

April ___, 2006