UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-11329-DPW

_____
                                            )
DR. JOHN J. BELIVEAU,                       )
                                            )
       Plaintiff,                           )
                                            )
v.                                          )
                                            )
TOWN OF MANSFIELD MUNICIPAL                 )
ELECTRIC DEPARTMENT AND                     )
JOHN D'AGOSTINO,                            )
                                            )
       Defendants.                          )
_____)

**PLAINTIFF'S MOTION TO NULLIFY CONFIDENTIALITY CLAUSE AND MAKE SETTLEMENT AGREEMENT PUBLIC**

      Plaintiff, Dr. John J. Beliveau ("Beliveau"), hereby moves to nullify any confidentiality clause contained in the settlement agreement executed between Kym Gaissl ("Gaissl") and the Town of Mansfield and/or the Town of Mansfield Municipal Electric Department (collectively, the "MMED").  As reason therefor, Beliveau states as follows:

**Argument**

      Defendants Town of Mansfield Municipal Electric Department ("Town") and John D'Agostino ("D'Agostino") (collectively, "Defendants") filed a motion to amend their answer in this matter to add counter claims.  In that motion, and the attachment thereto, Defendants included charges that Beliveau had violated the Massachusetts Ethics Laws and had engaged in Conversion when he accepted payment, as part of the above-described settlement agreement, for the attorney's fees generated in connection with his

personal litigation against Gaissl. These allegations of ethics violations and conversion are not supported by the documents or other evidence generated thus far in this matter. Plaintiff now hereby moves for the Court to nullify any Confidentiality Clause contained in the Gaissl Settlement Agreement in its entirety and to permit the public publication of the Gaissl Settlement Agreement so that Plaintiff may counter the false charges that have been made against him.

Defendants' proposed Counterclaims against the Plaintiff (filed with the Court, as an attachment to Defendants' Motion to Amend Answer, as Docket No. 46-2), contain allegations that "Sometime in March or April of 2001, the parties reached an agreement to resolve the [Gaissl] lawsuit. The agreement called for a payment of $25,000 to Gaissl and an additional payment to her of her attorney's fees incurred in connection with her claims." *Proposed Counterclaims* at ¶14. The allegations continue that, "The funds due Gaissl as approved by the Board of Light Commissioners were $25,000 plus $16,465.50 in attorneys' fees for a total of $41,465.50" in settlement payments. *Id.* at ¶23. The allegations continue, alleging that Beliveau then directed the attorney for Gaissl to provide a false invoice to the MMED, and that Beliveau then presented a check request and the false invoice to the Mansfield Treasurer. *Id.* at ¶¶23-24. Defendants claim that Beliveau engaged in conversion in accepting payment for his attorneys' fees.

It is impossible for Beliveau to properly defend himself from these allegations without the settlement agreement, and any related materials, being made public. Moreover, Beliveau is entitled to make the settlement agreement, and any related documents, public, because these documents are Public Records under the Massachusetts Public Records Law. Under that law, any document "made or received by any officer or

employee" of a public entity, including the Town, is a public record. 950 CMR 32.03. See also M.G.L. ch. 4 §7.

On information and belief, the allegations contained in Defendants' proposed Counterclaims have not only been filed with the Court, and therefore made public, but they have also been shared with members of the media, and have resulted in at least two newspaper articles to date. It is inequitable for the Defendants to be able to make public accusations regarding this Settlement Agreement without the Plaintiff being able to properly respond. Plaintiff should be permitted to publish the Settlement Agreement, and any related documents, and publicly defend himself.

## CONCLUSION

For the reasons stated above, the Court should enter an Order nullifying any confidentiality clause contained in the Gaissl settlement agreement.

RESPECTFULLY SUBMITTED,

**DR. JOHN J. BELIVEAU,**
By his attorneys,

Juliane Balliro (BBO # 028010)
Christine M. Griffin (BBO # 651401)
Wolf, Block, Schorr and Solis-Cohen LLP
One Boston Place
Boston, MA 02108
617-226-4000

April ___, 2006

## CERTIFICATE REGARDING CONFERENCE PURSUANT TO LOCAL RULE 7.1

    I, Christine M. Griffin, hereby certify that on April 21, 2006, I conferred in good faith with Deborah Ecker, counsel for the defendants, by phone, regarding the issues presented above, but that we were unable to narrow or resolve these issues.

                                      /s/ Christine M. Griffin
                                      Christine M. Griffin