UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04 11329 DPW

DR. JOHN J. BELIVEAU,            )
                                 )
           Plaintiff             )
VS.                              )
                                 )
TOWN OF MANSFIELD MUNICIPAL      )
ELECTRIC DEPARTMENT AND          )
JOHN D'AGOSTINO,                 )
                                 )
           Defendants            )

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO NULLIFY CONFIDENTIALITY AGREEMENT

The Defendants, the Town of Mansfield Municipal Electric Department and John D'Agostino, hereby oppose the Plaintiff John J. Beliveau's Motion to Nullify Confidentiality Agreement on the grounds that the Confidentiality Agreement attached to the Plaintiff's Motion does not preclude the Plaintiff from using the protected information and documents in an attempt to prove his claims, but rather, simply precludes the Plaintiff from releasing the information involving unrelated criminal investigations to nonparties. As further grounds, the Defendants state as follows:

The Plaintiff noticed the deposition of the Town of Mansfield Chief of Police Arthur O'Neill for March 31, 2006. The Plaintiff attached as Exhibit A to the Notice of Taking Deposition of Arthur M. O'Neill a list of document requests pursuant to Fed. R. Civ. P. 30. Request No. 8 contained in Exhibit A sought "[a]ny and all documents concerning any investigation or arrest of John D'Agostino or Thomas Hottleman, at any time, and in the possession, custody or control of the Mansfield Police

1

Department." In response to this request, Chief O'Neill agreed to produce reports generated as the result of an investigation into possible gambling in Mansfield.

Contained in those documents are raw investigative reports of surveillance of an establishment in Mansfield. As a result of the criminal investigation, gaming charges were brought against Mr. Hottleman and others. No charges were ever brought or even contemplated against Mr. D'Agostino.

Throughout the pendency of this action, information contained in deposition testimony has been circulating in Mansfield. As a result, the defendants asked the plaintiff to agree to enter into a confidentiality agreement so that the unsupported rumors that triggered the investigation in the first instance would not be disclosed to the press. In addition, Chief O'Neill agreed to produce the reports generated as a result of the investigation into Mr. Hottleman's gaming activities again only if the Plaintiff agreed to enter into the confidentiality agreement. The documents produced contain sensitive materials regarding criminal investigations of the Mansfield Police Department that have no relevance to the Plaintiff's case.

The Plaintiff alleges that D'Agostino improperly agreed to provide a job to the wife of one his alleged gambling buddies, a man named Thomas Hottleman. The Plaintiff made that claim and was aware of that claim when he agreed to enter into the confidentiality agreement. The Plaintiff should have anticipated that the Defendants were going to set forth a defense to that claim. The Defendants requested that the confidentiality agreement be executed so that the Plaintiff would not do what he is now threatening to do, release sensitive investigation material to the press. The fact that the Plaintiff cannot release such information and documents does not hinder

in any way the prosecution of his claims or his defense against the recently filed counterclaims. The Plaintiff is still able to use the documents at trial, if he can somehow show that they are relevant to his case. The Plaintiff is certainly aware that the investigation conducted in 1999 and 2000 did not lead to the filing of any charges against Mr. D'Agostino, and his request at this time to provide them to the press is a thinly veiled attempt to again stir up unsupported and scurrilous allegations against Mr. D'Agostino to attack his credibility in the public forum rather than before a jury.

The plaintiff states that the fact that the defendants counterclaim alleges that the hiring process regarding Mrs. Hottleman was a "sham" somehow supports their argument that the investigative document should be now made public, and, apparently available to the press. However, the defendants did not provide to the press the documents and testimony supporting their allegations in the counterclaim. The only thing in the press lately were news stories about the counterclaim, not about evidence.

The Defendants provided the documents to the Plaintiff only after the plaintiff agreed to the confidentiality agreement. The plaintiff should not be allowed to obtain these documents based on a promise not to release them to the public, and then seek to void the agreement once he has the documents. The fact that the Defendants have launched a defense to the Plaintiff's claim should not nullify the confidentiality agreement.

        Respectfully submitted,
        The Defendants,
        Town of Mansfield Municipal Electrical
        Department and John D'Agostino,
        By their attorneys,

/s/ Leonard H. Kesten
Leonard H. Kesten, BBO# 058260
Deborah I. Ecker, BBO# 554623
Brody, Hardoon, Perkins & Kesten, LLP
One Exeter Plaza
Boston, MA 02116
(617) 880-7100

Respectfully submitted,
The Defendants,
Town of Mansfield Municipal Electrical
Department and John D'Agostino
By their attorneys,


/s/ Susan Jacobs
Susan Jacobs
Robert Mangiaratti
Volterra, Goldberg, Mangiaratti & Jacobs
Three Mill Street
Attleboro, MA 02703
(508) 222-1463

DATED: April 27, 2006