**EXHIBIT C**

to

**PLAINTIFF'S OPPOSITION TO
DEFENDANTS' RENEWED MOTION TO COMPEL
THE PLAINTIFF TO PRODUCE JOURNAL**

KESTEN

108

```
 1              UNITED STATES DISTRICT COURT
                  DISTRICT OF MASSACHUSETTS
 2                   C.A. NO. 04 11329 DPW

 3

 4       -----------------------------
                                     )
 5    DR. JOHN J. BELIVEAU,          )
            Plaintiff,               )
 6                                   )
                                     )
 7              vs.                  )
                                     )
 8    TOWN OF MANSFIELD MUNICIPAL    )
      ELECTRIC DEPARTMENT AND        )
 9    JOHN D'AGOSTINO,               )
            Defendants.              )
                                     )
10       -----------------------------

11

12         DEPOSITION OF JOHN BELIVEAU, taken on

13    behalf of the Defendant, pursuant to the applicable

14    provisions of the Massachusetts Rules of Civil

15    Procedure, before June N. Poirier, Shorthand Reporter

16    and Notary Public within and for the Commonwealth of

17    Massachusetts, at the offices of Brody, Hardoon,

18    Perkins & Kesten, One Exeter Plaza, Boston,

19    Massachusetts, commencing on Monday, March 20, 2006,

20    at 10:20 a.m.

21

22         DUNN & GOUDREAU COURT REPORTING SERVICE, INC.
                        One State Street
23                Boston, Massachusetts 02109
                        (617) 742-6900
24
```

109

Page 1

KESTEN

```
 5   A.  Brad and I got along.  I didn't necessarily
 6       perceive him to be a strong ally.
 7   Q.  You perceived Donovan to be an enemy?
 8   A.  No.
 9   Q.  Donovan was -- okay.  Now, as 2002 goes along
10       did you become aware of any incidents of sexual
11       harassment of Kim Stoyle up until she filed suit
12       in December of '02?
13   A.  There was the issue at the NEPPA conference in
14       late August.
15   Q.  You looked delicious?
16   A.  Yes.
17   Q.  She was extremely upset?
18   A.  Yes.
19   Q.  She told you as soon as she came back?
20   A.  Yes.  I think it was the first week of
21       September.
22   Q.  And you put that in your log?
23           MS. BALLIRO:  Objection.
24   A.  I don't know if I did or did not.
```

200

```
 1   Q.  (By Mr. Kesten)  Well, it's a significant event.
 2   A.  Yes, it is significant.  I don't know.
 3           MS. BALLIRO:  I just want to go on the
 4       record that the reason I'm objecting to
 5       questions about what he put in his log is the
 6       court has determined that the log was -- that
 7       the communication contained in the log are
```

Page 85

KESTEN

8  attorney/client communications, so you're just

9  asking him to verbally tell you what is in his

10 log when the court has determined the written

11 product is attorney/client communication.

12 Q.  (By Mr. Kesten)  Did you write down at the time

13     you were told by Kim Stoyle that she had been

14     sexually harassed by the Town manager in August

15     of 2002, did you write that in your log?

16          MS. BALLIRO:  You can answer that

17     "yes" or "no."

18 A.  I don't recall.

19 Q.  (By Mr. Kesten)  Did you tell anyone at the time

20     you learned of this horrific incident where she

21     still cries when she talks about it?

22          MS. BALLIRO:  Other than an attorney?

23 A.  Yes, I told my wife.

24 Q.  (By Mr. Kesten)  Were you married then?

0201

1  A.  Yes.

2  Q.  I'm not allowed to know that.

3  A.  I'm voluntarily telling you that.

4  Q.  You actually can't.

5  A.  There is a very specific reason why I told you.

6  Q.  You actually can't.  It's a disqualification;

7     you can't waive it, she can't waive it.  Here's

8     my question:  Did you tell the chair of the

9     light commissioners?

Page 86