| | |
|---|---|
| U.S. Department of Labor | Administrative Review Board<br>200 Constitution Avenue, N.W.<br>Washington, D.C. 20210 |



In the Matter of:

| | |
|---|---|
| **JOHN J. BELIVEAU, JR.,** | ARB CASE NOS.   00-073 |
| | 01-017 |
| COMPLAINANT, | 01-019 |
| | |
| v. | ALJ CASE NOS.   97-SDW-1 |
| | 97-SDW-4 |
| **NAVAL UNDERSEA WARFARE CENTER,** | 97-SDW-6 |
| | |
| RESPONDENT. | DATE: November 30, 2000 |

BEFORE:   THE ADMINISTRATIVE REVIEW BOARD

**Appearances:**
*For the Complainant:*
    Sarah L. Levitt, Esq., *Project on Liberty & the Workplace;* Richard E. Condit, Esq., *Washington, D.C.*

*For the Respondent:*
    Anthony R. Crouse, Esq.; Robert E. Lieblich, Esq.; Neaclesa Anderson, Esq., *Naval Sea Systems Command, Arlington, Virginia*

## FINAL ORDER APPROVING SETTLEMENT
## AND DISMISSING APPEALS

These cases arose when Complainant John J Beliveau, Jr. filed complaints alleging that his employer Respondent Naval Undersea Warfare Center (NUWC) violated the whistleblower protection provisions of a number of environmental statutes.[1/]  Both parties appealed the Administrative Law Judge's Recommended Decision and Order in *Beliveau v. Naval Undersea*

---

[1/]   These statutes are: the Toxic Substances Control Act, 15 U.S.C. §2622 (1994) (TSCA); the Federal Water Pollution Control Act, 33 U.S.C. §1367 (1994)(WPCA); the Safe Drinking Water Act, 42 U.S.C. §300j-9(i) (1994)(SDWA); the Resource Conservation and Recovery Act (also known as the Solid Waste Disposal Act), 42 U.S.C. §6971 (1994)(SWDA); the Clean Air Act, 42 U.S.C. §7622 (1994)(CAA); and the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. §9610 (1994)(CERCLA).

*Warfare Center*, 1997-SDW-1, 4 (June 29, 2000), to the Administrative Review Board pursuant to 29 C.F.R. §24.8 (1999). Beliveau and NUWC subsequently submitted a Joint Motion for Approval of Settlement Agreement to the Board requesting the Board to approve a global settlement of the pending appeals as well as a second case pending before the ALJ, *Beliveau v. Naval Undersea Warfare Center*, ALJ Case No. 1997-SDW-6. Upon the parties' request, the ALJ transferred Case No. 1997-SDW-6 to the Board for its consideration of the parties' consolidated settlement agreement. The parties subsequently submitted to the Board an Amendment to the Settlement Agreement.

The TSCA, the SDWA and the CAA require the Secretary of Labor to enter into or otherwise approve a settlement. *See* 15 U.S.C. §2622(b)(2)(A) (TSCA); 42 U.S.C. §300j-9i(2)(B)(i) (SDWA); 42 U.S.C. §7622(b)(2)(A) (CAA).[2/] The Secretary, in turn, has delegated to this Board her authority to approve settlements of cases that are pending before the Board at the time the parties enter into the settlement. Secretary's Order 2-96, 61 Fed. Reg. 19978 (May 3, 1996); 29 C.F.R. §24.8 (2000).

The Board requires that all parties requesting settlement approval of cases arising under the TSCA, the SDWA and the CAA provide the settlement documentation for any other claims arising from the same factual circumstances forming the basis of the federal claim, or to certify that the parties entered into no other such settlement agreements. *See Biddy v. Alyeska Pipeline Service Co.,* ALJ Case No. 95-TSC-7; ARB Case Nos. 96-109, 97-015, slip op. at 3 (Dec. 3, 1996). Accordingly, the parties have certified that the agreement constitutes the entire and only settlement agreement with respect to Beliveau's claims. Joint Motion for Approval of Settlement Agreement at 1.

Review of the Settlement Agreement reveals that it apparently is intended to settle an "EEO complaint filed in 1997." Settlement Agreement at page 2; ¶ 6(a). Our authority to review settlement agreements is limited to the statutes within our jurisdiction and is defined by the applicable statutes. *Pawlowski v. Hewlett-Packard Co.*, ALJ Case No. 97-TSC-3; ARB Case No. 99-089, slip op. at 2 (May 5, 2000). Therefore, we have restricted our review of the Agreement, as amended, to ascertaining whether its terms fairly, adequately and reasonably settle the environmental whistleblower cases over which we have jurisdiction. *Id*. Upon such review, we find that the agreement is fair, adequate and reasonable. Accordingly, we **APPROVE** the

---

[2/]  The WPCA, SWDA, and CERCLA do not require the Secretary's approval of a settlement.

Settlement Agreement, as amended, and **DISMISS** the parties' appeals pending in this matter before the Board.

    **SO ORDERED.**

                      **PAUL GREENBERG**
                      Chair

                      **E. COOPER BROWN**
                      Member

                      **CYNTHIA L. ATTWOOD**
                      Member