U. S. DEPARTMENT OF LABOR

Employees' Compensation Appeals Board
_____

In the Matter of JOHN J. BELIVEAU, JR. <u>and</u> DEPARTMENT OF THE NAVY,
NAVAL UNDERSEA WARFARE CENTER DIVISION, Newport, RI

*Docket No. 00-1014; Submitted on the Record;*
*Issued January 31, 2002*
_____

DECISION and ORDER

Before   DAVID S. GERSON, WILLIE T.C. THOMAS,
MICHAEL E. GROOM


The issues are:  (1) whether the Office of Workers' Compensation Programs abused its discretion in denying appellant's request for subpoenas; and (2) whether appellant met his burden of proof to establish that he sustained an emotional condition causally related to factors of employment.

On April 12, 1997 appellant, then a 50-year-old engineering manager, filed an occupational disease claim alleging that on January 31, 1997 he first realized that his stress was due to his employment.[1]  In attachments appellant alleged his stress was due to various harassment and retaliatory actions by the employing establishment against him.  According to appellant, these actions included allegations of wrongdoing and violation of federal regulations against him by the employing establishment, the breach of a settlement agreement by the employing establishment; the refusal to pay for his schooling as required; the denial of his application for retirement under the voluntary separation incentive program; the statements by Captain Stephen J. Logue, Commander that he would pressure appellant until he broke; the wrongful transfer of his position to the personnel department from the Naval Undersea Warfare Center; the withdrawal of his annual leave subsequent to receipt of his earnings and leave statement; the failure to provide performance evaluations for three years, the interference with his ability to find new employment; the payment to his prior attorney without his knowledge or permission and the improper relationship between his prior attorney and the employing establishment.

Appellant submitted documentation indicating that the employing establishment made retroactive leave adjustments in his annual leave for pay period ending February 3, 1996.

In a July 25, 1997 deposition transcript, Commander Logue, stated he may have made the statement about pressuring appellant until he broke, but did not recall making the comment.

---

[1] Appellant was engage in long-term training at the University of Rhode Island since June 5, 1995.

In a May 10, 1997 report, Dr. Mark Zimmerman, an attending Board-certified psychiatrist, diagnosed panic and depressive disorders which he attributed to harassment by the employing establishment. Specifically, he stated that the employing establishment retaliated against appellant by unilaterally transferring him to another department for his cooperation in an investigation into the employing establishment's environmental practices. Dr. Zimmerman also noted the following:

> "According to [appellant] the [employing establishment] has not been paying for his schooling, nor have they given him his performance ratings. They also have not given him an application to retire. Last fall he filed for arbitration because they have not paid the tuition bills. In turn they raised an issue of not completing time cards (which he says is irrelevant) and accused him of criminal acts because he was teaching at URI. They wrote saying that they were planning on suing him and it was at this time that his mental health deteriorated."

In a September 5, 1997 transcript before an administrative law judge, Captain Logue testified that Dr. Dence had made the suggestion of pressuring appellant until he broke. Captain Logue stated that, to his knowledge no action was taken to implement Dr. Dence's suggestion to pressure appellant.

In an April 14, 1998 decision, the Office denied appellant's claim on the basis that he failed to establish any compensable factor.

In a letter dated April 18, 1998, appellant requested a hearing and submitted an April 15, 1998 order by Administrative Law Judge Jeffey Tureck, testimony from an October 21, 1997 hearing before Judge Tureck, tuition payment summary, details of costs associated with pursuing his doctorate at the University of Rhode Island, deposition testimony by Captain Logue on July 25 and September 5, 1997. Captain Logue testified on September 5, 1997 that the employing establishment withheld appellant's tuition payments as leverage to get him to provide required information.

By letters dated October 12, 1998, February 23 and May 22, 1999 appellant requested subpoenas for testimony and production of documents.

A hearing was held on July 23, 1999 at which, appellant was represented by counsel, submitted additional evidence and testified as to the employment factors he believed caused his stress. This evidence included a statement by Ms. Levitt and testimony from Captain Logue, Mr. Murphy, Mr. Milligan and Dr. Dence a court order, notes from Ms. Heffernan, a January 20, 1999 document from the employing establishment and an April 18, 1997 letter from the employing establishment's counsel to support appellant's allegations.

Subsequent to the hearing, the employing establishment submitted evidence to support the denial of appellant's claim and to rebut his allegations of error and abuse.

By letter dated August 23, 1999, appellant submitted additional evidence in reply to the employing establishment's response.

2

In a hand delivered letter dated September 21, 1999, the employing establishment submitted evidence.

Appellant's counsel submitted a September 17, 1999 letter by Dr. Zimmerman with her September 27, 1999 letter responding to evidence submitted by the employing establishment.

In a decision dated October 14, 1999, the hearing representative affirmed the denial of appellant's claim and rejected his request for the issuance of subpoenas.

Initially, the Board finds that the Office did not abuse its discretion by refusing to issue subpoenas.

Section 8126 of the Federal Employees' Compensation Act[2] provides, in relevant part, "The Secretary of Labor, on any matter within his jurisdiction under this subchapter, may (1) issue subpoenas for and compel attendance of witnesses within a radius of 100 miles...."[3] Federal regulations in effect at the time of October 14, 1999 decision clearly state that, while a claimant may request a subpoena, the decision to grant or deny such a request is within the discretion of the hearing representative.[4]

By letters dated October 12, 1998, February 23 and May 22, 1999 requested the Office issue subpoenas for the production of documents and witness testimony. In a decision dated October 14, 1999, the Office hearing representative denied appellant's request for subpoenas, noting that appellant failed to explain why the documents requested were directly related to the issue at hand or that a subpoena was the best method for obtaining the requested documentation. Regarding the request for subpoenas for witness, the hearing representative determined that appellant failed to provide any evidence to support that any additional information would be elicited by compelling the attendance of the requested witnesses.

To establish that the Office abused its discretion, appellant must show manifest error, prejudice, partiality, intentional wrong, an unreasonable exercise of judgment, illogical action or action that would not be taken by a conscientious person acting intelligently. The mere showing that the evidence should support a contrary conclusion is insufficient to prove an abuse of discretion.[5]

Next, the Board finds that appellant has not established that he sustained an emotional condition causally related to factors of employment.

Workers' compensation law does not apply to each and every injury or illness that is somehow related to an employee's employment. There are situations where an injury or an illness has some connection with the employment but nevertheless does not come within the

---

[2] 5 U.S.C. §§ 8101-8193.

[3] 5 U.S.C. § 8126.

[4] 20 C.F.R. § 10.619 (1999).

[5] *See Darlene Menke (James G. Menke, Sr.)*, 43 ECAB 173 (1992).

3

concept or coverage of workers' compensation. Where the disability results from an employee's emotional reaction to his regular or specially assigned duties or to a requirement imposed by the employment, the disability comes within the coverage of the Act.[6] On the other hand, the disability is not covered where it results from such factors as an employee's fear of a reduction-in-force or his frustration from not being permitted to work in a particular environment or to hold a particular position.[7]

To establish an emotional condition causally related to factors of his or her federal employment, a claimant must submit: (1) factual evidence identifying and supporting employment factors or incidents alleged to have caused or contributed to the condition; (2) rationalized medical evidence establishing that he or she has an emotional condition or psychiatric disorder; and (3) rationalized medical opinion evidence establishing that the emotional condition is causally related to the identified compensable employment factors.[8]

In cases involving emotional conditions, the Board has held that, when working conditions are alleged as factors in causing a condition or disability, the Office, as part of its adjudicatory function, must make findings of fact regarding which working conditions are deemed compensable factors of employment and are to be considered by a physician when providing an opinion on causal relationship and which working conditions are not deemed factors of employment and may not be considered.[9] If a claimant does implicate a factor of employment, the Office should then determine whether the evidence of record substantiates that factor. When the matter asserted is a compensable factor of employment and the evidence of record establishes the truth of the matter asserted, the Office must base its decision on an analysis of the medical evidence.[10]

In the present case, appellant alleged that he sustained an emotional condition as a result of a number of employment incidents and conditions. By decision dated October 14, 1999, the hearing representative affirmed the Office's decision denying appellant's emotional condition claim on the grounds that he did not establish any compensable employment factors. The Board must, thus, initially review whether these alleged incidents and conditions of employment are covered employment factors under the terms of the Act.

Regarding appellant's allegations that the employing establishment engaged wrongly in denying his request for early retirement, the Board finds that these allegations relate to administrative or personnel matters, unrelated to the employee's regular or specially assigned work duties and do not fall within the coverage of the Act.[11] Although the handling of

---

[6] 5 U.S.C. §§ 8101-8193.

[7] *See Thomas D. McEuen*, 41 ECAB 387 (1990), *reaff'd on recon.*, 42 ECAB 566 (1991); *Lillian Cutler*, 28 ECAB 125 (1976).

[8] *Fred Faber*, 52 ECAB ___ (Docket No. 99-1256, issued October 10, 2000).

[9] *See Norma L. Blank*, 43 ECAB 384, 389-90 (1992).

[10] *Id.*

[11] *See Janet I. Jones,* 47 ECAB 345, 347 (1996), *Jimmy Gilbreath*, 44 ECAB 555, 558 (1993); *Apple Gate*, 41 ECAB 581, 588 (1990); *Joseph C. DeDonato*, 39 ECAB 1260, 1266-67 (1988).

4

disciplinary actions, evaluations and leave requests, the assignment of work duties and the monitoring of activities at work are generally related to the employment, they are administrative functions of the employer and not duties of the employee.[12]  However, the Board has also found that an administrative or personnel matter will be considered to be an employment factor where the evidence discloses error or abuse on the part of the employing establishment.  In determining whether the employing establishment erred or acted abusively, the Board has examined whether the employing establishment acted reasonably.[13]  Appellant has failed to establish any administrative error or abuse in the transference of his position to personnel, withdrawing his leave subsequent to receipt of his earnings and leave statement and denying his early retirement case.  Appellant has not submitted evidence supporting that the employing establishment acted unreasonably in failing to provide a performance appraisal for three years and refusing to pay his tuition as agreed upon.  The record merely indicates that payment of tuition was delayed pending evidence to support the claimed expenses were valid.  Although appellant was not sent a copy of his performance appraisals of 1996 and 1992 until March 1997, the delay does not support appellant's contention that this interfered with his ability to seek other federal employment.

The Board has held that investigations, which are an administrative function of the employing establishment that do not involve an employee's regularly or specially assigned employment duties are not considered to be employment factors.[14]  However, the Board has also found that an administrative or personnel matter will be considered to be an employment factor where the evidence discloses error or abuse on the part of the employing establishment.  In determining whether the employing establishment erred or acted abusively, the Board has examined whether the employing establishment acted reasonably.[15]  Although appellant has made allegations that the employing establishment erred and acted abusively in conducting its investigation, appellant has not provided sufficient evidence to support such a claim.  A review of the evidence indicates that appellant has not shown that the employing establishment's actions in connection with its investigation of him were unreasonable.  Appellant alleged that his supervisor made abusive statements during the course of the investigation of him, but he provided no corroborating evidence, such as witness statements to establish that the statements were actually made.[16]  Thus, appellant has not established a compensable employment factor under the Act in this respect.

The Board finds that appellant's allegations regarding the employing establishment interfering with his ability to find new employment, making payments to his prior attorney without his permission or knowledge and engaging in an improper relationship with his former attorney are not compensable.  These allegations involve actions, which bear no relation to appellant's day-to-day or specially assigned duties.

---

[12] *Id.*

[13] *See Richard J. Dube*, 42 ECAB 916, 920 (1991).

[14] *Jimmy B. Copeland*, 43 ECAB 339, 345 (1991).

[15] *See Richard J. Dube*, *supra* note 13.

[16] *See Larry J. Thomas*, 44 ECAB 291, 300 (1992).

5

The record does contain evidence that during a management meeting Dr. Dence suggested "pressuring [appellant] until he broke." There is no evidence of record that this statement was made directly to appellant and was, therefore, not communicated to appellant as a threat. Furthermore, while the statement may have may have been uttered, Captain Logue has explained that the statement was immediately objected to and, therefore, no actions were ever taken in this regard. In *Leroy Thomas, III*,[17] the Board found that statements of frustration made by management expressing inability to make an employee a productive employee, without action, do not establish harassment or error or abuse by the employing establishment.

The October 14, 1999 decision of the Office of Workers' Compensation Programs is affirmed.

Dated, Washington, DC
      January 31, 2002

                                    David S. Gerson
                                    Alternate Member

                                    Willie T.C. Thomas
                                    Alternate Member

                                    Michael E. Groom
                                    Alternate Member

---

[17] 46 ECAB 946 (1995).