UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-11329-DPW

| | |
|---|---|
| DR. JOHN J. BELIVEAU, | ) |
| Plaintiff, | ) |
| v. | ) |
| TOWN OF MANSFIELD MUNICIPAL ELECTRIC DEPARTMENT AND JOHN D'AGOSTINO, | ) |
| Defendants. | ) |

CONSOLIDATED WITH:

| | |
|---|---|
| KIMBERLY STOYLE, Plaintiff | ) |
| v. | ) |
| THE MANSFIELD MUNICIPAL ELECTRIC DEPARTMENT, JOHN D'AGOSTINO, THE TOWN OF MANSFIELD BOARD OF LIGHT COMMISSIONERS, LOUIS AMORUSO, MICHAEL MCCUE, DAVID MCCARTER, DANIEL DONOVAN, ROGER ACHILLE and STEVEN MACCAFFRIE, Defendants | ) CIVIL ACTION No. 05-10354-DPW |

**PLAINTIFF BELIVEAU'S RENEWED MOTION TO COMPEL
PRODUCTION OF DOCUMENTS FROM DEFENDANTS TOWN OF MANSFIELD
ELECTRIC DEPARTMENT AND JOHN D'AGOSTINO**

Plaintiff, Dr. John J. Beliveau ("Beliveau"), hereby renews his motion to compel

production of documents from the Defendants, the Town of Mansfield Municipal Electric

1

Department (the "MMED") and John D'Agostino ("D'Agostino"), collectively, the "Defendants." As reason for this motion, Plaintiff states as follows:

## BACKGROUND

On November 11, 2004, Plaintiff served his First Requests for Production of Documents, separately, on each of the Defendants. Those requests sought a variety of documents from Defendants, including documents regarding Beliveau's employment with the Town of Mansfield, certain ethics and sexual harassment claims and investigations that took place in the Town, and communications and documents created and exchanged within the Town regarding these issues. *See* First Requests for Production of Documents to each Defendant, attached as Exhibits A and B hereto.

In addition to these document requests, Plaintiff also sought documents from Defendants through the service of deposition subpoenas duces tecum on witnesses in this matter, including a Fed.R.Civ.P. 30(b)(6) deposition notice to Defendant D'Agostino served in May of 2005. That subpoena requested a variety of documents, including all e-mail correspondence in any way related to Jack Beliveau or issues involving Jack Beliveau, and any and all notes, records or documents reflecting conversations with or about Jack Beliveau.

Plaintiff has served similar subpoenas duces tecum, seeking Town documents, on other current and former Town employees, including: Bea Kearney, Richard Boucher, Louis Amoruso, Mansfield Police Lt. George Figueredo, and Gary Babin.

Through these various discovery requests, Plaintiff has sought a variety of documents that go to the heart of Plaintiff's claims in this matter, and which have not been produced by Defendants. On May 12, 2006, counsel for Plaintiff Dr. Beliveau sent a letter to counsel for the Defendants detailing the requests that were outstanding and the documents that continued to be

sought by Plaintiff. That letter is attached hereto as Exhibit C. Defendants responded to that letter on May 23, 2006. The Defendants' response is attached hereto as Exhibit D. A summary of the Documents which Plaintiff continues to seek, and which have not yet been produced, is provided below:

**I.     Electronically Stored Documents:**

Plaintiff has served a number of requests for documents on Defendants that include a request for the electronically stored documents contained on the Town of Mansfield and the Town of Mansfield Municipal Electric Department servers and archives. Specifically:

1.     In Plaintiff's First Request for Production of Documents, propounded on the Defendants in November of 2004 ("First Request"), at Request Number 5, Plaintiff requested all communications by D'Agostino to any other individual regarding the allegations contained in the Complaint or Answer in this action or the Stoyle charge. The Stoyle charge is comprised by Plaintiff Kimberly Stoyle's claim that she was sexually harassed. Plaintiff expects that a large amount of electronic material, including email, exists that would be responsive to this request. As described further below, Plaintiff has received only a piecemeal response to this request.

2.     In Plaintiff's First Request, at Request Number 12, Plaintiff requested all communications between D'Agostino and any member of the Board of Selectmen concerning the Electric Department and/or Electric Department personnel. Again, Plaintiff expects that a large number of electronic mail and other electronic drafts and documents exist that would be responsive to this request, and which have not been provided.

3.     In Plaintiff's First Request, at Request Number 13, Plaintiff requested all communications, including memos, between D'Agostino, the Electric Department, Mansfield, and the finance committee concerning Dr. Beliveau, the Electric Department, PILOT Payments,

3

and internal charges. Plaintiff expects that there are a large number of emails and other documents concerning this topic as well that have not been produced.

    4.    In Plaintiff's First Request, at Request Number 20, Plaintiff requested all documents concerning management reports, including but not limited to any documents which detail any statistical data, budgetary data, financial results, other data, and/or reports of project status, from any department head in the Town of Mansfield to the Town Manager from 2002 through 2003. Plaintiff is aware of numerous documents responsive to this request that were created during his tenure with the Town. However, no responsive documents have been produced. The Defendants objected to this request as overbroad, overly burdensome, not properly limited in time, and not seeking relevant or admissible information, and Defendants have therefore refused to produce any documents responsive to this request.

    5.    In Plaintiff's First Request, at Request Number 29, Plaintiff requested all documents, records and communications concerning meetings by and between Mr. D'Agostino and the Board of Light Commissioners and/or the Board of Selectmen concerning Dr. Beliveau. No documents concerning meetings have been produced, with the exception that the Defendants have indicated that the minutes of public and non-privileged meetings are public documents and are available for inspection.

    6.    In Plaintiff's First Request, at Request Number 30, Plaintiff requested all documents concerning meetings of the Board of Light Commissioners, including but not limited to executive session minutes for the years 2003 and 2004. No documents have been produced in response to this request. Defendants responded that they would make available non-privileged meeting minutes of the selectmen, light commissioners, and executive session. However, Defendants have indicated repeatedly that any executive session meetings where Beliveau,

Stoyle, or anything concerning Beliveau and/or Stoyle was discussed is privileged and will not be produced.

7.  In Plaintiff's First Request, at Request Number 31, Plaintiff additionally requested all documents concerning meetings of the Board of Selectmen, including but not limited to executive session minutes for the years 2003 and 2004. Defendants provided the same response as that provided above.

8.  In Plaintiff's First Request, at Request Number 34, Plaintiff requested all documents concerning communications, including telephone records, bills, notes, letters, and emails, by and between D'Agostino and/or the Town Finance Committee and Gary Babin, between January 1, 2003 and April 1, 2004. In response to this request, Defendants provided only: 1) D'Agostino's cell phone records from 2005; and 2) a long distance carrier detail for January, 2004. Neither of these sets of documents falls within the time period requested. Plaintiff seeks all work phone, cell phone, and home phone telephone records reflecting calls between D'Agostino and/or the Town Finance Committee and Gary Babin from between January 1, 2003 and April 1, 2004. Plaintiff additionally seeks any other responsive documents, including electronic copies of emails, letters, or other documents reflecting communication between these parties during the relevant time period.

Instead of providing Plaintiff with the electronic documents responsive to the above requests as provided under the Federal Rules, the Defendants have provided piecemeal sections of the Mansfield Municipal Electric Department and the Town of Mansfield computer archives and have offered to Plaintiff that Plaintiff may have to copy, at his own expense, his work desktop and laptop computer and the work desktop computer of Kimberly Stoyle.

It is the Defendants' responsibility to provide the documents responsive to the above requests, and to indicate which documents are responsive to which request.  Offering Dr. Beliveau and Ms. Stoyle a copy of their own work hard drives is hardly sufficient to respond to the above requests, or to comply with the discovery rules.  Given the history of this matter, and Plaintiff's knowledge of the practices and procedures in Mansfield, Plaintiff expects that there are myriad emails, letters, drafts, and other documents that are responsive to the above requests that have not been provided on the portions of the Electric Department or Town archives that have been provided to Plaintiff, and that would not be found on Dr. Beliveau or Ms. Stoyle's work computers.

In particular, although the Defendants have produced correspondence between Plaintiff Dr. Beliveau and Defendant John D'Agostino, Defendants have not produced emails and other correspondence between D'Agostino and other Town officials and employees.  Notably, Defendants have not produced emails between D'Agostino and the Board of Selectmen regarding these topics.  It would be surprising if there were no communications between and among these town officials regarding the matters raised in Beliveau's Complaint or in the Stoyle Charge.  Moreover, these issues have been discussed at a number of public and executive session meetings in the Town of Mansfield.  Nevertheless, Defendants have failed to produce responsive emails, electronic documents, meeting minutes, video tapes, and other documents or communications responsive to this request.  The Plaintiff is entitled to the electronic documents in the Defendant's possession, custody and control, regardless of whether they are on Beliveau and/or Stoyle's computer or on the town server or contained in the town's archives.  Moreover, to the extent that Defendants have provided or are willing to provide the town's electronic archives for Plaintiff's review, this is not sufficiently responsive.  The Defendants must identify which

documents on the server and archive are responsive to which of Plaintiffs' document requests. Instead, the Defendants have provided disks containing thousands of pages of email and other electronic material, in electronic format, without identifying which portions of those electronic archives are relevant and/or responsive to Plaintiff's document requests.

**II.     Executive Session Meetings:**

As described above, among Plaintiff's document requests are requests for documents and meeting minutes from Town and Electric Department meetings where Beliveau and/or Stoyle were discussed.  It is evident from the deposition and document discovery record in this case that Ms. Stoyle and Dr. Beliveau were discussed at a series of Executive Session meetings.  The Defendants have sought, through claims of privilege, to protect the entirety of these Executive Session meetings, including meeting minutes, notes, and any other documents generated concerning these meetings, from being produced.  Defendants have additionally systematically objected to deposition questions concerning the Executive Session discussions and the content of those meetings, and have instructed their witnesses not to answer such questions.  The Plaintiff objects to this cloak of secrecy being thrown over the entire decision-making process in this matter through a claim simply of Executive Session Privilege.  In particular, the selectmen who have been deposed in this case have indicated that Executive Session meetings were held in the Spring of 2003 regarding Ms. Stoyle's claims and the results of the investigation into those claims.  In addition, at least one Executive Session meeting was held in January or February of 2004 at which the termination of Dr. Beliveau was discussed and decisions regarding Beliveau were made.  Under the Open Meeting Law, Dr. Beliveau was entitled to be present at any meeting where his job status, charges against him, or any potential discipline was discussed.  M.G.L. ch. 39 § 23B(2).  Since this meeting regarding Dr. Beliveau was held without following

the requirements of the Open Meeting Law, there can be no claim of privilege attached to this meeting. There is no reason for these Executive Session minutes and materials where Dr. Beliveau's job status was discussed to be protected under the Open Meeting Law. The minutes from meetings where the investigation into Stoyle's claims and the meetings where Beliveau's job status were discussed should be made available to Plaintiff.

**III.     Documents Regarding the Investigation of the Stoyle Charge:**

Plaintiff has additionally sought documents concerning the Town's investigation of the Stoyle charge. Specifically:

1.     In Plaintiff's First Request, at Request Number 7, Plaintiff requested all documents concerning any formal or informal investigation conducted by the Electric Department, the Town of Mansfield, and/or D'Agostino concerning the Stoyle Charge. Although Defendants have produced a report known as the "Lampke Report" to the Plaintiff, Plaintiff has not received any notes or documents made or reviewed during the course of the investigation that were not included in the report itself. Plaintiff has also not seen any other supporting documentation regarding that report, other than the documents attached to the Report itself. Finally, if there were any additional investigations performed, other than the investigation by Mr. Lampke, Plaintiff has not received any documents regarding those investigations. When the failure to fully respond to this Request was brought to the attention of Defendants, the Defendants responded: "[T]he Defendants are aware of other documents currently in the Defendants' possession, custody or control concerning an investigation into Ms. Stoyle's Charge other than the Lampke report that are currently in the Defendants' possession, custody or control. The Defendants will contact Attorney Lampke to determine whether he retained any of his notes from his investigation and whether he relied on documents other than those attached to the report

8

itself during his investigation." *See* Exhibit D hereto. The Plaintiff has received no additional documents concerning investigation of the Stoyle charges.

2. In Plaintiff's First Request, at Request Number 21, Plaintiff requested all documents concerning any formal investigation conducted by Mr. D'Agostino, the Town of Mansfield, the Electric Department and/or any insurance carrier concerning the Stoyle Charge. No documents have been produced in response to this request, with the exception of the Lampke report. Defendants object to his request claiming that it seeks documents prepared in anticipation of litigation or for trial by or for the Defendant or by or for the Defendant's representative.

3. In Plaintiff's First Request, at Request Number 22, Plaintiff requested all documents or communications by and between Mr. D'Agostino, the Town of Mansfield, and/or the Electric Department and any insurance carrier concerning the Stoyle Charge. No documents have been produced in response to this request. Defendants have objected to this request on the basis that it seeks discovery of documents prepared in anticipation of litigation or for trial by or for the Defendant or by or for the Defendant's representative.

4. In Plaintiff's First Request, at Request Number 23, Plaintiff requested all documents or communications received by or sent to James Lampke in connection with the Stoyle Charge. Only the report itself, with attachments, has been produced. Defendants objected to this request, claiming that communications between Mr. Lampke and Town Counsel are privileged.

5. In Plaintiff's First Request, at Request Number 24, Plaintiff requested all documents concerning any formal investigation conducted by Mr. D'Agostino, the Town of Mansfield, or the Electric Department concerning the Charges of Discrimination filed by Dr.

Beliveau against Mr. D'Agostino and/or the Electric Department with the Massachusetts Commission Against Discrimination. No documents have been produced in response to this request. Defendants objected to this request on the grounds that it sought discovery of documents prepared in anticipation of litigation or for trial by or for the Defendants or by or for the Defendants' representatives.

The Plaintiff does not seek documents that are protected by the attorney-client or work product privileges. However, to the extent that Defendants intend to claim that they conducted any investigation in addition to the investigation conducted by Mr. Lampke and documented in the Lampke Report, the Plaintiff is entitled to information regarding that investigation. Defendants cannot rely on testimony that Town Officials and Employees "turned this matter over to the attorneys" for investigation and response, unless Defendants are going to provide information on what investigation and response was undertaken by the Town attorneys. Plaintiff hereby requests that information.

## IV.    Other Documents:

Plaintiffs additionally requested the following categories of documents, which have not been produced:

1.    In Plaintiff's First Request, at Request Number 25, Plaintiff requested all documents or communications by and between Mr. D'Agostino, the Town of Mansfield, and/or the Electric Department and any insurance carrier concerning the Charges of Discrimination filed by Dr. Beliveau against Mr. D'Agostino and/or the Electric Department with the Massachusetts Commission Against Discrimination. Defendants have produced correspondence between Metrogard and Susan Jacobs, but have otherwise objected to this request.


2.    In Plaintiff's First Request, at Request Number 27, Plaintiff requested all documents concerning any formal or informal investigation conducted by Mr. D'Agostino, the Town of Mansfield, or the Electric Department concerning any Ethics Investigation.  No documents have been produced in response to this request.  Plaintiff is aware of more than one ethics complaint made against other employees during Plaintiff's tenure with the Town.  It would be surprising if no documents existed regarding those complaints, or the investigation of those complaints.  Moreover, Plaintiff is aware of an ethics investigation made regarding Mr. D'Agostino, and the reimbursement to D'Agostino of approximately $14,000 in legal fees regarding that investigation.  Defendants responded to this document request stating that they objected to this request "on the grounds that it is overbroad, and seeks documents that are not relevant to the subject matter of this action, which will be inadmissible at the trial of this action and which is not reasonably calculated to lead to the discovery of admissible evidence.  The Defendant further objected to this request to the extent that it seeks documents that are confidential pursuant to M.G.L. c. 268B, § 4."  *See* Exhibit D.  The Defendants stated that they had not waived their objections and therefore did not produce any documents in response to this request.  The Defendants later agreed that they would produce "Town of Mansfield documents related to Mr. D'Agostino's request for reimbursement of his legal fees relating to the ethics complaint regarding the so-called Hottleman matter."  *See* Exhibit D.  Plaintiff has received only minimal documents responsive to this request.

3.    In Plaintiff's First Request, at Request Number 28, Plaintiff requested all documents or communications by and between Mr. D'Agostino, the Town of Mansfield, and/or the Electric Department, and any insurance carrier concerning any Ethics Investigation.  No

documents have been produced in response to this request. The Defendants provided the same response to this request that they provided to the above request.

    4.     In Plaintiff's First Request, at Request Number 38, Plaintiff requested all documents or communications concerning public records requests concerning Dr. Beliveau. Plaintiff has specifically requested a public records disclosure of cell phone records of John D'Agostino which are maintained by the Town Accountant and Town Clerk. The Town has refused to provide those documents to Beliveau unless Beliveau pays the Town over $300,000, an exorbitant cost for searching the Town's records. No documents have been produced in response to Plaintiffs' public records request, nor have documents regarding public records requests been produced in response to Plaintiff's discovery requests. Defendants state that they will produce these records only if Plaintiff pays for the records under the Public Records Law.

    5.     In Plaintiff's First Request, at Request Number 45, Plaintiff requested all documents concerning any statement obtained from any fact witness in this matter. No documents have been produced in response to this request.

Additional documents have also been requested through deposition subpoenas duces tecum, and at depositions. Documents that have been requested, but that have not been produced, include: 1) Boucher's Personnel File; 2) the police report regarding Beliveau's termination; 3) any letter or memo to Ellesworth regarding the seizure of Beliveau's work computers; 4) any additional police documents regarding D'Agostino, including any additional reports (including reports of Detective Martin) and any photos of D'Agostino or his car acquired during any Mansfield police investigation.

# ARGUMENT

I. **The Plaintiff Has Properly Requested Certain Documents From the Defendants, and the Defendants Have Failed to Comply With Those Requests.**

The Town and its current and former employees presumably possess many computer documents, including emails, that would be responsive to the requests included in Plaintiff's document requests, Plaintiff's Fed.R.Civ.P. 30(b)(6) subpoena, and Plaintiff's subpoenas duces tecum. Although the Defendants have produced some documents responsive to Plaintiff's requests, the Defendants have failed to produce the vast majority of the electronically stored documents requested by Plaintiffs.[1]

Plaintiff is particularly concerned that various entire classes of documents have not been produced. With the exception of a few emails from D'Agostino, Defendants have failed to produce in any organized fashion any documents, as far as Plaintiff can tell, from the Town of Mansfield computer system, including substantial numbers of D'Agostino's emails, any of the other requested emails, executive session minutes, and any other documents that are electronically stored on the Town computer system. Moreover, there are large swaths of documents and information missing from the production of the Electric Department server and archives.

Furthermore, Defendant's owner computer manager, Louis Costa, indicated at deposition that he was asked by Defendants to search the Town computer archives for various emails as early as 2003 or 2004, and that he had no trouble searching the archives or finding the requested

---

[1] Plaintiff concedes that it would be nearly impossible for Plaintiff to determine if certain of the documents produced to Plaintiff in this matter originated on the Town's computer system or in the Town's paper files. However, based on Plaintiff's knowledge of the facts in this case, his work for the Town, and on Defendants' production of documents in this and other matters, Plaintiff believes that there are hundreds of pages of electronically stored documents that have not been produced to Plaintiff in this matter.

documents. Nevertheless, the Defendants continue to claim that they cannot access the full Town of Mansfield electronic files.

The Town has been unwilling to provide these documents to Plaintiff in response to Plaintiff's discovery requests, protesting that the requests are overly broad and burdensome and asserting that it will take years and thousands of dollars to amass the requested information. However, even while making such assertions, the Defendants' counsel seems to have been capable of searching for documents on Dr. Beliveau's former work computer, which is in the Defendants' possession, and using such documents at deposition.

## II. The Plaintiff Is Entitled To Documents, Including Electronically Stored Documents, In The Defendants' Possession, Custody, and Control.

The Plaintiff is entitled to the requested, non-privileged, documents, including electronically-stored documents, in the Defendants' possession, custody and control pursuant to Fed.R.Civ.P. 30 and 34. *See Williams v. Mass. Mut. Life Ins. Co*., 226 F.R.D. 144, 145-146 (D.Mass. 2005)("As the parties are no doubt aware, e-mail messages and other electronically stored information are generally subject to document disclosure requirements under the Federal Rules of Civil Procedure." *Citation omitted*.). Furthermore, because the majority of the documents requested by Plaintiff are documents created and maintained by a Massachusetts public entity, the Defendants cannot claim privilege with regard to many of these documents, and in fact have an affirmative obligation under the Massachusetts Public Records Law to preserve, and to provide to the public upon request, copies of many of the documents requested by Plaintiff.

If a party fails to comply with properly propounded discovery requests, a motion to compel, and for sanctions, may be filed pursuant to Fed.R.Civ.P. 37. Plaintiff now hereby so moves. Plaintiff has sought discovery from the Defendants in this matter for more than two

years.  Plaintiff has served document requests and deposition subpoenas duces tecum seeking the responsive documents, including electronically-stored documents, in the Defendants' possession, custody and control and relating to this lawsuit.  The Defendants, and their current and former employees, have failed to produce responsive documents.  Defendant D'Agostino has yet to produce any significant portion of his email, when it is clear that numerous responsive emails exist.  By using documents that have not yet been produced to Plaintiff during depositions in this matter, Defendants have sought to obtain an unfair strategic advantage over the Plaintiff.  This should not be permitted.

The Plaintiff, on the other hand, has produced extensive discovery to Defendants, including a large number of electronically-stored documents.  The Defendants should be compelled to similarly comply with their discovery obligations.

## Conclusion

For more than two years, the Plaintiff has properly requested documents, including electronically-stored documents, relating to this lawsuit from Defendants.  Neither the Electric Department, nor the Town, nor it's current and former employees, nor D'Agostino in his capacity as Town Manager, has produced many of the requested documents.  Plaintiff hereby moves that the Court Order the Defendants to search their files, including their electronic files, for the requested documents and to provide those documents to Plaintiff within 30 days of Order of this Court.

<div align="right">
RESPECTFULLY SUBMITTED,

**DR. JOHN J. BELIVEAU,**

By his attorneys,

 /s/ Christine M. Griffin_____
Juliane Balliro (BBO # 028010)
Christine M. Griffin (BBO # 651401)
Wolf, Block, Schorr and Solis-Cohen LLP
One Boston Place
Boston, MA 02108
617-854-4100
</div>

March 30, 2007

## CERTIFICATE REGARDING CONFERENCE PURSUANT TO LOCAL RULES 7.1 and 37.1

I, Christine M. Griffin, hereby certify that I originally conferred with counsel for the Defendants in this matter regarding the topics discussed above by letter dated May 12, 2006, but that the parties were unable to resolve these issues. That letter is attached hereto as Exhibit C. I further certify that I conferred with counsel for the Defendants', Deborah Ecker, by phone, on March 30, 2007, in good faith, regarding the issues addressed above, but that we were unable to resolve these issues. I additionally attempted to contact counsel for the Defendants, Susan Jacobs, by phone and by email, on March 30, 2007, to confer regarding the issues presented above, but that I was unable to contact Attorney Jacobs.

<div align="right">
 /s/Christine M. Griffin_____
Christine M. Griffin
</div>

## CERTIFICATE OF SERVICE

I, Christine M. Griffin, hereby certify that it is my understanding that the foregoing document will be served on all counsel of record via email through the Court's ECF filing system upon the electronic filing of this document with the Court on this the 30th day of March, 2007.

<div align="right">
 /s/ Christine M. Griffin_____
Christine M. Griffin
</div>