**EXHIBIT D**

# Brody, Hardoon, Perkins & Kesten, LLP
## Attorneys at Law

Richard E. Brody
Laurence E. Hardoon
Samuel Perkins
Leonard H. Kesten
Jocelyn M. Sedney

Of Counsel:
Cheryl A. Jacques
Maria E. DeLuzio

One Exeter Plaza
Boston, Massachusetts 02116

———————

Telephone 617-880-7100
Facsimile  617-880-7171
www.bhpklaw.com

May 23, 2006

Judy A. Levenson
Jeremy I. Silverfine
Sherri Gilmore Bunick
Deidre Brennan Regan
Deborah I. Ecker
Djuna E. Perkins
Thomas P. Campbell
Peter E. Montgomery
Andrew S. Brooslin
Kristin Tyler Harris

Administrator:
Elizabeth L. Joyce

*Via Facsimile: (617) 854-7557*
Juliane Balliro, Esq.
Christine Marie Griffin, Esq.
Wolf, Block, Schorr and Solis-Cohen, LLP
One Boston Place, 41ˢᵗ Floor
Boston, MA 02108

RE:     Dr. John J. Beliveau
VS:     Town of Mansfield Municipal Electric
        Department and John D'Agostino
        Civil Action No.:  04 11329 DPW

Dear Counsel:

The following is in response to your facsimile dated May 12, 2006 concerning the defendants' responses to plaintiff's numerous document requests:

1.      The Defendants objected to the Plaintiff's Request No. 5 contained in the Plaintiff's First Request for the Production of Documents.  Accordingly, no documents were produced.

2.      The Defendants produced three documents in response to Request No. 6 contained in the Plaintiff's First Request for the Production of Documents, not one represented in the letter.  The Defendants have produced all of the documents that they are aware of and that are currently in their possession, custody and control in response to Request No. 6 and the in response to the numerous other documents requests propounded by the Plaintiff.

3.      In Response to Request No. 7, the Defendants are aware of other documents currently in the Defendants possession, custody or control concerning an investigation into Ms. Stoyle's Charge other than the Lampke report that are currently in the Defendants' possession, custody or control.  The Defendants will contact Attorney Lampke to determine whether he retained any of his notes from his investigation and whether he relied on documents other than those attached to the report itself during his investigation.

4.      The Defendants objected to the Plaintiff's Request No. 12 contained in the Plaintiff's First Request for the Production of Documents.  Without waiving that objection, the Defendants agreed to make available for the Plaintiff's

review and copying the meeting minutes from the Board of Selectmen's meetings which would contain communications between D'Agostino and the Board of Selectmen as requested. The Defendants have since responded to this request and have produced the emails available from the Town of Mansfield's main server as well as e-mails retrieved from Mr. D'Agostino's computer. The Defendants are aware of no other responsive documents not already produced during discovery that contain documents relevant to the subject matter of this action.

5.     In response to Request No. 13, the Defendants produced the documents that they believed were responsive to this request that were currently in the Defendants possession, custody or control. In addition, the Defendants offered to make the meeting minutes available for the Plaintiff's review and copying and referred the Plaintiff to the Town of Mansfield Public Library or to the company that records the meetings that retains copies of the videotapes. Further, the Defendants have produced the e-mails that they have been able to retrieve from the Town of Mansfield main server as well as archives of the Town of Mansfield Electric Department's e-mails.

6.     In response to Request No. 14, the Defendants have not withheld any documents that Bea Kearney gave to counsel.

7.     In response to Request No. 18, the Defendants objected to producing the documents requested if any such documents exist from personnel files other than Mr. Beliveau's as any such documents are confidential.

8.     In Response to Request No. 20, the Defendants objected to this request on the grounds that it is overbroad, it is overly burdensome, it is not properly limited as to time and it seeks information which is not relevant to the subject matter of this action, which will be inadmissible at the trial of this action and which is not reasonably calculated to lead to the discovery of admissible evidence. Accordingly, no documents were produced.

9.     In response to Request No. 21, the Defendants objected to this request on the grounds that it sought discovery of documents prepared in anticipation of litigation or for trial by or for the Defendant or by or for the Defendant's representative. Without waiving the objection, the Defendant's produced the Lampke report.

10.    In response to Request No. 22, the Defendants objected to this request on the grounds that it sought discovery of documents prepared in anticipation of litigation or for trial by or for the Defendant or by or for the Defendant's representative. The Defendants did not waive their objection and accordingly, no documents were produced.

11.    In response to Request No. 23, the defendants have produced Mr. Lampke's report. The defendants do not possess any notes compiled by Mr. Lampke but have requested his entire file to ascertain if such notes exist. With regard to

communications between Mr. Lampke and Town Counsel, the defendants state that those communications are privileged.

12. In response to Request No. 24, the Defendants objected to this request on the grounds that it sought discovery of documents prepared in anticipation of litigation or for trial by or for the Defendants or by or for the Defendants representatives. Without waiving this objection, the defendants respond by stating that they are not aware of any documents currently in their possession, custody or control that are not so privileged.

13. In response to Request No. 25, the Defendants objected to this request, but without waiving their objection did produce correspondence between Metrogard and Town Counsel Susan Jacobs.

14. As set forth in the Defendants Response to Request No. 26 contained in the Plaintiff's First Request for the Production of Documents, the Defendants are still not aware of any responsive documents currently in their possession, custody or control.

15. In response to Request No. 27, the Defendants objected to this request on the grounds on the grounds that it is overbroad, and seeks documents that are not relevant to the subject matter of this action, which will be inadmissible at the trial of this action and which is not reasonably calculated to lead to the discovery of admissible evidence. The Defendant further objected to this request to the extent that it seeks documents that are confidential pursuant to M.G.L. c. 268B, § 4. The Defendants did not waive their objections and accordingly, did not produce any documents. The defendants will produce Town of Mansfield documents related to Mr. D'Agostino's request for reimbursement of his legal fees relating to the ethics complaint regarding the so-called Hottleman matter.

16. In response to Request No 28, the Defendants objected to this request for the same reasons set forth above.

17. Request No. 29 Contained in the Plaintiff's First Request for the Production of documents seeks: "[a]ll documents concerning Dr. Beliveau's employment responsibilities from the time of hiring to the time of termination, including but not limited to job descriptions, town charter, and communications regarding expectations of Dr. Beliveau throughout his employment. In response to this request the Defendants produced the Town Charter and referred the Plaintiff to documents produced as Exhibits 1, 13 and 19 attached to the Defendants' document responses. The Defendants have repeatedly offered to make the meeting minutes from the Board of Selectmen and the Board of Light Commissioners available for the Plaintiff's inspection and copying and have referred the Plaintiff to the location where the videotapes of the meetings are kept for his review. The Defendants have objected to producing executive session meeting minutes during which ongoing litigation was discussed as those documents are confidential and are not public records.

18.   In response to Request No. 30, the Defendants stated that they would make the Meeting Minutes from the Board of Selectmen and Board of Light Commissioners meetings for the years 1999 to 2004 available for the Plaintiff's inspection and review at a mutually convenient time.   The Defendants will still make any and all meeting minutes available to the Plaintiff for his review.  The Defendants further responded by stating that they would not produce executive session meeting minutes during which ongoing litigation was discussed as those documents are confidential and are not public records. The Defendants will make available a list of non-privileged executive session meeting minutes that they will make available for the Plaintiff's review.

19.   In response to Request No. 31, the Defendants have repeatedly offered to make the meeting minutes from the Board of Selectmen and the Board of Light Commissioners available for the Plaintiff's inspection and review at a mutually convenient time. The Defendants objected to the production of the executive session meeting minutes during which ongoing litigation was discussed as those documents are confidential and are not public records. The Defendants will make available a list of non-privileged executive session meeting minutes that they will make available for the Plaintiff's review.

20.   With regard to plaintiff's request number 34, the defendants objected and continue to object to producing Mr. D'Agostino's home telephone records. The defendants will produce Mr. D'Agostino's cell phone records for the period January 1, 2003 and April 1, 2004.

21.   With regard to plaintiff's request number 35, we do not know where you get your "understanding" regarding other complaints. The Defendants are not aware of any other complaints or any other reports.

22.   With regard to number 36, you have what we have. We are not aware of any other complaints other than those made by Ms. Stoyle and Dr. Beliveau.

23.   Request No. 38 contained in Plaintiff's First Request for the Production of Documents seeks documents or communications concerning public records request concerning Dr. Beliveau.  The Defendants have produced documents concerning Dr. Beliveau's public records requests. Request No. 38 does not request that the Defendants provide the documents being requested by Dr. Beliveau in his public records requests presumably because the documents being sought are not relevant to the subject matter of this action.  As you are aware, the Town of Mansfield by law is allowed to charge for the cost to the Town for the time spent searching, compiling and copying the records requested. Nonetheless, we will give you another estimate for the cost of producing these records.

24.   With regard to Request No. 43, the Defendants have produced to the Plaintiff redacted copies of billing records of the law firm of Attorney Mangiaratti to the Town of Mansfield Electric Department from 2001 to the date that the billing records were produced. The Defendants will produce copies of

redacted billing records of the law firm of Attorney Mangiaratti to the Town of Mansfield if any such additional bills exist.

25.     The Defendants objected to Request No. 46 and accordingly, no responsive documents were or will be produced.

26.     Pursuant to the recent Court order, the Defendants will make the required expert disclosures on or before February 2007.

The above should respond to all of the concerns raised in your May 12, 2006 letter. The defendants again invite both Dr. Beliveau and Ms. Stoyle to copy the hard drives of Beliveau's desktop and laptop computers as well as the hard drive from Ms. Stoyle's desktop computer. If you would like, we can have copies of those hard drives made for you at your expense by our expert. Otherwise, we will make the hard drives available to you at a mutually convenient time and place.

Should you have additional questions or concerns after review of the above, please do not hesitate to contact us.

Very truly yours,

BRODY, HARDOON, PERKINS & KESTEN, LLP

*Deborah Ecker*

Leonard H. Kesten
Deborah I. Ecker

LHK/DIE:nrr

cc.     Lynn Leonard, Esq. *[via facsimile: (781) 662-1625]*
       Susan Jacobs, Esq. *[via facsimile: (508) 226-7565]*