UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-11329-DPW

DR. JOHN J. BELIVEAU, )
)
    Plaintiff, )
)
v. )
)
TOWN OF MANSFIELD MUNICIPAL )
ELECTRIC DEPARTMENT AND )
JOHN D'AGOSTINO, )
)
    Defendants. )

CONSOLIDATED WITH:

KIMBERLY STOYLE, )
    Plaintiff )
)
v. )
) CIVIL ACTION No. 05-10354-DPW
THE MANSFIELD MUNICIPAL ELECTRIC )
DEPARTMENT, JOHN D'AGOSTINO, )
THE TOWN OF MANSFIELD BOARD OF )
LIGHT COMMISSIONERS, LOUIS AMORUSO, )
MICHAEL MCCUE, DAVID MCCARTER, )
DANIEL DONOVAN, ROGER ACHILLE )
and STEVEN MACCAFFRIE, )
    Defendants )

**PLAINTIFF'S PARTIAL OPPOSITION TO
DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**

    Plaintiff, Dr. John J. Beliveau ("Beliveau"), hereby partially opposes Defendants', the

Town of Mansfield Municipal Electric Department (the "MMED") and John D'Agostino

1

("D'Agostino"), collectively, the "Defendants," Motion for Judgment on the Pleadings and as reason therefor states the following:

## BACKGROUND

Plaintiff Beliveau brings the following claims in his Complaint in this matter:

**Count 1:** Title VII claim against the MMED and D'Agostino;

**Count 2:** M.G.L. ch. 151B §4(4) Retaliation claim against the MMED and D'Agostino;

**Count 3:** M.G.L. ch. 151B §4(4)(A) Coerce, Intimidate, Threaten or Interfere claim against the MMED and D'Agostino;

**Count 4:** M.G.L. ch. 149 §185 Whistleblower Statute claim against the MMED and D'Agostino;

**Count 5:** Wrongful Termination claim against the MMED and D'Agostino;

**Count 6:** Intentional Infliction of Emotional Distress claim against the MMED and D'Agostino;

**Count 7:** Tortious Interference with Advantageous Relations claim against D'Agostino;

**Count 8:** Defamation claim against D'Agostino.

Defendants in this matter have moved for judgment on the pleadings as to Count 2 (M.G.L. ch. 151B Retaliation claim against the MMED and D'Agostino), Count 3 (M.G.L. ch. 151B Coerce, Intimidate, Threaten or Interfere claim against the MMED and D'Agostino), Count 5 (Wrongful Termination claim against the MMED and D'Agostino) and Count 6 (Intentional Infliction of Emotional Distress claim against the MMED and D'Agostino). The Defendants have also moved to dismiss Count 4, the Whistleblower claim, as against D'Agostino.

In support of their motion, Defendants argue: 1) that the Plaintiff's Whistleblower claim as against the MMED provides his exclusive state law remedy, and that therefore the Plaintiff's other state and common law claims (Counts 2, 3, 5 and 6, described above) must be dismissed as

to both the MMED and D'Agostino; 2) that the Whistleblower statute provides a remedy only as against the "employer", the MMED, and not against an individual supervisor, and that therefore the Count 4 Whistleblower claim as against D'Agostino must be dismissed; 3) that the Plaintiff's claim for Intentional Infliction of Emotional Distress must be dismissed as against the MMED because public entities are not liable for the intentional acts of their employees; and 4) that the Plaintiff's claim for Intentional Infliction of Emotional Distress must be dismissed as against D'Agostino because such a claim is barred by the exclusivity provision in the Workers' Compensation Act.

Plaintiff does not oppose Defendants' motion with regard to the following:

1.   Plaintiff agrees that, with regard only to the state and common law claims against the Defendant the MMED, that Plaintiff must choose between proceeding under the Whistleblower statute or proceeding under other state and common law claims.

2.   Plaintiff also agrees that a claim against the MMED does not lie for Intentional Infliction of Emotional Distress because the MMED is not liable for this intentional tort of its employees.

Plaintiff therefore contends that the Beliveau claims properly before this Court in this matter are as follows:

**Count 1:**  Title VII claim against the MMED and D'Agostino;

**Count 2:**  M.G.L. ch. 151B §4(4) Retaliation claim against D'Agostino;

**Count 3:**  M.G.L. ch. 151B §4(4)(A) Coerce, Intimidate, Threaten or Interfere claim against D'Agostino;

**Count 4:**  M.G.L. ch. 149 §185 Whistleblower Statute claim against the MMED;

**Count 5:**  Wrongful Termination claim against D'Agostino;

**Count 6:**  Intentional Infliction of Emotional Distress claim against D'Agostino;

**Count 7:**  Tortious Interference with Advantageous Relations claim against D'Agostino;

**Count 8:**  Defamation claim against D'Agostino.

## ARGUMENT

I.  **The Exclusivity Provision of the Whistleblower Statute With Regard to Claims Against the MMED:**

M.G.L. ch. 149 §185 is the Massachusetts Whistleblower Statute.  That statute prohibits certain conduct by "employers", as defined under the statute, and provides employees with the remedy of a civil lawsuit should an employer engage in prohibited conduct.  An "employer" under the statute is defined as: "the commonwealth, and its agencies or political subdivisions, including, but not limited to, cities, towns, counties and regional school districts, or any authority, commission, board or instrumentality thereof."

Plaintiff has brought his Whistleblower claim against the MMED and D'Agostino.  As Defendants correctly point out, the Whistleblower statute does not discuss the conduct of individuals.  It only prohibits conduct by "employers".  Plaintiff concedes, therefore, that his Whistleblower claim is properly brought only against the MMED and not against Defendant D'Agostino.  Plaintiff will proceed on that basis.

A "retaliatory action" under the Whistleblower statute is defined as, "the discharge, suspension or demotion of an employee, or other adverse employment action taken against an employee in the terms and conditions of employment."  Plaintiff Beliveau alleges that he suffered retaliatory action when the MMED (through D'Agostino) changed the terms and conditions of his employment, and ultimately terminated him.  Beliveau alleges that this retaliatory action was taken as the result:  1) of Beliveau providing information to the state Ethics

4

Commission, consistent with section (b)(2) of the Whistleblower Statute[1]; 2) of Beliveau objecting to and refusing to participate in financial activities and practices which he reasonably believed were in violation of law, and providing information as part of internal investigations of this conduct, consistent with sections (b)(2) and (b)(3) of the Whistleblower Statute[2]; and 3) of Beliveau objecting to the sexually harassing and retaliatory treatment of Kimberly Stoyle by D'Agostino, and providing information as part of investigations into this conduct, consistent with sections (b)(2) and (b)(3) of the Whistleblower Statute.  Beliveau presses these claims as to the MMED only under the Whistleblower Statute.[3]

As Defendants have correctly pointed out, the statute provides that, "the institution of a private action in accordance with subsection (d) [of the Whistleblower Statute] shall be deemed a waiver by the plaintiff of the rights and remedies available to him, for the actions of the employer, under any other contract, collective bargaining agreement, state law, rule or regulation, or under the common law."  Under this provision of the Whistleblower Statute, should Beliveau choose to proceed under his Whistleblower claims, he would therefore be barred from pursuing his state law or common law claims against the MMED.  He would be free, however, to continue to pursue his Title VII claims against the MMED.

---

[1] Section (b)(2) of the Whistleblower Statute prohibits the employer from taking retaliatory action when an employee does the following: "Provides information to, or testifies before, any public body conducting an investigation, hearing or inquiry into any violation of law, or a rule or regulation promulgated pursuant to law, or activity, policy or practice which the employee reasonably believes poses a risk to public health, safety or the environment by the employer, or by another employer with whom the employee's employer has a business relationship."

[2] Section (b)(3) of the Whistleblower Statute prohibits the employer from taking retaliatory action when an employee does the following: "Objects to, or refuses to participate in any activity, policy or practice which the employee reasonably believes is in violation of a law, or a rule or regulation promulgated pursuant to law, or which the employee reasonably believes poses a risk to public health, safety or the environment."

[3] Note that Plaintiff Beliveau does not bring his Whistleblower claim pursuant to Section (b)(1) of the Whistleblower statute.  That section of the Whistleblower statute requires notice.

Plaintiff is pursuing his Whistleblower claims under sections (b)(2) and (b)(3) of the Whistleblower statute. It is Plaintiff's contention, consistent with the plain language of the statute, that Plaintiff was not required to give written notice of his Whistleblower claims to his employer prior to instituting a civil action against his employer based on subsections (b)(2) and (b)(3) of the Whistleblower statute. Plaintiff agrees that he must make a choice between proceeding under the Whistleblower statute or proceeding under other state and common law claims. Defendants have not made a motion for summary judgment or for judgment on the pleadings with regard to Plaintiff's Whistleblower or Title VII claims against the MMED. There is a conflict among the trial and appellate courts who have addressed issues of notice arising under the Massachusetts Whistleblower statute. As a result, Plaintiff intends to file a request to report the question whether written notice to an employer is required under Sections (b)(2) and (b)(3) of the Whistleblower statute prior to the filing of the claim with a public entity. Given the unresolved nature of the law on this question, it is impossible for Plaintiff to make an informed choice as to how he should proceed on his state and common law claims.

**II.     The Exclusivity Provision of the Whistleblower Statute With Regard to Claims Against D'Agostino:**

With regard to Defendant D'Agostino, the exclusivity provision of the Whistleblower statute does not provide an automatic bar to other state and common law claims. As Defendants properly point out, individual supervisors are not covered by the Whistleblower Statute. That statute applies only to "employers" and limits other state and common law suits only against "employers" as defined under the statute.[4] D'Agostino is not an "employer" under the statute and is therefore not a properly named Defendant under the Whistleblower Statute.

---

[4] "The Whistleblower statute permits only an 'employer' to be sued, not individual supervisors." *Mailloux v. Town of Littleton*, 2007 U.S. Dist. LEXIS 3750 FN14 (D. Mass. 2007) *citing*

6

Despite the fact that individual defendants are not covered by the plain language of the Whistleblower statute, many state and federal courts have held that other state and common law claims against individual defendants are barred by the exclusivity language in the Whistleblower statute unless the other state and common law claims are based on distinct facts and distinct claims of harm.  Other courts have held that a suit against an individual, by its very nature, is distinct from a Whistleblower claim, which can only be brought against an employer, not an individual.  *For various opinions see Mailloux* at 18-19 *citing Bennett* at 220-221 (holding that, where the claims are distinct, claims against an individual defendant will not be barred by the exclusivity provision in the Whistleblower statute and stating: "The whistleblower statute is 'obviously designed to broaden protection to vulnerable workers, not to force them to jettison legitimate independent claims as a condition to invoking the statute.'"); *Haddad v. Scanlon*, 10 Mass.L.Rep.298; 1999 Mass. Super. LEXIS 272 at *11 (Mass.Super.1999) (holding that claims against individuals are waived if not sufficiently distinct from the Whistleblower claims against the employer, but also holding that intentional infliction of emotional distress and civil rights claims against an individual defendant are not deemed waived when the Plaintiff alleges distinct facts and distinct damages on which to base such claims); *but see Mahoney v. Ragucci*, 2001 Mass. Super. LEXIS 676 at *11-*13 (Mass.Super. 2001) (holding that the waiver contained in the Whistleblower statute applies only to claims based on the actions of the employer, and does not bar claims against individual supervisors).

---

*Bennett v. City of Holyoke*, 230 F. Supp. 2d 207, 221 (D. Mass. 2002) *citing Orell v. UMass Memorial Medical Center, Inc.*, 203 F. Supp. 2d 52, 66-67 (D. Mass. 2002).  "The plain language of the statute suggests that the Massachusetts Legislature intended to exclude claims brought under the Whistleblower Statute against individual employees, even when acting in their official capacities." *Id. citing Bennett*, 230 F. Supp. 2d at 221.  *But see Reilly v. Robbins*, 2006 U.S. Dist. LEXIS 46121 (D. Mass. 2006) (reserving judgment on whether to dismiss Whistleblower claims brought against a supervisor based on need for more information on the capacity in which he is sued).

Plaintiff's claims against D'Agostino do overlap substantially with his claims against the MMED. Plaintiff alleges, under the Whistleblower Statute, that the MMED and D'Agostino retaliated against Plaintiff for engaging in protected behavior by changing the terms and conditions of his employment and ultimately terminating him. However, Plaintiff also brings additional claims distinct from his Whistleblower claims with regard to D'Agostino, including claims that D'Agostino made repeated false public statements in the newspapers, and otherwise, that were designed to embarrass and humiliate the Plaintiff, that caused the Plaintiff emotional distress, and that constituted defamation against the Plaintiff. Plaintiff additionally seeks to bring his ch. 151B claims (against D'Agostino) and his Title VII claims (against the MMED and D'Agostino) based on the allegation that Plaintiff was retaliated against for filing his claims in this matter at the Massachusetts Commission Against Discrimination. This allegation is not part of the Plaintiff's Whistleblower claims.

Because there is a conflict between the plain language of the Whistleblower statute, which by its nature does not apply to claims brought against individual defendants, and the decisions by state and federal courts with regard to how the exclusivity provision in the Whistleblower statute should be applied to claims against individual defendants, Plaintiff intends to file a request to report the question whether a Plaintiff is barred by the exclusivity provision in the Massachusetts Whistleblower statute from pursuing claims against individual defendants.

### III. Plaintiff's Intentional Infliction of Emotional Distress Claim With Regard To D'Agostino:

Defendants additionally seek to dismiss Plaintiff's Intentional Infliction of Emotional Distress claim as against D'Agostino on the basis that such a claim does not lie against D'Agostino because of the limitations contained in the state Workers Compensation laws. Defendants are correct to the extent that Plaintiff seeks recovery under this theory for actions that

8

took place while Plaintiff was an employee of Defendant.  However, as noted above, Plaintiff alleges that D'Agostino made repeated false public statements in the newspapers, and otherwise, that were designed to embarrass and humiliate the Plaintiff and that caused the Plaintiff emotional distress.  These statements were made after Plaintiff was terminated from working for the MMED.  Therefore, Plaintiff's claims for Intentional Infliction of Emotional Distress should not be barred by the Workers Compensation laws to the extent that that claim is brought for actions taken after Plaintiff's employment with the MMED was terminated.

## Conclusion

Plaintiff respectfully partially opposes the Defendants' motion for judgment to the extent that it seeks judgment on any of the following claims, which, as argued more fully above, are properly brought and should be permitted to go forward.  To the extent that there are unresolved questions regarding the Plaintiff's ability to pursue these claims, Plaintiff will file a request to report those questions:

**Count 1:**  Title VII claim against the MMED and D'Agostino;

**Count 2:**  M.G.L. ch. 151B §4(4) Retaliation claim against D'Agostino;

**Count 3:**  M.G.L. ch. 151B §4(4)(A) Coerce, Intimidate, Threaten or Interfere claim against D'Agostino;

**Count 4:**  M.G.L. ch. 149 §185 Whistleblower Statute claim against the MMED;

**Count 5:**  Wrongful Termination claim against D'Agostino;

**Count 6:**  Intentional Infliction of Emotional Distress claim against D'Agostino;

**Count 7:**  Tortious Interference with Advantageous Relations claim against D'Agostino;

**Count 8:**  Defamation claim against D'Agostino.

RESPECTFULLY SUBMITTED,

**DR. JOHN J. BELIVEAU,**

By his attorneys,

 /s/ Christine M. Griffin_____
Juliane Balliro (BBO # 028010)
Christine M. Griffin (BBO # 651401)
Wolf, Block, Schorr and Solis-Cohen LLP
One Boston Place
Boston, MA 02108
617-854-4100

March 30, 2007

## CERTIFICATE OF SERVICE

I, Christine M. Griffin, hereby certify that it is my understanding that the foregoing document will be served on all counsel of record via email through the Court's ECF filing system upon the electronic filing of this document with the Court on this the 30th day of March, 2007.

 /s/ Christine M. Griffin_____
Christine M. Griffin