UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.: 04-11329DPW

| | |
|---|---|
| DR. JOHN J. BELIVEAU, | ) |
| | ) |
| Plaintiff | ) |
| VS. | ) |
| | ) |
| TOWN OF MANSFIELD MUNICIPAL ELECTRIC DEPARTMENT AND JOHN D'AGOSTINO, | ) ) ) |
| | ) |
| Defendants | ) |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S RENEWED MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

On March 30, 2007, the Plaintiff filed a Renewed Motion to Compel the Production of Documents From the Defendants Town of Mansfield Electric Department and John D'Agostino concerning the same documents requests and responses that were the subject of the Plaintiff's prior Motion to Compel to which the Defendants responded.  As set forth in the Defendants' prior Opposition to the Plaintiff's Motion to Compel during the course of this action, the Plaintiff has made numerous requests for documents.  The Plaintiff has propounded separate requests for production on each of the Defendants, and has attached multiple requests for the production of documents to deposition subpoenas of current and former town employees.  Further, Defendant John D'Agostino received two different document requests attached to two of the three days of his deposition. In addition, the Plaintiff had made Freedom of Information Act requests for documents to the Town of Mansfield.  Finally, the Plaintiff's former employee, Kim Stoyle, has made document requests to the Defendants that were very similar to the Plaintiff's requests here. The Defendants and their counsel have

1

struggled under this veritable mountain of document demands and have done the best they could to respond.

Contrary to the Plaintiff's contentions in his Renewed Motion to Compel the Defendants have produced the relevant documents requested that are not subject to an asserted privilege, including thousands of e-mails contained on discs provided to the Plaintiff in a usable format.

The Defendants address the Plaintiff's specific requests contained in his Renewed Motion to Compel as follows:

I. **Electronically Stored Documents**

In response to the Plaintiff's requests for e-mails from the Town of Mansfield Electric Department, the Defendants' counsel obtained the disks allegedly containing the archived e-mails. However, it was discovered that some of the disks were defective and are not accessible. The Defendants have provided to Plaintiff's counsel copies of all of the archives which exist, and have informed them of which archives are defective and offered access to those disks.

The Town of Mansfield does not archive its e-mail and has no system set up to retain e-mail. When the Defendants or the witnesses received requests for e-mails, the Town of Mansfield employees responsible for the computer system went onto the main server and copied e-mails from the individuals targeted by the Plaintiff in his multiple document requests. However, the Mansfield server "crashed" and most e-mails that were not saved to an individual's computer prior to the time that the server crashed were destroyed. The Defendants retained a computer expert Robert Guaraldi to assist them in the examination of computers and the recovery of electronic data. Mr. Guaraldi's work included the retrieval of electronic mail stored on the Town of Mansfield's main server as well

as archives of the Town of Mansfield Electric Department's electronic mail.  At great cost to the Defendants, Mr. Guaraldi was able to copy thousands of e-mails. Those thousands of e-mails then were reviewed so that attorney-client information could be redacted.  All of the e-mails which the Defendants have been able to open and read, but for the e-mails that the Defendants claim are privileged, have been produced to the Plaintiff along with a privilege log. The electronic information that Mr. Guaraldi was able to retrieve has been produced to the Plaintiff and/or the hard drives and lap top computer have been made available to the Plaintiff for inspection and copying.   In addition, the Defendants have produced Mr. Guaraldi's report to the Plaintiff that contains evidence that he reviewed and what he was and was not able to retrieve from the computers inspected.  Further, the Plaintiff conducted the depositions of Mr. Guaraldi and the Town of Mansfield employee responsible for the computer system, Lou Costa, regarding the efforts they made to retrieve electronic mail and other documents contained on the Town of Mansfield's main server as well as archives of the Town of Mansfield Electric Department.   The Plaintiff has in his possession what the Defendants have been able to retrieve through the assistance of a computer expert to date or has had access to the hard drive and lap top computer for his own inspection and copying.

In their Motion to Compel, the Plaintiff claims that the Defendants should bear the cost of providing the Plaintiff a copy of his desktop and laptop computer and work desktop computer of Kimberly Stoyle rather than make those computers available to the Plaintiff for inspection and copying at the Plaintiff's expense.  The Plaintiff's assertion that this is required by the Federal Rules of Civil Procedure is not correct.  The Defendants have spent a significant

3

amount of money to retain a computer expert and to have him retrieve the electronic mail stored on the Town of Mansfield's main server as well as archives of the Town of Mansfield Electric Department's electronic mail in order to respond to the Plaintiff's document requests. The electronic mail that the expert was able to retrieve has been provided to the Plaintiff in a usable form. The Defendants should not have to bear the cost or the burden of culling through the entire e-mail archive requested by the Plaintiff and identifying which e-mails of those thousands produced respond to the Plaintiff's requests. Rather, as allowed by the Federal Rules of Civil Procedure, the documents have been produced as they are kept in the usual course of business.

Further, having had to incur significant expense to retain a computer expert, the Defendants should not have to incur the expense of having to copy the entire hard drive of several computers requested by the Plaintiff and made available to the Plaintiff for inspection and copying. The Defendants have repeatedly stated that the Plaintiff could inspect the computer hard drives and could copy some or all of the documents contained on those hard drives at his own expense. In the alternative, the Defendants are willing to have their computer expert copy the hard drives of the computers identified if the Plaintiff is willing to reimburse that expert for his time.

The Defendants respond to the specific requests identified in this section as follows:

    **1.**    The Defendants objected to Request No. 5 to the extent that the documents requested were subject to the attorney client privilege, attorney work product doctrine and/or were prepared in anticipation of litigation. The Plaintiff is not entitled to

      communications between Mr. D'Agostino and Town Counsel or attorneys representing the Town and him in the pending lawsuit being brought by Ms. Stoyle. Further, the Plaintiff is not entitled to meeting minutes from executive sessions during which Ms. Stoyle's pending lawsuit against Mr. D'Agostino and the Town of Mansfield was discussed. Without waiving this objection, as set forth above, the Defendants have produced all electronic mail they have been able to retrieve and have referred the Plaintiff to the Town of Mansfield website or to the Town of Mansfield Public Library for review of the meeting minutes and video tapes from the Board of Selectmen meetings.

2. The Defendants did object to Request No. 12 to the extent that it was overbroad, unduly burdensome, was not properly limited as to time and sought documents not relevant to the subject matter of the Plaintiff's action as surely the Defendants cannot be compelled to produce documents evidencing each and every communication between D'Agostino and the Board of Selectmen concerning the Town of Mansfield Electric Department and the Town of Mansfield Electric Department personnel during D'Agostino's tenure as Town Manager. Without waiving their objections, the Defendants responded to the request and as set forth above, the Defendants produced all electronic mail they have been able to retrieve. Further, the Defendants referred the Plaintiff to the Town of Mansfield website or to the Town of Mansfield Public Library for review of the meeting minutes and videotapes from the Board of

   Selectmen meetings.  In addition, the Defendants produced numerous documents during the course of discovery responsive to this request and responded that they were not aware of any additional documents relevant to the subject matter of the Plaintiff's action that were not already produced that were in the possession, custody or control of the Defendants.

3.  The Defendants have produced the documents that they believe are responsive to Request No. 13 that are currently in the Defendants possession, custody or control.  As set forth above, the Defendants produced all electronic mail they were able to retrieve.  In addition, the Defendants referred the Plaintiff to the Town of Mansfield website or town of Mansfield Public Library for review of the meeting minutes and videotapes from the Board of Selectmen meetings.  Further, the Defendants have produced the memorandum currently in their possession, custody and control responsive to this request and that are relevant to the subject matter of this action.

4.  The Defendants maintain their objections to Request No. 20 as clearly the documents requested concerning management reports including detail of statistical analysis and the like from all Department heads in the Town of Mansfield are not relevant to the Plaintiff's whistleblower claim.

5.  The Defendants have referred the Plaintiff to the Town of Mansfield website or the Town of Mansfield Public Library for review of the meeting minutes and videotapes of the Board of Light

Commissioners and/or Board of Selectmen meetings. The Defendants are not required to copy these documents that are easily accessible by the Plaintiff. The Defendants maintain their objection to producing executive session meeting minutes during which Ms. Stoyle and Mr. Beliveau's anticipated or pending claims were discussed.

6. The Defendants have referred the Plaintiff to the Town of Mansfield website or the Town of Mansfield Public Library for review of meeting minutes and videotapes of the Board of Light Commissioners and/or Board of Selectmen meetings. The Defendants are not required to copy these documents that are easily accessible to the Plaintiff. The Defendants maintain their objection to producing executive session meeting minutes during which Ms. Stoyle and Mr. Beliveau's anticipate or pending claims were discussed.

7. The Defendants have referred the Plaintiff to the Town of Mansfield website or the Town of Mansfield Public Library for review of meeting minutes and videotapes of the Board of Light Commissioners and/or Board of Selectmen meetings. The Defendants are not required to copy these documents that are easily accessible to the Plaintiff. The Defendants maintain their objection to producing executive session meeting minutes during which Ms. Stoyle and Mr. Beliveau's anticipated or pending claims were discussed.

8.  The Defendants continue to object to the production of Mr. D'Agostino's home telephone records and the Plaintiffs have not shown why such personnel information should be produced.  Mr. D'Agostino shared his home with several family members and thus their privacy interests are at issue as well.  Contrary to the Plaintiff's assertion, the Defendants' production of the January 2004 long distance carrier detail falls within the time period contained in Request No. 34 of January 2003 to April 1, 2004.  The Defendants have produced the relevant documents responsive to the Plaintiff's request.  The Defendants believe that the 2003 and 2004 cell phone records were produced but will provide another copy for the Plaintiff.

## II. Executive Session Meetings:

The Plaintiffs have repeatedly sought to obtain executive session meeting minutes from the Board of Selectmen's meetings during which either Ms. Stoyle's or Mr. Beliveau's MCAD complaints or pending federal lawsuits were discussed. Massachusetts General Laws chapter 39, § 23B(3), allows for a government body to go into executive session to discuss strategy with respect to litigation if an open meeting would have a detrimental effect on the litigating position of the governmental body.  The meetings from the executive session may remain secret as long as publication may defeat the lawful purposes of the executive session, but no longer. M.G.L. c. 39, § 23B(9).   The Plaintiff seeks the production of the minutes from executive sessions during which Town Counsel was present to discuss and advise the Board of Selectmen about the Plaintiff and/or Ms. Stoyle's pending lawsuits against the Defendants. The authority to

hire and fire the plaintiff rested solely with the Town Manager. Plaintiff Beliveau filed his MCAD complaint on January 13, 2004. Ms. Stoyle had filed her MCAD complaint in December of 2002. Both complaints were pending in January of 2004. The Executive session minutes sought include discussions of strategy regarding these lawsuits. Later, both Plaintiffs filed complaints in this court which are the subject of this civil action. As the lawsuits are currently pending, it would be unfair to force the release of these minutes in which strategy for these very lawsuits is being discussed.

### III. Documents Regarding the Investigation of the Stoyle Charge

1. The Defendants have produced the Lampke report. The Defendants have contacted Attorney Lampke and have requested that he look for any notes or other documents he has in his possession related to his investigation into Ms. Stoyle's allegations, but have not been provided with any such documents. The response quoted by the Plaintiff contains a typographical error and should read that, "the Defendants are **not** aware of any other documents currently in the Defendants possession, custody or control concerning an investigation into Ms. Stoyle's charges….". The Defendants cannot produce what they do not have.

2. Mr. Lampke conducted his investigation into Ms. Stoyle's charge at the behest of the Town of Mansfield. Mr. Lampke's report has been produced to the Plaintiff. The Plaintiff is not entitled to documents concerning any investigation conducted by the Defendants' attorneys or other representative of the Defendants in anticipation of litigation or after the litigation was initiated as any such documents would be

9

  protected by the attorney client privilege and/or the attorney work product doctrine.

3.  The Defendants have produced documents to the Plaintiff concerning potential insurance coverage for the Plaintiff's lawsuit. Presumably, the Plaintiff is seeking correspondence between counsel for the Defendants and the insurance carrier containing evaluations of Ms. Stoyle's claims and reporting on the progress of the litigation. The Defendants maintain their objection to producing documents between the insurance carrier in Ms. Stoyle's lawsuit and the Defendants or their representatives as those documents were prepared in anticipation of litigation or during Ms. Stoyle's pending litigation by the Defendants or their representatives and are subject to the attorney client and/or attorney work product doctrine. In addition, correspondence between the Defendants and the insurance carrier concerning Ms. Stoyle's lawsuit are not relevant to Mr. Beliveau's pending lawsuit.

4.  The Defendants refer to Paragraph No. 2 above.

5.  All documents requested are subject to the attorney client and/or attorney work product doctrine or are executive session minutes shielded from disclosure by statute.

**IV. Other Documents**

1.  The Defendants are not aware of any other responsive documents currently in their possession, custody, or control not already produced concerning Dr. Beliveau's charge of discrimination.

2. The Defendants maintain their objections to this request, including their objection that the documents requested are protected pursuant to M.G.L. c. 268B, § 4. Without waiving their objections, the Defendants have produced the documents currently in their possession related to Mr. D'Agostino's request for reimbursement of his legal fees relating to the ethics complaint regarding the so-called Hottleman matter.

3. The Defendants maintain their objections to this request, including their objection that the documents requested are protected pursuant to M.G.L. c. 268B, § 4.

4. Contrary to the Plaintiff's assertion, Request No. 38 did not request cell phone bills of Mr. D'Agostino, but rather requested "All documents or communications concerning public records request concerning Dr. Beliveau." The Defendants produced documents responsive to this request.

5. The Defendants reiterate the responses to the numerous sets of document requests propounded by the Plaintiff in this matter and objections contained therein.

As set forth in the Defendants' prior Opposition to the Plaintiff's Motion to Compel, the Defendants and their counsel have struggled under the Plaintiff's veritable mountain of document demands and have done the best they could to respond and have complied with the federal rules of civil procedure in doing so. The Defendants have produced or made available to the Plaintiff all documents they believe to be responsive to the Plaintiff's multiple requests that are not subject to privilege, including all of the electronic documents. It is obvious that the great majority of the documents requested are not calculated to lead to the

discovery of admissible evidence as to this Plaintiff's Complaint, but many were produced by the Defendants regardless.

The Defendants hereby request that this honorable Court deny the Plaintiff's Renewed Motion to Compel the Production of Documents.

>Respectfully submitted,
>The Defendants,
>By their attorneys,
>
>/s/ Deborah I. Ecker
>Leonard H. Kesten, BBO# 542042
>Deborah I. Ecker, BBO# 554623
>BRODY, HARDOON, PERKINS & KESTEN, LLP
>One Exeter Plaza
>Boston, MA 02116
>(617) 880-7100
>
>
>/s/ Susan Jacobs
>Susan Jacobs, Esq.
>Volterra, Goldberg & Jacobs
>Three Mill Street
>Attleboro, MA 02703
>(508) 222-1463

DATED: April 13, 2007