UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-11329-DPW

| | |
|---|---|
| DR. JOHN J. BELIVEAU, | ) |
| Plaintiff, | ) |
| v. | ) |
| TOWN OF MANSFIELD MUNICIPAL ELECTRIC DEPARTMENT AND JOHN D'AGOSTINO, | ) |
| Defendants. | ) |

CONSOLIDATED WITH:

| | |
|---|---|
| KIMBERLY STOYLE, Plaintiff | ) |
| v. | ) |
| THE MANSFIELD MUNICIPAL ELECTRIC DEPARTMENT, JOHN D'AGOSTINO, THE TOWN OF MANSFIELD BOARD OF LIGHT COMMISSIONERS, LOUIS AMORUSO, MICHAEL MCCUE, DAVID MCCARTER, DANIEL DONOVAN, ROGER ACHILLE and STEVEN MACCAFFRIE, Defendants | ) CIVIL ACTION No. 05-10354-DPW |

**PLAINTIFF BELIVEAU'S MOTION FOR LEAVE TO AMEND THE COMPLAINT**

Plaintiff, Dr. John J. Beliveau, hereby moves the Court for leave to amend his Complaint pursuant to Fed.R.Civ.P. 15 to conform to the evidence adduced during discovery in this matter and to clarify the basis for his whistleblower claims. A proposed First Amended Complaint and

1

Jury Demand ("Amended Complaint") is attached hereto as Exhibit A.  As reason for this motion, the Plaintiff states the following:

## PROPOSED AMENDMENTS

In addition to the correction of simple formatting and typographical errors, Dr. Beliveau seeks to make the following amendments to his Complaint in this matter:

<u>Paragraph 10 of the Complaint:</u>  Plaintiff seeks to amend this paragraph to clarify that the Defendant, the Mansfield Municipal Electric Department (the "Electric Department") was, and is, an employer within the meaning of Massachusetts General Laws, Chapter 149, §185, the Massachusetts Whistleblower Statute.

<u>Paragraph 12 of the Complaint:</u>  Plaintiff seeks to amend this paragraph to indicate that he is now 60 years old.

<u>Paragraphs 15 and 16 of the Amended Complaint:</u>  Plaintiff proposes to add these paragraphs to the Complaint to set forth the financial irregularities that partially form the basis for his whistleblower claims.

<u>Paragraphs 16 and 17 of the Complaint:</u>  The amendments to these paragraphs appear in paragraphs 18 and 19 of the Amended Complaint.  The amendments are proposed to clarify that it was the Town, and not the Electric Department, that conducted the investigation into the Stoyle Charges and to allege, in paragraph 18, and as revealed during discovery, that Mr. D'Agostino was aware that Dr. Beliveau had corroborated the complaints made against him.

<u>Paragraph 19 of the Complaint:</u>  The amendments to this paragraph appear in paragraph 21 of the Amended Complaint.  Plaintiff seeks to amend this paragraph to clarify that Mr. Goulet had already been retained as the Electric Department outside auditor at the time that Dr. Beliveau asked him to look into the overdraft and cash balance issue.

Paragraph 27 of the Complaint:  The amendments to this paragraph appear in paragraph 29 of the Amended Complaint.  Plaintiff seeks to amend this paragraph, consistent with facts adduced during discovery, to delete the allegation that Mr. Hottleman has been convicted of bookmaking.

Paragraph 28 of the Complaint:  The amendments to this paragraph appear in paragraph 30 of the Amended Complaint.   Plaintiff seeks to amend this paragraph to include the allegation that Mr. D'Agostino was aware of Dr. Beliveau's participation in the Ethics Commission investigation while Dr. Beliveau worked for the Electric Department.

Paragraph 48 of the Complaint:  The amendments to this paragraph appear in paragraph 50 of the Amended Complaint.  Plaintiff seeks to amend this paragraph to add the words "and retaliation" to clarify that Dr. Beliveau alleges that the reasons for Dr. Beliveau's termination cited by Mr. D'Agostino in the referenced memo are a pretext for both discrimination and retaliation.

Paragraph 52 of the Amended Complaint:  Plaintiff seeks to add this paragraph to clarify that false public statements regarding Dr. Beliveau continued to be made by Mr. D'Agostino and other Town Officials after Dr. Beliveau was terminated.

Paragraphs 52, 59 and 66 of the Complaint; paragraphs 55, 62 and 69 of the Amended Complaint:  Plaintiff seeks to amend these paragraphs to clarify the inclusion, as part of his claims under Title VII and M.G.L. ch. 151B, Dr. Beliveau's allegation that he further engaged in protected conduct when he filed his own charges with the MCAD and the EEOC, and also to clarify that it was the Town, and not the Electric Department, that conducted the investigation into the Stoyle Charges

3

Paragraph 68 of the Complaint:  The amendments to this paragraph appear in paragraph 71 of the Amended Complaint.   Plaintiff seeks to amend this paragraph to correct a typographical error.

Paragraphs 70-75 of the Complaint:  Plaintiff seeks to add four new paragraphs; 74, 75, 77 and 78 to his whistleblower claim in the Amended Complaint, and to delete former paragraphs 72 and 73 of this claim, to clarify the factual basis and legal theories supporting his whistleblower claim.  In particular, Plaintiff seeks to clarify under which subsections of the whistleblower statute he seeks recovery.  Plaintiff also seeks to amend paragraph 74 of the Complaint, which is paragraph 79 of the Amended Complaint, to add the word "retaliation".

Paragraph 77 of the Complaint:  The amendments to this paragraph appear in paragraph 82 of the Amended Complaint.   Plaintiff seeks to amend this paragraph to delete the words "and testimony before" regarding the Ethics Commission investigation into the hiring irregularities.  Dr. Beliveau provided information, but not testimony, as part of the Ethics Commission investigation prior to his termination.

Count VI and paragraphs 79-82 of the Complaint; paragraphs 82-85 of the Amended Complaint:  Plaintiff seeks to amend this count to delete the Intentional Infliction of Emotional Distress claim against the Electric Department.

Dr. Beliveau also seeks to amend the summary language at the end of the Complaint to match the claims alleged and to add the words "and costs" to clarify that Dr. Beliveau seeks costs, as well as attorneys' fees, as part of his claims.

## ARGUMENT

Under Fed.R.Civ.P. 15(a), leave to amend shall be freely given when justice so requires. In this case, Plaintiff seeks to amend his complaint to conform the facts to the evidence adduced

4

during discovery and to clarify his claims. Plaintiff is not adding any additional claims or parties to his Complaint.

Rule 15(a) encourages the court to grant leave to amend when justice requires it. Fed.R.Civ.P. 15(a). *See also Kemper Ins. Co., Inc. v. Federal Express Corp.*, 115 F.Supp.2d 116, 127 (D.Mass. 2000), *aff'd*, 252 F.3d 509 (1st Cir.2001), *cert. denied,* 534 U.S. 1020 (2001) ("motions to amend [complaints] are treated liberally in this Circuit."). Leave to amend is "granted with liberality" unless amendment would be futile. *Northeast Fed. Credit Union v. Neves*, 837 F.2d 531, 536 (1st Cir. 1988).

Only when there is undue delay, bad faith, dilatory motive, or undue prejudice to the opposing parties should the Court find "adequate" reason for denial of a motion to amend. *See Glassman v. Computervision Corp.*, 90 F.3d 617, 622 (1st Cir. 1996); *Foman v. Davis*, 371 U.S. 178, 182 (1962). There is no evidence in this case of bad faith, dilatory motive, or undue prejudice to the opposing parties. The amendments are sought largely as the result of arguments raised by the Defendants in their Motion for Judgment on the Pleadings and to bring the Complaint into conformity with facts revealed, primarily by the Defendant and Town of Mansfield witnesses, during the course of discovery. The amendments only enhance the efficiency with which Plaintiff's claims are brought and tried. The Defendants have been on notice of the allegations contained in the Amended Complaint both through Plaintiff Beliveau's original Complaint and through the claims brought by Kimberly Stoyle and Defendants have conducted exhaustive discovery regarding those claims. Moreover, Plaintiff Beliveau's deposition has not yet been taken. To the extent that Defendants seek to question Dr. Beliveau regarding the issues raised by these amendments, they will have the opportunity to do so. The Defendants will in no way be prejudiced by the granting of this motion for leave to amend.

Finally, the motion to amend is not futile. The standard for futility generally is whether the complaint as amended would survive a motion to dismiss under Rule 12(b)(6). *See Glassman*, 90 F.3d at 623 ("In reviewing for 'futility,' the district court applies the same standard of legal sufficiency as applies to a Rule 12(b)(6) motion."). The proposed Amended Complaint clearly sets forth facts sufficient to state a claim for relief on each of the counts contained therein and, thus, is not futile.

For the foregoing reasons, the Plaintiff respectfully requests that the Court grant him leave to file his First Amended Complaint in the form attached hereto as Exhibit A.

RESPECTFULLY SUBMITTED,

**DR. JOHN J. BELIVEAU,**

By his attorneys,

 /s/ Christine M. Griffin_____
Juliane Balliro (BBO # 028010)
Christine M. Griffin (BBO # 651401)
Wolf, Block, Schorr and Solis-Cohen LLP
One Boston Place
Boston, MA 02108
617-854-4100

April 17, 2007

## CERTIFICATE REGARDING CONFERENCE PURSUANT TO LOCAL RULE 7.1

I, Christine M. Griffin, hereby certify that I conferred with counsel for the Defendants' Deborah Ecker and Susan Jacobs by phone on this the 17th day of April, 2007, in good faith, regarding the issues addressed above, but that we were unable to resolve these issues.

 /s/Christine M. Griffin_____
Christine M. Griffin

## **CERTIFICATE OF SERVICE**

      I, Christine M. Griffin, hereby certify that it is my understanding that the foregoing document will be served on all counsel of record via email through the Court's ECF filing system upon the electronic filing of this document with the Court on this the 17th day of April, 2007.

                                            /s/ Christine M. Griffin_____
                                            Christine M. Griffin