# CHARGE OF DISCRIMINATION
## MASSACHUSETTS COMMISSION AGAINST DISCRIMINATION

FEPA NUMBER :  
EEOC NUMBER :

FILING DATE: January 13, 2004  
VIOLATION DATE: January 1999 (approximate) to present.

**NAME OF AGGRIEVED PERSON OR ORGANIZATION**

John J. Beliveau  
230 Blueberry Lane  
West Kingston, RI 02892

TELEPHONE NUMBERS  
HOME : (401) 782-9161  
OFFICE : (Cell) (508) 922-6470

**NAME OF THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, OR STATE/LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME**

1. Town of Mansfield, Municipal Electric Plant.
   Attn: Human Resources Division
   125 High Street, Suite 4
   Mansfield, MA 02048

   TELEPHONE NUMBER: (978) 744-4734

2. John O. D'Agostino, Town Manager
   Town of Mansfield, Municipal Electric Plant
   Attn: Human Resource Division
   Six Park Row
   Mansfield, MA 02048

   TELEPHONE NUMBER: (508) 261-7370

   Number of Employees: 24
   Work Location: Mansfield, MA

**CAUSE OF DISCRIMINATION BASED ON:** RETALIATION

**THE PARTICULARS ARE:**

1. I am bringing this Charge of Discrimination against the following: (1) The Town Of Mansfield, Municipal Electric Plant and (2) John O. D'Agostino, Town Manager

2. I am a married, fifty-six-year-old white male with a Bachelor of Science Degree in Electrical Engineering from the University of Rhode Island, an MBA from Bryant College and a Ph.D. in Management from the University of Rhode Island. My social security number is 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.

3. I was hired by the Town of Mansfield Municipal Electric Plant on September 8, 1998. My starting salary was $70,000.00 per year plus benefits and a town vehicle.

4. During the course of my employment with the Electric Plant, I have been responsible for personnel decisions, including hiring and firing. I have also been responsible for negotiating and signing multi-million dollar contracts on behalf of the Electric Plant.

5. On December 5, 2002, Kimberly Stoyle, the Chief Financial Officer of the Town Of Mansfield Municipal Electric Plant, filed a Charge of Discrimination with this Agency in which she accused the Town Manager, John D'Agostino, of sexual harassment and retaliation (Hereinafter the "Stoyle Charge").

6. Shortly after the filing of the Stoyle Charge, Mr. D'Agostino held a press conference denying Ms. Stoyle's allegations and threatening to sue unnamed "other employees." Upon information and belief I was one of the employees Mr. D'Agostino was threatening to sue.

7. In February 2003, I received a memorandum from the Town Treasurer and Town Accountant alleging substantial overdrafts in the Electric Plant financial account over a period of nine months. This was a direct assault on Ms. Stoyle's competence as Chief Financial Officer.

8. In February 2003 I notified the treasurer that I was engaging the services of Jim Goulet to audit the financial accounts of the Electric Plant.

9. In early 2003, the Town of Mansfield hired a lawyer to conduct an investigation of the allegations contained in the Stoyle Charge. I was interviewed by the lawyer and corroborated Ms. Stoyle's allegations of discrimination and retaliation against Mr. D'Agostino.

10. On or about May 5, 2003, Mr. Goulet requested copies of the town audits for 2001-2003 from the Town Treasurer. Mr. D'Agostino instructed the Treasurer to provide the auditor with the Town's audits for the year 2003 only. This made it impossible for the auditor to conduct a meaningful the audit of the alleged discrepancies.

11. On July 3, 2003, the auditor, Mr. Goulet, informed Mr. D'Agostino that his failure to provide him with the requested information had halted the audit function. I raised the

2

issued with the Chairman MacCaffrie of the Board of the Light Commission. This led to a heated meeting with Mr. D'Agostino at which he ultimately agreed to release the information.

12. In August 2003, Mr. D'Agostino wrote to Chairman MacCaffrie to inform him that there was no problem with the audit.

13. In September 2003, Mr. D'Agostino inquired if there was a contract with Mr. Goulet's auditing firm. I responded immediately to Mr. D'Agostino's request and informed him that I believed the contract included the year 2003 audit.

14. In September 2003, I was deposed by the attorney representing Ms. Stoyle in connection with the Stoyle Charge. My deposition testimony also corroborated many of the allegations of discrimination and retaliation made by Ms. Stoyle and other women against Mr. D'Agostino. Upon information and belief, the transcript of my deposition testimony was made available to Mr. D'Agostino sometime in October 2003.

15. In October/November of 2003 Mr. D'Agostino was the subject of an ongoing ethics investigation. I was interviewed in connection with that investigation.

16. On or about November 15, 2003, the auditor released his report finding no wrongdoing by Ms. Stoyle.

17. On November 17, 2003, Ms. Stoyle reported to the Board of the Light Commissioner's meeting that the auditor had commenced the year end audit.

18. On December 10, 2003, Mr. D'Agostino fired the auditor without notifying me of his intention to do so.

19. On December 17, 2003, I sent a memo documenting the fact that the auditor had been terminated before the year end audit had been completed and that the termination would likely have serious consequences.

20. On December 22, 2003, at my suggestion, the Board of the Light Commission voted to retain Mr. Goulet for another year.

21. On December 23, 2003, Mr. D'Agostino issued a memorandum of reprimand to me accusing me of violating Massachusetts Law by failing to inform him that Mr. Goulet had commenced the Year 2003 audit. This was a false accusation. Mr. D'Agostino was at the Board of Light Commission meeting on November 17, 2003 when Ms. Stoyle reported that the audit had commenced. I received Mr. D'Agostino's memorandum when I returned from vacation on January 5, 2004.

22. The December 23, 2003 memorandum from Mr. D'Agostino included a directive that has resulted and will continue to result in a significant diminution of my status and responsibilities as Director of the Electric Plant.

23. Since the filing of the Stoyle Charge and my deposition testimony favorable to Ms. Stoyle, Mr. D'Agostino has made a number of false and disparaging statements concerning my performance and conduct. I believe he knew those statements were false when he made them and that his purpose in making the statements was to injure my professional standing with the members of the Board of Light Commission and members of the Board Of Selectmen as a precursor to and in preparation of my wrongful discharge. Mr. D'Agostino has made no effort to correct the false and disparaging statements although it has been well established that the statements were false when made.

24. Recently, Mr. D'Agostino has been inundating me with unnecessary, burdensome and time consuming tasks that necessarily interfere with my ability to perform my job duties. I believe that Mr. D'Agostino knows that I will be unable to respond to his demands in what he considers to be a timely fashion and will then use my inability to do so as the basis for disciplinary action or discharge.

25. I believe that Mr. D'Agostino is attempting to lay the groundwork for my discharge in retaliation for my support of Ms. Stoyle in connection with the Stoyle Charge.

I therefore make the following charges: I charge The Town Of Mansfield, Municipal Electric Plant and (2) John O. D'Agostino, Town Manager with Retaliation in violation of Mass. Gen. L. c. 151B, §§4(1), 4(4), 4(4A) and 4(16A) and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et. Seq.

I ALSO WANT THIS CHARGE FILED WITH THE EEOC: ____X____

I WILL ADVISE THE AGENCIES IF I CHANGE MY ADDRESS OR TELEPHONE NUMBER AND I WILL COOPERATE FULLY WITH THEM IN THE PROCESSING OF MY CHARGE IN ACCORDANCE WITH THEIR PROCEDURES.

I SWEAR OR AFFIRM THAT I HAVE READ THIS COMPLAINT AND THAT IT IS TRUE TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF

_____
(SIGNATURE OF COMPLAINANT)

4

SWORN AND SUBSCRIBED BEFORE ME THIS 10th DAY OF January 2004.

NOTARY PUBLIC: _Susan M. V_____
MY COMMISSION EXPIRES: _7/25/08_