

# TOWN OF MANSFIELD

Town Accountant's Office
(508) 851-6435

### Memorandum

**To:** John D'Agostino

**From:** Bea Kearney & Richard Boucher

**Date:** December 11, 2003

**Subject:** Light Department Audit review

In regard to the light department's auditor's review of cash, the entire review was an unnecessary expense, as the matter could have been handled internally. If not internally, it certainly could have been prevented had the light department auditors merely questioned us at the time of their audit. This is the response both of us were expecting when Jack Beliveau stated that he would have their auditors address the issue during the time they were present at the light department performing the annual audit. However, this did not happen.

Prior to the auditor's stepping into the situation last July, you requested that Bea resolve this internally with Kim Stoyle. As a result, she met with Kim and Jack at the light department offices. We believed that we could merely review the town's general ledger numbers and compare to the light department's books, as we do not see their records, but Bea does provide Kim with a copy of our transactions for each month. After a few minutes of this meeting, it became obvious to Bea that this was not going to happen because Kim simply was not willing to review, in a calm manner, any information that had been provided. Jack stated that he believed the auditors were the ones who should review the situation. Again, had the auditors come to see either of us at the time of their yearly audit, the issue could have been resolved.

I believe there are a few inconsistencies in the auditor's comments concerning this issue. In particular, the auditors should know based upon their own documentation, that the electric cash is commingled with other town funds. There is no way to follow electric cash other than general ledger balances, which are the town's books of record. Furthermore, the auditors were told during a meeting before they began their review that the cash balances presented by the town were general ledger figures. They did not have to **conclude** this.

Our issue with the electric department's cash was not the deficiencies created by timing, but the true deficiencies. We realized up front that timing issues do occur, but the true issue is a deficiency on the date that payment to MMWEC is wired. The auditors did find actual

deficiencies occurring. Since they have recommended that the electric department maintain higher cash balances, we have not had a deficiency.

We do not believe it is up to the town to change their procedures in order that the cash balance recorded by the town more closely reflect the electric department's true cash balance. Also, we believe that the electric department is a department of the town, and not vice versa.

In reference to the auditors' recommendations and again reiterating that timing is not the issue:

    Creating a separate warrant for power bills is a moot point, as we are not concerned with timing issues created by the warrant date.

    The electric PILOT and internal charges should always be paid by June 30, thus eliminating any need for receivables.

    Any direct charges to the electric department's account, such as details, telephone and gasoline can be put on the electric warrant as a "no check" item. In that way the department has a means of recording these items. We had discussed this option during the above referenced meeting with the electric department and their auditors. The school has done this for many years, as they also have a separate set of accounting records. The Town charges these items directly and they then are included in the next school warrant as a "no check" item. The school department and the town reconcile approximately 40 to 50 fund balances monthly and use this process.

It is difficult to determine that a procedure is not being followed when no cooperation is forthcoming. Also, when the response in late 2002 to the question of any problems with cash is "...everything looks fine..." then a question is raised, as the Town's records presented to the electric department had shown negative cash balances. Again, this could have been resolved internally with cooperation.

# TOWN OF MANSFIELD, MASSACHUSETTS

Office of the Town Treasurer/Collector
6 Park Row, Mansfield, MA 02048
Tel. (508) 261-7340 - Fax. (508) 261-1083
e-mail rboucher@mansfieldma.com

Richard V. Boucher
Treasurer/Collector

*to cc BOS*
*11-17 FYI*

## Memo

**To:** Jack Beliveau

**From;** Richard Boucher, Bea Kearney

**Date:** December 15, 2003

**Subject:** Audit Goulet, Salvidio, P.C.

After reviewing the audit report of Goulet, Salvidio, P.C., we disagree with some of their findings. We cannot understand how they could establish the amount of negative balances without meeting with the Town Accountant or Treasurer. In our previous communications timing was taken into consideration and the balances were negative.

This is our opinion as to the items listed in your memo.

1. There is no need to have a separate warrant. The deficit in the cash was not a result of the warrant charged; we realize that may result in a negative balance. We were looking at the day the payment was wired; at that time there should not be a negative balance. We did take into consideration a timing issue.

2. All other departments pay the PILOT/internal charges on or before June 30th. Payment by that date, the town's fiscal year-end, would eliminate any problems. If we record this as a receivable and it is not received before free cash is certified it would reduce our free cash.

3. We agree that additional funds should be left on deposit with the Town. This is what we have been requesting. Since the additional funds have been added, a negative balance has not occurred.

4. Direct Charges: All other departments are charged in this manner. Details are charged directly because the departments were not processing them on a timely basis, or sometimes not processing them at all. Since the Town advances these funds to the detail officer, any vendor should reimburse the Town promptly. Since this is a Town detail and we have the ability to charge directly, it is more efficient. To invoice, place on a warrant, create a check, then process the payment, and monitor to make sure the payment was made is additional work for everyone. The direct charge works well for all other departments. I am sure we can work out some sort of compromise if a problem exists.

5. The Town Accountant has no problem reviewing your reconciliation and signing off on the report.

As always, we are willing to sit down and work out any procedures to the satisfaction of all departments.

CC: Steve MacCaffrie
    John D'Agostino



John O. D'Agostino
Town Manager
Telephone      (508) 261-7370
Facsimile      (508) 261-7498
Email townmanager@mansfieldma.com

Town of Mansfield
Town Manager's Office

## MEMORANDUM

TO:        Jack Beliveau, Director, M.M.E.D.

FROM:      John O. D'Agostino, Town Manager

DATE:      December 10, 2003

SUBJECT:   Auditors for the Mansfield Municipal Light Department

---

Please be advised that I desire to hire the same auditing firm for the Town of Mansfield. In my opinion, it is important to have one auditing firm perform the audits of both entities. Therefore, we will not seek an extension or a new contract for services with Goulet, Salvidio and Associates. The Manager of the Light Department will select the new auditing firm for the Municipal Light Department.

If you have any questions, please see me.

JOD/eo
Cc:   Mr. James F. Goulet
      9 Irving Street
      Worcester, MA  01609

T:\Daily Correspondence\Auditors for the Mansfield Municipal Light Department.doc

# Memo

**To:** John D'Agostino

**From:** Jack Beliveau

**Date:** December 16, 2003

**Re:** Auditor

---

I have received your December 10, memo with respect to the cessation of auditing service with Goulet Salvidio Associates and your intention to hire another firm. Please be aware that the auditor develops and completes the DTE report for the State of Massachusetts and FERC forms EIA-412 and 861 as well as the independent audit required by the FERC. While it is your desire to hire the same firm for both the Town and the Light Department, typically CPA firms are reluctant to complete an audit of a subunit and complete an overall audit. Changes in Federal laws (Sarbanes/Oxley) have made audit firms more reluctant to assume multiple tasks within one unit.

The DTE report for FY 2003 is due in March 2004 and the EIA forms in February 2004. Letters must be sent in January by the audit firm to a random sample of customers to confirm balances. Also, the auditors observe the counting of inventory in early January to verify the count. If they are not present, they will issue a "qualified" audit. It is therefore important that a new firm be engaged immediately who is familiar with the completion of these documents.

Additionally, in the past, the audit firm was hired by and engaged by the Board of Light Commissioners.

While I have advised Mr. Goulet of your wishes, I await your further direction with respect to the FY 2003 audit.



John O. D'Agostino
Town Manager
Telephone      (508) 261-7370
Facsimile      (508) 261-7498
Email townmanager@mansfieldma.com

Town of Mansfield
Town Manager's Office

### MEMORANDUM

**TO:** Jack Beliveau, Director, M.M.L.D.

**FROM:** John O. D'Agostino, Town Manager

**DATE:** December 10, 2003

**SUBJECT:** Auditors for the Mansfield Municipal Light Department

---

Please be advised that I desire to hire the same auditing firm for the Town of Mansfield. In my opinion, it is important to have one auditing firm perform the audits of both entities. Therefore, we will not seek an extension or a new contract for services with Goulet, Salvidio and Associates. The Manager of the Light Department will select the new auditing firm for the Municipal Light Department.

If you have any questions, please see me.

JOD/eo
Cc:   Mr. James F. Goulet
      9 Irving Street
      Worcester, MA  01609

T:\Daily Correspondence\Auditors for the Mansfield Municipal Light Department.doc



John O. D'Agostino
   Town Manager
Telephone   (508) 261-7370
Facsimile   (508) 261-7498
Email townmanager@mansfieldma.com

Town of Mansfield
Town Manager's Office

## MEMORANDUM

**TO:** Jack Beliveau, Director, M.M.E.D.

**FROM:** John O. D'Agostino, Town Manager

**DATE:** December 23, 2003

**SUBJECT:** Light Department Auditors

---

Under Chapter M.G.L. 164, the Manager of the Light Department is vested with the responsibility to hire in this case the auditor for the Light Department. My memorandum of December 10, 2003, clearly articulated my desire to consolidate auditing functions between the Town and the Light Department. At that time, I learned that the auditor's contract with the Department was about to expire. This information should have been brought to my attention and that of the Light Commissioners long before it did. This action did not provide me with the opportunity to explore other auditing options. Further, during my discussions with you in my office on or about the 16th or 17th of December, you indicated that if we were to look for an auditor, we needed to proceed immediately because of the aforementioned timeline (your memo dated 12/16/03 in response to my memo dated 12/10/03) to get the audit started. Last night I learned that the auditors had already commenced auditing functions for 2003. Given the fact that the Light Commissioners and myself had very little advance notice of the expiration of the auditors contract with the Department and that auditing functions had commenced for 2003, the actions of the department are contrary to the administrative initiatives and desires of the Manager of the Light Department. M.G.L. clearly vests hiring authority with the Manager of the Light Plant.

In the future, such actions contrary to either state statute or the administrative initiatives of the Manager of the Light Plant will not be tolerated and may lead to further disciplinary action.

Commencing immediately, I desire a brief status report on a weekly basis concerning the operations of the plant inclusive of administration, personnel and any issues that I, as Manager, should be made aware. Furthermore, all personnel decisions and contracts with the Light Department will require my consent and prior approval before implementation.

JOD/eo

T:\Daily Correspondence\Light Department Auditors.doc