**The Commonwealth of Massachusetts**
**Commission Against Discrimination**
One Ashburton Place, Boston, MA 02108
Phone: (617) 994-6000   Fax: (617) 994-6024

3/22/04

Date Issued: 3/22/2004

Juliane Balliro, Esq.
Perkins, Smith & Cohen
One Beacon Street, 30th Fl.
Boston, MA 02108

Re:  Complainant(s)   John Beliveau

Vs.

Respondent(s)   T- Mansfield, Municipal Electric Plant, John O. D'Agostino, Town Manager

MCAD Docket Number: 04BEM00606
EEOC/HUD Charge Number: 16CA401120

Dear Counsel:

The Commission has received notice that a civil action is being filed in *Superior Court* in the above-referenced matter. Pursuant to M.G.L.A. 151B, Section 9 (Chapter 478 of the Acts of 1974), the complaint before the Commission is hereby dismissed without prejudice as to the merits.

**Please be advised that pursuant to 804 CMR 1.15(2), the parties are required to serve upon the Commission's General Counsel a copy of any final order obtained in court. In addition, any party filing an appeal of such final order is required to serve a notice of appeal upon the Commission's General Counsel.**

Please be advised the Complainant is barred from subsequently bring a complaint on the same matter before this Commission.

Very truly yours,

Dorca I. Gomez
Chairwoman

THE COMMONWEALTH OF MASSACHUSETTS
# COMMISSION AGAINST DISCRIMINATION
ONE ASHBURTON PLACE
BOSTON, MA 02108-1518

Tel: (617) 994-6000          TTY: (617) 994-6196          Fax: (617) 994-6024

TO:     File
FR:     Robin Edwards
RE:     John J. Beliveau v. Town of Mansfield, Municipal Electric Plant and John O D'Agostino
MCAD #  04BEM00606
EEOC #  16CA401120 (25+ employees)
DATE:   March 22, 2004

## RECOMMENDATION: CASE CLOSURE – WITHDRAWN IN ORDER TO FILE A PRIVATE RIGHT OF ACTION ON THE SAME MATTER IN CIVIL COURT

On February 18, 2004 Complainant filed a complaint with the Massachusetts Commission Against Discrimination. Complainant alleged Respondents discriminated against him on or around February 12, 2004 on the basis of Retaliation in violation of M.G.L. c.151B§4 (4) and Title VII.

On March 16, 2004 Complainant's Counsel submitted an Emergency Motion to withdraw, which was granted by the AAU Supervisor, this complaint from the MCAD and EEOC in order to pursue the matter as a private right of action in civil court.

The Commission finds no reason to investigate this matter further. Therefore, it is recommended that Complainant be allowed to withdraw this complaint.

Robin Edwards
Administrative Assistant
MCAD, AAU

COMMONWEALTH OF MASSACHUSETTS
MASSACHUSETTS COMMISSION AGAINST DISCRIMINATION

MCAD Docket Nos. 04BEM00194 and
04-BEM1300606
EEOC Charge Nos.: 16CA400789 and
016CA401120

*************************************
JOHN J. BELIVEAU                          *
    Complainant                          *
v.                                                      *
                                                     *
JOHN D'AGOSTINO and TOWN OF   *
MANSFIELD                                    *
    Respondents                           *
*************************************

### COMPLAINANT'S EMERGENCY MOTION FOR
### REMOVAL OF COMPLAINT PURSUANT TO 804 C.M.R. 1.15(2)(a)

The Complainant in the above-entitled matters, John J. Beliveau ("Beliveau"), respectfully moves the Commission to allow him to remove his charges from this Agency immediately and file his retaliation claims in a court of law.

Under 804 CMR 1.15(2)(a) there is good cause for removal at this time for the following reasons:

1.    Since the filing of his first charge of discrimination, the individual respondent, John O. D'Agostino, has engaged in a public pattern of behavior intended to undermine Mr. Beliveau's credibility and destroy his personal and professional reputation.

2.    That Mr. Beliveau intends to bring legal claims in a court of law against Mr. D'Agostino that are separate and distinct from the employment discrimination claims pending before this agency and the EEOC.

3.    Mr. D'Agostino has engaged in a damaging pattern of behavior toward Mr. Beliveau despite the filing of two separate charges of discrimination with this agency. In view of

Mr. D'Agostino's behavior, Mr. Beliveau believes that it is in his best interest to file his legal claims in a court of law at the earliest opportunity.

4. Mr. Beliveau intends to remove his administrative claims from this tribunal as the prosecution of a single action in a single forum serves both his best interests and the interests of judicial economy.

5. That in the event Beliveau is compelled to wait until the expiration of the 90 day period to obtain a right to sue, he will be forced to choose between a prompt filing of important but unrelated claims and the need to amend his court complaint to add the employment discrimination claims following expiration of the ninety (90) day period.

6. Amendment of a complaint to add employment discrimination claims does not serve the interests of judicial economy.

As a result, immediate removal is supported by good cause in order that Mr. Beliveau may promptly proceed with all of his claims in a single action without the need to file unnecessary pleadings to amend his complaint at a later date.

Respectfully submitted:
On behalf of the Complainant,
By his Attorney,

_Juliane Balliro_
Juliane Balliro, Esq. (BBO# 028010)
PERKINS SMITH & COHEN LLP
One Beacon Street
Boston, MA 02108
(617) 854-4000

Dated: March 16, 2004

2

**PERKINS SMITH & COHEN**

Perkins Smith & Cohen LLP
Attorneys at Law

Juliane Balliro
617-854-4171
JBalliro@pscboston.com

March 16, 2004

Robert Sanders, Director
Equal Employment Opportunity Commission
John F. Kennedy Federal Building
475 Government Center
Boston, MA 02203

Re:   John Beliveau v. Town of Mansfield, et al.
      EEOC/HUD #s: 16CA400789; 16CA401120
      **Request For Notice of Right to Sue Prior to the Expiration of 180 Days**

Dear Mr. Sanders:

Pursuant to 29 C.F.R. §1601.28, Complainant John Beliveau ("Mr. Beliveau") hereby requests that the Equal Employment Opportunity Commission ("EEOC") immediately dismiss the above-captioned matters and issue him a notice of his right to pursue a civil action ("right-to-sue letter") before the expiration of 180 days from the date that he filed his Charge of Discrimination ("Charge") with the EEOC. Mr. Beliveau filed two charges with the Massachusetts Commission Against Discrimination and EEOC on January 13, 2004 and February 18, 2004 respectively. A copy of the charges are enclosed.

As grounds for this request, Mr. Beliveau states that EEOC regulations allow the Commission to issue a notice of right to sue "at any time prior to the expiration of 180 days from the date of filing the charge with the Commission . . . ." 29 C.F.R. §1601.28.

As further grounds for this request, Mr. Beliveau states that a right-to-sue letter is needed immediately as the individual respondent, John O. D'Agostino, has engaged in a public pattern of behavior intended to undermine Mr. Beliveau's credibility and destroy his personal and professional reputation since Mr. Beliveau filed his first Charge of Discrimination. Mr. D'Agostino has engaged in a damaging pattern of behavior toward Mr. Beliveau despite the filing of two separate charges of discrimination with this agency. In view of Mr. D'Agostino's behavior, Mr. Beliveau believes that it is in his best interest to file his legal claims in a court of law at the earliest opportunity. Mr. Beliveau intends to bring legal claims in a court of law against Mr. D'Agostino that are separate and distinct from the employment discrimination claims pending before this agency and the EEOC. As a result, Mr. Beliveau intends to remove his administrative claims from this tribunal to the courts as the prosecution of a single action in a single forum serves both his best interests and the interests of judicial economy. In the event

Robert Sanders, Director
March 16, 2004
Page 2

Mr. Beliveau is compelled to wait until the expiration of the 90 day period to obtain a right to sue on his state and federal employment discrimination claims, he will be forced to choose between a prompt filing of important but unrelated claims and the need to amend his court complaint to add the employment discrimination claims following expiration of the ninety (90) day period.

Accordingly, a right-to-sue letter is needed immediately so that Mr. Beliveau can assert his federal discrimination and retaliation claims as part of a civil action he intends to file prior to the expiration of the waiting period in order to consolidate all claims preserve judicial economy.

Thank you for your attention to this matter. If you have any questions or if I can provide further information, please do not hesitate to contact me.

Very truly yours,

Juliane Balliro

enclosures

cc:   MCAD
      Mr. John Beliveau

31091-2 RighttoSueltr.doc