UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-11329-DPW

DR. JOHN J. BELIVEAU,  )
  )
    Plaintiff,  )
  )
v.  )
  )
TOWN OF MANSFIELD MUNICIPAL  )
ELECTRIC DEPARTMENT AND  )
JOHN D'AGOSTINO,  )
  )
    Defendants.  )

CONSOLIDATED WITH:

KIMBERLY STOYLE,  )
    Plaintiff  )
  )
v.  )
  )  CIVIL ACTION No. 05-10354-DPW
THE MANSFIELD MUNICIPAL ELECTRIC  )
DEPARTMENT, JOHN D'AGOSTINO,  )
THE TOWN OF MANSFIELD BOARD OF  )
LIGHT COMMISSIONERS, LOUIS AMORUSO,  )
MICHAEL MCCUE, DAVID MCCARTER,  )
DANIEL DONOVAN, ROGER ACHILLE  )
and STEVEN MACCAFFRIE,  )
    Defendants  )

**PLAINTIFF'S MOTION TO CERTIFY QUESTIONS
TO MASSACHUSETTS SUPREME JUDICIAL COURT**

    Plaintiff, Dr. John J. Beliveau ("Beliveau"), hereby moves to certify the following questions to the Supreme Judicial Court of the Commonwealth of Massachusetts:

1

1.  What notice, if any, is required to an employer under M.G.L. ch. 149 §185 (the Massachusetts "Whistleblower statute") in order for a Plaintiff to bring a claim under subsections (b)(2) and (b)(3) of that statute?

2.  When a Plaintiff employee brings suit against an employer under the Whistleblower statute, to what extent, if at all, does the exclusivity provision of the Whistleblower statute bar the Plaintiff from bringing other state and common law claims against an individual supervisor?

As reason for this motion, Plaintiff states the following:

## ARGUMENT

**I.  Notice Requirement.**

    **A.  Statutory Language:**

The language of the Whistleblower Statute itself is unambiguous.[1]  Employer retaliation is prohibited for any of three sets of actions by an employee.  Those prohibitions are as follows:

1.  Under subsection (b)(1) of the statute, an employer may not retaliate against an employee who "discloses, or threatens to disclose to a supervisor or to a public body an activity, policy or practice of the employer, or of another employer with whom the employee's employer has a business relationship, that the employee reasonably believes is in violation of a law, or a rule or regulation promulgated pursuant to law, or which the employee reasonably believes poses a risk to public health, safety or the environment."

2.  Under subsection (b)(2) of the statute, an employer may not retaliate against an employee who "provides information to, or testifies before, any public body conducting an investigation, hearing or inquiry into any violation of law, or a rule or regulation promulgated

---

[1] A copy of the Whistleblower statute is attached hereto as Exhibit A for the convenience of the Court.

2

pursuant to law, or activity, policy or practice which the employee reasonably believes poses a risk to public health, safety or the environment by the employer, or by another employer with whom the employee's employer has a business relationship."

      3.      Under subsection (b)(3) of the statute, an employer may not retaliate against an employee who "objects to, or refuses to participate in any activity, policy or practice which the employee reasonably believes is in violation of a law, or a rule or regulation promulgated pursuant to law, or which the employee reasonably believes poses a risk to public health, safety or the environment."

      The Whistleblower statute then provides a notice requirement that an employee must comply with before bringing a claim under this statute. However, on its face and by its own unambiguous terms, the notice requirement applies only to claims brought under subsection (b)(1) of the statute. That notice requirement states: "the protection against retaliatory action provided by subsection (b) (1) shall not apply to an employee who makes a disclosure to a public body unless the employee has brought the activity, policy or practice in violation of a law, or a rule or regulation promulgated pursuant to law, or which the employee reasonably believes poses a risk to public health, safety or the environment, to the attention of a supervisor of the employee by written notice and has afforded the employer a reasonable opportunity to correct the activity, policy or practice."

      The statute then provides a caveat to this notice requirement, stating that notice is not required, even for claims under subsection (b)(1) of the statute, if the employee: "(A) is reasonably certain that the activity, policy or practice is known to one or more supervisors of the employer and the situation is emergency in nature; (B) reasonably fears physical harm as a result of the disclosure provided; or (C) makes the disclosure to a public body as defined in clause (B)

or (D) of the definition for 'public body' in subsection (a) for the purpose of providing evidence of what the employee reasonably believes to be a crime."

This is the entire provision of the statute with regard to notice. Unless an exception applies, as outlined above, notice is required prior to bringing a claim under subsection (b)(1) of the Whistleblower statute. Nowhere in the plain language of the statute is there any indication that notice is required in order for an employee to bring a claim under subsections (b)(2) and/or (b)(3) of the statute.

    **B.**    **Conflicting Case Law:**

Despite the clarity with which the statute speaks on this issue, Courts have interpreted the notice requirement under the Whistleblower Statute in a variety of ways, including in some cases interpreting a notice requirement into subsections (b)(2) and (b)(3) of the statute.

In *Dirrane v. Brookline Police Department*, 315 F.3d 65 (1st Cir.2002), the First Circuit considered the Whistleblower statute, observing that the statute "is complicated and in certain respects unclear" but also noting that, in that case, neither party had asked for certification regarding the interpretation of the statute. *Id*. at 72. The Court therefore went on to interpret the statute, specifically addressing the statutory notice requirement. The Court was faced first with the question of whether notice was required before a police officer made a complaint to his supervisors within a police department. Recognizing that "the requirement of written notice and an opportunity to correct is imposed where the disclosure is to an outside public body" and that a police department is defined as a public body under the statute, the Court went on to conclude that "an oral disclosure to a supervisor is protected outright against retaliation" and that no written notice was required prior to such a disclosure, even within a police department. *Id.* at 73. The Court wrote, "[i]t is happenstance, and irrelevant to the obvious purpose of the written notice

4

requirement, that the department itself happens to be a 'public body' to which employees of other agencies might bring complaints about wrongdoing of their own employers.  In short, to treat Dirrane's internal complaints as triggering the notice requirement makes no sense." *Id*.  The Court held that, even when an employee works for a "public body", as defined under the statute, the notice requirement will not apply to internal disclosures.

The Court next addressed the question of whether, by virtue of filing a lawsuit, Dirrane had made a disclosure to a public body which, under the Whistleblower statute, required prior written notice to the employer.  On this question, the Court concluded that: "the statute defines 'public bodies' to include 'any federal, state, or local judiciary'…In this application, a literal reading does make sense: the written notice requirement gives the employer one last chance to correct wrongdoing before the employee goes public with his accusations." *Id*.  Because Dirrane did not give written notice prior to filing his lawsuit, the Court concluded that Dirrane's Whistleblower claim was barred in its entirety.

To the extent that *Dirrane* can be read to require that prior written notice be provided to an employer before any Whistleblower claim of any type can be brought in Court, it is inconsistent with the plain language of the statute, which requires notice only prior to bringing claims under subsection (b)(1), and not prior to bringing claims under subsections (b)(2) or (b)(3) of the Whistleblower statute.  Such an interpretation would, in effect, elevate the notice requirement where a claim is brought pursuant to section (b)(1) to a presentment requirement even though a presentment requirement is entirely absent from the language of the statute.  When the legislature seeks to implement a presentment requirement, the legislature does so using unequivocal language.  *See* M.G.L. ch. 258 §4;  M.G.L. ch. 93A §9(3) (each containing explicit language requiring presentment of claims before bringing suit).  The legislature did not use such

5

language here.  It is improbable that the legislature intended to include a presentment requirement in the Whistleblower Statute by using "notice" language which on its face applies only to section (b)(1) of that statute.

In a later case, *Wagner v. City of Holyoke*, 404 F.3d 504 (1st Cir.2005), the First Circuit again addressed the question of the notice requirement under the Whistleblower statute.  In a case arising under subsection (b)(1), where an employee made disclosures of unlawful conduct to outside bodies, and admitted that he had not given prior written notice to his employer, the Court cited *Dirrane*, writing:  "We have previously interpreted the Massachusetts whistleblower statute to preclude suits filed by municipal employees without prior written notice to their supervisors." *Id.* at 509 *citing to Dirrane* at 73.

While attempting to follow the requirements of *Dirrane*, Massachusetts Federal Courts have come to a variety of results.  In *Mailloux v. Town of Littleton*, 2007 U.S. Dist. LEXIS 3750 at *15 (D. Mass. 2007) (attached hereto as Exh. B), citing to *Dirrane* in support of its conclusion, the Court addressed the differences in the notice requirement based on the subsection under which a Whistleblower claim is brought, writing:  "Defendants argue that Plaintiff's whistleblower claim must be dismissed because Plaintiff failed to provide Defendant Town with written notice of his claim.  Defendants are mistaken.  An action brought under section 185(b)(3) is not subject to the notice provision of section 185(c)(1).  This case is distinguishable from the facts of *Bennett*[2], where the First Circuit suggested that filing a lawsuit constitutes disclosure to a public body, thus triggering the Whistleblower Statute's written notice requirement.  That case involved violations of section 185(b)(1), not section 185(b)(3). To read a written disclosure requirement into section 185(b)(3) for filing a lawsuit would run counter to the express language

---

[2] *Bennett v. City of Holyoke*, 230 F.Supp.2d 207 (D.Mass. 2002) *aff'd at* 362 F.3d 1 (1st Cir. 2004).

of the statute." *See also Putnam v. Town of Saugus*, 365 F.Supp.2d 151 (D. Mass. 2005) (citing *Dirrane*, and recognizing that the notice requirement under the Whistleblower statute varies depending upon under which subsection a Whistleblower claim is brought). *But see Ahanotu v. Mass. Turnpike Authority*, 466 F.Supp. 2d 378, 396 (D. Mass. 2006) (holding that, under *Dirrane*, written notice to the employer of unlawful conduct is required in order to provide the employer an opportunity to correct the unlawful behavior, but that no notice that retaliation has taken place is required prior to suit); *Bennett v. City of Holyoke*, 230 F.Supp.2d 207 (D.Mass. 2002) *aff'd at* 362 F.3d 1 (1st Cir. 2004) (in which the District Court dismissed only claims under subsection (b)(1) of the Whistleblower statute for lack of notice, a decision that was affirmed by the First Circuit on the basis that the Defendants had waived notice objections under the other subsections by not raising them earlier).

Massachusetts state courts considering this issue have similarly reached varied results. In *Mahoney v. Ragucci*, a Massachusetts State Trial Court, following the plain language of the Whistleblower statute, held that no notice is required when a claim is brought pursuant to subsection (b)(3) of the statute. *See Mahoney v. Ragucci*, 2001 Mass.Super.LEXIS 676 at \*24-\*25 (Mass.Super.2001) (attached hereto at Exh. C) (in which the Court explicitly found that under the plain language of the Whistleblower statute, a claim brought under subsection (b)(1) of the statute is subject to the statute's notice requirement, but a claim brought under subsection (b)(3) of the Whistleblower statute is not.). In *Gauthier v. Town of Dracut*, 19 Mass. L. Rep. 579 (Mass. Super. Ct. 2005), a case brought under subsection (b)(3) of the Whistleblower statute, the State Trial Court required a showing by Plaintiff only on each of the following elements in order to make out a Whistleblower claim: 1) that he engaged in protected activity of which the employer was aware; 2) that he suffered an adverse employment action; and 3) that there was a

causal connection between the protected activity and the adverse action. No showing of notice was required by the Trial Court under this subsection of the statute. *But see Follis v. Town of Wareham*, 2005 Mass. Super. LEXIS 673, 14-15 (Mass. Super. Ct. 2005) (attached at Exh. D) (in which a Whistleblower claim was brought under subsection (b)(1) of the statute, and in which the Trial Court, citing *Dirrane*, stated that notice was required under subsection (b)(1) prior to a public disclosure, including disclosure to a trial court.); *Quazi v. Barnstable County*, 2006 Mass. Super. LEXIS 83 (Mass. Super. Ct. 2006) (attached as Exh. E) (citing *Dirrane* and barring subsection (b)(1) Whistleblower claims for lack of notice).

To the extent that *Dirrane* can be read to require that prior written notice be provided to an employer before any Whistleblower claim of any type can be brought in Court, that requirement would conflict with the plain language of the statute and with other Courts' interpretations of the statute. The Plaintiff therefore requests that the following question be certified to the Massachusetts Supreme Judicial Court: What notice, if any, is required to an employer under M.G.L. ch. 149 §185 (the Massachusetts "Whistleblower statute") in order for a Plaintiff to bring a claim under subsections (b)(2) and (b)(3) of that statute?

**II.     The Exclusivity Provision:**

The Whistleblower statute prohibits certain conduct by "employers", as defined under the statute, and provides employees with the remedy of a civil lawsuit should an employer engage in prohibited conduct. An "employer" under the statute is defined as: "the commonwealth, and its agencies or political subdivisions, including, but not limited to, cities, towns, counties and regional school districts, or any authority, commission, board or instrumentality thereof."

Plaintiff in this matter has brought his Whistleblower claim against the Mansfield Municipal Electric Department (the "MMED") and John D'Agostino ("D'Agostino"). There is no

dispute regarding the fact that the MMED was the Plaintiff's employer at the time of the conduct complained of in this matter and that D'Agostino was the Plaintiff's supervisor. The Whistleblower statute does not discuss the conduct of individual supervisors. It only prohibits conduct by "employers" and it only provides for civil actions to be brought by employees against "employers".

The Whistleblower statute also contains an exclusivity provision, which provides that, "the institution of a private action in accordance with subsection (d) [of the Whistleblower Statute] shall be deemed a waiver by the plaintiff of the rights and remedies available to him, for the actions of the employer, under any other contract, collective bargaining agreement, state law, rule or regulation, or under the common law."

Under this provision of the Whistleblower Statute, should Plaintiff Beliveau choose to proceed under his Whistleblower claims against the MMED, he would therefore be barred from pursuing his state law or common law claims against the MMED. He would be free, however, to continue to pursue his Title VII claims against the MMED, as that is a federal claim and is not barred by the statute.

With regard to Defendant D'Agostino, however, the plain language of the exclusivity provision of the Whistleblower statute does not provide a bar to other state and common law claims against this individual Defendant. In fact, there is no language anywhere in the Whistleblower statute which applies to individual supervisors, and it is difficult to imagine, therefore, that suits against supervisory Defendants in their individual capacities would be barred by the statute. That statute applies only to "employers" and limits other state and common law

suits only against "employers" as defined under the statute.[3] D'Agostino is not an "employer" under the statute and is therefore not a properly named Defendant under the Whistleblower Statute.[4]

     Despite the fact that individual defendants are not covered by the plain language of the Whistleblower statute, many state and federal courts have held that other state and common law claims against individual defendants are barred by the exclusivity language in the Whistleblower statute unless the other state and common law claims are based on distinct facts and distinct claims of harm. Other courts have held that a suit against an individual, by its very nature, is distinct from a Whistleblower claim, which can only be brought against an employer, not an individual. *For various opinions see Mailloux* at 18-19 *citing Bennett* at 220-221 (holding that, where the claims are distinct, claims against an individual defendant will not be barred by the exclusivity provision in the Whistleblower statute and stating: "The whistleblower statute is 'obviously designed to broaden protection to vulnerable workers, not to force them to jettison legitimate independent claims as a condition to invoking the statute.'"); *Haddad v. Scanlon*, 10 Mass.L.Rep.298; 1999 Mass. Super. LEXIS 272 at *11 (Mass.Super.1999) (attached as Exh. F)

---

[3] "The Whistleblower statute permits only an 'employer' to be sued, not individual supervisors." *Mailloux* at FN14 *citing Bennett v. City of Holyoke*, 230 F. Supp. 2d 207, 221 (D. Mass. 2002) *citing Orell v. UMass Memorial Medical Center, Inc.*, 203 F. Supp. 2d 52, 66-67 (D. Mass. 2002). "The plain language of the statute suggests that the Massachusetts Legislature intended to exclude claims brought under the Whistleblower Statute against individual employees, even when acting in their official capacities." *Id. citing Bennett*, 230 F. Supp. 2d at 221. *But see Reilly v. Robbins*, 2006 U.S. Dist. LEXIS 46121 (D. Mass. 2006) (attached as Exh. G) (describing difficulties in application of the exclusivity/waiver provision and reserving judgment on whether to dismiss Whistleblower claims brought against a supervisor based on need for more information on the capacity in which he is sued).

[4] When the legislature wishes to include employees, as well as employers, within the provisions of a statute, the legislature does so explicitly. *See* M.G.L. ch. 151B §4(5), which states that it shall be an unlawful practice "[f]or any person, whether an employer or an employee or not, to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this chapter or to attempt to do so."

(holding that claims against individuals are waived if not sufficiently distinct from the Whistleblower claims against the employer, but also holding that intentional infliction of emotional distress and civil rights claims against an individual defendant are not deemed waived when the Plaintiff alleges distinct facts and distinct damages on which to base such claims); *but see Ahanotu* at 396 (holding that the Whistleblower statute applies only to employers, and that therefore any claim against a supervisor under that statute will be dismissed); *Mahoney* at *11-*13 (holding that the waiver contained in the Whistleblower statute applies only to claims based on the actions of the employer, and does not bar claims against individual supervisors).

     Plaintiff's claims against D'Agostino do overlap substantially with his claims against the MMED. Plaintiff alleges, under the Whistleblower Statute, that the MMED and D'Agostino retaliated against Plaintiff for engaging in protected behavior by changing the terms and conditions of his employment and ultimately terminating him. However, Plaintiff also brings additional claims distinct from his Whistleblower claims with regard to D'Agostino, including claims that D'Agostino made repeated false public statements in the newspapers, and otherwise, that were designed to embarrass and humiliate the Plaintiff, that caused the Plaintiff emotional distress, and that constituted defamation against the Plaintiff. Plaintiff alleges that these statements continued well after Plaintiff was terminated. Plaintiff additionally seeks to bring his Ch. 151B claims (against D'Agostino) and his Title VII claims (against the MMED and D'Agostino) based on the allegation that Plaintiff was retaliated against for filing his claims in this matter at the Massachusetts Commission Against Discrimination. This allegation is not part of the Plaintiff's Whistleblower claims.

     Because there is a conflict between the plain language of the Whistleblower statute, which by its nature does not apply to claims brought against individual defendants, and the

decisions by state and federal courts with regard to how the exclusivity provision in the Whistleblower statute should be applied to claims against individual defendants, the Plaintiff asks that the following question be certified to the Massachusetts Supreme Judicial Court: When a Plaintiff employee brings suit against an employer under the Whistleblower statute, to what extent, if at all, does the exclusivity provision of the Whistleblower statute bar the Plaintiff from bringing other state and common law claims against an individual supervisor?

RESPECTFULLY SUBMITTED,

**DR. JOHN J. BELIVEAU,**

By his attorneys,

 /s/ Christine M. Griffin
Juliane Balliro (BBO # 028010)
Christine M. Griffin (BBO # 651401)
Wolf, Block, Schorr and Solis-Cohen LLP
One Boston Place
Boston, MA 02108
617-854-4100

April 18, 2007

### CERTIFICATE REGARDING CONFERENCE PURSUANT TO LOCAL RULE 7.1

I, Christine M. Griffin, hereby certify that I conferred with counsel for the Defendants Deborah Ecker and Susan Jacobs by phone on the 17th day of April, 2007, in good faith, regarding the issues addressed above, but that we were unable to resolve these issues.

 /s/Christine M. Griffin
Christine M. Griffin

## **CERTIFICATE OF SERVICE**

      I, Christine M. Griffin, hereby certify that it is my understanding that the foregoing document will be served on all counsel of record via email through the Court's ECF filing system upon the electronic filing of this document with the Court on this the 18th day of April, 2007.

                                      /s/ Christine M. Griffin
                                      Christine M. Griffin