LEXSTAT M.G.L. CH. 149 §185

ANNOTATED LAWS OF MASSACHUSETTS
© 2007 Matthew Bender & Company, Inc.,
a member of the LexisNexis Group.
All rights reserved.

*** CURRENT THROUGH ACT 29 OF THE 2007 LEGISLATIVE SESSION ***

PART I  ADMINISTRATION OF THE GOVERNMENT
TITLE XXI  LABOR AND INDUSTRIES
Chapter 149  Labor and Industries
MISCELLANEOUS PROVISIONS

**GO TO MASSACHUSETTS CODE ARCHIVE DIRECTORY**

*ALM GL ch. 149, § 185*  (2007)

**§ 185.  Retaliatory Action Against Employees Prohibited; Conditions; Exceptions.**

 **(a)** As used in this section the following words shall have the following meanings:-

 **(1)** "Employee", any individual who performs services for and under the control and direction of an employer for wages or other remuneration.

 **(2)** "Employer", the commonwealth, and its agencies or political subdivisions, including, but not limited to, cities, towns, counties and regional school districts, or any authority, commission, board or instrumentality thereof.

 **(3)** "Public body", (A) the United States Congress, any state legislature, including the general court, or any popularly elected local government body, or any member or employee thereof; (B) any federal, state or local judiciary, or any member or employee thereof, or any grand or petit jury; (C) any federal, state or local regulatory, administrative or public agency or authority, or instrumentality thereof; (D) any federal, state or local law enforcement agency, prosecutorial office, or police or peace officer; or (E) any division, board, bureau, office, committee or commission of any of the public bodies described in the above paragraphs of this subsection.

 **(4)** "Supervisor", any individual to whom an employer has given the authority to direct and control the work performance of the affected employee, who has authority to take corrective action regarding the violation of the law, rule or regulation of which the employee complains, or who has been designated by the employer on the notice required under subsection (g).

 **(5)** "Retaliatory action", the discharge, suspension or demotion of an employee, or other adverse employment action taken against an employee in the terms and conditions of employment.

 **(b)** An employer shall not take any retaliatory action against an employee because the employee does any of the following:

 **(1)** Discloses, or threatens to disclose to a supervisor or to a public body an activity, policy or practice of the employer, or of another employer with whom the employee's employer has a business relationship, that the employee reasonably believes is in violation of a law, or a rule or regulation promulgated pursuant to law, or which the employee reasonably believes poses a risk to public health, safety or the environment;

 **(2)** Provides information to, or testifies before, any public body conducting an investigation, hearing or inquiry into any violation of law, or a rule or regulation promulgated pursuant to law, or activity, policy or practice which the employee reasonably believes poses a risk to public health, safety or the environment by the employer, or by another employer with whom the employee's employer has a business relationship; or

 **(3)** Objects to, or refuses to participate in any activity, policy or practice which the employee reasonably believes is in violation of a law, or a rule or regulation promulgated pursuant to law, or which the employee reasonably believes poses a risk to public health, safety or the environment.

**(c)**  **(1)** Except as provided in paragraph (2), the protection against retaliatory action provided by subsection (b) (1) shall not apply to an employee who makes a disclosure to a public body unless the employee has brought the activity, policy or practice in violation of a law, or a rule or regulation promulgated pursuant to law, or which the employee reasonably believes poses a risk to public health, safety or the environment, to the attention of a supervisor of the employee by written notice and has afforded the employer a reasonable opportunity to correct the activity, policy or practice.

**(2)** An employee is not required to comply with paragraph (1) if he: (A) is reasonably certain that the activity, policy or practice is known to one or more supervisors of the employer and the situation is emergency in nature; (B) reasonably fears physical harm as a result of the disclosure provided; or (C) makes the disclosure to a public body as defined in clause (B) or (D) of the definition for "public body" in subsection (a) for the purpose of providing evidence of what the employee reasonably believes to be a crime.

**(d)** Any employee or former employee aggrieved of a violation of this section may, within two years, institute a civil action in the superior court. Any party to said action shall be entitled to claim a jury trial. All remedies available in common law tort actions shall be available to prevailing plaintiffs. These remedies are in addition to any legal or equitable relief provided herein. The court may: (1) issue temporary restraining orders or preliminary or permanent injunctions to restrain continued violation of this section; (2) reinstate the employee to the same position held before the retaliatory action, or to an equivalent position; (3) reinstate full fringe benefits and seniority rights to the employee; (4) compensate the employee for three times the lost wages, benefits and other remuneration, and interest thereon; and (5) order payment by the employer of reasonable costs, and attorneys' fees.

**(e)**  **(1)** Except as provided in paragraph (2), in any action brought by an employee under subsection (d), if the court finds said action was without basis in law or in fact, the court may award reasonable attorneys' fees and court costs to the employer.

**(2)** An employee shall not be assessed attorneys' fees under paragraph (1) if, after exercising reasonable and diligent efforts after filing a suit, the employee moves to dismiss the action against the employer, or files a notice agreeing to a voluntary dismissal, within a reasonable time after determining that the employer would not be found liable for damages.

**(f)** Nothing in this section shall be deemed to diminish the rights, privileges or remedies of any employee under any other federal or state law or regulation, or under any collective bargaining agreement or employment contract; except that the institution of a private action in accordance with subsection (d) shall be deemed a waiver by the plaintiff of the rights and remedies available to him, for the actions of the employer, under any other contract, collective bargaining agreement, state law, rule or regulation, or under the common law.

**(g)** An employer shall conspicuously display notices reasonably designed to inform its employees of their protection and obligations under this section, and use other appropriate means to keep its employees so informed. Each notice posted pursuant to this subsection shall include the name of the person or persons the employer has designated to receive written notifications pursuant to subsection (c).

**HISTORY:**  1993, 471;  1997, 19, § 90, approved with emergency preamble, June 6, 1997.

**NOTES:**

**Editorial Note**

**The 1997 amendment,** in subsection (g), substituted "persons" for "person" the second time it appeared.