UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.: 04-11329DPW

| | |
|---|---|
| DR. JOHN J. BELIVEAU, )<br>)<br>        Plaintiff  )<br>VS.  )<br>)<br>TOWN OF MANSFIELD MUNICIPAL  )<br>ELECTRIC DEPARTMENT AND JOHN  )<br>D'AGOSTINO,  )<br>)<br>        Defendants  ) | |

CONSOLIDATED WITH:

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.: 05-10354DPW

KIMBERLY STOYLE, )
)
        Plaintiff )
VS. )
)
THE MANSFIELD MUNICIPAL )
ELECTRIC DEPARTMENT, JOHN )
D'AGOSTINO, TOWN OF MANSFIELD )
BOARD OF LIGHT COMMISSIONERS, )
LOUIS AMORUSO, MICHAEL McCUE, )
DAVID McCARTER, DANIEL )
DONOVAN, ROGER ACHILLE and )
STEVEN MacCAFFRIE, )
)
        Defendants )

## DEFENDANTS' EMERGENCY MOTION TO EXTEND DISCOVERY PERIOD TO TAKE THE DEPOSITION OF GEORGE DENTINO

The Defendants hereby request that the discovery period in this matter, set to expire May 11, 2007, be extended solely for the purpose of taking the deposition of George Dentino.

1

As grounds therefore, the Defendants state that they have noticed the deposition of George Dentino on several occasions prior to the close of discovery. Mr. Dentino has resisted having his deposition taken and asked for time to hire his own attorney. Mr. Dentino's counsel initially indicated that he would file a Motion for Protective Order to stop the deposition. Mr. Dentino has finally agreed to be deposed and his attorney has proposed several dates which would be convenient. The Defendants did not want to burden this Court with a motion to compel Mr. Dentino's attendance at his deposition while attempts were being made to work it out without Court intervention.

The Defendants discussed dates with Plaintiff's counsel at the deposition of another witness on May 8, 2007 and at that time counsel voiced no opposition to scheduling Mr. Dentino's deposition after the close of discovery and in fact dates after May 11 were discussed. Today, Plaintiff's counsel has indicated that she now objects to going forward with the deposition because discovery is ending today.

Had plaintiff's counsel indicated her objection to scheduling this deposition after May 11 on May 8, the Defendants could have either insisted that the deposition go forward on or before May 11 or they could have sought a Court order. The late notice by Plaintiff's counsel of her opposition to a deposition that all parties knew was going to happen will prejudice the defense.

Accordingly, the Defendants respectfully request that this Court allow the Defendants to go forward with this one deposition. This deposition will not interfere with the previously scheduled court dates or trial of this matter.

        Respectfully submitted,
        The Defendants,
        By their attorneys,


        /s/ Deborah I. Ecker
        Leonard H. Kesten, BBO# 542042
        Deborah I. Ecker, BBO# 554623
        BRODY, HARDOON, PERKINS & KESTEN, LLP
        One Exeter Plaza
        Boston, MA 02116
        (617) 880-7100


        /s/ Susan Jacobs
        Susan Jacobs, Esq.
        Volterra, Goldberg & Jacobs
        Three Mill Street
        Attleboro, MA 02703
        (508) 222-1463

DATED: May 11, 2007