UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-11329-DPW

_____
                                            )
DR. JOHN J. BELIVEAU,                       )
                                            )
        Plaintiff,                          )
                                            )
v.                                          )
                                            )
TOWN OF MANSFIELD MUNICIPAL                 )
ELECTRIC DEPARTMENT AND                     )
JOHN D'AGOSTINO,                            )
                                            )
        Defendants.                         )
_____ )

CONSOLIDATED WITH:

_____
                                            )
KIMBERLY STOYLE,                            )
    Plaintiff                               )
                                            )
v.                                          )
                                            )        CIVIL ACTION No. 05-10354-DPW
THE MANSFIELD MUNICIPAL ELECTRIC            )
DEPARTMENT, JOHN D'AGOSTINO,                )
THE TOWN OF MANSFIELD BOARD OF              )
LIGHT COMMISSIONERS, LOUIS AMORUSO,         )
MICHAEL MCCUE, DAVID MCCARTER,              )
DANIEL DONOVAN, ROGER ACHILLE               )
and STEVEN MACCAFFRIE,                      )
    Defendants                              )
_____

**PLAINTIFF BELIVEAU'S OPPOSITION TO
EMERGENCY MOTION
TO EXTEND DISCOVERY PERIOD TO TAKE DEPOSITION OF GEORGE DENTINO**

Plaintiff, Dr. John J. Beliveau, opposes the Defendants' Motion to Extend the Discovery

Period to Take Deposition of George Dentino on the following grounds:

1

1. The Parties in the above-encaptioned matters agreed to extend the discovery deadline: 1) for the purpose of taking depositions of fact witnesses that had been noticed prior to March 30, 2007, which was the close of discovery; 2) for the purpose of supplementing expert disclosures; and 3) for taking expert depositions. The Parties filed a joint motion to extend the discovery deadline for these purposes. In that motion, the parties requested that the Court set May 11, 2007, as the deadline for taking all fact depositions that had been previously noticed and for taking all expert depositions. The Court granted that motion and established that deadline. *See* Affidavit of Counsel, attached hereto as Exhibit A, at ¶ 1.

2. May 11, 2007, was chosen for a reason. Counsel for the Defendants have been on notice for a period of several weeks that Juliane Balliro, counsel for Plaintiff Beliveau, was leaving on May 12, 2007 for Spain and Portugal and would not be returning until May 23, 2007. *See* Affidavit of Counsel at ¶ 2.

3. Defense counsel has noticed and cancelled Mr. Dentino's deposition at least six times during the course of this litigation including twice in 2005, three times in 2006 and once in January of 2007. *See* Affidavit of Counsel at ¶ 3.

4. In April, 2007, Mr. Dentino retained counsel. On April 20, 2007, counsel for the Defendants, Leonard Kesten, interviewed Mr. Dentino in the presence of his counsel concerning his knowledge of facts relevant to this action. The Plaintiffs were not given notice of the interview and were not invited to attend. *See* Affidavit of Counsel at ¶ 4.

5. At the conclusion of the April 20, 2007, interview, Mr. Kesten informed counsel for Mr. Dentino that he intended to take his client's deposition but gave no such notice to counsel for the Plaintiffs. *See* Affidavit of Counsel at ¶ 5.

6. Counsel for the Defendants did not contact counsel for Mr. Dentino for a date upon which to conduct the deposition of Mr. Dentino until May 8, 2007, three days prior to the expiration of discovery. As of May 8, 2007, there was insufficient time to schedule Mr. Dentino's deposition within the discovery period and Mr. Dentino's counsel was not available on any dates prior to the expiration of the discovery period. *See* Affidavit of Counsel at ¶ 6.

7. On May 8, 2007, the Defendants conducted what Plaintiffs anticipated would be the final deposition in the case. After the deposition, Susan Jacobs informed Plaintiffs' counsel that Defendants intended to take Mr. Dentino's deposition after the close of discovery. Counsel for the Plaintiffs did not agree to an extension of discovery for that purpose. *See* Affidavit of Counsel at ¶ 7.

8. On May 11, 2007, the deadline for discovery, counsel for the Defendants contacted Mr. Dentino's counsel for additional dates. *See* Affidavit of Counsel at ¶ 8.

9. Defendants' counsel waited until only hours before Ms. Balliro was scheduled to leave the office for her vacation to file an emergency motion to take the deposition. *See* Affidavit of Counsel at ¶ 9.

The foregoing facts demonstrate that counsel for the defendants elected to interview Mr. Dentino privately with his counsel prior to noticing his deposition, that the decision was made on April 20, 2007, immediately following that interview, to take Mr. Dentino's deposition, that, on April 20, 2007, counsel was aware that Ms. Balliro was leaving for Europe on May 12, 2007, that defense counsel subsequently made no effort to schedule the deposition within the agreed upon time period, and that counsel did not even attempt to re-schedule the deposition until three days prior to the close of discovery. The taking of Mr. Dentino's deposition less than three weeks prior to the start of trial requires that the plaintiffs allocate valuable time that would otherwise be utilized to prepare the matter for trial. The Plaintiff Beliveau has no intention of calling Mr. Dentino as a witness at trial. Finally, defense counsel, having already interviewed the witness, cannot claim prejudice or surprise in the event Mr. Dentino is called as a witness at trial.

                      RESPECTFULLY SUBMITTED,
**PLAINTIFF,**
**DR. JOHN J. BELIVEAU,**

By his attorneys,

 /s/ Christine M. Griffin_____
Juliane Balliro (BBO # 028010)
Christine M. Griffin (BBO # 651401)
Wolf, Block, Schorr and Solis-Cohen LLP
One Boston Place
Boston, MA 02108
617-854-4100

May 14, 2007

3

**CERTIFICATE OF SERVICE**

     I, Christine M. Griffin, hereby certify that it is my understanding that the foregoing document will be served on all counsel of record via email through the Court's ECF filing system upon the electronic filing of this document with the Court on this the 14th day of May, 2007, and that I am also circulating a copy of the foregoing document to counsel Lynn Leonard by email on this the 14th day of May, 2007.

                                             /s/ Christine M. Griffin
                                             Christine M. Griffin