**EXHIBIT A**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-11329-DPW

| | |
|---|---|
| DR. JOHN J. BELIVEAU, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TOWN OF MANSFIELD MUNICIPAL )<br>ELECTRIC DEPARTMENT AND )<br>JOHN D'AGOSTINO, )<br>)<br>Defendants. )<br>) | |

CONSOLIDATED WITH:

| | |
|---|---|
| KIMBERLY STOYLE, )<br>Plaintiff )<br>)<br>v. )<br>)<br>THE MANSFIELD MUNICIPAL ELECTRIC )<br>DEPARTMENT, JOHN D'AGOSTINO, )<br>THE TOWN OF MANSFIELD BOARD OF )<br>LIGHT COMMISSIONERS, LOUIS AMORUSO, )<br>MICHAEL MCCUE, DAVID MCCARTER, )<br>DANIEL DONOVAN, ROGER ACHILLE )<br>and STEVEN MACCAFFRIE, )<br>Defendants ) | CIVIL ACTION NO. 05-10354-DPW |

**AFFIDAVIT OF COUNSEL**

I, Christine M. Griffin, hereby depose and state as follows:

1. I am an attorney licensed to practice in the Commonwealth of Massachusetts and I represent the Plaintiff, Dr. John J. Beliveau, in the above-encaptioned consolidated matters.

1

2. Pursuant to an order of Court in this matter permitting the parties' computer experts to meet to examine Mansfield electronic storage media, Plaintiff Beliveau recently retained computer expert Mark Spencer and Plaintiff's counsel began negotiating with Defendants' counsel to set up a time to meet in Mansfield and allow Mr. Spencer to review and copy any electronic storage media in Mansfield which might contain material responsive to Plaintiffs' discovery requests.

3. During the two weeks prior to the meeting in Mansfield, which took place on Friday, May 25, 2007, and as part of discussions between counsel regarding what material would be available to Mr. Spencer, the Defendants' counsel asserted to me, by phone, that there were no back up tapes of the current server in Mansfield in existence, that there were no backup tapes of the previous servers in Mansfield in existence, that Defendants' counsel was not sure exactly what electronic media had been searched for material responsive to Plaintiff's document requests and that the Town MIS staff had been responsible for conducting searches and gathering responsive materials.

4. Ultimately, after discussions with Plaintiff's counsel, Defendants' counsel identified four data sources that might contain additional electronic materials responsive to Plaintiffs' requests and which had not been produced to Plaintiffs. Those data sources were: 1) the current Mansfield email server; 2) the current Mansfield document server; 3) D'Agostino's current laptop computer; and 4) Boucher's former desktop computer.

5. On Friday, May 25, 2007, I traveled to Mansfield Town Hall to have copies of these materials made by Plaintiff's computer expert, Mr. Spencer.

6. During the course of the day on May 25, 2007, at various points, the following people were present at our meetings in the Mansfield Town Hall: counsel for the Defendants, Susan Jacobs and Deborah Ecker, The Director of MIS for the Town of Mansfield, Lou Costa, Mr. Costa's assistant, Nathan Bradbury, Plaintiff's Expert, Mark Spencer, Plaintiff, Dr. John J. Beliveau, and myself.

7. As agreed by the parties, Defendants permitted Mr. Spencer to have access to the four newly identified data sources for copying. Defendants additionally made Mr. Costa and Mr. Bradbury of the Town MIS Department, available to Mr. Spencer and myself to answer questions regarding the computer systems and data storage systems in Mansfield.

8. Mr. Spencer and I questioned Mr. Costa and Mr. Bradbury, in the presence of Attorney Susan Jacobs and Plaintiff Beliveau, regarding data storage in Mansfield. During this discussion, Mr. Costa and Mr. Bradbury indicated the following: 1) to the best of their memories, Mr. Costa had been asked to search the Town systems only for certain specific sets of emails, and Mr. Costa and Mr. Bradbury had done no other searches of the town computers or data storage systems for materials responsive to Plaintiffs' document requests; 2) other than preserving the emails that Mr. Costa searched for, no efforts had been made by Mr. Costa or Mr. Bradbury, and no instructions had been communicated to Mr. Costa or Mr. Bradbury, to preserve electronic information that might be relevant to Plaintiffs' claims; and 3) a number of additional sources of potentially responsive

electronic materials do exist, including the former light department server, an additional Town Department document storage server, and a box full of backup tapes that are currently stored in a closet in Mansfield Town Hall. In addition, Mr. Costa and Mr. Bradbury indicated that the MMED itself has a series of backup tapes and old hard drives that might contain responsive material.

9. Mr. Costa and Mr. Bradbury indicated that the Town keeps back up tapes of the current computer servers, and that the Town has backup tapes of prior servers. Mr. Costa and Mr. Bradbury also indicated that the Mansfield Municipal Light Department keeps backup tapes of its computer server. The Town MIS staff indicated that, with both the current servers and the old servers, new tapes were made and old tapes were overwritten on an ongoing basis. This continues to be the Town's back up and disaster recovery system to this day.

10. Mr. Costa and Mr. Bradbury indicated that when Town hard drives and other equipment cease to function or become out of date, those machines are disposed of by either 1) returning them to the manufacturer; 2) giving them to the school department; or 3) throwing them away. No effort has been made during the pendency of this litigation to preserve machines that might contain relevant or responsive materials. As recently as last fall, Bea Kearney's hard drive was returned to the manufacturer and is no longer in the Town's possession, custody or control.

11. Other than the material identified by Defendants' expert Guaraldi in his report, Defendants have objected to the release of any documents to Plaintiffs without Defendants first reviewing all such material for privilege. Therefore, Plaintiff Beliveau and Defendants have entered into an agreement that Plaintiff's expert may copy certain electronic media that have been made available by Defendants to date and that the expert may perform searches of those media to find relevant materials, but that none of the materials generated through those searches may be produced to Plaintiffs' attorneys until Defendants have reviewed that material for privilege. As a result, Plaintiff is now in the position, only weeks before trial, of paying an expert to conduct searches that should have been conducted by Defendants years ago. Thus, not only have the Defendants failed to conduct a minimally adequate search for electronically stored documents, but they expect Plaintiff to bear the costs associated with the identification of relevant documents and the production of those documents to Defendants for a determination of the appropriate privileges. Moreover, it is unlikely that the searches and privilege review will be completed quickly enough for Plaintiff to locate material that may be relevant at trial. This is particularly true given that Plaintiffs' counsel are now engaged in trial preparation and are therefore not in a position to devote the next two weeks to obtaining discovery that should have been produced long ago. Moreover, there are additional media which may contain responsive material, the existence of which has only just been revealed to Plaintiff, and which have not yet been made available to Plaintiff. Plaintiff has been significantly prejudiced by Defendants' failure to properly search their electronic media for responsive materials and produce those materials to Plaintiff.

3

12. I hereby certify that Exhibits B through Q, attached with this affidavit as exhibits to Plaintiffs' Motion for Sanctions Against Defendants, The Town Of Mansfield Municipal Electric Department and John D'Agostino, are true and accurate copies of the documents identified as Exhibits in that motion.

Signed and sworn to under the pains and penalties of perjury on this the 2nd day of June, 2007,

_____
Christine M. Griffin, Esq.

4