**EXHIBIT G**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

KIMBERLY STOYLE,
　　　　　　Plaintiff

v.

THE MANSFIELD MUNICIPAL ELECTRIC
DEPARTMENT, JOHN D'AGOSTINO,
THE TOWN OF MANSFIELD BOARD OF
LIGHT COMMISSIONERS, LOUIS AMORUSO,
MICHAEL McCUE, DAVID McCARTER,
DANIEL DONOVAN, ROGER ACHILLE
AND STEVEN MacCAFFRIE,

　　　　　　Defendants

C.A. No. 05-10354-DPW

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED UPON THE TOWN OF MANSFIELD MUNICIPAL ELECTRIC DEPARTMENT

The plaintiff, Kimberly Stoyle, pursuant to Fed. R. Civ. P. 34, hereby serves her First Request for Production of Documents upon defendant the Town of Mansfield Municipal Electric Department ("MMED"). Please take notice that pursuant to Fed. R. Civ. P. 34(b), defendant shall make the requested documents available for such purposes at the offices of Lynn A. Leonard, 527 Main Street, Melrose, Massachusetts 02176, or at such other place upon which the parties mutually agree, within thirty days of the date hereof.

### I. DEFINITIONS AND INSTRUCTIONS

1. "Document" is used in the broadest sense contemplated by Fed. R. Civ. P. 34 and includes but is not limited to the following items: agreements; drafts; communications; correspondence; facsimiles; memoranda; records; books; financial statements; summaries of records; notes of personal conversations or interviews; diaries; calendars; forecasts; statistical statements; accountants' work papers; analytical records; minutes or records of meetings or conferences; reports and/or summaries of investigations; opinions or reports of consultants; appraisals; reports and/or summaries of negotiations; contracts; stenographic, handwritten or any other notes; working papers; federal and state income tax returns; checks, front and back; check stubs or receipts; shipping documents, manifests; invoice vouchers; computer printouts and computer disks and tapes; and email correspondence, however produced or reproduced. A draft or non-identical copy is a separate document within the meaning of this term.

2. "Communication" is used in the broadest sense contemplated by the Massachusetts Rules and includes every manner of transmitting or receiving information (in the form of facts, ideas, inquiries, opinions, or thoughts) regardless of form.

3. The term "concerning" means referring to, describing, supporting, evidencing, or constituting.

4. The term "D'Agostino" refers to John O. D'Agostino, or anyone else acting, or who has acted, on his behalf or who is reasonably believed to have authorization to act on his behalf.

5. The term "MMED" refers to the Town of Mansfield Municipal Electric Department, its employees, agents, affiliates, or anyone else acting, or who has acted, on its behalf or who is reasonably believed to have authorization to act on its behalf.

6. The term "Town of Mansfield" refers to the Town of Mansfield, its employees, agents, affiliates, boards, commissions or anyone else acting, or who has acted, on its behalf or who is reasonably believed to have authorization to act on its behalf.

7. The terms "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the requests inclusive rather than exclusive. The use of the word "including" shall be construed to mean "without limitation."

8. Reference to the singular in any of these requests shall also include a reference to the plural, and reference to the plural shall include a reference to the singular.

9. The documents requested herein shall be organized and labeled according to the number of the document request.

10. The duty to produce documents shall not be limited or affected by the fact that the same document is available through another source. All documents should be produced which are not subject to an objection and are known by, possessed or controlled by, or available to defendant or any of its attorneys, consultants, representatives, employees, officers, directors, partners, or other agents.

11. If a privilege is claimed with respect to any document or thing, please identify the following:

   a. the privilege claimed;
   b. the date of creation of the document or thing;
   c. a general description of the document or thing;
   d. the title of the document or thing;
   e. the identity of the author of the document or thing;
   f. the identity of each person who received or saw a copy of the document or thing; and
   g. a description of the document or thing which you would consider adequate to support your contention that the document is privileged or protected.

If the objection relates to only part of the document, the balance of the document production should be answered in full.

12. If any documents requested have been destroyed, lost, mislaid, or were formerly in your possession but are otherwise missing, please so state, specifying for each document or thing:

2

  a. the type of document;
  b. a description of the nature and contents of the document;
  c. the identity of the author;
  d. the circumstances under which it ceased to exist or cannot be located;
  e. the identity of all person(s) having knowledge of the circumstances under which it ceased to exist; and
  f. the identity of all person(s) who had knowledge of the contents. No requested document should be destroyed or deleted pursuant to any document retention program maintained by the defendant.

13. This request for production of documents is deemed to be continuing. Should you obtain any other documents or information which would supplement or modify the documents or information supplied by you in response to this request, you are directed pursuant to Fed.R.Civ.P. 26(e) to give timely notice of such documents and information and to furnish the additional documents or information to the plaintiff without delay. No responsive documents are to be altered, destroyed, or deleted prior to production to the plaintiff.

14. The time period covered by the requests shall be deemed to be March 1999 to present, unless otherwise noted.

## II. DOCUMENTS REQUESTED

1. All documents concerning defendant's allegations that "Stoyle and Beliveau began acting in concert to obtain pay raises for Stoyle and Beliveau and to damage Mansfield employees who they perceived to be their enemies."

2. All documents concerning defendant's allegations that "Stoyle and Beliveau instituted a sham hiring process which was designed to result in the employment of persons favored by them and to exclude other qualified candidates from legitimate consideration."

3. All documents concerning defendant's allegations that "Stoyle and Beliveau conspired to deny a job interview to a qualified applicant for the position of Financial Assistant at the MMELD because they perceived her to be friendly with D'Agostino."

4. All documents concerning defendant's allegations that "Stoyle and Beliveau conspired to interview less qualified candidates because of their relationship with them."

5. All documents concerning defendant's allegations that "Stoyle and Beliveau conspired to rig the hiring process so that a candidate was hired for the position not because she was the most qualified but because she was friendly with Stoyle."

6. All documents concerning defendant's allegations that "Stoyle and Beliveau came to believe that D'Agostino was trying to make Beliveau look bad."

7. All documents concerning defendant's allegations that "Stoyle and Beliveau entered into an agreement to make false allegations against D'Agostino in an attempt to persuade the Selectmen to terminate D'Agostino's employment."

8. All documents concerning defendant's allegations that "Stoyle and Beliveau in February 2002 decided to create a whistleblower lawsuit against D'Agostino and the Town of Mansfield."

9. All documents concerning defendant's allegations that "Stoyle and Beliveau obtained legal advice from the attorney for the MMED as to how to bring an action against the MMED and D'Agostino as a whistleblower."

10. All documents concerning defendant's allegations that "Stoyle and Beliveau, in February of 2002, determined that they would not be able at that time to prove the legal elements necessary to win a lawsuit against D'Agostino for whistle-blowing."

11. All documents concerning defendant's allegations that "Stoyle and Beliveau agreed to manufacture evidence to support a sexual harassment action against D'Agostino."

12. All documents concerning defendant's allegations that "Stoyle and Beliveau believed that two of the five Selectmen would vote to terminate D'Agostino's employment contract, but determined that they needed to persuade at least one more Selectman to do so.

13. All documents concerning defendant's allegations that "Stoyle and Beliveau agreed that Stoyle would file a false complaint alleging sexual harassment against D'Agostino."

14. All documents concerning defendant's allegations that "Stoyle and Beliveau agreed to testify falsely about D'Agostino's actions during the pendency of Stoyle's sexual harassment lawsuit."

15. All documents concerning defendant's allegations that "Stoyle and Beliveau conspired to file an MCAD claim to ruin the career of D'Agostino and to create evidence that would support future lawsuits."

16. All documents concerning defendant's allegations that "Beliveau obtained legal advice from counsel for the MMED as to how Stoyle could bring another action against D'Agostino as a result of his comments to the press."

17. All documents concerning defendant's allegations that "Stoyle and Beliveau fostered an atmosphere of hostility and contempt towards certain Town of Mansfield employees including the Treasurer Collector, the Town Accountant and the Town Manager."

18. All documents concerning defendant's allegations that "Stoyle and Beliveau, in their communications, demonstrated contempt for other Town employees and an unwillingness to accept the fact that D'Agostino was their supervisor."

19. All documents concerning defendant's allegations that "Stoyle and Beliveau referred to the Treasurer Collector, the Assistant Assessor and the Town Accountant as losers."

4

20. All documents concerning defendant's allegations that "Stoyle referred to D'Agostino as a scum bag."

21. All documents concerning defendant's allegations that "Stoyle continued to assist Beliveau in his lawsuit using MMED equipment and during her working hours."

22. All documents concerning defendant's allegations that "Stoyle used false testimony to attempt to persuade the Town of Mansfield to settle her claim."

23. All documents concerning defendant's allegations that "Stoyle concocted a pretext to leave her employment and claim that she was constructively discharged."

24. All documents concerning defendant's allegations that "all four of the MCAD complaints filed by Beliveau and Stoyle, and both the USDC complaints, and the complaint to the Ethics Commission were filed in concert with malice and without basis in fact or in law."

25. All documents that relate to plaintiff's job performance, maintained by MMED and/or the Town of Mansfield, including but not limited to formal or informal internal memoranda, performance review information and documents reflecting assessments of merit.

26. All documents concerning any formal or informal investigation conducted by the MMED, the Town of Mansfield, and/or D'Agostino concerning the allegations contained in plaintiff's Complaint or Answer in this action or plaintiff's MCAD actions.

27. All documents concerning any warning and review in connection with the assertion that plaintiff was not getting along, working at cross purposes, and/or was insubordinate with any other individual at the MMED or the Town of Mansfield.

28. All documents concerning any alleged difficulties or interpersonal relations between plaintiff and the Town Accountant and/or any individual in the Town of Mansfield Treasurer's office.

29. All documents concerning any formal investigation conducted by D'Agostino, the Town of Mansfield, the MMED and/or any insurance carrier concerning the allegations in plaintiff's Federal Court and MCAD complaints.

30. All documents or communication by and between D'Agostino, the Town of Mansfield, and/or the MMED and any insurance carrier concerning the plaintiff's Federal Court and MCAD complaints.

31. All documents or communications received by or sent to James Lampke relating to the allegations in plaintiff's Federal Court and MCAD complaints.

32. All documents, records and communications concerning meetings by and between D'Agostino and the Board of Light Commissioners and/or the Board of Selectmen concerning plaintiff and/or the allegations in plaintiff's Federal Court and MCAD complaints.

33. All documents concerning plaintiff's replacement, Charles Ellis, including but not limited to advertisements for the position, job application, job description, salary history and resume.

5

34. All documents concerning communications by and between D'Agostino and Gary Babin from December 2003 through May 2004 regarding the position of Director of the MMED, including but not limited to Babin's application for employment.

35. All documents concerning the organizational structure of the MMED.

36. All documents and communications by and between D'Agostino, the Town of Mansfield, the MMED and any publisher or author, or anyone working on their behalf, in the newspaper news reporting industry regarding plaintiff.

37. All documents of any kind which the MMED or any co-defendants intend to offer as evidence at the trial in this action.

38. All documents concerning any statement obtained by any fact witness in this matter.

39. All documents provided to any expert witness retained in this matter.

40. All documentation concerning policies and procedures in existence from 1998 to the present regarding the use of credits issued by MMED and the Town of Mansfield to their employees.

41. All documentation concerning reimbursement by John D'Agostino to MMED or to the Town of Mansfield for any personal expenses he charged to MMED credit cards during the period 1998 to present.

42. All documentation regarding Agendas for Board of Light Commissioners Meetings.

43. All documentation regarding warrants presented by MMED or by the Town of Mansfield for approval of expenditures of MMED funds including the date of the warrant, the reason for the expenditures and the date such warrant was approved.

44. All documents concerning the employment responsibilities, including but not limited to job descriptions, town charter, and communications regarding job expectations for the following individuals:

    (a) John D'Agostino
    (b) Richard Boucher
    (c) Bea Kearney
    (d) Jack Beliveau
    (e) Gary Babin
    (f) Kimberly Stoyle
    (g) The Board of Light Commissioners

45. All documents relating to D'Agostino's employment contract.

46. All documents regarding the stipend paid to D'Agostino for his services as Manager of the MMED.

6

47. All documents concerning the MMED and/or Town of Mansfield policy for assignment of a company or municipal owned vehicle.

48. All documents concerning defendant's policies and procedures in effect from March 1999 to date for the "back-up," storage, archiving, retrieval, and construction of electronically generated correspondence, memoranda, communications, data compilations and business records of any sort.

49. All documents concerning operating manuals and instructions concerning the software used to copy ("back up"), store, archive, or destroy electronic data, and to index, identify, or retrieve electronic files from MMED and Town of Mansfield computer systems or storages facilities.

50. All communications by any named defendant and by Richard Boucher, Bea Kearney and Gary Babin to any other individual concerning the allegations contained in the Complaint or Answer in this action or in plaintiff's MCAD actions.

51. All documents, including indexes, lists, logs, directories, and records concerning "backed up," archived, retrieved, or destroyed electronic files concerning the communications identified in response to Interrogatory No. 49.

52. All documents contained within the personnel file of the following individuals including but not limited to sexual harassment and other complaints, performance evaluations, reprimands and salary upgrades:

    (a) John D'Agostino
    (b) Richard Boucher
    (c) Beatrice Kearney
    (d) Gary Babin

PLAINTIFF
Kimberly Stoyle
By her Attorney,

*Lynn A. Leonard*

Lynn A. Leonard
Attorney At Law
527 Main Street, Suite 8
Melrose, MA 02176
(781) 662-6161
B.B.O. No. 561662

Dated: June 21, 2006

7

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KIMBERLY STOYLE,<br>　　　　　　Plaintiff<br><br>Vs.<br><br>THE MANSFIELD MUNICIPAL ELECTRIC DEPARTMENT, JOHN D'AGOSTINO, THE TOWN OF MANSFIELD BOARD OF LIGHT COMMISSIONERS, LOUIS AMORUSO, MICHAEL McCUE, DAVID McCARTER, DANIEL DONOVAN, ROGER ACHILLE and STEVEN MacCAFFRIE,<br><br>　　　　　　Defendants | C.A. No. 05-10354-DPW |

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED UPON JOHN D'AGOSTINO

1. Please provide any and all internal charge bills from the Town of Mansfield ("the Town") to the Mansfield Municipal Electric Department ("MMED") and all related back-up documentation for the period 1995 to the present.

2. Please provide any and all monthly general ledger detail activity reports maintained by the Town Accountant and/or the Town Treasurer for the operating cash account of MMED for the period 1995 to present.

3. Please provide any and all e-mail correspondence between Bea Kearney and John D'Agostino regarding internal charges to MMED for the period 1995 to present.

4. Please provide any and all general ledger detail activity reports maintained by the Town Accountant and/or the Town Treasurer for the MMED depreciation cash account for the period 1995 to present.

5. Please provide any and all bank statements for the MMED depreciation cash account for the period 1995 to present.

6. Please provide any and all Town account bank statements for the period 1995 to present.

1

7. Please provide any and all e-mail correspondence between John D'Agostino and defendants Louis Amoruso, Michael McCue, David McCarter, Daniel Donovan, Roger Achille, Steven MacCaffrie and Gary Babin relating to or regarding the allegations set forth in plaintiff's complaint.

8. Please provide any and all documentation including but not limited to notes, memoranda and correspondence regarding the exclusion of MMED's chief financial officer position from the professional union at MMED.

9. Please provide any and all press releases from John D'Agostino and/or any member of the Board of Light Commissioners regarding Kimberly Stoyle.

10. Please provide any and all American Express billing statements for John D'Agostino and all back-up documentation for itemized expenditures from 1997 to present.

11. Please provide any and all documentation generated by the Town or by MMED regarding fiscal year audits of MMED for the years 2001, 2002 and 2003.

12. Please provide any and all documentation associated with the cash reconciliation between MMED and the Town for the period 1995 to present.

13. Please provide all policies and opinions regarding gift giving or donations by the Town and MMED for the period 1995 to present.

14. Please provide copies of any and all documents that defendants intend to introduce into evidence or to use for any purpose at the trial of this matter.

15. Please provide any and all documents including but not limited to notes, files, e-mails, correspondence and investigative reports regarding the investigation of John D'Agostino for violation of the state ethics rules.

16. Please provide any and all documents including but not limited to notes, files, e-mails, correspondence and investigative reports relating to any investigation into allegations of sexual harassment and retaliation against Kimberly Stoyle.

17. Please provide copies of any and all discrimination and retaliation complaints filed against the Town and MMED for the period 1995 to the present.

18. Please provide a complete copy of plaintiff's personnel file.

19. Please provide a copy of the Town of Mansfield Policy for Use of Town Computers and e-mail in effect from 1999 to present.

20. Please provide the job description for MMED Director in effect at the time plaintiff was employed by MMED.

2

21. Please provide any and all payroll records pertaining to plaintiff.

22. Please provide copies of all e-mail correspondence referenced in defendant's initial disclosures.

23. Please provide minutes, notes and electronic recordings of Mansfield Board of Light Commissioners meetings taken during plaintiff's employ.

24. Please provide minutes, notes and electronic recordings of the Mansfield Board of Selectman meetings that relate or refer to the allegations set forth in plaintiff's complaint.

25. Please provide John D'Agostino's letter of reprimand to Jack Beliveau dated June 15, 2004.

26. Please provide the letter of apology from Jack Beliveau to plaintiff dated June 17, 2004.

27. Please provide John D'Agostino's letter of reprimand to Richard Boucher dated June 15, 12004.

28. Please provide a complete copy of defendant's insurance policy issued by Redland Insurance Company.

Respectfully submitted,
PLAINTIFF
By her Attorney,

*Lynn A. Leonard*

Lynn A. Leonard
Attorney-At-Law
527 Main Street, Suite 8
Melrose, MA 02176
(781) 662-6161
B.B.O. No. 561662

Dated: December 7, 2005

3