**EXHIBIT K**



One Boston Place, Boston, MA 02108
Tel: (617) 226-4000 ■ Fax: (617) 226-4500 ■ www.WolfBlock.com

Christine M. Griffin
Direct Dial:   (617) 226-4026
Direct Fax:   (617) 226-4526
E-mail: cgriffin@wolfblock.com

May 18, 2007

**BY ELECTRONIC MAIL**

Leonard Kesten, Esq.
Deborah I. Ecker, Esq.
Brody Hardoon Perkins & Kesten LLP
One Exeter Plaza
Boston, MA 02116

Re:   *Beliveau v. Town of Mansfield Municipal Electric Dept., et al.*
      USDC, District of Massachusetts, C.A. No. 04-11329-DPW
      *Stoyle v. Town of Mansfield Municipal Electric Dept., et al.*
      USDC, District of Massachusetts, C.A. No. 05-10354-DPW

Dear Attorney Kesten and Attorney Ecker:

    I am writing to follow up on our telephone conversations of Wednesday and Thursday of this week. On Wednesday, May 16, 2007 I spoke with each of you regarding access by our computer expert to the Town of Mansfield servers and other electronic storage media. On Thursday, May 17, 2007, I again spoke with Attorney Ecker regarding this access.

    During these phone calls I indicated to you that Plaintiff, Dr. Beliveau, was seeking access to any medium that stored electronic documents generated within the Town of Mansfield between January 1, 2000 and December 31, 2004. Plaintiff seeks access to emails as well as other electronically-stored documents generated during this time period.

    You indicated in response to that request that it was your understanding that electronic materials from the relevant time period were available only on the following media:

1. **The Current Server In Mansfield:** You indicated to me that the server currently in use in Mansfield was installed some time during 2004 and therefore presumably has some electronic material stored on it from that time period. You indicated that the prior server crashed and was replaced by the current server in 2004. You indicated that the old server was not saved and that there were no backup tapes or other backups made of the old server. You indicated that there are also no backup tapes or other backups of the current server. You indicated that you are aware of no records regarding the old server other than the

BOS:23577.1/bel185-229942

Boston, MA ■ Cherry Hill, NJ ■ Harrisburg, PA ■ New York, NY ■ Norristown, PA ■ Philadelphia, PA ■ Roseland, NJ ■ Wilmington, DE
WolfBlock Government Relations - Harrisburg, PA ■ WolfBlock Public Strategies - Boston, MA and Washington, DC
Wolf, Block, Schorr and Solis-Cohen LLP, a Pennsylvania Limited Liability Partnership

Leonard Kesten, Esq.
Deborah Ecker, Esq.
May 18, 2007
Page 2

limited number of emails that were preserved on disk and that have already been provided to Plaintiff. You indicated that you did not have any specific knowledge of what types of searches were performed of the old or the new server with regard to Plaintiff Beliveau or Plaintiff Stoyle's document requests, and that Lou Costa, who is responsible for technology in the Town of Mansfield, performed the searches in order to provide material responsive to Plaintiffs' discovery requests. You did not know what the parameters of those searches were.

2. **Four Old Computer Tapes:** You indicated that you are in possession, in your offices in Boston, of four computer tapes that neither you nor your expert have been able to open or access. You indicated that these tapes contain labels such as: "Mon '02", "Tues '02", and "Wed '02". You indicated that you are willing to allow our expert to attempt to open and/or copy those tapes. You indicated that you have no idea what is on these tapes.

3. **Material Reviewed by Guaraldi:** You also referenced the material reviewed by Guaraldi. Defendants' computer expert, Guaraldi, describes in his expert report that he was provided with the following material by Defendants for his review:

   a. CD-Rs: Town of Mansfield Email Old 3/1/06; Eileen email from E Drive; Mansfield emails from Town Hall; Mansfield CDR 001 - Mansfield CDR 043;

   b. Email Archives Jan, Feb, Mar, April, May, June, July, Aug, Sept, Oct, Nov, Dec 2003;

   c. Email Archives Jan, Feb, Mar, April, June (says Bad), July, Aug, Sept, Oct, Nov, Dec 2004;

   d. Email Archives Jan, Feb, Mar, April, May, Jun, July, Aug&Sept, Oct&Nov, Dec 2005;

   e. G Babin email and G Babin email TOM 2/9/2006;

   f. DAT Tapes: Mon 02; Wed 02; Tues 02; Tues (says 6/6/2000 & 8/8/00) (presumably these are the tapes referenced in number 2, above);

   g. Hard Drives: Seagate 3HR0EV8V; Western Digital Caviar 22100 WD AC22100-75H;

   h. Computers: Tungsten Palm pilot; Gateway Laptop.

   i. Not Taken by Guaraldi: Imation Data cartridge - Labeled w/ Northern Data Systems 207-781-3236 - Mansfield elect Light Dept Wednesday backup.

Leonard Kesten, Esq.
Deborah Ecker, Esq.
May 18, 2007
Page 3

You have provided Plaintiff with 3 DVD Disks and one CD-ROM Disk which you have represented contain the contents, that you were able to open and that were non-privileged, of the following materials reviewed by Guaraldi:

a. CD-Rs: Town of Mansfield Email Old 3/1/06; Eileen email from E Drive; Mansfield emails from Town Hall; Mansfield CDR 001 - Mansfield CDR 043;

b. Email Archives Jan, Feb, Mar, April, May, June, July, Aug, Sept, Oct, Nov, Dec 2003;

c. Email Archives Jan, Feb, Mar, April, June (says Bad), July, Aug, Sept, Oct, Nov, Dec 2004;

d. Email Archives Jan, Feb, Mar, April, May, Jun, July, Aug&Sept, Oct&Nov, Dec 2005;

e. G Babin email and G Babin email TOM 2/9/2006.

Plaintiff requests access to the original copies of the disks provided to Guaraldi and listed above. Mr. Guaraldi indicates in his expert report that he was unable to copy or view certain portions of the above disks. Plaintiff's expert should be given an opportunity to work with these disks, to make a forensic copy, and to review the material contained thereon. Please make the original versions of these disks available to Plaintiff for forensic analysis and copying when we meet with you in Mansfield next week.

You have further invited Plaintiff to copy the hard drives (the Seagate 3HR0EV8V and the Western Digital Caviar 22100 WD AC22100-75H) and the computers (the Tungsten Palm pilot and the Gateway Laptop), as well as the DAT Tapes.

Please make these hard drives, computers and DAT Tapes available to Plaintiff and his expert for their forensic analysis and copying when Plaintiff and his expert come to Mansfield next week.

Guaraldi also listed an Imation Data cartridge that he did not examine. Please identify to Plaintiff what categories of material are contained on this data cartridge, and to the extent that any relevant material or material from the relevant time period is stored on this cartridge, please make the data cartridge available to us next week as well.

You indicated, over the course of our phone conversations this week, that you were not aware of any other media on which electronic material from 2000-2004 was stored. I asked if any of the hard drives or blackberries currently in the Town's possession were in use during that time period. You said you did not know if they were or not, and you did not know if anyone had ever searched those machines for material responsive to Plaintiff's discovery requests. You stated that Lou Costa would be the person who would know what media exist and what media were searched in response to discovery requests. You stated that we could question Lou Costa regarding these matters when we came to Mansfield.

BOS:23577.1/bel185-229942

Leonard Kesten, Esq.
Deborah Ecker, Esq.
May 18, 2007
Page 4

     You agreed that you would talk to Lou Costa and the Town IT staff to determine what other media may exist containing any documents, including but not limited to emails, from the time period 2000-2004. You agreed that you would provide Plaintiff with a list of all media that may contain such material, including a list of all hard drives and handheld devices currently in the Town's possession, custody, or control and which may have ever contained material from that time period. You stated that you were not aware of whether John D'Agostino's hard drive or handheld device from that time period was still in use.

     Please include in the list that you are preparing for Plaintiff a list of all hard drives (including desktop and laptop computers), hand held devices (including blackberries, palm pilots and treos), personal storage devices (including thumb and zip drives), servers, web servers, backup tapes and other electronic storage media which were in use between 2000 and 2004 and/or which contain or have ever contained material from that time period.

     Plaintiff is particularly interested in any computers, hard drives, or hand held devices that were ever used by or assigned to the following Town of Mansfield officials and employees:

Dr. John Beliveau
Kim Stoyle
John D'Agostino
Richard Boucher
Beatrice Kearney
Gary Babin
Louis Amoruso
Michael McCue
David McCarter
Daniel Donovan
Roger Achille
Steven MacCaffrie

     You indicated that you would provide this list of electronic media to us as soon as possible, and that you would clear a day next week when we could come and review the identified media and meet with Lou Costa.

     During our phone calls, you objected to Plaintiff making copies of the Town server and certain other material because you believed that that would provide Plaintiff with access to some privileged material. You stated that you would only permit Plaintiff to make a directory list of the files contained on these media. You stated that in order to preserve privilege, you would require that Plaintiff then go through the directory list and indicate the file name of any document that Plaintiff wished to review. Defendants would then review that document for privilege, and would provide the document if it was not privileged.

     I indicated to you in response that this procedure was not acceptable to Plaintiff. Plaintiff will be unable to determine, from the name and date of a file, whether it contains relevant or discoverable information. Plaintiff will also be unable to make efforts to recover material that has been deleted from the media, will be unable to obtain the meta-date regarding the relevant files, such as when the files were

BOS:23577.1/bel185-229942

created, edited, or sent via email, and will be unable to do searches through the presumably numerous files for relevant material.

    I indicated that our computer expert regularly employs the following process for protecting privilege: He will forensically copy the entire electronic medium; he will then search through the medium for relevant or discoverable material using search terms provided by Plaintiff. Any documents that are produced through these searches will then be turned over by the computer expert to defendants for privilege review without those materials being released to Plaintiff or his attorneys. Once defendants have made a privilege determination, the non-privileged documents will be turned over to Plaintiff. We believe that this is a simple and sound method for preserving privilege while allowing Plaintiff access to forensic copies of the electronic storage media. You said you would consider this approach and would respond.

    During our phone conversations, I also indicated to you that it might take a substantial amount of time for our expert to meet with Lou Costa and copy all of the relevant material. You indicated that you would provide access to Mr. Costa and to the Mansfield computers and other media for a full day next week, and that you would permit our expert to return after that as necessary to complete his review.

    Please let me know as soon as you have finished compiling the list of electronic media containing potentially relevant information. Also, please let me know what days next week would be best for our trip to Mansfield.

Sincerely,

Christine M. Griffin

CMG

cc:   Juliane Balliro, Esq.
       Lynn A. Leonard, Esq.
       Susan L. Jacobs, Esq.

# Brody, Hardoon, Perkins & Kesten, LLP
## Attorneys at Law

Richard E. Brody
Laurence E. Hardoon
Samuel Perkins
Leonard H. Kesten
Jocelyn M. Sedney

Of Counsel:
Cheryl A. Jacques

One Exeter Plaza
Boston, Massachusetts 02116

Telephone 617-880-7100
Facsimile 617-880-7171
www.bhpklaw.com

Judy A. Levenson
Jeremy I. Silverfine
Sherri Gilmore Bunick
Deidre Brennan Regan
Deborah I. Ecker
Pamela J. Fitzgerald
Djuna E. Perkins
Thomas P. Campbell
Peter E. Montgomery
Andrew S. Brooslin
Kristin Tyler Harris

Administrator:
Elizabeth L. Joyce

May 18, 2007

*Via Facsimile: (617) 226-4500*
Christine Marie Griffin, Esq.
Wolf, Block, Schorr and Solis-Cohen, LLP
One Boston Place, 41st Floor
Boston, MA 02108

RE: <u>Dr. John J. Beliveau v. Town of Mansfield Municipal Electric Department and John D'Agostino</u>
Civil Action No.: 04 11329 DPW

RE: <u>Kimberly Stoyle v. Town of Mansfield Municipal Electric Department, et al.</u>
Civil Action No: 05-10354-DPW

Dear Christine:

After further discussion, it appears that there are four locations where electronic documents created during the period of 2000 to 2004 could possibly be located. Those locations include Mr. D'Agostino's laptop currently located in his office in the Town of Mansfield, Mr. Boucher's former desktop computer, and two main servers, also located in the Town of Mansfield. Let us know when you would like to go with your expert to the town to copy the information you requested pursuant to the protocol previously forwarded to us by you from your expert. The most convenient days for us are Wednesday, May 23 in the afternoon or any time during the day on May 24 or May 25. As previously discussed, the hardware located in our office is also available at any time for your expert to come and copy. The hardware was previously disclosed to you in Mr. Guaraldi's report.

Very truly yours,

BRODY, HARDOON, PERKINS & KESTEN, LLP

*Deborah Ecker*

Deborah I. Ecker

DIE:nrr
cc:  Susan Jacobs, Esq. *[via facsimile: (508) 226-7565]*
     Lynn Leonard, Esq. *[via facsimile: (781) 662-1625]*

# Brody, Hardoon, Perkins & Kesten, LLP
## Attorneys at Law

Richard E. Brody
Laurence E. Hardoon
Samuel Perkins
Leonard H. Kesten
Jocelyn M. Sedney

Of Counsel:
Cheryl A. Jacques

One Exeter Plaza
Boston, Massachusetts 02116

Telephone 617-880-7100
Facsimile 617-880-7171
www.bhpklaw.com

Judy A. Levenson
Jeremy I. Silverfine
Sherri Gilmore Bunick
Deidre Brennan Regan
Deborah I. Ecker
Pamela J. Fitzgerald
Djuna E. Perkins
Thomas P. Campbell
Peter E. Montgomery
Andrew S. Brooslin
Kristin Tyler Harris

Administrator:
Elizabeth L. Joyce

May 24, 2007

*Via Facsimile: (617) 226-4500*
Christine Marie Griffin, Esq.
Wolf, Block, Schorr and Solis-Cohen, LLP
One Boston Place, 41st Floor
Boston, MA 02108

RE: <u>Dr. John J. Beliveau v. Town of Mansfield Municipal Electric Department and John D'Agostino</u>
Civil Action No.: 04-11329 DPW

Dear Christine:

This letter is in response to your letter dated May 18, 2007 concerning access to electronic storage media by the Plaintiff's computer expert. We have arranged for your expert to meet in Town Hall to copy certain data from the Town of Mansfield servers and other electronic storage media for the time period requested 2000-2004. To clarify, the only servers and electronic storage media that are currently at Town Hall and in use that would have such date include the following:

1. John D'Agostino's current laptop computer located in his office at Town Hall;
2. Richard Boucher's former desktop computer located in the current treasurer's office in Town Hall; and
3. Two current Town servers, "TOMMAIL" and "TOMPDC".

There are no other servers or electronic media in Town Hall that would have information from the time period requested. The computer that was used by Ms. Kearney during the relevant time period was replaced and the blackberry used by Mr. D'Agostino during the relevant time period is also no longer in use. Further, nothing on Mr. Babin's current computer, as you are aware, would be from the period of time that Dr. Beliveau was employed by the Town of Mansfield so we will not make his computer available for copying. Finally, as you are no doubt aware, the personal computers of the individual current or former selectmen are not located in Town Hall and are not the property of the Town. The Selectmen are not employees of the Town of Mansfield. You are not entitled to copy those personal computers.

Finally, all of the disks, hard drives, DAT tapes as well as the palm pilot, Gateway laptop and other electronic media listed in Mr. Guaraldi's report and set forth in your letter, are located and have been located at our offices. We have repeatedly offered to make all of that available to the Plaintiff for copying and review. We continue to offer to have your expert come to our offices to review and copy that material.

In sum, the only relevant servers and electronic media that potentially have documents from the time period 2000-2004 located in Town Hall are Mr. D'Agostino's laptop computer, Richard Boucher's former desktop computer and two main servers for the Town of Mansfield. Those four will be made available to the Plaintiff's expert at our scheduled meeting on Friday May 25, 2007 at 10:00 a.m.

Please do not hesitate to contact us should you have any questions or concerns regarding the above information.

Very truly yours,

BRODY, HARDOON, PERKINS & KESTEN, LLP

Deborah I. Ecker

DIE:nrr
Enclosures

cc. Susan Jacobs, Esq. [via facsimile: (508) 226-7565]



One Boston Place, Boston, MA 02108
Tel: (617) 226-4000 ■ Fax: (617) 226-4500 ■ www.WolfBlock.com

Christine M. Griffin
Direct Dial:    (617) 226-4026
Direct Fax:    (617) 226-4526
E-mail: cgriffin@wolfblock.com

May 24, 2007

**BY ELECTRONIC MAIL**

Leonard Kesten, Esq.
Deborah I. Ecker, Esq.
Brody Hardoon Perkins & Kesten LLP
One Exeter Plaza
Boston, MA 02116

Re:   *Beliveau v. Town of Mansfield Municipal Electric Dept., et al.*
      USDC, District of Massachusetts, C.A. No. 04-11329-DPW
      *Stoyle v. Town of Mansfield Municipal Electric Dept., et al.*
      USDC, District of Massachusetts, C.A. No. 05-10354-DPW

Dear Counsel:

I have received Deborah Ecker's fax dated today, May 24, 2007, and regarding access by our expert to Town of Mansfield Electronic storage media.

As previously arranged, we will meet Susan Jacobs and Lou Costa tomorrow morning, Friday, May 25, 2007, at 10am at the Mansfield Town Hall to review and copy the following materials:

1.   John D'Agostino's current laptop computer located in his office at Town Hall;

2.   Richard Boucher's former desktop computer located in the current treasurer's office in Town Hall; and

3.   Two current Town servers: "TOMMAIL" and "TOMPDC".

As agreed, our expert will make a forensic copy of these materials tomorrow, will search these materials using search terms generated by Plaintiffs, and will provide copies of any documents produced as the result of those searches to Defendants for privilege review. The documents generated as the result of searches will not be provided to Plaintiff or his counsel until Defendants have reviewed them for privilege.

BOS:23666.1/bel185-229942

Boston, MA ■ Cherry Hill, NJ ■ Harrisburg, PA ■ New York, NY ■ Norristown, PA ■ Philadelphia, PA ■ Roseland, NJ ■ Wilmington, DE
WolfBlock Government Relations - Harrisburg, PA ■ WolfBlock Public Strategies - Boston, MA and Washington, DC
Wolf, Block, Schorr and Solis-Cohen LLP, a Pennsylvania Limited Liability Partnership

Leonard Kesten, Esq.
Deborah Ecker, Esq.
May 24, 2007
Page 2

In addition, as previously agreed, you will make Lou Costa available tomorrow during this time for discussion with our expert regarding the Town's electronic storage media.

In addition to confirming our meeting in Mansfield tomorrow, I also wanted to follow up on a few of the other issues mentioned in your fax. You state in your fax that "[t]here are no other servers or electronic media in Town Hall [other than those listed above] that would have information from the time period requested." I want to clarify that, consistent with the discovery rules, we seek access to any electronic storage media that are in the possession, custody, or control of either of the Defendants. Our request for access is not limited only to media currently located in Mansfield Town Hall. If there are any other electronic media in the possession, custody or control of either of the Defendants and which may contain material from 2000-2004, please let me know immediately.

You also state in your fax that "nothing on Mr. Babin's current computer…would be from the period of time that Dr. Beliveau was employed by the Town of Mansfield so we will not make his computer available for copying." As you are aware, Dr. Beliveau is entitled to seek through discovery any material that may lead to the discovery of admissible evidence. Dr. Beliveau is not limited in his discovery requests only to material that was created while he was an employee with the Mansfield Electric Department. Moreover, any document created or received by a municipal employee is a public record under the public records law, subject to very limited exceptions. This includes documents and email generated by Mr. Babin. We therefore renew our request for access to Mr. Babin's current computer, and any other electronic medium that has ever been used by or assigned to Mr. Babin, and which may contain material created between 2000 and the end of 2004.

You additionally state that "the personal computers of the individual current or former selectmen are not located in Town Hall and are not the property of the Town. The Selectmen are not employees of the Town of Mansfield. You are not entitled to copy those personal computers."

Dr. Beliveau does not seek to copy the hard drives of the personal computers owned by individual Selectmen. Nevertheless, the Selectmen are Town Officials and any emails that they created or received having to do with town business are public records, subject to limited exceptions as noted above, even if those emails are stored on their home computers.

Moreover, the computers that are owned and controlled by Town Selectmen, who also serve as Town Light Commissioner, are, by virtue of being in the possession of any current Light Commissioners, also in the possession, custody and control of the Defendant, the Mansfield Municipal Electric Department, and therefore any responsive material contained on those computers should have been produced in response to Plaintiff's earlier discovery requests. In addition, to the extent that subpoenas duces tecum requesting emails were directed to any of the selectman, responsive material in their personal possession, custody and control should previously have been produced.

Finally, to the extent that any Town or Light Department computer or other electronic storage device was ever assigned to or used by any of the Selectmen, and may contain material generated from 2000-2004, please notify me immediately. Plaintiff requests access to any such storage media.

BOS:23666.1/bel185-229942

Leonard Kesten, Esq.
Deborah Ecker, Esq.
May 24, 2007
Page 3

With regard to the material that was provided to Mr. Guaraldi, you have represented that the original copies of all of that material are currently located at your offices in Boston. I understand that material to consist of:

a. CD-Rs: Town of Mansfield Email Old 3/1/06; Eileen email from E Drive; Mansfield emails from Town Hall; Mansfield CDR 001 - Mansfield CDR 043;

b. Email Archives Jan, Feb, Mar, April, May, June, July, Aug, Sept, Oct, Nov, Dec 2003;

c. Email Archives Jan, Feb, Mar, April, June (says Bad), July, Aug, Sept, Oct, Nov, Dec 2004;

d. Email Archives Jan, Feb, Mar, April, May, Jun, July, Aug&Sept, Oct&Nov, Dec 2005;

e. G Babin email and G Babin email TOM 2/9/2006;

f. DAT Tapes: Mon 02; Wed 02; Tues 02; Tues (says 6/6/2000 & 8/8/00);

g. Hard Drives: Seagate 3HR0EV8V; Western Digital Caviar 22100 WD AC22100-75H;

h. Computers: Tungsten Palm pilot; Gateway Laptop.

i. Not Taken by Guaraldi: Imation Data cartridge - Labeled w/ Northern Data Systems 207-781-3236 - Mansfield elect Light Dept Wednesday backup.

You have stated that our expert may come and make a copy of these materials at your offices. Please let me know what days next week would be convenient for our expert to come to your offices and make these copies.

I will see Susan Jacobs and Lou Costa in Mansfield tomorrow.

Sincerely,

Christine M. Griffin

cc: Juliane Balliro, Esq.
    Lynn A. Leonard, Esq.
    Susan L. Jacobs, Esq.

BOS:23666.1/bel185-229942