**EXHIBIT N**

```
          VOLUME:  I
          PAGES:   1-165
          EXHIBITS: See Index

     UNITED STATES DISTRICT COURT
   FOR THE DISTRICT OF MASSACHUSETTS

       CASE NO. 04-11329-DPW
```

```
                                          x
DR. JOHN J. BELIVEAU,                     x
        Plaintiff                         x
                                          x
        vs.                               x
                                          x
TOWN OF MANSFIELD MUNICIPAL               x
ELECTRIC DEPARTMENT, JOHN O.              x
D'AGOSTINO,                               x
        Defendants                        x
                                          x
```

     DEPOSITION of JOHN D'AGOSTINO, 30(b)(6) witness, taken pursuant to the applicable provisions of the Federal Rules of Civil Procedure, before Jill Kourafas, Certified Shorthand Reporter and Notary Public in and for the Commonwealth of Massachusetts held at the Law Offices of Wolf Block, One Boston Place, Boston, Massachusetts, on Monday, September 12, 2005, commencing at 10:00 a.m.

```
         _____
              REPORTERS, INC.
   GENERAL & TECHNICAL COURT REPORTING
   23 MERRYMOUNT ROAD, QUINCY, MA 02169

   617.786.7783/FACSIMILE 617.786.7723
```

Page 2

APPEARANCES OF COUNSEL:

For the Plaintiff:
  WOLF BLOCK SCHORR SOLIS & COHEN, LLP
  (BY: JULIANE BALLIRO, ESQ.)
  One Boston Place
  Boston, Massachusetts 02108

For the Defendant Town of Mansfield:
  VOLTERRA, GOLDBERG, MANGIARATTI & JACOBS
  (BY: SUSAN JACOBS, ESQ.)
  Three Mill Street
  Attleboro, Massachusetts 02703

For the Defendant John O. D'Agostino:
  BRODY, HARDOON, PERKINS & KESTEN, LLP
  (BY: LEONARD H. KESTEN, ESQ.)
  One Exeter Plaza
  Boston, Massachusetts 02116

Page 3

INDEX

Testimony of:                    Page

JOHN D'AGOSTINO
Examination by Ms. Balliro

INDEX OF EXHIBITS

Exhibits  Description              Page
  1   Subpoena                       4
  2   Town of Mansfield's
      Response to Document
      Request Contained in
      Schedule B of Notice
      of Deposition to Town
      of Mansfield pursuant to
      Rule 30(b)(6) of the
      Federal Rules Of Civil
      Procedure                      4

  3   Notice of Taking the
      Deposition of the Town
      of Mansfield Municipal
      Electric Department
      through its designated
      witness pursuant to
      Federal Rules of Civil
      Procedure 30(b)(6)            38

Page 4

1   PROCEEDINGS
2   STIPULATIONS
3
4       It is hereby stipulated and agreed
5   by and between counsel for the respective
6   parties that all objections, except as to
7   form, and motions to strike will be reserved
8   until the time of trial or pretrial hearing.
9       It is further agreed the witness
10  will read and sign the deposition transcript
11  within 30 days of receipt of deposition
12  transcript under the pains and penalties of
13  perjury; otherwise, the deposition transcript
14  will be deemed signed.
15
16      (Exhibit No. 1, Subpoena, marked.)
17
18      (Exhibit No. 2, Town of Mansfield's
19      Response to Document Request
20      Contained in Schedule B of Notice
21      of Deposition to Town of Mansfield
22      pursuant to Rule 30(b)(6) of the
23      Federal Rules pf Civil
24      Procedure, marked.)

Page 5

1       JOHN O. D'AGOSTINO, having been
2   first duly sworn, testifies as follows:
3
4   EXAMINATION BY MS. BALLIRO:
5   Q.  For the record, Mr. D'Agostino, my name is
6       Juliane Balliro, and I represent Doctor
7       John J. Beliveau in this matter.
8           I'm going to be asking you a series
9       of questions today. Unfortunately, I don't
10      expect I'll finish today, but I'm going to
11      begin with the Rule 30(b)(6) deposition
12      notice you received, which is the one
13      pertaining to documents, and then after we go
14      through the documents, I'll proceed with the
15      deposition with respect to your testimony.
16          I anticipate there will be some
17      overlap and I won't ask you duplicative
18      questions, but to give you a sense of the lay
19      of the land that's how I intend to proceed
20      today.
21          Have you ever had your deposition
22      taken before?
23  A.  Yes.
24  Q.  Can you tell me on how many occasions?

Page 38

1  Q. Directing your attention to Schedule A,
2     "Topics for Examination," do you see that?
3  A. Yes.
4  Q. And are you the person within the Town of
5     Mansfield that has knowledge about each and
6     every one of the topics of examination set
7     forth in Schedule A?
8  A. Except you spelled "Beliveau" wrong,
9     Item 3. I don't know who that guy is, but I
10    know Beliveau.
11         (Witness reviews document.)
12         I'm not quite sure about 4.
13 Q. So, other than not being quite sure about 4,
14    it's your testimony that you are the person
15    within the Town of Mansfield that has --
16 A. Most knowledge.
17 Q. The most knowledge?
18 A. Yes. I don't know if I'm an expert, but...
19 Q. And Schedule B attached to this Exhibit
20    No. 3, can you tell me if Schedule B appears
21    to be identical to Schedule A on Exhibit
22    No. 1?
23 A. (Witness reviews document.)
24        There's a difference in 4.

Page 39

1  Q. And what is the difference in 4?
2  A. Maybe there isn't.
3         (Pause.)
4         Okay. Sorry.
5         MR. KESTEN: Do we need to do that?
6         MS. JACOBS: Can you tell us are
7  they identical.
8         MS. BALLIRO: I don't want to make
9  myself a witness in this case.
10 A. (Witness reviews document.)
11        There's no 13 and there's a 13 here.
12 So, they are not the same.
13 Q. Except with respect to the fact that there is
14    a 13 in Schedule A --
15 A. There's also 14 and it goes to 8, 9.
16        MR. KESTEN: This seems silly to me,
17 but one of them goes to 18 and this one goes
18 to 16.
19        MS. BALLIRO: Okay. May I see the
20 two documents?
21        MR. KESTEN: You may.
22        MS. BALLIRO: This will only take a
23 minute, silly as it may seem to you.
24        MR. KESTEN: So you say. To his

Page 40

1  opinion the identity of the document is
2  irrelevant, they are what they are.
3         MS. BALLIRO: Well, they may
4  become --
5         MR. KESTEN: Germane?
6         (Discussion off the record.)
7  Q. Okay.
8         THE WITNESS: Do you want me to look
9  at them again?
10        MR. KESTEN: Actually, no.
11        MS. BALLIRO: Just for the record,
12 to speed up time -- and, Lenny, you're happy
13 to correct it, if you would like -- there's a
14 numbering issue.
15        In Schedule B of Exhibit 3, it gets
16 numbered 1 through 12 and then starts at 8
17 and 9 and goes to 13 through 16. It probably
18 had something to do with lack of familiarity
19 with our new computer system here, whereas
20 Schedule A -- Document 1, Exhibit 1, is
21 correctly numbered.
22        MR. KESTEN: Okay, they are what
23 they are. Why don't we get to the --
24 A. I was asked to look at them.

Page 41

1         MR. KESTEN: And you did.
2  Q. Let's refer to the one that is --
3         MR. KESTEN: Incorrectly numbered.
4         MS. BALLIRO: Part of the problem
5  is, Lenny, that when you responded to them,
6  you didn't include your request with -- the
7  request for the responses, so...
8         MR. KESTEN: I have as much
9  knowledge about this document response as my
10 client.
11 Q. I'm going to place Exhibit No. 2 before you.
12        And Exhibit 2, for the record, is
13 the "Town of Mansfield's Response to the
14 Document Requests Contained in Schedule B of
15 the Notice of Deposition to Town of Mansfield
16 Pursuant to 30(b)(6) of the Federal Rules of
17 Civil Procedure."
18        And I am going to put Schedule B in
19 front of you now. First of all, have you
20 seen Exhibit No. 2 before today?
21 A. (Witness reviews document.)
22        I don't believe so.
23 Q. Okay, so, is it fair to say that you played
24    no role in the preparation of Exhibit No. 2?

11 (Pages 38 to 41)

Page 42

1  A.  That's correct.
2  Q.  And were you at least aware that Bea Kearney
3      had responded to a document request in
4      connection with her Notice of Deposition?
5  A.  No.
6  Q.  Have you had any conversations with Bea
7      Kearney about the fact that she was requested
8      to produce documents?
9  A.  I don't believe so.
10 Q.  Okay, so, is it your testimony, as you sit
11     here today, that you and Bea Kearney never
12     discussed Mr. Beliveau's request for
13     documents from her?
14 A.  I don't believe so.  I'm not quite sure if we
15     did or didn't.
16 Q.  Were you aware that Mr. Beliveau had served
17     Mr. Boucher with a deposition notice
18     requesting documents?
19 A.  I don't believe so.
20 Q.  So, is it your testimony, as you sit here
21     today, that you've never discussed with
22     Mr. Boucher either the fact that he had been
23     requested to produce documents or anything
24     about the request for documents?

Page 43

1  A.  That's true.
2  Q.  Do you know what documents Exhibit 2 refers
3      to when it refers to documents produced by
4      Bea Kearney?
5  A.  I don't know what documents it would refer
6      to.
7          MR. KESTEN:  I want to put something
8      on the record.  As we discussed off the
9      record, the document request associated with
10     all the subpoenas were handled by counsel who
11     obtained documents and prepared responses.
12     As I told you, that's how it happened.
13     That's how it happened.
14 Q.  Did you have any meetings or any discussions
15     with either Bea Kearney or Richard Boucher
16     concerning the documents that were to be
17     produced or documents that had been produced
18     in connection with any of the notices or
19     request for production of documents in this
20     case?
21 A.  I don't believe so.
22 Q.  Did you at any point in time take any
23     responsibility for the production of
24     documents in this case?

Page 44

1  A.  I don't believe so.
2  Q.  Did you direct any member of the Electric
3      Department to cooperate or participate in the
4      production of documents in this case?
5  A.  I don't believe so.
6  Q.  Do you know if any members of the Electric
7      Department, anyone employed by the Electric
8      Department participated in the document
9      production in this case?
10 A.  I don't believe so.  I don't know.
11 Q.  And do you know if anyone employed by the
12     Town of Mansfield cooperated in the document
13     production in this case?
14 A.  I don't know.
15 Q.  So, is it your testimony that, to your
16     knowledge, as your counsel has already said,
17     that the document production in this case was
18     handled exclusively by your counsel and
19     counsel for the Town of Mansfield?
20 A.  I believe so.
21 Q.  Okay.  Let's take those two back.
22 A.  (Witness complies.)
23 Q.  Can you tell me what, sir, you did in
24     preparation for today's deposition?

Page 45

1  A.  I met with counsel.
2  Q.  And without going into any of the
3      conversations that you had with counsel, can
4      you tell me when you first met with counsel
5      in preparation for today's deposition?
6  A.  Thursday.
7  Q.  And for how long did you meet?
8  A.  Couple hours.
9  Q.  Did you review any documents in preparation
10     for today's deposition?
11 A.  No, I don't believe so.
12 Q.  Now, since you've been employed by the Town
13     of Mansfield, as the town manager, have you
14     sought employment elsewhere?
15 A.  Yes.
16 Q.  And can you tell me when was the first
17     occasion upon which you sought employment
18     outside of the Town of Mansfield since you've
19     been employed as the town manager?
20 A.  I can't remember a date.
21 Q.  Well, do you remember what the position
22     was?
23 A.  The first time, I can't remember the first
24     time.