**EXHIBIT Q**

```
              VOLUME:   I
              PAGES:    1-114
              EXHIBITS: See Index

       UNITED STATES DISTRICT COURT
   FOR THE DISTRICT OF MASSACHUSETTS

        CASE NO. 04-11329-DPW
```

                                          x
DR. JOHN J. BELIVEAU,                     x
      Plaintiff                           x
                                          x
          vs.                             x
                                          x
TOWN OF MANSFIELD MUNICIPAL               x
ELECTRIC DEPARTMENT, JOHN O.              x
D'AGOSTINO,                               x
      Defendants                          x
                                          x

DEPOSITION of LOUIS AMORUSO, taken pursuant to the applicable provisions of the Federal Rules of Civil Procedure, before Jill Kourafas, Certified Shorthand Reporter and Notary Public in and for the Commonwealth of Massachusetts held at the Law Offices of Wolf Block, One Boston Place, Boston, Massachusetts, on Monday, January 9, 2006, commencing at 2:15 p.m.

---

           REPORTERS, INC.
GENERAL & TECHNICAL COURT REPORTING
23 MERRYMOUNT ROAD, QUINCY, MA 02169

617.786.7783/FACSIMILE 617.786.7723

Page 2

APPEARANCES OF COUNSEL:

For the Plaintiff:
   WOLF BLOCK SCHORR SOLIS & COHEN, LLP
   (BY: JULIANE BALLIRO, ESQ.)
   One Boston Place
   Boston, Massachusetts 02108

For the Defendant Town of Mansfield:
   VOLTERRA, GOLDBERG, MANGIARATTI & JACOBS
   (BY: SUSAN JACOBS, ESQ.)
   Three Mill Street
   Attleboro, Massachusetts 02703

For the Defendant John O. D'Agostino:
   BRODY, HARDOON, PERKINS & KESTEN, LLP
   (BY: LEONARD H. KESTEN, ESQ.)
   One Exeter Plaza
   Boston, Massachusetts 02116

Also Present:

   Dr. John J. Beliveau

Page 3

| # | Description | Page |
|---|---|---|
| 1 | Subpoena | 7 |
| 2 | Letter dated 11/29/02 | 9 |
| 3 | Email dated 10/1/02 | 74 |
| 4 | Email dated 3/28/00 | 77 |
| 5 | Email dated 3/30/00 | 78 |
| 6 | Two-page email dated 2/25/02 and 2/27/02 | 80 |
| 7 | Email dated 2/28/02 | 82 |
| 8 | Email dated 7/9/02 | 82 |
| 9 | Email dated 10/1/02 | 84 |
| 10 | Five pages of emails, first email dated 10/2/02 | 85 |
| 11 | Two-page email starting with 11/7/02 | 86 |

Page 4

1  PROCEEDINGS
2  STIPULATIONS
3      It is hereby stipulated and agreed
4  by and between counsel for the respective
5  parties that all objections, except as to
6  form, and motions to strike will be reserved
7  until the time of trial or pretrial hearing.
8      It is further agreed the witness
9  will read and sign the deposition transcript
10 within 30 days of receipt of deposition
11 transcript under the pains and penalties of
12 perjury; otherwise, the deposition transcript
13 will be deemed signed.
14
15     LOUIS AMORUSO, having been first duly
16 sworn, testifies as follows:
17
18
19 EXAMINATION BY MS. BALLIRO:
20 Q. Mr. Amoruso, thank you for coming in this
21    afternoon. I'm Juliane Balliro and I
22    represent Jack Beliveau.
23 A. Good to meet you.
24 Q. Have you ever had your deposition taken

Page 5

1     before?
2  A. No.
3  Q. Good. Just a few ground rules to keep in
4     mind as we go forward.
5      The court reporter can only take
6  down one person talking at a time, so even if
7  you know what the rest of my question is
8  going to be, if you could wait until I
9  complete the question before you give your
10 answer that would be helpful.
11     Also, she can't record nods of the
12 head or shrugs of the shoulders or sneers or
13 glares. So, we are asking you to answer the
14 questions verbally as best you can.
15     If for any reason you don't
16 understand a question that I put to you,
17 please let me know and I'll rephrase it in a
18 manner so you can understand it.
19     If you can't hear me at any time,
20 let me know and I'll try and bring my voice
21 up.
22     If you need to take a break, you're
23 free to take a break. I would only ask if
24 there's a question pending before you, in

Page 6

1  other words, I have asked you a question you
2  haven't yet answered it, that you answer the
3  question before you take your break.
4       I'm asking you also not to guess.
5  Unless you tell me that "I'm guessing," you
6  will occasionally hear the lawyers say an
7  objection, but unless an attorney instructs
8  you not to answer the question, just ignore
9  the objection and answer the question.
10      We're reserving on those, we don't
11 have a judge to rule on them, so we're
12 reserving on most of our objections later on
13 in the proceedings.
14      Do you have any questions before we
15 get started?
16 A.  Only one. Do you want these?
17 Q.  Oh, you brought documents?
18 A.  You asked for them.
19 Q.  There's one other thing I want to tell you.
20 The rules allow you 30 days after you receive
21 a copy of your deposition transcript to read
22 it and sign it, and the transcript will
23 include what is called "an errata sheet,"
24 which is a sheet on which you can record any

Page 7

1  typographical errors or corrections to your
2  testimony.
3       If you make changes or corrections
4  and sign your deposition within the 30 days,
5  the errata sheet will be included as part of
6  your deposition testimony. If you don't,
7  then the deposition will be deemed written as
8  signed. You won't have an opportunity to
9  make any changes.
10 A.  Gotcha.
11 Q.  We have a subpoena somewhere, but let me take
12 a minute.
13 A.  I have a copy.
14 Q.  You have your own copy. Why don't we do
15 that.
16      MS. BALLIRO: Let's just mark this
17 as Exhibit No. 1.
18      (Exhibit No. 1, Subpoena, marked.)
19 Q.  Mr. Amoruso, I'm placing a document before
20 you.
21      It's a cover letter from my office
22 with an attached subpoena and attached to the
23 subpoena is a Schedule A of documents to be
24 produced. It's been marked as Exhibit No. 1

Page 8

1  to this deposition. I'll place it in front
2  of you with the schedule page up and ask you
3  if you brought any documents responsive to
4  that subpoena with you today?
5  A.  Yes.
6  Q.  What did you bring?
7  A.  I brought any emails I had that met the
8  criteria of 1 through 4. Unfortunately, I
9  don't save my emails, so all of this is
10 probably about a month's worth of emails I
11 had in the system at the time.
12 Q.  You don't print out the emails that you
13 delete?
14 A.  No. I would have 10,000 tons of paper.
15 Q.  I placed a stack of documents before you.
16 It's the stack you handed to me moments ago.
17      The item on top appears to be
18 a letter or memo of some sort dated
19 November 28, 2002. That's one of the
20 documents you brought with you today?
21 A.  Yes.
22 Q.  Which request do you deem this top page
23 responsive to?
24 A.  Mr. Grazzolo is the Chairman of FINCOM. It

Page 9

1  says "Copy of all emails and communications
2  between Louis Amoruso and Andrew Grazzolo,
3  Chairman of the Mansfield Finance Committee."
4       It was something that I did save and
5  found on my computer, so I printed it.
6       MS. BALLIRO: Why don't we mark this
7  as Exhibit No. 2.
8       (Exhibit No. 2, Letter dated
9       11/29/02, marked.)
10 Q.  My first question for you is: Obviously, as
11 it may seem, what does the acronym "FINCOM"
12 stand for?
13 A.  It stands for Finance Committee.
14 Q.  What Finance Committee?
15 A.  The Mansfield Finance Committee.
16 Q.  Do you play some role, or are you somehow
17 connected to the Finance Committee?
18 A.  The Finance Committee advises the Board of
19 Selectmen on budgetary items and is appointed
20 by the Board of Selectmen.
21 Q.  So, the Finance Committee, though, is a
22 separate entity, so to speak, from the Board
23 of Selectmen?
24 A.  Yes, separate board.