UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-11329-DPW

| | |
|---|---|
| DR. JOHN J. BELIVEAU, | ) |
| Plaintiff, | ) |
| v. | ) |
| TOWN OF MANSFIELD MUNICIPAL ELECTRIC DEPARTMENT AND JOHN D'AGOSTINO, | ) |
| Defendants. | ) |

CONSOLIDATED WITH:

| | |
|---|---|
| KIMBERLY STOYLE, Plaintiff | ) |
| v. | ) |
| THE MANSFIELD MUNICIPAL ELECTRIC DEPARTMENT, JOHN D'AGOSTINO, THE TOWN OF MANSFIELD BOARD OF LIGHT COMMISSIONERS, LOUIS AMORUSO, MICHAEL MCCUE, DAVID MCCARTER, DANIEL DONOVAN, ROGER ACHILLE and STEVEN MACCAFFRIE, Defendants | ) |

CIVIL ACTION NO. 05-10354-DPW

**PLAINTIFF BELIVEAU'S MOTION IN LIMINE TO PRECLUDE DEFENDANTS FROM MAKING UNSUPPORTED FACTUAL ASSERTIONS**

Plaintiff, Dr. John J. Beliveau ("Beliveau"), hereby moves that the Court preclude Defendants from making the baseless assertions, in their opening statements or otherwise at trial, (1) that Beliveau played any role whatsoever in the drafting and/or preparation of Stoyle's

charge(s) of discrimination, (2) that Beliveau played any role whatsoever in the emanation of the factual allegations made by Stoyle against John D'Agostino and/or the members of the Board of Selectmen other than to report what Stoyle reported to him or (3) that the Plaintiffs engaged in an abuse of process by the filing of the instant complaints.  As reasons for this motion, Plaintiff, through counsel, states the following:

Throughout the course of these proceedings, counsel for the Defendants has repeatedly suggested that Plaintiff Beliveau himself either drafted or assisted Plaintiff Stoyle in the drafting of her charge(s) of discrimination.  There is no evidence to support that contention and it is patently false.  Counsel has made similar statements regarding the origin of the factual allegations made by Stoyle against D'Agostino despite substantial evidence corroborating Stoyle's factual claims.

In the spring of 2006, the Defendants filed a motion with the Court for leave to bring counterclaims, including a counterclaim for Abuse of Process against the Plaintiffs.  The Court denied the Defendants' motion.

## ARGUMENT

It is well settled that counsel may not "allude in his opening statement to evidence that he does not reasonably believe in good faith may be adduced during the trial." *Commonwealth v. Kent*, 427 Mass. 754, 758 (1998);  *U.S. v. Green*, 324 F.Supp.2d 311, 321 (1st Cir. 2004); *Johnson v. Mahoney*, 424 F.3d 83, 88 (1st Cir. 2005) (noting that defense counsel may not allude in his opening statement to evidence he does not reasonably believe in good faith may be adduced during the trial).  In this case,  the Defendants can produce no evidence, either through the testimony of witnesses or the introduction of documents, to support a contention that

Beliveau drafted Stoyle's complaints, played any role whatsoever in the creation of her factual allegations of harassment and retaliation, or filed the instant complaint for an ulterior purpose.

Should the Defendants be permitted to refer in their openings or otherwise allege that Beliveau engaged in the above described conduct, without first demonstrating that they have a good faith basis for such allegations, Plaintiff will be substantially prejudiced. The Defendants plan to rely on a conspiracy theory in defense of the claims raised by the Plaintiffs in this matter. They should not be permitted to bootstrap that theory with baseless allegations supported by so-called facts that have a probative value equivalent to wishful thinking.

## **CONCLUSION**

In sum, this Court should bar counsel for the Defendants from making any allegations in their opening statement(s), directly or indirectly: (1) that Beliveau played any role whatsoever in the drafting and/or preparation of Stoyle's charge(s) of discrimination, (2) that Beliveau played any role whatsoever in the emanation of the factual allegations made by Stoyle against John D'Agostino and/or the members of the Board of Selectmen other than to report what Stoyle reported to him, or (3) that the Plaintiffs engaged in an abuse of process by the filing of the instant complaints. Further, the Plaintiffs request that counsel be required to approach side bar before he/she raises the suggestion through direct or cross examination of any witness, that Beliveau engaged in any such conduct.

RESPECTFULLY SUBMITTED,<br>
**PLAINTIFF,**<br>
**DR. JOHN J. BELIVEAU,**

By his attorneys,

 /s/ Christine M. Griffin_____
Juliane Balliro (BBO # 028010)
Christine M. Griffin (BBO # 651401)
Wolf, Block, Schorr and Solis-Cohen LLP
One Boston Place
Boston, MA 02108
617-854-4100

June 8, 2007

## CERTIFICATE OF SERVICE

    I, Christine M. Griffin, hereby certify that it is my understanding that the foregoing document will be served on all counsel of record via email through the Court's ECF filing system upon the electronic filing of this document with the Court on this the 8th day of June, 2007, and that I am also circulating a copy of the foregoing document to counsel Lynn Leonard by email on this the 8th day of June, 2007.

 /s/ Christine M. Griffin_____
Christine M. Griffin