UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-11329-DPW

| | |
|---|---|
| DR. JOHN J. BELIVEAU, | ) |
| Plaintiff, | ) |
| v. | ) |
| TOWN OF MANSFIELD MUNICIPAL ELECTRIC DEPARTMENT AND JOHN D'AGOSTINO, | ) |
| Defendants. | ) |

CONSOLIDATED WITH:

| | |
|---|---|
| KIMBERLY STOYLE, Plaintiff | ) |
| v. | ) CIVIL ACTION NO. 05-10354-DPW |
| THE MANSFIELD MUNICIPAL ELECTRIC DEPARTMENT, JOHN D'AGOSTINO, THE TOWN OF MANSFIELD BOARD OF LIGHT COMMISSIONERS, LOUIS AMORUSO, MICHAEL MCCUE, DAVID MCCARTER, DANIEL DONOVAN, ROGER ACHILLE and STEVEN MACCAFFRIE, Defendants | ) |

**PLAINTIFF BELIVEAU'S MOTION IN LIMINE TO PREVENT DEFENDANTS FROM ASSERTING THAT BELIVEAU DESTROYED OR ENCRYPTED EMAILS**

Plaintiff, Dr. John J. Beliveau ("Beliveau") hereby moves that the Court preclude

Defendants from making baseless assertions in their openings or otherwise at trial that Beliveau

destroyed or encrypted Defendants' emails or other documents. As reason for this motion, Plaintiff Beliveau states the following:

At a hearing held before the Court in the spring of 2007 counsel for the Defendants stated, in open court, that one of the reasons that certain electronic discovery materials had not been provided to Plaintiffs was that Plaintiff Beliveau had deleted or destroyed emails before he was terminated from his job with the Defendant, the Mansfield Municipal Electric Department ("MMED"). There is no evidence that Beliveau engaged in the deleting of emails in any way, beyond the normal use and operation of his email account while he was an MMED employee. After the hearing before the Court, counsel for Plaintiff Beliveau emailed counsel for the Defendants asking for the basis for the statement that Beliveau had deleted emails. Counsel for Defendants did not respond to that inquiry. There is no evidence that Beliveau engaged in any sort of large-scale email deletion at the MMED.

In addition to wrongfully asserting that Beliveau deleted emails, Defendants have, during the course of discovery, represented to Plaintiffs' counsel that they were having difficulty accessing certain electronic materials because Beliveau had either password protected the materials or had encrypted the materials. Again, there is no evidence that Beliveau ever did any such thing.

Because Defendants have wrongfully asserted that Beliveau deleted, destroyed, encrypted or password protected certain of the MMED's electronic materials in the past, Plaintiff anticipates that Defendants may attempt to make these assertions about Plaintiff during opening statements or otherwise at trial. Plaintiff hereby moves the Court to preclude the Defendants from making any such statements and require that prior to questioning any witness on this topic, the Defendants' counsel be required to raise the issue at sidebar.

## ARGUMENT

It is well settled that counsel may not "allude in his opening statement to evidence that he does not reasonably believe in good faith may be adduced during the trial." *Commonwealth v. Kent*, 427 Mass. 754, 758 (1998); *U.S. v. Green*, 324 F.Supp.2d 311, 321 (1st Cir. 2004); *Johnson v. Mahoney*, 424 F.3d 83, 88 (1st Cir. 2005) (noting that defense counsel may not allude in his opening statement to evidence he does not reasonably believe in good faith may be adduced during the trial). In this case, there is no evidence that Beliveau deleted, destroyed, or encrypted electronic materials and therefore there is no basis for the Defendants to make any such statement.

Should the Defendants be permitted to refer in their openings or otherwise allege that Beliveau engaged in the above described conduct, without first demonstrating that they have a good faith basis for such allegations, Plaintiff will be substantially prejudiced. Defendants should not be permitted to attack the Plaintiff's character with baseless allegations and innuendos, allegations and innuendos that could substantially impact and prejudice the jury.

## CONCLUSION

In sum, this Court should bar counsel for the Defendants from making any allegations in their opening statement(s), directly or indirectly: (1) that Beliveau deleted or destroyed any electronic materials; or (2) that Beliveau encrypted or password protected any electronic materials, making them inaccessible to Defendants. Further, the Plaintiff requests that counsel be required to approach side bar before he/she raises the suggestion through direct or cross examination of any witness, that Beliveau engaged in any such conduct.

RESPECTFULLY SUBMITTED,<br>
**PLAINTIFF,**<br>
**DR. JOHN J. BELIVEAU,**

By his attorneys,

 /s/ Christine M. Griffin_____
Juliane Balliro (BBO # 028010)
Christine M. Griffin (BBO # 651401)
Wolf, Block, Schorr and Solis-Cohen LLP
One Boston Place
Boston, MA 02108
617-854-4100

June 8, 2007

## CERTIFICATE OF SERVICE

    I, Christine M. Griffin, hereby certify that it is my understanding that the foregoing document will be served on all counsel of record via email through the Court's ECF filing system upon the electronic filing of this document with the Court on this the 8th day of June, 2007, and that I am also circulating a copy of the foregoing document to counsel Lynn Leonard by email on this the 8th day of June, 2007.

 /s/ Christine M. Griffin_____
Christine M. Griffin