UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-11329-DPW

| | |
|---|---|
| DR. JOHN J. BELIVEAU, | ) |
| Plaintiff, | ) |
| v. | ) |
| TOWN OF MANSFIELD MUNICIPAL ELECTRIC DEPARTMENT AND JOHN D'AGOSTINO, | ) |
| Defendants. | ) |

CONSOLIDATED WITH:

| | |
|---|---|
| KIMBERLY STOYLE, Plaintiff | ) |
| v. | ) |
| THE MANSFIELD MUNICIPAL ELECTRIC DEPARTMENT, JOHN D'AGOSTINO, THE TOWN OF MANSFIELD BOARD OF LIGHT COMMISSIONERS, LOUIS AMORUSO, MICHAEL MCCUE, DAVID MCCARTER, DANIEL DONOVAN, ROGER ACHILLE and STEVEN MACCAFFRIE, Defendants | ) |

CIVIL ACTION NO. 05-10354-DPW

**PLAINTIFF BELIVEAU'S MOTION IN LIMINE TO PRECLUDE EVIDENCE REGARDING THE KYM GAISSL MATTER**

Plaintiff, John J. Beliveau ("Beliveau"), through counsel, respectfully moves that this Court preclude the Defendants from offering, or in any way introducing evidence at trial regarding the Kym Gaissl matter as the facts and circumstances surrounding the Gaissl claims

and settlement are irrelevant to the claims and defenses in this matter and are likely to confuse and mislead the jury.

In support of the within motion, the Plaintiff Beliveau states as follows:

## BACKGROUND

1. In December of 2000, Kym Gaissl, a former employee of the Defendant Mansfield Municipal Electric Department ("MMED") filed a sexual harassment lawsuit against her former employer, the MMED. In the process of bringing her claims, Gaissl alleged that Beliveau, her former supervisor, had made inappropriate sexual remarks to her. The allegations against Beliveau were false. As a result, Beliveau filed a defamation claim against Gaissl.

2. In the spring of 2001, Gaissl, the MMED the Town of Mansfield and Beliveau agreed to settlement of all claims. As part of the settlement, Beliveau was reimbursed for legal fees that he had personally incurred in pursuit of the defamation claim against Gaissl.

3. The Defendant John D'Agostino signed the agreement settling all of the Gaissl claims in June of 2001.

4. In the spring of 2006, for the first time, the Defendants took the position that Beliveau had deceived the Defendants by failing to reveal that the settlement figure included approximately $4,000 for payment of his legal fees. In short, the Defendants now allege a theft by deception on the part of Beliveau in connection with the Gaissl claim.

5. The Chairman of the Board of Light Commissioners, the board that voted to approve the settlement, has testified under oath that he was aware that the settlement would include payment of Beliveau's legal fees and that he discussed it with other board members prior to the vote. (Exhibit A)

6. In addition, email correspondence between Beliveau and James Pender, the attorney for the Light Department who negotiated the settlement in the Gaissl matter, reveals that the inclusion of Beliveau's legal fees in the settlement was well known to him, that he would obtain approval for same from current counsel for the Defendants in this case, Leonard Kesten, and, later, that the settlement terms had been approved by all parties. (Exhibit B)

7. The Defendants are unable to refute evidence that the Chairman of the Board responsible for approving the settlement and the lawyer engaged by the Defendant to negotiate the settlement, were not aware that the settlement included payment of Beliveau's legal fees prior to approval.

8. There is no evidence that Beliveau either deceived or attempted to deceive the Defendants in connection with the Gaissl settlement.

9. The Court denied the Defendants attempt to add their allegations concerning the Gaissl settlement as a counterclaim to this action.

## ARGUMENT

Plaintiff anticipates that Defendants will try to raise the Gaissl matter in this trial in an effort to discredit his character. Presumably, such evidence will be offered by Defendants to show what they claim is a "propensity" for Beliveau to engage in bad behavior or for being "litigious." Putting aside the fact that there is no evidence of any wrongdoing by Beliveau in connection with the Gaissl matter and that there is, therefore, no basis for the presentation of this evidence in the first place, any evidence of the Gaissl matter should be excluded because it is irrelevant and offered for impermissible purposes under the Federal Rules of Evidence.

Evidence must be relevant in order for it to be admitted. Fed. R. Evid. 402. Relevant evidence is "evidence having any tendency to make the existence of any fact that is of

consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Courts interpret this definition as requiring evidence to be both probative and material. *U.S. v. Lachman*, 48 F.3d 586, 591 (1st Cir. 1995).

The Gaissl matter is not relevant to the case at hand. The claims in the Gaissl matter are distinct from the present civil actions and bear no probative value in this instance. The presentation of any evidence regarding the Gaissl matter will require a mini-trial on the issue of whether Beliveau engaged in any wrongdoing in connection with the Gaissl matter, an issue that is wholly irrelevant from the issues pending before the Court. Moreover, there is no competent evidence that Beliveau engaged in any wrongdoing in connection with the Gaissl matter. Should the Defendants raise the Gaissl matter, Plaintiffs will be forced to present evidence to contradict any allegations of wrongdoing by Beliveau, and substantial Court time and resources will be spent on matters not relevant to this action.

Moreover, even if the Court were to find that the Gaissl matter is relevant to the matters pending before it, that evidence would be excluded on the basis that it is offered for an impermissible purpose. Fed. R. Evid. 404(a) precludes evidence that is offered to prove character or a trait of character, or to prove action in conformity therewith. Moreover, the Rules state that, "evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b).

Although there are several exceptions to these Rules, none of those exceptions is applicable here. Character evidence may be admitted for the purposes of showing: motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. *Id.* In order for evidence to be admitted under one of these exceptions, Fed. R. Evid. 404(b) requires that the Court conduct a bifurcated inquiry regarding that evidence. *Udemba v. Nicoli*, 237 F.3d

8, 15 (1st Cir. 2001). First, the Court must consider whether the proffered evidence falls within the realm of special evidence that "sheds light on a disputed issue in the case, rather than merely to show a defendant's deplorable character or propensity for wrongdoing." *Id.* (*citing Veranda Beach Club Ltd. Partnership v Western Sur. Co.*, 936 F.2d 1364, 1373 (1st Cir. 1991)). Second, if the Court does decide that the submitted evidence has some form of special relevance, the evidence must then be analyzed under Fed. R. Evid. 403. *Old Chief v. U.S.,* 519 U.S. 172, 181-182 (1997). Fed. R. Evid. 403 provides: "although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

In this instance, evidence regarding the Gaissl matter, is nothing more than propensity/character evidence that Defendants propose to use against Beliveau. Plaintiff anticipates that the Defendants plan to use Beliveau's involvement in the prior lawsuit as evidence of having a litigious nature. Defendants wish to use the allegations of theft by deception to show a prior bad act and to argue that Beliveau has a bad character. The Gaissl matter is not competent evidence of any of these traits or acts, and would be inadmissible if offered to make such a showing.

In other retaliation cases, Courts have refused to admit evidence where the only purpose of such evidence would be to cast the plaintiff as an overly litigious individual. *See McDonough v. City of Quincy*, 452 F.3d 8, 19 (1st Cir. 2006); *Munafo v. Metropolitan Transp. Authority¸* 2003 WL 21799913, at * 30 (2d Cir. Jan. 22, 2003). Moreover, even in cases where such evidence is found to serve an additional proper purpose, Courts have held that the prejudicial impact of such propensity evidence substantially outweighs the probative value. *See*

*McDonough* at 19; *Munafo* at *30 (*citing Outlay v. City of New York*, 837 F.3d 587, 592 (2d Cir. 1988)). The court in *McDonough* stated that "because the charge of litigiousness is a serious one, likely to result in undue prejudice against the party charged, ordinarily proof that the plaintiff filed prior similar lawsuits is admissible to show the plaintiff's litigiousness only if there is also evidence that the prior lawsuits were fraudulently filed." *McDonough* at 20 (internal quotations omitted); *see also McCormick on Evidence,* § 196 at 691 (5th ed.1999). There is no evidence that Beliveau has ever filed a fraudulent lawsuit of any kind.

Furthermore, courts have refused to admit evidence when the admission of such evidence will cause confusion of the jury, or undue delay. *Blancha v. Raymark Indus.*, 972 F.2d 507, 516 (3d Cir. 1992) (noting that evidence relating to previous litigation involving the parties is routinely subject to exclusion). Evidence is more likely to confuse the jury or cause undue delay when its admission would lead to side issues that may distract the jury. *Id.*

The Gaissl matter is complex and completely distinct from the civil actions at hand. The admission of evidence relating to the Gaissl matter would add witnesses, exhibits and legal issues, distracting and confusing the jury and using Court time for matters that are irrelevant to the adjudication of these civil actions.

The Defendants' submission of the Gaissl matter would be an attempt to portray Beliveau as having a bad character, as having committed a prior bad act, of being litigious, and or acting in conformity with these prior acts and character traits. There is no evidence to support these allegations. Admission of this evidence would result in a high degree of prejudice to Beliveau, would distract and confuse the jury with irrelevant material, and would substantially increase the length of the trial. For these reasons, Defendants should be precluded from offering any evidence relating to the Gaissl matter.

## CONCLUSION

Any offer of evidence relating to the Gaissl matter by Defendants should be precluded as irrelevant and as prohibited under Fed. R. Evid 404(b), and 403.

        RESPECTFULLY SUBMITTED,
        **PLAINTIFF,**
        **DR. JOHN J. BELIVEAU,**

        By his attorneys,

        /s/ Christine M. Griffin
        Juliane Balliro (BBO # 028010)
        Christine M. Griffin (BBO # 651401)
        Wolf, Block, Schorr and Solis-Cohen LLP
        One Boston Place
        Boston, MA 02108
        617-854-4100

June 8, 2007

## CERTIFICATE OF SERVICE

I, Christine M. Griffin, hereby certify that it is my understanding that the foregoing document will be served on all counsel of record via email through the Court's ECF filing system upon the electronic filing of this document with the Court on this the 8th day of June, 2007, and that I am also circulating a copy of the foregoing document to counsel Lynn Leonard by email on this the 8th day of June, 2007.

        /s/ Christine M. Griffin
        Christine M. Griffin