UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.: 04-11329-DPW

| | |
|---|---|
| DR. JOHN J. BELIVEAU, | ) |
| | ) |
| Plaintiff | ) |
| VS. | ) |
| | ) |
| TOWN OF MANSFIELD MUNICIPAL | ) |
| ELECTRIC DEPARTMENT AND | ) |
| JOHN D'AGOSTINO, | ) |
| | ) |
| Defendants | ) |

CONSOLIDATED WITH

Civil Action No.: 05-10354-DPW

| | |
|---|---|
| KIMBERLY STOYLE, | ) |
| Plaintiff | ) |
| | ) |
| VS. | ) |
| | ) |
| THE MANSFIELD MUNICIPAL | ) |
| ELECTRIC DEPARTMENT , JOHN | ) |
| D'AGOSTINO, TOWN OF MANSFIELD | ) |
| BOARD OF LIGHT COMMISSIONERS, | ) |
| LOUIS AMORUSO, MICHAEL MCCUE | ) |
| DAVID MCCARTER, DANIEL | ) |
| DONOVAN, ROGER ACHILLE, AND | ) |
| STEVEN MACCAFFRIE, | ) |
| Defendants | ) |

## DEFENDANTS' PRE-TRIAL MEMORANDUM

Pursuant to the Order re: Trial and Pre-Trial Conference entered by the

Court in this matter on June 5, 2007, the Defendants hereby submit the following

Pre-Trial memorandum:

**1.    NAMES, ADDRESSES, AND PHONE NUMBERS OF TRIAL
       COUNSEL**

Leonard Kesten, Esq.
Deborah Ecker, Esq.
Brody, Hardoon, Perkins & Kesten, LLP

One Exeter Plaza
Boston, MA 02116
(617) 880-7100

Susan Jacobs, Esq.
Volterra, Goldberg & Jacobs
Three Mill Street
Attleboro, MA 02703
(508) 222-1463

**2.**    **WHETHER THE CASE IS TO BE TRIED WITH OR WITHOUT A JURY**

This case will be tried with a jury.

**3.**    **DEFENDANTS' SUMMARY OF THE EVIDENCE REGARDING
LIABILITY AND DAMAGES**

John D'Agostino is employed as the Town Manager of the Town of

Mansfield. He is also employed as the Manager of the Town of Mansfield

Municipal Electric Department ("MMED").

In September 1998, Mr. D'Agostino hired the Plaintiff John Beliveau to be

the Director of the MMED.  In early 1999, Kimberly Stoyle was hired as the

accounting officer for the MMED.   Her direct supervisor was Beliveau.  In early

2000, D'Agostino recommended that Stoyle and Beliveau consider a highly

qualified candidate for a financial assistant position at the MMED. Instead of

fairly considering this candidate, Stoyle and Beliveau created a sham hiring

process designed to result in the employment of persons favored by them and to

exclude this qualified candidate from legitimate consideration.

Sometime in 2000 or 2001, Beliveau and Stoyle came to believe that

D'Agostino was trying to make Beliveau look bad.  Knowing that they were

employees at will, Beliveau and Stoyle began to consider how they could bring a

lawsuit against D'Agostino to protect their jobs. In the fall of 2002, Beliveau and

Stoyle believed that D'Agostino was considering terminating their employment

2

at the MMED. As a result, Beliveau and Stoyle agreed to manufacture evidence to support a sexual harassment action against D'Agostino. Beliveau and Stoyle agreed that Stoyle would file a false complaint alleging sexual harassment against D'Agostino. In December 2002, Stoyle filed a complaint at the Massachusetts Commission Against Discrimination ("MCAD") against D'Agostino. Stoyle filed the MCAD complaint not because she legitimately believed that she had been sexually harassed by D'Agostino, but because Stoyle wanted to ruin D'Agostino's career and because she wanted to create evidence which would support future lawsuits by herself and Beliveau. Beliveau assisted Stoyle in collecting evidence to support her allegations against D'Agostino using MMED equipment to do so while both were employed and being paid by the MMED. Stoyle subsequently filed a second MCAD complaint against D'Agostino and the Mansfield Selectmen.

At some point in 2002 or 2003 a complaint was filed with the Ethics Commission making allegations of wrongdoing against D'Agostino as a result of the hiring of the financial assistant at the MMED in early 2,000. Beliveau provided false information to the Ethics Commission with regard to this complaint in order to harm D'Agostino. Beliveau did not believe that D'Agostino violated any ethical rules.

In January of 2004, Beliveau came to believe that he was about to be terminated. In response he filed an MCAD complaint against D'Agostino not because of any legitimate belief that he was the victim of retaliation, but in order to build the grounds for a lawsuit alleging retaliation if he was terminated.

From many years of his employment with the MMED, Beliveau and Stoyle demonstrated contempt for Town employees and an unwillingness to

3

accept the fact that D'Agostino, the Manager of the MMED, was their supervisor. D'Agostino repeatedly attempted to direct Beliveau, and Stoyle, to work cooperatively with Town employees, without success. As a result of Beliveau's actions and attitudes towards Town employees, he was terminated from the MMED in February 2004.

After Beliveau's termination, he and Stoyle continued to work together to advance their lawsuits. Stoyle attempted to persuade the Town of Mansfield to settle her baseless lawsuit. After the Town refused to pay her, Stoyle found a higher paying job and now claims that she was "constructively discharged". Thereafter, Stoyle filed a lawsuit against D'Agostino and others in the USDC.

After Beliveau was terminated, the Defendants learned that Beliveau had converted MMED funds while employed by the MMED. The Defendants moved to amend their answer to add a counterclaim for this conversion. Beliveau claims that the counterclaim was defamatory; the Defendants will prove that Beliveau indeed converted MMED funds for his own private use.

The evidence will show that throughout his tenure at the MMED, Beliveau and Stoyle did not work cooperatively with other Town Departments and Defendant D'Agostino. There existed an atmosphere of hostility and a lack of cooperation between employees of the MMED many Town employees. The situation deteriorated after Kim Stoyle filed her false MCAD complaint and she and Beliveau escalated their efforts to create further lawsuits against their employer. By the fall of 2003, the tension became so great that the Defendants had no choice but to terminate the employment of Plaintiff Beliveau.

As to Kim Stoyle individually, the Defendants expect to show that Ms. Stoyle never believed that she was the victim of sexual harassment. The

Defendants expect to prove that she was responsible for creating an illegitimate hiring process within the MMED for financial assistants so that candidates were not considered based on their qualifications.

In the fall of 2002, Ms. Stoyle and Dr. Beliveau believed that their jobs were threatened. Ms. Stoyle and Dr. Beliveau then decided that she would file a sexual harassment claim against the Town Manager. She did not file the claim because of a legitimate belief that she was a victim but, instead, she filed it in order to protect her job and to attempt to persuade the Board of Selectmen to terminate Mr. D'Agostino.

The Defendants expect to prove that Ms. Stoyle was never a "whistleblower". The communications between the MMED and the Town regarding their financial relationship were ordinary disputes, not reports of illegal conduct. All the disputes were discussed and were resolved to everyone's satisfaction. Further, there was never any adverse employment action taken against Ms. Stoyle as a result of her alleged "whistleblowing".

**4.    STATEMENT OF FACTS TO BE SUBMITTED TO THE COURT OR JURY**

The Defendants stipulate to the following facts:

1.    Dr. John J. Beliveau was the Director of the Town of Mansfield Municipal Electric Department from September 8, 1998 through February 12, 2004.

2.    Kimberly Stoyle was employed as the Chief Financial Officer of the Electric Department for a portion of the time that Beliveau was the Director of the Electric Department.

5

3. John D'Agostino was the Town Manager and Manager of the Town of Mansfield Municipal Electric Department throughout the time that Beliveau was the Director of the Electric Department.

4. On December 5, 2002, Kimberly Stoyle filed a Charge of Discrimination with the MCAD in which she accused the Town Manager, John D'Agostino, of sexual harassment and retaliation.

5. In early 2003, the Electric Department conducted an investigation into the Stoyle charge. As part of the investigation, Dr. Beliveau was interviewed by attorney James Lampke.

6. In September 2003, Dr. Beliveau was deposed by the attorney representing Ms. Stoyle in connection with the Stoyle charge.

7. On January 13, 2004, Beliveau filed a Charge of Discrimination against the Electric Department and D'Agostino with the MCAD.

8. On February 12, 2004, D'Agostino terminated Beliveau's employment with the Electric Department.

5. **CONTESTED ISSUES OF FACT**

1. Was Jack Beliveau terminated for an improper reason or was he terminated because he could not work cooperatively with others?

2. Was Jack Beliveau the victim of retaliation because of his support for Kim Stoyle's sexual harassment claim?

3. Was Jack Beliveau the victim of retaliation because of his cooperation with an Ethics Commission investigation of John D'Agostino?

4. Was Jack Beliveau encouraging the Ethics Commission to take adverse action against D'Agostino not because he believed that

6

D'Agostino's actions were unethical but in order to further his own

illegitimate ends?

5.      Did Kim Stoyle have a legitimate good faith belief that she had

been sexually harassed by John D'Agostino or did she bring her

MCAD complaint for illegitimate reasons?

6.      Was Kim Stoyle the victim of retaliation for bringing her MCAD

complaint?

7.      Was Kim Stoyle a "whistleblower"?

8.      Was Kim Stoyle constructively discharged?

9.      Were the allegations made against Beliveau defamatory or true?

**6.      ANY JURISDICTIONAL QUESTION**

None.

**7.      ISSUES OF LAW, INCLUDING EVIDENTIARY QUESTIONS,
TOGETHER WITH SUPPORTING AUTHORITY**

None.

**8.      ANY REQUESTED AMENDMENTS TO THE PLEADINGS**

Defendants have filed a Partial Motion for Summary Judgment as to the

individual defendants in the Stoyle case.  Plaintiff Stoyle opposed that motion.

The motion is still pending before the Court.  There is also a pending Motion for

Judgment on the Pleadings in the Beliveau case.

**9.      ADDITIONAL MATTERS**

None.

**10.     PROBABLE LENGTH OF TRIAL**

The Defendants estimate the trial will last approximately four weeks.

**11.     FACT AND EXPERT WITNESSES**

The Defendants may call the witnesses listed by the Plaintiff with the exception of attorney Leonard Kesten.  The Defendants anticipate that they will call the following witnesses at trial.

Fact Witnesses

1.    Dr. John Beliveau

2.    John D'Agostino

3.    Kimberly Stoyle

4.    Steven MacCaffrie

5.    Richard Boucher

6.    Bea Kearney

7.    Gary Babin

8.    Gary D'Ambra

9.    Bradford Wills

10.   Kara Cook (Torman)

11.   Cheryl Bouldry

12.   George Dentino

13.   Michael Picclomino

14.   Thomas Hottleman

15.   James Pender

16.   Andrea Hottleman

17.   Laurie Anderson

18.   James Lampke

19.   Ken Marchars – Commonwealth of Massachusetts Department of Revenue

20.    James Johnson – Commonwealth of Massachusetts Department of Revenue

21.    Robert Guaraldi

22.    Jen Trask

23.    Eileen Oulette

24.    Sandy Larosee

25.    Donna Sirois

26.    Elizabeth Carter

27.    Jackie Lee

28.    Elaine Peri

29.    Michael Elsworth

30.    Andy Gazzolo

31.    Louis Amoruso,

32.    Michael McCue

33.    David McCarter

34.    Daniel Donovan

35.    Roger Achille

Expert Witnesses

36.    Karen Roberts, CPA

37.    John Sullivan, CPA

38.    Robert Guaraldi

The Defendants reserve the right to call any witness or submit any exhibit listed by the Plaintiffs.  The Defendants further reserve the right to supplement this witness list prior to trial.

9

12. **IDENTIFICATION OF ANY PORTIONS OF DEPOSITIONS OR INTERROGATORY RESPONSES TO BE OFFERED AT TRIAL**

   None.

13. **IN CASES TO BE TRIED BY A JURY**

   a. Requests for Instructions with citation to supporting authority **– attached hereto as Exhibit 1**;

   b. Proposed interrogatories or special verdict forms – the Defendants will provide a verdict form once the Court and the parties narrow the issues to be tried.

   c. Proposed questions for the <u>voir</u> <u>dire</u> examination – none.

14. **MOTIONS IN LIMINE**

   The Defendants have filed a Motion in Limine to Preclude Certain Testimony about Individual Selectmen and Board Of Light Commissioners – **attached hereto as Exhibit 2.**

   Respectfully submitted,
   The Defendants,
   By their attorneys,

   /s/ Leonard H. Kesten
   Leonard H. Kesten, BBO# 542042
   Deborah I. Ecker, BBO# 554623
   BRODY, HARDOON, PERKINS & KESTEN, LLP
   One Exeter Plaza
   Boston, MA 02116
   (617) 880-7100

   /s/ Susan Jacobs
   Susan Jacobs, Esq.
   VOLTERRA, GOLDBERG & JACOBS
   Three Mill Street
   Attleboro, MA 02703
   (508) 222-1463

DATED: June 8, 2007