UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-11329-DPW

| | |
|---|---|
| DR. JOHN J. BELIVEAU, | ) |
| Plaintiff, | ) |
| v. | ) |
| TOWN OF MANSFIELD MUNICIPAL ELECTRIC DEPARTMENT AND JOHN D'AGOSTINO, | ) |
| Defendants. | ) |

CONSOLIDATED WITH:

| | |
|---|---|
| KIMBERLY STOYLE, Plaintiff | ) |
| v. | ) |
| THE MANSFIELD MUNICIPAL ELECTRIC DEPARTMENT, JOHN D'AGOSTINO, THE TOWN OF MANSFIELD BOARD OF LIGHT COMMISSIONERS, LOUIS AMORUSO, MICHAEL MCCUE, DAVID MCCARTER, DANIEL DONOVAN, ROGER ACHILLE and STEVEN MACCAFFRIE, Defendants | ) |

CIVIL ACTION NO. 05-10354-DPW

**PLAINTIFF BELIVEAU'S MOTION IN LIMINE TO PRECLUDE EVIDENCE REGARDING BELIVEAU'S LITIGATION WITH THE UNITED STATES NAVY**

Plaintiff, Dr. John J. Beliveau ("Beliveau"), hereby moves that the Court preclude Defendants from submitting evidence or questioning witnesses at trial regarding litigation between Plaintiff Beliveau and the United States Navy ("Navy"). In February of 1995, while an

employee of the Navy, Beliveau filed suit against the Navy regarding certain environmental conditions for which he believed the Navy was responsible. After an administrative law judge issued a written decision in Plaintiff Beliveau's favor, the suit was settled. The administrative law judge decisions, the pleadings, and the settlement in that matter (hereinafter collectively the "Navy lawsuit") have no bearing on the matters pending before this Court, and, moreover, any such evidence would be inadmissible under the Federal Rules of Evidence. Plaintiff therefore hereby moves that the Court preclude Defendants from raising these issues at trial, and as reason therefor states the following:

## BACKGROUND

1. In approximately 1977, Plaintiff Beliveau was hired to work for the United States Navy. Beliveau was employed by the Navy for a total of 21 years. During this time period, he regularly received evaluations reflecting outstanding job performance.

2. In 1994, after 17 years of employment with the Navy, Plaintiff Beliveau became aware of certain environmental conditions for which he believed the Navy was responsible. Believeau believed he had a duty to report these environmental conditions. As the result of Beliveau's reporting of these conditions, litigation between the parties ensued. Subsequently, Beliveau and the Navy became involved in further litigation before an administrative law judge at the United States Department of Labor.

3. The administrative law judge issued a written decision in Beliveau's favor in June of 2000. Shortly thereafter, the lawsuit was settled with the claims brought by Beliveau being vindicated.

4. The claims litigated in the Navy lawsuit have no bearing whatsoever on the issues pending before this Court.

## ARGUMENT

Plaintiff anticipates that Defendants will try to raise the Navy lawsuit in this trial in an effort to discredit Plaintiff Beliveau. Specifically, it is anticipated that the Defendants may offer excerpts of an administrative law judge's written decision that paint Beliveau in a poor light. Presumably, such evidence will be offered by Defendants as evidence that Beliveau has a "propensity" to behave in a certain manner, and for the purpose of arguing that Beliveau has a history of being a "difficult" employee, a "troublemaker" and/or "litigious." Such characterizations of Beliveau are both improper under the Federal Rules of Evidence, and are entirely unsupported by the facts. Beliveau was successful in his litigation with the Navy and the Navy ultimately settled all claims with Beliveau as a result. Moreover, the topics litigated in the Navy law suit are entirely irrelevant, concerning events that took place before Beliveau was even employed by the MMED, the Defendant in this matter.

The Federal Rules of Evidence define "relevant evidence" as evidence "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.

The administrative law judge's decision in the Plaintiff's prior action against the Navy is not relevant to the current action. The administrative proceeding was decided in the plaintiff's favor. In addition, the claims in the Navy matter were distinct and involved none of the same parties except for the plaintiff himself.

Moreover, even if the Court were to find that the Navy lawsuit is relevant to the matters pending before it, the evidence must still be excluded as being offered for an impermissible purpose. Relevant evidence must comport with the requirements of Fed. R. Evid. 404(b) which prohibits evidence of "other crimes, wrongs, or acts…to prove the character of a person in order

to show action in conformity therewith" unless it is offered for one of the express purposes listed in Fed. R. Evid. 404(b).

Although there are several exceptions to these Rules, none of those exceptions is applicable here. Character evidence may be admitted for the purposes of showing: motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. *Id.* In order for evidence to be admitted under one of these exceptions, Fed. R. Evid. 404(b) requires that the Court conduct a bifurcated inquiry regarding that evidence. *Udemba v. Nicoli*, 237 F.3d 8, 15 (1st Cir. 2001). First, the Court must consider whether the proffered evidence falls within the realm of special evidence that "sheds light on a disputed issue in the case, rather than merely to show a defendant's deplorable character or propensity for wrongdoing." *Id.* (*citing Veranda Beach Club Ltd. Partnership v Western Sur. Co.*, 936 F.2d 1364, 1373 (1st Cir. 1991)). Second, if the Court does decide that the submitted evidence has some form of special relevance, the evidence must then be analyzed under Fed. R. Evid. 403. *Old Chief v. U.S.,* 519 U.S. 172, 181-182 (1997). Fed. R. Evid. 403 provides: "although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

The proposed evidence fails the first prong as the Navy lawsuit does not fit within any of the listed exceptions of Rule 404(b). Evidence of this prior proceeding does not demonstrate any special motive, opportunity, intent, preparation, plan, knowledge, or absence of mistake or accident which is material to the instant case. Evidence of a plaintiff's prior lawsuits filed in an effort to show litigiousness is generally only permissible if there is evidence which demonstrates

that the prior lawsuit was fraudulently filed. *McDonough v. City of Quincy*, 452 F.3d 8, 20 (1st Cir. 2005). There is no evidence that Beliveau has ever filed a fraudulent claim of any kind.

In this instance, evidence regarding the Navy lawsuit is nothing more than propensity/character evidence that Defendants propose to use against Beliveau. The Navy lawsuit is not competent evidence of any negative traits and would be inadmissible if offered to make such a showing. In this case, the prejudicial nature of any evidence of the plaintiff's proceeding against the Navy far outweighs its probative value. The probative value of introducing the proceeding to prove any purposes listed in Rule 404(b) is minimal given that Beliveau was successful in the proceeding. Finally, under *McDonough*, the prior lawsuit was not fraudulent and therefore cannot be introduced to show that the plaintiff is litigious.

This evidence should also be excluded because it is likely to cause confusion of the jury, or undue delay. *Blancha v. Raymark Indus.*, 972 F.2d 507, 516 (3d Cir. 1992) (noting that evidence relating to previous litigation involving the parties is routinely subject to exclusion). Even where inquiry into a particular past lawsuit may be probative of a purpose such as bias, opening up a past lawsuit in a current action "invites detailed inquiries, denials, and explanations likely to lead to multifariousness and a confusion of issues." *Outlay v. City of New York*, 837 F.2d 587, 595 (2nd Cir. 1988). Evidence is more likely to confuse the jury or cause undue delay when its admission would lead to side issues that may distract the jury. *Blancha* at 516.

The Navy lawsuit is complex and completely distinct from the civil actions at hand. The admission of evidence relating to the Navy lawsuit would add witnesses, exhibits and legal issues, distracting and confusing the jury and using Court time for matters that are irrelevant to the adjudication of these civil actions.

Moreover, to the extent that Defendants intend to ask that the Court take judicial notice of certain statements or findings of fact contained in the administrative law judge's written decision in the Navy lawsuit, the Court should decline to take such notice.

A court may take judicial notice of an adjudicative which is: 1) not subject to reasonable dispute and is 2) either "generally known within the territorial jurisdiction of the trial court" or "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1081 (7th Cir. 1997).  However, Courts do not generally take judicial notice of the findings of fact within another case. *Wyatt v. Terhune*, 315 F.3d 1108, 1114 (9th Cir. 2003); *Meredith v. Beech Aircraft Corp.*, 18 F.3d 890, 895 (10th Cir. 1994); *Hallowway v. Lockhart*, 813 F.2d 874, 879 (8th Cir. 1987).  The *General Electric* Court held that it may be possible for a court to take judicial notice of findings of fact from other proceedings if the stringent requirement of Fed. R. Evid. 201(b) that the facts be "indisputable" is satisfied. *General Elec. Capital Corp.* at 1082. Courts have taken judicial notice of prior administrative proceedings which are  related to the current action. *U.S. v. An Undetermined Quantity of Drugs*, 583 F.2d 942, 946 (7th Cir. 1978) (taking judicial notice of administrative law judge holding that the drugs at issue were safe and effective in current action to condemn said drugs); *In re Maplewood Poultry Co.*, 2 B.R. 545 (Bankr. ME 1980) (taking judicial notice of all prior administrative proceedings in party's bankruptcy); *Jacques v. United States R.R. Ret. Bd.*, 736 F.2d 34, 40 (2d Cir. 1984) (holding that a court reviewing administrative agency determination may judicially notice administrative pleadings for purposes of evaluating settlement).

The Defendant's attempt to have the excerpts or the findings of fact from the Navy lawsuit judicially noticed is again an attack on Beliveau's character and an attempt to portray him

as litigious and difficult. As the findings of fact from the Navy lawsuit are subject to reasonable dispute, do not meet the "indisputable" standard of Fed. R. Evid. 201(b) and are not related to the adjudication of these civil actions at hand, they should not be judicial noticed.

The Defendants' use of the Navy lawsuit is an attempt to portray Beliveau's character as litigious and difficult. Judicial notice or admission of this evidence would result in a high degree of prejudice to Beliveau, would distract and confuse the jury, and would substantially increase the length of the trial. For these reasons, Defendants should be precluded from offering any evidence relating to the Navy lawsuit.

## CONCLUSION

Any offer of evidence relating to the Navy lawsuit by Defendants should be precluded as irrelevant and as prohibited under Fed. R. Evid 404(b), and 403.

RESPECTFULLY SUBMITTED,
**PLAINTIFF,**
**DR. JOHN J. BELIVEAU,**

By his attorneys,

 /s/ Christine M. Griffin
Juliane Balliro (BBO # 028010)
Christine M. Griffin (BBO # 651401)
Wolf, Block, Schorr and Solis-Cohen LLP
One Boston Place
Boston, MA 02108
617-854-4100

June 8, 2007

## CERTIFICATE OF SERVICE

      I, Christine M. Griffin, hereby certify that it is my understanding that the foregoing document will be served on all counsel of record via email through the Court's ECF filing system upon the electronic filing of this document with the Court on this the 8th day of June, 2007, and that I am also circulating a copy of the foregoing document to counsel Lynn Leonard by email on this the 8th day of June, 2007.

                                              /s/ Christine M. Griffin_____
                                              Christine M. Griffin