UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.: 04-11329DPW

DR. JOHN J. BELIVEAU,       )
                            )
         Plaintiff          )
VS.                         )
                            )
TOWN OF MANSFIELD MUNICIPAL )
ELECTRIC DEPARTMENT AND JOHN)
D'AGOSTINO,                 )
                            )
         Defendants         )

## DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

The Defendants Town of Mansfield Municipal Electric Department and John D'Agostino (hereinafter "Defendants") hereby respond to each numbered paragraph of the Plaintiff's First Amended Complaint as follows:

### INTRODUCTION

The Defendants state that this paragraph is introductory in nature and therefore no response is required.

### JURISDICTION AND VENUE

1.  The Defendants state that paragraph 1 is a conclusion of law to which no response is required.

2.  The Defendants state that paragraph 2 is a conclusion of law to which no response is required.

### PROCEDURAL HISTORY

3.  The Defendants admit the allegations contained in paragraph 3.
4.  The Defendants admit the allegations contained in paragraph 4.
5.  The Defendants admit the allegations contained in paragraph 5.
6.  The Defendants admit the allegations contained in paragraph 6.

1

7. The Defendants admit the allegations contained in paragraph 7.

8. The Defendants admit the allegations contained in paragraph 8.

## PARTIES

9. The Defendants admit the allegations contained in paragraph 9.

10. The Defendants deny the allegations contained in paragraph 10.

11. The Defendants admit the allegations contained in paragraph 11.

## FACTS

12. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12.

13. The Defendants admit the allegations contained in paragraph 13.

14. The Defendants deny the allegations contained in paragraph 14.

15. The Defendants deny the allegations contained in paragraph 15.

16. The Defendants deny the allegations contained in paragraph 16.

17. The Defendants admit the allegations contained in paragraph 17.

18. The Defendants admit the allegations contained in the first sentence of paragraph 18. The Defendants deny the remaining allegations contained in paragraph 18.

19. The Defendants admit that D'Agostino denied Ms. Stoyle's allegations to the press. The Defendants deny the remaining allegations contained in paragraph 19.

20. The Defendants admit that in February 2003, a memorandum was sent to Dr. Beliveau from the Town Accountant and Treasurer, which memorandum speaks for itself. The Defendants deny the remaining allegations contained in paragraph 20.

21. The Defendants admit that Dr. Beliveau contacted Mr. Goulet as a result of receiving the memorandum. The Defendants deny the remaining allegations contained in paragraph 21.

22. The Defendants deny the allegations contained in paragraph 22.

23. The Defendants deny the allegations contained in paragraph 23.

24. The Defendants deny the allegations contained in paragraph 24.

25. The Defendants deny the allegations contained in paragraph 25.

26. The Defendants deny the allegations contained in paragraph 26.

27. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27.

28. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28.

29. The Defendants deny the allegations contained in paragraph 29.

30. The Defendants deny the allegations contained in paragraph 30.

31. The Defendants admit the allegations contained in the first sentence of paragraph 31. The Defendants deny the remaining allegations contained in paragraph 31.

32. The Defendants deny the allegations contained in paragraph 32.

33. The Defendants deny the allegations contained in paragraph 33.

34. The Defendants deny the allegations contained in paragraph 34.

35. The Defendants deny the allegations contained in paragraph 35.

36. The Defendants admit that a memorandum was sent. The Defendants deny the remaining allegations contained in paragraph 36.

37. The Defendants admit that the Board of Light Commissioners voted to retain Mr. Goulet for another year. The Defendants deny the remaining allegations contained in paragraph 37.

38. The Defendants deny the allegations contained in paragraph 38.

39. The Defendants admit that a memorandum was issued. The Defendants deny the remaining allegations contained in paragraph 39.

40. The Defendants deny the allegations contained in paragraph 40.

41. The Defendants admit the allegations contained in paragraph 41.

42. The Defendants admit the allegations contained in paragraph 42.

43. The Defendants deny the allegations contained in paragraph 43.

44. The Defendants admit the allegations contained in paragraph 44.

45. The Defendants admit the allegations contained in paragraph 45.

46. The Defendants admit the allegations contained in paragraph 46.

47. The Defendants admit the allegations contained in paragraph 47.

48. The Defendants deny the allegations contained in paragraph 48.

49. The Defendants admit the allegations contained in paragraph 49.

50. The Defendants deny the allegations contained in paragraph 50.

51. The Defendants deny the allegations contained in paragraph 51.

52. The Defendants deny the allegations contained in paragraph 52.

## COUNT I
**Title VII of the Civil Rights Acts of 1964, as amended, 42 U.S.C. §2000e *et seq.*
(Dr. Beliveau v. Electric Department and D'Agostino)**

53. The Defendants hereby repeat and reallege herein their responses to paragraph 1 through 52 above.

54. The Defendants admit the allegations contained in paragraph 54.

55. The Defendants deny the allegations contained in paragraph 55.

56. The Defendants deny the allegations contained in paragraph 56.

57. The Defendants deny the allegations contained in paragraph 57.

58. The Defendants deny the allegations contained in paragraph 58.

59. The Defendants deny the allegations contained in paragraph 59.

WHEREFORE, the Defendants hereby demand that judgment be entered in their favor as to Count I with interest, fees, and costs awarded to them.

## COUNT II
**G.L. c. 151B, §4(4) – Retaliation
(Dr. Beliveau v. Electric Department and D'Agostino)**

60. The Defendants hereby repeat and reallege herein their responses to paragraph 1 through 59 above.

61. The Defendants admit the allegations contained in paragraph 61 above.

62. The Defendants deny the allegations contained in paragraph 62 above.

63. The Defendants deny the allegations contained in paragraph 63 above.

64. The Defendants deny the allegations contained in paragraph 64.

65. The Defendants deny the allegations contained in paragraph 65.

66. The Defendants deny the allegations contained in paragraph 66.

WHEREFORE, the Defendants hereby demand that judgment be entered in their favor as to Count II with interest, fees, and costs awarded to them.

### COUNT III
### G.L. c. 151B, §4(4)(A) – Coerce, Intimidate, Threaten, or Interfere
### (Dr. Beliveau v. Electric Department and D'Agostino)

67. The Defendants hereby repeat and reallege herein their responses to paragraph 1 through 66 above.

68. The Defendants admit the allegations contained in paragraph 68.

69. The Defendants deny the allegations contained in paragraph 69.

70. The Defendants deny the allegations contained in paragraph 70.

71. The Defendants deny the allegations contained in paragraph 71.

72. The Defendants deny the allegations contained in paragraph 72.

WHEREFORE, the Defendants hereby demand that judgment be entered in their favor as to Count III with interest, fees, and costs awarded to them.

### COUNT IV
### G.L.C. 149, §185 – Whistleblower Statute
### (Dr. Beliveau v. Electric Department and D'Agostino)

73. The Defendants hereby repeat and reallege herein their responses to paragraph 1 through 72 above.

74. The Defendants deny the allegations contained in paragraph 74 above.

75. The Defendants deny the allegations contained in paragraph 75.

76. The Defendants deny the allegations contained in paragraph 76.

77. The Defendants deny the allegations contained in paragraph 77.

78. The Defendants deny the allegations contained in paragraph 78.

79. The Defendants deny the allegations contained in paragraph 79.

80. The Defendants deny the allegations contained in paragraph 80.

WHEREFORE, the Defendants hereby demand that judgment be entered in their favor as to Count IV with interest, fees, and costs awarded to them.

### COUNT V
### Wrongful Termination
### (Dr. Beliveau v. Electric Department and D'Agostino)

81. The Defendants hereby repeat and reallege herein their responses to paragraph 1 through 80 above.

82. The Defendants deny the allegations contained in paragraph 82.

83. The Defendants deny the allegations contained in paragraph 83.

WHEREFORE, the Defendants hereby demand that judgment be entered in their favor as to Count V with interest, fees, and costs awarded to them.

### COUNT VI
### Intentional Infliction of Emotional Distress
### (Dr. Beliveau v. D'Agostino)

84. The Defendants hereby repeat and reallege herein their responses to paragraph 1 through 83 above.

85. The Defendants deny the allegations contained in paragraph 85.

86. The Defendants deny the allegations contained in paragraph 86.

87. The Defendants deny the allegations contained in paragraph 87.

WHEREFORE, the Defendants hereby demand that judgment be entered in their favor as to Count VI with interest, fees, and costs awarded to them.

### COUNT VII
### Tortious Interference with Advantageous Relations
### (Dr. Beliveau v. D'Agostino)

88. The Defendants hereby repeat and reallege herein their responses to paragraph 1 through 87 above.

89. The Defendants deny the allegations contained in paragraph 89.

90. The Defendants deny the allegations contained in paragraph 90.

91.   The Defendants deny the allegations contained in paragraph 91.

WHEREFORE, the Defendants hereby demand that judgment be entered in their favor as to Count VII with interest, fees, and costs awarded to them.

**COUNT VIII**
**Defamation**
**(Dr. Beliveau v. D'Agostino)**

92.   The Defendants hereby repeat and reallege herein their responses to paragraph 1 through 91 above.

93.   The Defendants deny the allegations contained in paragraph 93.

94.   The Defendants deny the allegations contained in paragraph 94.

95.   The Defendants deny the allegations contained in paragraph 95.

WHEREFORE, the Defendants hereby demand that judgment be entered in their favor as to Count VIII with interest, fees, and costs awarded to them.

**AFFIRMATIVE DEFENSES**

**First Affirmative Defense**

The Amended Complaint fails to state a claim upon which relief can be granted.

**Second Affirmative Defense**

The Plaintiff cannot establish a prima facie case of retaliation or discrimination.

**Third Affirmative Defense**

Any statement allegedly made by the Defendants was true, and therefore the Plaintiff cannot maintain this action.

**Fourth Affirmative Defense**

Any statement allegedly made by the Defendants was opinion, and therefore the Plaintiff cannot maintain this action.

**Fifth Affirmative Defense**

Any statement allegedly made by the Defendants is absolutely or conditionally privileged, and therefore the Plaintiff cannot maintain this action.

**Sixth Affirmative Defense**

The qualified immunity of public officials performing discretionary acts bars the Plaintiff from maintaining this action.

**JURY DEMAND**

THE DEFENDANTS DEMAND A TRIAL BY JURY ON ALL COUNTS SO TRIABLE.

>Respectfully submitted,
>The Defendants,
>By their attorneys,
>
>/s/ Deborah I. Ecker
>Leonard H. Kesten, BBO# 542042
>Deborah I. Ecker, BBO# 554623
>BRODY, HARDOON, PERKINS & KESTEN, LLP
>One Exeter Plaza
>Boston, MA 02116
>(617) 880-7100
>
>
>/s/ Susan Jacobs
>Susan Jacobs, Esq.
>Volterra, Goldberg & Jacobs
>Three Mill Street
>Attleboro, MA 02703
>(508) 222-1463

DATED: June 8, 2007