UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.: 04-11329DPW

DR. JOHN J. BELIVEAU,           )
                                )
         Plaintiff              )
VS.                             )
                                )
TOWN OF MANSFIELD MUNICIPAL     )
ELECTRIC DEPARTMENT AND JOHN    )
D'AGOSTINO,                     )
                                )
         Defendants             )

CONSOLIDATED WITH:

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.:  05-10354DPW

KIMBERLY STOYLE,                )
                                )
         Plaintiff              )
VS.                             )
                                )
THE MANSFIELD MUNICIPAL         )
ELECTRIC DEPARTMENT, JOHN       )
D'AGOSTINO, TOWN OF MANSFIELD   )
BOARD OF LIGHT COMMISSIONERS,   )
LOUIS AMORUSO, MICHAEL McCUE,   )
DAVID McCARTER, DANIEL          )
DONOVAN, ROGER ACHILLE and      )
STEVEN MacCAFFRIE,              )
                                )
         Defendants             )

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR SANCTIONS

### I.      INTRODUCTION

After three years of discovery in these cases, on the eve of trial the Plaintiffs, John J. Beliveau and Kimberly Stoyle, have filed a Motion for Sanctions Against the Defendants The Town of Mansfield Municipal Light Department and

1

John D'Agostino. This Motion is based on discovery disputes, specifically the production of electronic documents. The crux of the Plaintiffs' Motion is that the Defendants failed to perform a good faith search for electronically stored material responsive to the Plaintiffs' multiple and onerous document requests and that the Defendants have not made electronic media available to the Plaintiffs for copying and review. The Plaintiffs' Motion is meritless because as discussed below, the Defendants conducted their search for documents in good faith, have produced voluminous documents, including electronically stored documents that are relevant, non-privileged, and responsive to all of the Plaintiffs' document requests, and have repeatedly afforded the Plaintiffs the opportunity to copy and review additional electronic media as they desired. The Plaintiffs have chosen not to avail themselves of that opportunity. The Defendants are still not aware of any documents, including electronically stored documents that have not been produced by them that are relevant, non-privileged, and responsive to the Plaintiffs' document requests.

In addition, the Plaintiffs claim that the Defendants failed to preserve potentially relevant or responsive materials once they were on notice of the Plaintiffs' lawsuits. This argument is also without merit. It appears that the Plaintiffs' totally lack an understanding of the operation of the Defendants' computer system and backup for those systems. Further, the Plaintiffs have not even bothered to inspect and copy the electronic material that has been made available to them. It is disingenuous for them, therefore, to argue that if additional media had been made available to them, they would have availed themselves of the opportunity to inspect and review it.

The Plaintiffs' Motion is nothing more than a thinly veiled attempt to have the trial postponed and/or to have the Court order the Defendants to pay for the Plaintiff's Jack Beliveau's computer expert.[1] The Plaintiffs' motion should be denied as the Defendants conducted their search for documents requested, including the search for electronic documents responsive to the Plaintiffs' numerous document requests in good faith and pursuant to the Federal Rules of Civil Procedure.[2] The Plaintiffs have also taken the deposition of the Defendants' MIS expert and have been aware for over one year of the status of the electronic information in the Defendants' possession. The Defendants are not aware of any relevant documents responsive to the Plaintiffs' document requests that have not yet been produced.

## II. PROCEDURAL HISTORY

The Plaintiffs began filing their multiple Complaints against the Defendants in November 2002 when Kimberly Stoyle filed her first MCAD complaint. During the course of the various actions, the Plaintiffs have made numerous requests for documents. The Plaintiffs have propounded separate requests for production on each of the Defendants, and have attached multiple requests for production of documents to deposition subpoenas of current and

---

[1] Ms. Stoyle has not retained a computer expert to assist her in this matter.

[2] The Federal Rules of Civil Procedure were only recently amended in December 2006 to address concerns with respect to electronically stored information. While those Rules were not in effect at the time that the Defendants were responding to the Plaintiffs' document requests, the spirit of those rules as written were followed by the Defendants. Contrary to the Plaintiffs' assertions, the new Federal Rules do not require that a party provide discovery of electronically stored information from sources that the party identifies as "not reasonably accessible" because of undue burden and cost. Rather, as was done here, the Defendants searched electronically stored information from sources that were reasonably accessible to them. Further, the Defendants went beyond what is required by the Federal Rules and retained a computer expert at great cost to them to help with the retrieval and review of the electronic documents available.

former town employees. Further, Defendant John D'Agostino received two different document requests attached to two of the three notices of his deposition. In addition, the Plaintiffs have made Freedom of Information Act requests for documents to the Town of Mansfield. The Defendants and their counsel have struggled under this veritable avalanche of document demands and have done the best they could to respond, including in their responses references to and production of thousands of electronically stored documents.

### A.    The Defendants' Electronic Media

In 2003, the Town of Mansfield's initial Primary Domain Controller ("PDC") "crashed". Fortunately the PDC server had RAID, a redundant hard drive, meaning that all of the documents contained on the PDC were not lost and were contained on another hard drive and on back up tapes. Therefore, all of the information contained on the PDC that "crashed" was migrated to the current Town of Mansfield servers, TOMPDC and TOMMAIL.

In the Town of Mansfield, employees are instructed to save to all of the documents and electronic mail to the Town servers. Accordingly, e-mails that are not deleted by the employees are saved onto the Town of Mansfield's servers referenced above. Any e-mails that have been deleted by the employees are only retained on the servers for seven days and the tapes used to back up the server are overwritten approximately every three months. The overwrites are necessary due to the volume of e-mail generated and the limited memory of the servers. Pursuant to the Town of Mansfield Policy for the Use of Town Computers and E-mails, employees are instructed as follows concerning the deletion of emails:

> 10.    For the sake of preserving the data storage capacity of the computer system, e-mails stored on the system shall be purged by each employee during the first week of each calendar month. However,

4

> any e-mail that relates to the business of the town shall be copied onto paper and stored as a public record prior to the deletion of the e-mail from the computer system at any time.

See Exhibit B attached to Plaintiff's Motion.

The MMED has a separate computer network, thus there is no file sharing directly between the Town of Mansfield and the MMED. Electronic mail and attachments thereto can be sent to and from the Town and MMED and should be saved on the Town and MMED servers.

The MMED server had a heat problem and was put into storage. The server did not have a redundant hard drive. The files were able to be migrated from the old MMED server to the new MMED server. The MMED did begin to back up their electronic mail server onto tapes under Beliveau's tenure beginning in 2003 (Beliveau was terminated on February 14, 2004).

B. **Receipt of Document Requests and Search for Relevant Documents**

When the Defendants received documents requests from the Plaintiffs, they not only searched their files for paper documents located in Town Hall and at the MMED that were relevant, not privileged, and responsive to the Plaintiffs' requests, but also searched for electronically stored documents. Specifically, the MIS Director, Louis Costa, was provided with search terms that would locate e-mails responsive to the numerous requests propounded. Using the search terms, Mr. Costa searched the current Town of Mansfield servers, TOMMAIL and TOMPDC, as well as the desktop and laptop computers of John D'Agostino, Bea Kearney, and Richard Boucher. Mr. Costa also searched back up tapes then available using the terms provided. Mr. Costa copied all of the electronic

documents retrieved as a result of his search onto CDs which were later forwarded to the Defendants' attorneys and the Defendants' computer expert.

The Defendants retained a computer expert, Robert Guaraldi, to assist in the search for documents. Mr. Guaraldi procured the electronic media and copied the available electronic media for review by the Defendants' attorneys. **Exhibit 1 – Forensic Discovery Report of Robert L. Guaraldi.** The attorneys then worked with Mr. Guaraldi to redact privileged emails contained on CD-Rs copied by Mr. Guaraldi. The redacted emails were then provided to the Plaintiffs with a privilege log. The Defendants made available to the Plaintiffs all of the electronic media reviewed by Mr. Guaraldi for inspection and copying. That included the hard drives used by Beliveau and Stoyle while they were employed at the MMED as well as DAT tapes from which Mr. Guaraldi was not able to recover data. Mr. Guaraldi did not take an available Imation Data cartridge from the MMED because he knew that he did not have the equipment to recover the data.

The Plaintiffs noticed the depositions of Bea Kearney, Richard Boucher, John D'Agostino, Mr. Babin, and Mr. Costa, as well as several current and former Selectmen. Attached to each deposition notice was a schedule of document requests to be produced by the individual at the time of his or her deposition. The Defendants and the individuals searched and produced the documents requested.[3] The Plaintiffs did not specifically seek a copy of the entire MMED e-

---

[3] The Plaintiffs claim that Ms. Kearney testified at her deposition that she produced documents to counsel that were not produced to the Plaintiff. However, the Plaintiffs' attorney failed to ask Ms. Kearney at the deposition what documents she was referring to. The Defendants are not aware of documents produced to them by Ms. Kearney

mail archive until the deposition of Gary Babin, the current Director of the MMED. That deposition went forward on March 23, 2006 at which time Mr. Babin provided the Plaintiffs with MMED email archives that were recovered. Likewise, the Plaintiffs did not seek the e-mail archives (not specific documents possibly contained in the archives) from the Town of Mansfield until they noticed the deposition of Lou Costa which deposition occurred on March 31, 2006. The Defendants diligently worked with their expert to retrieve the thousands of e-mails contained in the system and to review all of those e-mails in order to redact out privileged information responsive to the Plaintiffs' requests as referenced above.

The Plaintiffs never availed themselves of the opportunity to inspect and copy the electronic media listed by Mr. Guaraldi in his report. **Exhibit 1.** In fact, as far as the Defendants are aware, Beliveau did not retain a computer expert to assist him with the discovery of electronic media until May 2007, (Ms. Stoyle has never retained a computer expert) despite repeated assertions that the Defendants have not produced all of the electronic documents available to them. The Plaintiffs never requested the opportunity to go to the Town Hall and inspect and copy the Town of Mansfield main servers and other hard drives located in Town Hall until after the close of discovery in this matter. After a hearing on the Plaintiffs' Renewed Motion to Compel, Beliveau retained a computer expert and the Defendants afforded that expert the opportunity to go to Town Hall and to copy the two servers, TOMMAIL and TOMPDC as well as the hard drives for Mr. D'Agostino's laptop and Mr. Boucher's former desktop.

---

responsive to the Plaintiffs' document requests and which are not privileged that have not been produced.

The Defendants also allowed the Plaintiff and his expert to question Mr. Costa off the record about the Town's computer system and available electronic media as the Town is not attempting in any way to hide any electronic documents from the Plaintiffs that are relevant, not privileged, and responsive to the Plaintiffs' multitude of document requests. At that meeting, Mr. Costa told the Plaintiff's expert that there had been AIT tapes that backed up the main servers that crashed and that they could possibly still exist. Mr. Costa has searched for those tapes and has been unable to locate them. The data from those back up tapes however, had already been migrated by Mr. Costa to the Town of Mansfield's current servers, TOMMAIL and TOMPDC as set forth above. Mr. Costa did inform the Plaintiff's computer expert that he had the old MMED server that had overheated. Mr. Costa told the Plaintiffs' expert that he had been able to recover and migrate the documents from that server but that the server had no redundant hard drive.

  The Plaintiffs' expert copied only the TOMPDC and not TOMMAIL. The Plaintiff Beliveau indicated that his expert would search the database to see if he could discover any new documents. The parties agreed that the expert would then provide the Defendants copies of these documents for review as to privilege. To date, the Plaintiffs' expert has not provided any documents found on that server to the Defendants for review prior to production to the Plaintiff. Likewise, the Plaintiffs' expert copied the hard drives from Mr. Boucher's former desktop and Mr. D'Agostino's current laptop, but has not provided the Defendants with any documents for review prior to production to the Plaintiffs.

  The Plaintiffs have still not inspected or copied the current Town server TOMAIL, Beliveau and Stoyle's hard drives from their work computers, DAT

8

Tapes, Gateway Laptop, Tyungsten Palm Pilot, Imation Data cartridge, original CD-Rs, email archives, as well as other evidence procured and listed by Mr. Guaraldi in his report.

### III.   ARGUMENT

####    A.   Defendants Have Complied with their Responsibility to do a Good Faith Search for Responsive Materials.

In their Motion for Sanctions, the Plaintiffs allege that the Defendants have provided obstructionist answers to their requests for electronic documents and that the Defendants did not perform a good faith search for responsive documents. As evidenced above, nothing is further from the truth as the Defendants have sought to respond to the Plaintiffs' multitude of document requests and have attempted to retrieve the electronic documents easily accessible by them as required under the Federal Rules of Civil Procedure. In fact, the Defendants have gone beyond what is required and have retained a computer expert, Bob Guaraldi, to assist them in their efforts to retrieve available responsive electronic documents.[4]

The Plaintiffs' representations to the Court that the Defendants have failed to do any sort of good faith search through the town computer systems for responsive documents are blatantly false and are egregious given that the Plaintiffs deposed Mr. Costa in March 2006 – over one year ago – and are well aware of the searches conducted by him of the town computer systems as referenced above and the specific electronic media searched by him that the Plaintiffs now claim were only recently revealed to them. In addition, the

---

[4] As of June 5, 2007, Mr. Guaraldi has billed the Defendants approximately $28,539.61 for his services.

9

Plaintiffs have deposed Mr. Guaraldi who also attempted to explain to the Plaintiffs, although apparently unsuccessfully, the efforts that were undertaken to retrieve available responsive electronic documents. The Plaintiffs' attempt to cast aspersions on statements made by Mr. Kesten and other of the Defendants representatives also shows the Plaintiffs' lack of understanding of the electronic media searched and the workings of the Town's computer systems. The Plaintiffs represent that Mr. Kesten stated to them that the Defendants' counsel did not do any independent searches for electronic materials other than searching through the materials that were provided to Mr. Guaraldi and listed in Guaraldi's report. Further, the Plaintiffs state that Mr. Kesten stated that the Defendants' attorneys relied on the Town MIS staff to perform searches of electronic media for responsive documents. The Plaintiffs apparently would like this Court to believe that this was an improper method for conducting the search for electronic documents. Certainly, the Plaintiffs would not have wanted Mr. Kesten to attempt to access the Town's servers and figure out how to conduct the searches and retrieve responsive documents. Rather, what was done was well within the confines of the discovery rule in that the Defendants provided Mr. Costa and Mr. Guaraldi with search terms. After searching the accessible electronic media for those terms, Mr. Costa and Mr. Guaraldi provided the Defendants' counsel with the universe of documents that could possibly be responsive to the Plaintiffs' requests. The Defendants then spent hours culling through the electronic documents to determine what electronic documents were responsive to the Plaintiffs' requests. In fact, the Defendants' production of electronic data was over inclusive as the thousands of documents produced and made available to

the Plaintiffs for inspection and copying were not nearly all relevant or responsive to the Plaintiffs' requests.

While the Plaintiffs have continually argued that the Defendants have not produced all electronic documents responsive to their requests, they have never identified even one electronic document that they are aware of that has not been produced that is responsive to one of their document requests and which the Defendants have not objected to producing. It is incredulous for the Plaintiffs to even make such a claim as they have not even inspected the electronic media made available to them. The Plaintiffs instead attempt to place the Defendants in the impossible position of proving a negative, that is that there are no other electronic documents readily accessible to them that are responsive to the Plaintiffs' requests.

The Plaintiffs appear to be under the belief that they are entitled to view all electronic documents contained on the Town and MMED servers as well as all documents contained on individuals computers. This is not the case. Rather, as with paper discovery, the Plaintiffs are only entitled to the production of electronic documents relevant to their case and responsive to their document requests. In order to retrieve those documents, the Defendants developed search terms and searched the electronic media that the Plaintiffs now claim was only recently been revealed to them.[5] Further, the Defendants provided the Plaintiffs the opportunity to search for themselves the hard drives, back up tapes, laptops,

---

[5] Again, the Plaintiffs appear to be under a mistaken belief that because they have brought a lawsuit against the Defendants they should be allowed unfettered access to all electronic media. As with paper discovery, this is not the case. Rather, the Plaintiffs are only entitled to electronic documents relevant to their case, responsive to their discovery requests, and which are not privileged.

11

handheld devices, servers, and other electronic media as listed in Mr. Guaraldi's report that the Plaintiffs claim were not searched by the Defendants.  The electronic documents and media was made available to the Plaintiffs for their review and they cannot now complain that such documents were not provided to them simply because they chose not to avail themselves of the opportunity to review the media provided.

The Defendants are not aware of any apparent "gaps" in electronic material produced and dispute the Plaintiffs' characterization that they have produced only "minimal electronically stored material" given the thousands of electronic documents produced and the fact that the Plaintiffs have not even availed themselves of the opportunity to inspect and copy electronic media repeatedly made available to them.  Further, Plaintiffs' assertion in their Motion that "none of these materials [Mansfield current e-mail server, current Mansfield document server, D'Agostino's current laptop computer and Boucher's former desktop computer] had been previously provided to the Plaintiffs, and none of these materials had been previously searched by the Defendants for responsive materials…" is blatantly misleading as the Plaintiffs are well aware that these are the very materials searched by Mr. Costa over the course of several days in his attempt to retrieve documents responsive to the Plaintiffs' requests.

The Defendants are not hiding or attempting to hide any electronic documents responsive to the Plaintiffs' requests. The fact that the Defendants allowed the Plaintiff and his expert to speak with Mr. Costa off the record without any restrictions speaks volumes to the Defendants' willingness to allow the Plaintiffs to access relevant electronic documents.  It was the Plaintiffs' choice not to retain a computer expert earlier in this case if they suspected that the

Defendants and their computer expert did not properly search or retrieve the available electronic documents. The Defendants should not penalized for the Plaintiffs' own lack of action.

      **B.**    **The Defendants Did Not Fail to Preserve Potentially Relevant or Responsive Materials.**

The Plaintiffs claim that the Defendants failed to preserve potentially relevant or responsive materials in part because laptop and desktop computers have been phased out regularly over the last few years and that the data on the "computer is not preserved once the computer is discarded". While the Defendants admit that laptop and desktop computers are phased out regularly, the Plaintiffs' assertion that the data on the discarded laptop or desktop computer is not preserved is incorrect. It is the policy in Mansfield that when someone gets a new computer, whatever is on the hard drive of the old machine is transferred onto the new machine and that the old machine is kept until they are assured by the employee that everything is working well and has been recovered. As such, the fact that Ms. Kearney began to use a new computer last fall does not mean that any electronic data from the hard drive from her old computer was not preserved. **Exhibit 2 – Costa Affidavit at ¶5**. Further, the Plaintiffs appear to take issue with the fact that the Town's backup procedure is designed for disaster recovery and not archival use. The Defendants are aware of no requirement that a Town go to the expense of setting up a system to archive all electronic documents and e-mails in perpetuity. However, given that the electronic documents contained on the system are potentially public records, the Town of Mansfield computer and e-mail policy that is so maligned by the Plaintiffs in their Motion makes clear that any email that relates to the business of

the town shall be copied onto paper and stored as a public record prior to the deletion of the e-mail from the computer system at any time. E-mails that have not been deleted by the employee remain on the server and are not part of the "backup" system complained of by the Plaintiffs in their Motion.

The only information that the Defendants are aware of that they have not been able to retrieve and that has been "lost" are e-mails that were deleted by employees and were according to the e-mail policy "not related to the business of the town" as those e-mails are only preserved for three months. Such e-mails by definition are not relevant to the Plaintiffs' claims.

The Defendants cannot locate the back up tapes from the Town of Mansfield's old servers.[6] However, all of the information contained on those tapes was migrated to the new servers, TOMPDC and TOMMAIL, so no data was lost.

The Defendants have preserved all of the relevant and potentially responsive material since the inception of the Plaintiffs' lawsuits. All of the electronic documents available at the time the lawsuits were filed are available at this time, except for some e-mail deleted by employees that were not saved by them to PST files. However, that email was deleted due to the limited storage space on the computers and pursuant to a well defined e-mail policy requiring all employees to copy any emails prior to deletion that relate to Town business in order that they be preserved. As is evident by the thousands of emails produced

---

[6] The tapes were not intentionally discarded. After speaking with the Plaintiff's expert, Mr. Costa has not been able to locate them which is consistent with what he had testified to at his deposition and what was represented to the Plaintiffs by the Defendants' attorneys.

14

by the Defendants, the policy was followed as the email was not deleted and/or was printed out in paper form.

The Plaintiffs have not bothered to inspect and copy the multitude of electronic media made available to them. It is disingenuous for them to claim that there is a universe of electronic documents not produced and preserved by the Defendants without having searched a large fraction of what has been produced.

The Defendants again have acted at all times in good faith in searching, copying, preserving, and discarding electronic documents within the Town of Mansfield and at the MMED.

### C. The Plaintiffs Are Not Entitled to Mr. Babin's Desktop Computer and Current E-mail Hard Drive.

Finally, the Plaintiffs seek to search Mr. Babin's desktop computer and current email archive. It is unclear why the Plaintiffs believe that they are entitled access to this large universe of electronic documents versus only documents responsive and relevant to their document requests. Electronic discovery is no different than paper discovery. The Plaintiffs are entitled to only those electronic documents that are relevant to their lawsuit, that are responsive to the Plaintiffs' document requests, and that are not privileged. The Defendants have responded to the Plaintiffs' discovery requests and have produced some documents including electronic documents generated by Mr. Babin. The Plaintiffs are not allowed access carte blanche to Mr. Babin's electronic media under any rules of discovery.[7]

---

[7] If this is the case, then the Defendants request access to the Plaintiffs' home computers for inspection and copying as well as their current work computers regardless of whether

IV.     **CONCLUSION**

As set forth above, the Defendants have acted in good faith at all times in their attempts to understand, locate, search, and retrieve relevant and responsive electronic documents. The Defendants have gone beyond what is required by the new Federal Rules of Civil Procedure and have retained a computer expert to assist them in recovery and searching electronic documents not easily accessible to them at great cost to them. Accordingly, as is apparent from the efforts made and the documents produced and made available to the Plaintiffs, the Plaintiffs' Motion for Sanctions should be denied. The Plaintiffs' own inaction for over one year has placed them in the predicament in which they find themselves two weeks prior to trial, not having made the effort to copy and review the electronic media repeatedly made available to them by the Defendants.

<div style="margin-left: 3em;">

Respectfully submitted,
The Defendants,
By their attorneys,

/s/ Leonard H. Kesten
Leonard H. Kesten, BBO# 542042
Deborah I. Ecker, BBO# 554623
BRODY, HARDOON, PERKINS & KESTEN, LLP
One Exeter Plaza
Boston, MA 02116
(617) 880-7100

/s/ Susan Jacobs
Susan Jacobs, Esq.
Volterra, Goldberg & Jacobs
Three Mill Street
Attleboro, MA 02703
(508) 222-1463

</div>

DATED: June 12, 2007

---

the documents contained on those computers are relevant or responsive to the Defendants' document requests.