# EXHIBIT 2

Case 1:04-cv-11329-DPW  Document 102-3  Filed 06/12/2007  Page 1 of 5

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.: 04-11329DPW

DR. JOHN J. BELIVEAU, )
)
        Plaintiff )
VS. )
)
TOWN OF MANSFIELD MUNICIPAL )
ELECTRIC DEPARTMENT AND JOHN )
D'AGOSTINO, )
)
        Defendants )

CONSOLIDATED WITH:

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.: 05-10354DPW

KIMBERLY STOYLE, )
)
        Plaintiff )
VS. )
)
THE MANSFIELD MUNICIPAL )
ELECTRIC DEPARTMENT, JOHN )
D'AGOSTINO, TOWN OF MANSFIELD )
BOARD OF LIGHT COMMISSIONERS, )
LOUIS AMORUSO, MICHAEL McCUE, )
DAVID McCARTER, DANIEL )
DONOVAN, ROGER ACHILLE and )
STEVEN MacCAFFRIE, )
)
        Defendants )

## AFFIDAVIT OF LOUIS G. COSTA

I, Louis G. Costa, hereby depose and state the following:

1. I am the MIS Director for the Town of Mansfield.

2. In approximately 2003, the initial Primary Domain Controller ("PDC") for the Town of Mansfield "crashed". That server had RAID, a redundant hard drive, meaning that all of the documents

contained on the PDC were not lost and were contained on another hard drive and contained on back up AIT 1 tapes. The PDC hard drives were sent out to a vendor for repair. The PDC could not be repaired and was most likely destroyed. All of the information on the PDC was contained on the redundant hard drive and/or back up tapes and was restored. I do not believe that any data was lost as a result.

3. The Town of Mansfield used temporary servers for approximately three months.

4. All of the user files contained on the PDC and the mail server were backed up onto AIT 1 tapes. I have not been able to locate those tapes and have not seen those tapes since 2004. However, all of the user files on those AIT tapes had previously been migrated by me to the current Town of Mansfield servers, TOMPDC and TOMMAIL. Accordingly, I believe that the "crash" of the PDC in 2003 and the loss of the AIT tapes did not result in any data loss.

5. In the Town of Mansfield, all employees are instructed to save their documents and electronic mail onto the Town of Mansfield's servers, TOMPDC and TOMMAIL because the individual desktops and laptop computers are not backed up by the Town. Accordingly, all of the documents from Mr. D'Agostino, Ms. Kearney and Mr. Boucher's current and former desktops and laptops should be located on one of these two current servers or their new desktop or laptop computers. It is the policy in Mansfield that when someone gets a new computer, we transfer

whatever data files are on the hard drive of the old machine onto the new machine and that we keep the old machines until we are assured by the employee that everything is working well and has been recovered. The old machines, if operational, are given to the Town of Mansfield School Department or the Mansfield Emergency Management Agency.

6. Any e-mails however, that were deleted and are deleted by an employee of the Town of Mansfield are only retained for seven days and the tapes used to backup the server are overwritten approximately every three months. The Town of Mansfield must do this because the Microsoft exchange software on the server where the e-mails are located has a limitation of 15 gigabytes of memory. Employees are instructed to maintain any e-mails that are public record.

7. The Town of Mansfield Light Department ("MMED") has a separate network prohibiting file sharing directly between the Town of Mansfield and the MMED. Electronic Mail and attachments thereto can be sent to and from the Town and MMED and if sent between the two, should be located on both the Town of Mansfield and MMED servers referenced above.

8. The MMED server had a heat problem and was put in storage. The server did not have a redundant hard drive. However, we were able to migrate all of the files from the old hard drive to the new MMED hard drive. We do not believe that any files were lost in the migration.

9. The MMED began to backup their electronic mail server under Dr. Beliveau's tenure beginning in 2003. It is my understanding that those back up tapes and CDs were given to the Defendants' computer expert for review and have been made available to the Plaintiffs for inspection and copying.

10. When Ms. Stoyle filed her lawsuit and propounded written discovery requests and public records requests from the Town of Mansfield, I spent several days searching the Town of Mansfield's servers for responsive e-mails. I also searched Ms. Kearney's, Mr. D'Agostino's and Mr. Boucher's computers.

11. I was subsequently asked again for e-mails related to the individuals referenced above, and again I conducted a search to make sure that I had captured all of the responsive documents.

12. At my deposition taken on March 31, 2006, I was asked about back-up tapes for the Town's computer servers and I testified that I went through the back-up tapes when documents were requested. I have not been able to locate the back-up tapes (the AIT tapes that I referred to in my conversation with the Plaintiff's computer expert in May 2007). I do not recall destroying them, but cannot locate them at this time. Any information on those tapes I had already migrated to the current Town servers.

SIGNED under the pains and penalties of perjury, this 12th day of June, 2007.

_____
Louis G. Costa