# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-11329-DPW

_____
)
DR. JOHN J. BELIVEAU, )
)
     Plaintiff, )
)
v. )
)
TOWN OF MANSFIELD MUNICIPAL )
ELECTRIC DEPARTMENT AND )
JOHN D'AGOSTINO, )
)
     Defendants. )
_____)

CONSOLIDATED WITH:

_____
)
KIMBERLY STOYLE, )
     Plaintiff )
)
v. )
) CIVIL ACTION NO. 05-10354-DPW
THE MANSFIELD MUNICIPAL ELECTRIC )
DEPARTMENT, JOHN D'AGOSTINO, )
THE TOWN OF MANSFIELD BOARD OF )
LIGHT COMMISSIONERS, LOUIS AMORUSO, )
MICHAEL MCCUE, DAVID MCCARTER, )
DANIEL DONOVAN, ROGER ACHILLE )
and STEVEN MACCAFFRIE, )
     Defendants )
_____

## PLAINTIFF BELIVEAU'S MOTION TO STRIKE
## DEFENDANTS' EXPERT WITNESSES

     Plaintiff, Dr. John J. Beliveau ("Beliveau") hereby moves the Court to strike the Expert

Witnesses designated by the Defendants in their Pre-Trial Memorandum and as reason for this

motion, states the following:

## BACKGROUND

1. On April 7, 2006, Beliveau and Defendants filed an initial joint pretrial memorandum. See *Pretrial Memorandum*, docket #51. In that filing, the Defendants named, for the first time, Karen Roberts ("Roberts"), John J. Sullivan ("Sullivan") and Robert Guaraldi ("Guaraldi") as expert witnesses. At that point, no other expert disclosures had been made by Defendants.

2. On February 2, 2007, Defendants filed their designation of experts as required by Rule 26(a)(2) of the Federal Rules of Civil Procedure. See *Designation of Experts*, docket #74. That filing disclosed Sullivan and Guaraldi as expert witnesses. Curriculum vitae and expert reports for both Sullivan and Guaraldi were attached to the filing.

3. Roberts was not included in the designation of experts filed by the Defendants on February 2, 2007, and Defendants have never made any additional expert disclosures regarding Roberts.

4. On June 8, 2007, Defendants filed their pre-trial memorandum. *See Pre-trial Memorandum*, docket #94. In that filing, Defendants listed Roberts, Sullivan, and Guaraldi as expert witnesses who will testify at trial.

5. As of the present day, Defendants have not yet filed any expert disclosures regarding Roberts as required by Rule 26(a)(2) of the Federal Rules of Civil Procedure.

## ARGUMENT

**I. Defendants Have Not Met Their Expert Witness Disclosure Requirements With Respect to Karen Roberts.**

Under Rule 26(a)(2)(A) of the Federal Rules of Civil Procedure, parties are required to disclose the identity of experts to the opposing party. The disclosure must be accompanied by a written report prepared and signed by the witness. F.R.C.P. 26(a)(2)(B). The report must

contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years. *Id.*

The Defendants did not meet their Rule 26 disclosure requirements with respect to their proposed expert Karen Roberts. Plaintiff has not been provided with any of the information required under Rule 26, including the topics on which Roberts will testify. As such, Defendants have not met their Rule 26 disclosure requirements and Roberts must be stricken as an expert witness.

**II.     Witnesses Sullivan and Guaraldi Are Not Properly Qualified To Testify As Experts On The Matters Regarding Which They Have Been Designated To Testify.**

Under Rule 702 of the Federal Rules of Evidence, expert testimony is only permitted if such testimony will assist the fact-finder "to understand the evidence or to determine a fact in issue." Fed.R.Evid. 702; *Friendship Heights Associates v. Vlastimil Koubek*, 785 F.2d. 1154, 1159 (4th Cir. 1986). A witness may qualify as an expert through either knowledge, skill, experience, training or education on the issue for which the opinion is offered. *Thomas J. Kline, Inc. v. Lorillard, Inc.*, 878 F.2d 791, 700 (4th Cir. 1989) (excluding proffered expert with business administration degree but no personal experience in making credit decisions from testifying about whether change in credit practices was unjustified price discrimination). The key issue in evaluating expertise is whether the expert has sufficient experience regarding the opinion to which he will testify. *Berry v. City of Detroit*, 25 F.3d 1342, 1351 (6th Cir. 1994). The expert must have "achieved a meaningful threshold of expertise" in the particular area in

which he is to testify. *Prado Alvarez v. R.J. Reynolds Tobacco Co., Inc.*, 405 F.3d 36, 40 (1st Cir. 2005).

The Defendants' proposed expert, Mr. Robert Guaraldi has completed no formal education on the matter regarding which he is to testify. Specifically, Defendants' Expert Disclosures state that Guaraldi is to testify as an expert about when certain files found on the computers were created and modified. Guaraldi's only formal degree is a Bachelor of Arts in Psychology. While Guaraldi completed subsequent coursework to become "Microsoft Certified"[1] in various areas, these certifications are not sufficient to qualify Guaraldi as an expert concerning the creation and modification of computer files. Guaraldi has not published any materials relevant to the area in which he proposes to testify as an expert. Guaraldi's publications are limited to an "Exchange 5.5 Secrets Book" and an "Exchange 2000 Server Administrator's Bible." These limited publications, describing use of a particular type of server, are hardly sufficient to demonstrate expertise in the creation and modification of computer files.

Guaraldi's disclosed experience is limited to converting documents in image format to searchable text, searching text, converting foreign language documents into English for searches, recovering "erased" emails, temporary and intermediate files, as well as other irrelevant business

---

[1] Guaraldi's Curriculum Vitae states that he is "Microsoft Certified: LAN Manager Network Administration, SQL Server Database Implementation, SQL Server Database Administration, Exchange 5.0, Exchange 5.5." It also lists him as an "IBM Technical Assistant, 3Comm Internetworking Wizard, Microsoft Certified Professional (from circa 1995-2001)." In addition, it states that Mr. Guaraldi is a "Microsoft Certified Instructor for Exchange 5.0 and 5.5 TEP Class."

experience. None of the experience listed on Guaraldi's Curriculum Vitae qualifies him as a computer expert qualified to testify as to when files were created or modified.

In sum, Guaraldi's lack of formal education in this area, his lack of publication in any area significant to his proposed testimony, and his lack of experience regarding the topic on which he seeks to testify demonstrate that Guaraldi is not qualified to testify as an expert under Fed. R. Evid. 702. He has not attained the meaningful threshold of expertise regarding the opinion to which he will testify that is required of expert witnesses under the Federal Rules. *Prado Alvarez* at 40.

Defendants also propose to offer expert testimony by John Sullivan. Sullivan is expected to testify as an expert concerning the accounting practices of the Mansfield Municipal Electric Department ("MMED"). Specifically, it is expected that he will offer testimony concerning (1) the cash reconciliation practices of the MMED; (2) that the Internal Fund Charges made to the MMED were reasonable and based on supporting documentation; (3) that the MMED American Express card was not used for improper purposes; (4) that all transfers of depreciation funds were authorized by the MMED; (5) that the decision of whether to establish a Lock Box for MMED receipts was within the discretion of the Town Treasurer/Collector, and (6) that for the period leading up to 2000, controls at the MMED were inadequate and that this resulted in theft at the MMED.

Sullivan's only formal education is a bachelor's degree in Business Management from the University of New Hampshire. Despite the Defendants listing Sullivan on both the April 7, 2006, and the June 8, 2007, pretrial memoranda as "John J. Sullivan, CPA" Sullivan is <u>not</u> a Certified Public Accountant. *See Deposition of John J. Sullivan*, at page 109, ln 6-7, attached hereto as Exhibit A. Sullivan has not completed any specialized education in the areas in which

he is expected to testify. His expert disclosure only states that he has taken "numerous post-graduate courses," but does not specify in what areas. According to the expert disclosure, Sullivan's experience appears limited to budget work and largely deals with "organizational systems and human resources management."

While Sullivan's firm appears to have been involved in municipal auditing, Sullivan's own experience in this area is limited. The relevant experience listed on his expert disclosures is not clearly accounting experience. It is litigation-related experience, such as: "assistance to prosecutors in case preparation," "provide expert testimony," and "assistance to municipality's labor attorneys in employment actions." The fact that an individual has testified as an expert on a particular subject in other cases does not qualify the individual as an expert on the subject. *Hardin v. Ski Venture, Inc.*, 50 F.3d 1291, 1296 (4th Cir. 1995). Furthermore, it is not clear whether the testimony offered in the other cases was testimony related to the municipal accounting issues on which he will testify in this case.

Sullivan states vaguely that he has been involved in an investigation to determine the "existence of fraud" and "documentation of amount of loss", without detailing whether this investigation involved any accounting practices concerning cash reconciliation, annual charges, detecting unauthorized use of credit cards, the unauthorized use of a depreciation fund, or whether cash controls were inadequate.

In sum, Sullivan is not qualified under the Federal Rules to testify as an expert on the matters regarding which he is expected to testify. As a result, his testimony should be precluded under the Fed.R.Evid. 702.

## CONCLUSION

For the foregoing reasons, the Plaintiff hereby moves that the Court strike the Defendants' expert witnesses, Roberts, Guaraldi and Sullivan.

> RESPECTFULLY SUBMITTED,
> **PLAINTIFF,**
> **DR. JOHN J. BELIVEAU,**
>
> By his attorneys,
>
> _/s/ Christine M. Griffin_____
> Juliane Balliro (BBO # 028010)
> Christine M. Griffin (BBO # 651401)
> Wolf, Block, Schorr and Solis-Cohen LLP
> One Boston Place
> Boston, MA 02108
> 617-854-4100

June 12, 2007

## CERTIFICATE REGARDING CONFERENCE PURSUANT TO LOCAL RULE 7.1

I, Christine M. Griffin, hereby certify that I conferred with counsel for the Defendants, Deborah Ecker, by phone on the 12th day of June, 2007, in good faith, regarding the issues addressed above, but that we were unable to resolve these issues.

> _/s/Christine M. Griffin_____
> Christine M. Griffin

## CERTIFICATE OF SERVICE

I, Christine M. Griffin, hereby certify that it is my understanding that the foregoing document will be served on all counsel of record via email through the Court's ECF filing system upon the electronic filing of this document with the Court on this the 12th day of June, 2007, and that I am also circulating a copy of the foregoing document to counsel Lynn Leonard by email on this the 12th day of June, 2007.

> _/s/ Christine M. Griffin_____
> Christine M. Griffin