UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-11329-DPW

_____
)
DR. JOHN J. BELIVEAU,                                )
                                                                      )
       Plaintiff,                                         )
                                                                      )
v.                                                                   )
                                                                      )
TOWN OF MANSFIELD MUNICIPAL       )
ELECTRIC DEPARTMENT AND              )
JOHN D'AGOSTINO,                                  )
                                                                      )
       Defendants.                                     )
_____)

CONSOLIDATED WITH:

_____
)
KIMBERLY STOYLE,                                    )
    Plaintiff                                                 )
                                                                      )
v.                                                                   )
                                                                      )   CIVIL ACTION NO. 05-10354-DPW
THE MANSFIELD MUNICIPAL ELECTRIC )
DEPARTMENT, JOHN D'AGOSTINO,     )
THE TOWN OF MANSFIELD BOARD OF )
LIGHT COMMISSIONERS, LOUIS AMORUSO, )
MICHAEL MCCUE, DAVID MCCARTER, )
DANIEL DONOVAN, ROGER ACHILLE  )
and STEVEN MACCAFFRIE,                     )
    Defendants                                             )
_____

**PLAINTIFF BELIVEAU'S MOTION TO COMPEL
PRODUCTION OF MATERIALS FROM DEFENDANTS TOWN OF MANSFIELD
MUNICIPAL ELECTRIC DEPARTMENT AND JOHN D'AGOSTINO REGARDING
WHICH DEFENDANTS HAVE ASSERTED PRIVILEGE**

Plaintiff, Dr. John J. Beliveau ("Beliveau"), hereby moves to compel production of

materials from the Defendants, the Town of Mansfield Municipal Electric Department (the

"MMED") and John D'Agostino ("D'Agostino") (collectively, the "Defendants") regarding which the Defendants have asserted the work product and/or the attorney/client privilege. In response to document requests and subpoenas issued by Plaintiff, Defendants have asserted a variety of privileges. As argued further below, the work product and attorney/client privileges are inapplicable to MMED and Town of Mansfield documents and materials. Plaintiff therefore hereby moves for production of the materials regarding which Defendants have claimed these privileges, and as reason for this motion states as follows:

## BACKGROUND

On November 11, 2004, Plaintiff served his First Requests for Production of Documents, separately, on each of the Defendants. Those requests sought a variety of documents from Defendants, including documents regarding Beliveau's employment with the MMED, certain ethics and sexual harassment claims and investigations that took place in the Town, and communications and documents created and exchanged within the Town regarding these issues.

In addition to these document requests, Plaintiff also sought documents from Defendants through the service of deposition subpoenas duces tecum on witnesses in this matter, including a Fed.R.Civ.P. 30(b)(6) deposition notice to Defendant D'Agostino served in May of 2005. That subpoena requested a variety of documents, including all e-mail correspondence in any way related to Jack Beliveau or issues involving Jack Beliveau, and any and all notes, records or documents reflecting conversations with or about Jack Beliveau.

Plaintiff has served similar subpoenas duces tecum, seeking Town documents, on other current and former Town employees, including: Bea Kearney, Richard Boucher, Louis Amoruso, Mansfield Police Lt. George Figueredo, and Gary Babin.

In response to these document requests, Defendants have asserted, generally, that they have supplied all non-privileged responsive documents. Defendants have also supplied a privilege log indicating that certain emails and other electronic materials have been withheld, and Defendants have responded to many individual document requests by asserting privileges specific to that request. *See Correspondence Between Counsel*, attached hereto as Exhibit A; *Defendants' Opposition to Motion to Compel*, docket #81, at page 3, attached hereto as Exhibit B.

Through his various discovery requests, Plaintiff has sought a variety of documents that go to the heart of Plaintiff's claims in this matter, and which have not been produced by Defendants. As argued further below, Defendants are not entitled to assert claims of attorney-client or work product privilege with regard to Town of Mansfield and/or MMED documents. Defendants should therefore be compelled to provide to Plaintiff any responsive documents that have been withheld based on these claims of privilege.

**ARGUMENT**

**I.    The Town of Mansfield and MMED Documents Sought By Plaintiff Are Public Records:**

Plaintiff has requested through discovery notes, emails, memoranda and other documents created or received by MMED and/or Town of Mansfield officials and employees. These documents are public records and are therefore available to the public. M.G.L. c. 66, § 10 (the "Public Records Law") states that every person having custody of a public record must permit it to be inspected and examined by any person and shall furnish a copy thereof upon payment of a reasonable fee. M.G.L. c. 66, § 10(a) (2006). Massachusetts courts have found that towns as well as town electric departments are subject to the Public Records Law. *DeRoche v. Mass. Comm'n Against Discrimination*, 447 Mass. 1, 10 (2006). Massachusetts Law defines "public

records" as "all books, papers, maps, photographs, recorded tapes…made or received by any officer or employee of any agency, executive office, department, board, commission, bureau, division or other authority of the commonwealth…unless such materials fall within the following exemptions…" M.G.L. c. 4 § 7 (2006).  The statute specifically enumerates categories of public records which are exempt from disclosure as a "public record." *Id.*  However, Massachusetts courts have determined that because there is a presumption in favor of disclosing public documents, "the statutory exemptions must be strictly and narrowly construed." *General Electric Co. v. Dep't of Envtl. Prot.*, 429 Mass. 798, 801 (1999).  There is no question that the majority of the documents sought by Plaintiff from the MMED and the Town are public records under the Public Records Law.

**II.     Defendants Cannot Assert The Work-Product Privilege With Regard To Documents That Are Public Records:**

The Supreme Judicial Court of Massachusetts has held that public records are not covered by the work product privilege.  In considering the Massachusetts Public Records Law, the SJC in *General Electric* held that materials which are privileged as work product under Mass. R. Civ. P. 26(b)(3) are not exempted from disclosure under the Public Records Law because work product does not fall within any of the express statutory exemptions contained in the statute.  *Id.*  The SJC's holding in *General Electric* makes it clear that the public records for which the Defendants have asserted a work product privilege are not privileged under the Public Records Law, and those documents should therefore be produced to Plaintiff.

**III.    Defendants Should Not Be Permitted To Assert The Attorney/Client Privilege With Regard to Documents That Are Public Records:**

While the SJC has made it clear that the work product privilege is not an exception to the Public Records Law, the Court has not yet spoken regarding whether the attorney/client privilege

is such an exception. In interpreting the Public Records Law, a Massachusetts Trial Court in *Lafferty v. Martha's Vineyard Comm'n*, 2004 WL 792712 (Mass. Super.) (attached as Exh. D) held that until an appellate court directs otherwise, the court must follow the strict statutory language of the Public Records Law and the Supreme Judicial Court's decision in *General Electric*. Accordingly, the *Lafferty* court concluded that the attorney/client privilege was not an exception to the Massachusetts Public Records Law, and that attorney/client privileged records were subject to public production. *Id.* In *Kent v. Commonwealth of Massachusetts* 2000 WL 1473124 (Mass. Super.) (attached as Exh. E), the Superior Court again refused to find that the attorney-client privilege was an exception to the Public Records Law. The *Kent* court reasoned that because the privilege is not specifically included within any of the statutorily enumerated exemptions, the court must follow the clear language of the statute. *Id.*[1]

The Massachusetts Secretary of State, Division of Public Records, has also interpreted the SJC's holding in *General Electric* to extend to the attorney-client privilege and to abrogate that privilege. *See* Mass. Secretary of State, Division of Public Records, *A Guide to the Massachusetts Public Records Law*, updated Dec. 2006, http://www.sec.state.ma.us/pre/prepdf/guide.pdf at pp. 26-27 (stating "it appears, therefore, that

---

[1] However, other superior court decisions have refused to extend the *General Electric* holding to the attorney-client privilege and have held that the Public Records Law does not abrogate that privilege. *See Suffolk Constr. Co. v. Mass. Div. of Capital Asset Mgmt.*, 2005 WL 3630421 (Mass. Super.) (attached as Exhibit F); see also *Kiewit-Atkinson-Kenny v. Mass. Water Res. Auth.*, 2002 WL 2017107 (Mass. Super.) (attached as Exhibit G).

the Court intended the holding [in *General Electric*] to extend to the attorney-client privilege"), excerpt attached hereto as Exhibit C.

General principles of statutory construction additionally support the argument that public records that are otherwise privileged under the attorney-client privilege must nevertheless be disclosed under the Public Records Law. The clear and plain language of a statute is "conclusive as to legislative intent." *Pyle v. School Comm. of S. Hadley*, 423 Mass. 283, 285 (1996). As the Supreme Judicial Court has held, the language of the Public Records Law is clear and specifically defines "public records" broadly as "all documentary materials made or received by an officer or employee of any corporation or public entity of the Commonwealth unless one of the statutory exemptions is applicable." *Globe Newspaper Co. v. Boston Retirement Bd.*, 388 Mass. 427, 430-431 (1983).

The Public Records Law is based upon a presumption favoring disclosure, and because of this presumption its exemptions are to be "strictly and narrowly construed." *Attorney Gen. v. Assistant Comm'r of the Real Prop. Dep't of Boston*, 380 Mass. 623, 625 (1980). The Public Records Law provides a laundry list of categories of documents that are exempt from its provisions. Nothing in that list, however, indicates that work product or attorney/client privileged documents are exempt from the provisions of the statute. M.G.L. c. 4 § 7 (2006).

Moreover, in *General Electric* the court rejected the application of a cannon of statutory construction which provides that "a statute is not to be construed to effect a material change in the common law unless the Legislature has clearly expressed this intent." *General Electric*, 429 Mass. 798, 801. Instead, the Court reiterated the rule that when express exceptions to a statute's application are included in the statute itself, these exceptions "comprise the only limitation on the

operation of the statute and no other exceptions will be implied." *Id.* (*quoting District Attorney for the Plymouth District v. Selectmen of Middleborough*, 395 Mass. 629, 633 (1985).

The legislative history of the Public Records Law indicates that there was a proposed amendment to the law which would have exempted "records pertaining to any civil litigation in which an agency…is involved, except in response to subpoena, and only prior to final judicial determination or settlement of such litigation." *General Electric*, 429 Mass. 798, 802-803, quoting H.R. 7433 (Ma. 1973). This proposed amendment was rejected by the Massachusetts Senate and the conference committee. The rejection of this amendment evidences the legislature's intent not to exempt records which would otherwise be protected. *Id.*

While the SJC has yet to speak on the issue of whether attorney-client privileged documents are subject to disclosure under the Public Records Law, there is overwhelming support that the holding in *General Electric* extends to attorney/client privileged documents. Case law, statutory interpretation, legislative intent, as well as guidance from the Secretary of State all suggest that *General Electric* excludes the attorney/client privilege from the exceptions to the Public Records Law. Plaintiff asks that this Court do the same.

## **CONCLUSION**

For the foregoing reasons, Plaintiff asks that the Court order the Defendants to produce to Plaintiff all public records identified on Defendants' privilege log or otherwise withheld by Defendants based on the assertion of work product and/or attorney/client privilege. Plaintiff now hereby so moves.

                                                RESPECTFULLY SUBMITTED,
                                                **PLAINTIFF,**
                                                **DR. JOHN J. BELIVEAU,**

                                                By his attorneys,

                                                 /s/ Christine M. Griffin
                                                Juliane Balliro (BBO # 028010)
                                                Christine M. Griffin (BBO # 651401)
                                                Wolf, Block, Schorr and Solis-Cohen LLP
                                                One Boston Place
                                                Boston, MA 02108
June 13, 2007                                 617-854-4100

## CERTIFICATE REGARDING CONFERENCE PURSUANT TO LOCAL RULE 7.1

I, Christine M. Griffin, hereby certify that I conferred with counsel for the Defendants, Deborah Ecker, by phone on the 12th day of June, 2007, in good faith, regarding the issues addressed above, but that we were unable to resolve these issues.

                                                 /s/Christine M. Griffin
                                                Christine M. Griffin

## CERTIFICATE OF SERVICE

I, Christine M. Griffin, hereby certify that it is my understanding that the foregoing document will be served on all counsel of record via email through the Court's ECF filing system upon the electronic filing of this document with the Court on this the 13th day of June, 2007, and that I am also circulating a copy of the foregoing document to counsel Lynn Leonard by email on this the 13th day of June, 2007.

                                                 /s/ Christine M. Griffin
                                                Christine M. Griffin