# WolfBlock

One Boston Place, Boston, MA 02108
Tel: (617) 226-4000 ∎ Fax: (617) 226-4500 ∎ www.WolfBlock.com

Christine M. Griffin
Direct Dial: (617) 226-4026
Direct Fax: (617) 226-4526
E-mail:   cgriffin@wolfblock.com

May 12, 2006

**By Mail and By Fax - 617-880-7171**
Leonard H. Kesten, Esq.
Deborah I. Ecker, Esq.
Brody Hardoon Perkins & Kesten LLP
One Exeter Plaza
Boston, MA 02116

**By Mail and By Fax - (508) 226-7565**
Susan L. Jacobs, Esq.
Robert S. Mangiaratti, Esq.
Volterra, Goldberg, Mangiaratti & Jacobs
3 Mill Street
Attleboro, MA 02703

Re:   Beliveau v. Town of Mansfield, et al.

Dear Counsel:

I am writing to follow-up on Plaintiff's Motion to Compel Production of Documents in the above-encaptioned matter. To date, Plaintiff has not received a number of requested documents, including the documents described below:

- In Plaintiff's First Request for Production of Documents, propounded on the Defendants in November of 2004 ("First Request"), at Request Number 5, Plaintiff requested all communications by D'Agostino to any other individual regarding the allegations contained in the Complaint or Answer in this action or the Stoyle charge. No documents have been produced to Plaintiff in response to this request. It would be surprising if there were no communications between town officials regarding the matters raised in Beliveau's Complaint or in the Stoyle Charge. Moreover, these issues have been discussed at a number of public and executive session meetings in the Town of Mansfield. Please immediately forward all responsive emails, electronic documents, meeting minutes, video tapes, and other documents responsive to this request.

- In Plaintiff's First Request, at Request Number 6, Plaintiff additionally requested all documents concerning Dr. Beliveau's involvement in the Stoyle Charge. Only a single

BOS:17489.1/bel185-229942

Boston, MA ∎ Cherry Hill, NJ ∎ Harrisburg, PA ∎ New York, NY ∎ Norristown, PA ∎ Philadelphia, PA ∎ Roseland, NJ ∎ Wilmington, DE
WolfBlock Government Relations - Harrisburg, PA ∎ WolfBlock Public Strategies - Boston, MA and Washington, DC
Wolf, Block, Schorr and Solis-Cohen LLP, a Pennsylvania Limited Liability Partnership

Case 1:04-cv-11329-DPW    Document 104-2    Filed 06/13/2007    Page 2 of 14

Leonard H. Kesten, Esq. et al.
Page 2

memo has been produced in response to this request. If there are additional responsive documents, please produce those documents immediately.

- In Plaintiff's First Request, at Request Number 7, Plaintiff requested all documents concerning any formal or informal investigation conducted by the Electric Department, the Town of Mansfield, and/or D'Agostino concerning the Stoyle Charge. Although Defendants have just recently produced the Lampke report to us, we have not received any notes or documents made or reviewed during the course of the investigation that were not included in the report itself. We have also not seen any other supporting documentation regarding that report, other than the documents attached to the Report itself. Finally, if there were any additional investigations performed, other than the investigation by Lampke, we have not received any documents regarding those investigations. Please produce all responsive documents immediately.

- In Plaintiff's First Request, at Request Number 12, Plaintiff requested all communications between D'Agostino and any member of the Board of Selectmen concerning the Electric Department and/or Electric Department personnel. Although Defendants have produced a piecemeal collection of Electric Department Emails (and although Plaintiff continues to seek a more complete production of those emails), Defendants have not produced emails or other communications from the Town of Mansfield computer server, or responsive documents from the Town's paper files. Please produce responsive documents immediately.

- In Plaintiff's First Request, at Request Number 13, Plaintiff requested all communications, including memos, between D'Agostino, the Electric Department, Mansfield, and the finance committee concerning Dr. Beliveau, the Electric Department, PILOT Payments, and internal charges. Presumably there was substantial internal communication regarding these topics. Please immediately forward all responsive emails, electronic documents, meeting minutes, video tapes, and other documents responsive to this request.

- In Plaintiff's First Request, at Request Number 14, Plaintiff requested all documents concerning PILOT payments. Bea Kearney has testified at her deposition that not all of the documents which she provided to her counsel as responsive to this request were provided to Plaintiff's counsel. Please immediately provide all documents responsive to this request.

- In Plaintiff's First Request, at Request Number 18, Plaintiff requested all documents concerning any reprimands and/or disciplinary actions taken by Mr. D'Agostino, the Electric Department and/or the Town of Mansfield against Bea Kearney, Richard Boucher, Dr. Beliveau and/or Kimberly Stoyle. No documents responsive to this request have been produced. Please immediately produce any and all documents responsive to this request.

- In Plaintiff's First Request, at Request Number 20, Plaintiff requested all documents concerning management reports, including but not limited to any documents which detail any statistical data, budgetary data, financial results, other data, and/or reports of project status, from any department head in the Town of Mansfield to the Town Manager from

BOS:17489.1/bel185-229942

Case 1:04-cv-11329-DPW   Document 104-2   Filed 06/13/2007   Page 3 of 14

Leonard H. Kesten, Esq. et al.
Page 3

2002 through 2003. Plaintiff is aware of numerous documents responsive to this request that were created during his tenure with the Town. However, no responsive documents have been produced. Please produce documents responsive to this request immediately.

- In Plaintiff's First Request, at Request Number 21, Plaintiff requested all documents concerning any formal investigation conducted by Mr. D'Agostino, the Town of Mansfield, the Electric Department and/or any insurance carrier concerning the Stoyle Charge. No documents have been produced in response to this request, with the exception of the Lampke report. Please immediately produce any additional responsive documents.

- In Plaintiff's First Request, at Request Number 22, Plaintiff requested all documents or communications by and between Mr. D'Agostino, the Town of Mansfield, and/or the Electric Department and any insurance carrier concerning the Stoyle Charge. No documents have been produced in response to this request. Please immediately produce any responsive documents.

- In Plaintiff's First Request, at Request Number 23, Plaintiff requested all documents or communications received by or sent to James Lampke in connection with the Stoyle Charge. Only the report itself, with attachments, has been produced. Please immediately produce any additional responsive documents.

- In Plaintiff's First Request, at Request Number 24, Plaintiff requested all documents concerning any formal investigation conducted by Mr. D'Agostino, the Town of Mansfield, or the Electric Department concerning the Charges of Discrimination filed by Dr. Beliveau against Mr. D'Agostino and/or the Electric Department with the Massachusetts Commission Against Discrimination. No documents have been produced in response to this request. Please immediately produce any responsive documents.

- In Plaintiff's First Request, at Request Number 25, Plaintiff requested all documents or communications by and between Mr. D'Agostino, the Town of Mansfield, and/or the Electric Department and any insurance carrier concerning the Charges of Discrimination filed by Dr. Beliveau against Mr. D'Agostino and/or the Electric Department with the Massachusetts Commission Against Discrimination. No documents have been produced in response to this request. Please immediately produce any responsive documents.

- In Plaintiff's First Request, at Request Number 26, Plaintiff requested all documents concerning Dr. Beliveau's involvement in any Ethics Investigation. No documents have been produced in response to this request. Please immediately produce any responsive documents.

- In Plaintiff's First Request, at Request Number 27, Plaintiff requested all documents concerning any formal or informal investigation conducted by Mr. D'Agostino, the Town of Mansfield, or the Electric Department concerning any Ethics Investigation. No documents have been produced in response to this request. Plaintiff is aware of numerous ethics complaints made during his tenure with the Town. It would be surprising if no documents existed regarding those complaints, or the investigation of those complaints. Moreover, Plaintiff is aware of an ethics investigation made regarding

BOS:17489.1/bel185-229942

Case 1:04-cv-11329-DPW    Document 104-2    Filed 06/13/2007    Page 4 of 14

Leonard H. Kesten, Esq. et al.
Page 4

Mr. D'Agostino, and the reimbursement to D'Agostino of approximately $14,000 in legal fees regarding that investigation. Please immediately produce any responsive documents, including all documents regarding investigations of Mr. D'Agostino and the reimbursement of his legal fees.

- In Plaintiff's First Request, at Request Number 28, Plaintiff requested all documents or communications by and between Mr. D'Agostino, the Town of Mansfield, and/or the Electric Department, and any insurance carrier concerning any Ethics Investigation. No documents have been produced in response to this request. Plaintiff is aware of numerous ethics complaints made during his tenure with the Town. It would be surprising if no documents existed regarding those complaints, or the investigation of those complaints. Please immediately produce any responsive documents.

- In Plaintiff's First Request, at Request Number 29, Plaintiff requested all documents, records and communications concerning meetings by and between Mr. D'Agostino and the Board of Light Commissioners and/or the Board of Selectmen concerning Dr. Beliveau. No documents have been produced in response to this request. Presumably there are a number of documents responsive to this request, given that this topic was discussed at a number of Executive Session meetings. Please immediately produce any responsive documents, including meeting minutes.

- In Plaintiff's First Request, at Request Number 30, Plaintiff requested all documents concerning meetings of the Board of Light Commissioners, including but not limited to executive session minutes for the years 2003 and 2004. No documents have been produced in response to this request. Please immediately produce any responsive documents.

- In Plaintiff's First Request, at Request Number 31, Plaintiff requested all documents concerning meetings of the Board of Selectmen, including but not limited to executive session minutes for the years 2003 and 2004. No documents have been produced in response to this request. Please immediately produce any responsive documents.

- In Plaintiff's First Request, at Request Number 34, Plaintiff requested all documents concerning communications, including telephone records, bills, notes, letters, and emails, by and between D'Agostino and/or the Town Finance Committee and Gary Babin, between January 1, 2003 and April 1, 2004. In response to this request you have sent us only: 1) D'Agostino's cell phone records from 2005; and 2) a long distance carrier detail for January, 2004. Neither of these sets of documents falls within the time period requested. Please provide all work phone, cell phone, and home phone telephone records reflecting calls between D'Agostino and/or the Town Finance Committee and Gary Babin from between January 1, 2003 and April 1, 2004. In addition, please provide any emails, letters or other documents reflecting any form of communication between these parties during the relevant time period. To the extent that these records, and all of the records requested in this letter, are records created or received by Town employees, these documents are public records and should be produced.

- In Plaintiff's First Request, at Request Number 35, Plaintiff requested all documents concerning any formal or informal complaints or charges of discrimination, sexual

Case 1:04-cv-11329-DPW   Document 104-2   Filed 06/13/2007   Page 5 of 14

Leonard H. Kesten, Esq. et al.
Page 5

harassment, retaliation and/or violation of company policy pertaining to Mr. D'Agostino. We understand that there were employee complaints regarding Mr. D'Agostino during the period 1999 through 2005 and that the records of those complaints were maintained by the Assistant Personnel Director in Mansfield. We further understand that a report was written by a Mr. Scherma in 2000 regarding complaints made by Stoyle, Cook, and Anderson. At his deposition, Mr. Boucher indicated that there may also be union complaints against D'Agostino by some women. No documents have been produced in response to this request. Please immediately produce all responsive documents, including the Scherma report.

- In Plaintiff's First Request, at Request Number 36, Plaintiff requested all documents setting forth conclusions, findings and recommendations resulting from any investigation by the Electric Department and/or any of Mr. D'Agostino's former employers, into complaints or charges of discrimination, sexual harassment, retaliation, and/or violation of company policy pertaining to Mr. D'Agostino within the past ten years. No documents have been produced in response to this request. Please immediately produce any responsive documents.

- In Plaintiff's First Request, at Request Number 38, Plaintiff requested all documents or communications concerning public records requests concerning Dr. Beliveau. Plaintiff has specifically requested a public records disclosure of cell phone records of John D'Agostino which are maintained by the Town Accountant and Town Clerk. The Town has refused to provide those documents to Beliveau unless Beliveau pays the Town an exorbitant cost for searching the Town's records. No documents have been produced in response to Plaintiffs' public records request, nor have documents regarding public records requests been produced in response to Plaintiff's discovery requests. Please immediately produce any documents responsive to the Plaintiff's discovery and public records requests.

- In Plaintiff's First Request, at Request Number 43, Plaintiff requested all billing records, invoices, or statements of the law firm of Attorney Mangiaratti to the Town of Mansfield and/or Mansfield Electric Department from 2001 through the present. No documents have been produced in response to this request. Please immediately produce any responsive documents.

- In Plaintiff's First Request, at Request Number 45, Plaintiff requested all documents concerning any statement obtained from any fact witness in this matter. No documents have been produced in response to this request. Please immediately produce any responsive documents.

- In Plaintiff's First Request, at Request Number 46, Plaintiff requested all documents provided to any expert witness retained in this matter. No documents have been produced in response to this request. However, based on Defendants' recent disclosures, it is obvious that experts have been hired by Defendants. Moreover, Defendants have now repeatedly reported that they have hired computer experts to obtain access to the requested documents, and potentially to testify at trial about what the experts obtained. Defendants are required to disclose information provided to experts, consistent with the federal rules. Please immediately produce any responsive documents.

BOS:17489.1/bel185-229942

Case 1:04-cv-11329-DPW   Document 104-2   Filed 06/13/2007   Page 6 of 14

Leonard H. Kesten, Esq. et al.
Page 6

We are particularly concerned that various entire classes of documents have not been produced. With the exception of a few emails from D'Agostino, Defendants have failed to produce any documents, as far as we can tell, from the Town of Mansfield computer system, including substantial numbers of D'Agostino's emails, any of the other requested emails, any meeting and executive session minutes, and any other documents that are electronically stored on the Town computer system. We have also not been provided with any video or audio tapes, or other electronic recording, of any of the relevant meetings or executive sessions.

Moreover, we continue to go through the Electric Department emails which have been produced to us. There are large swaths of documents and information missing from that production. We will contact you soon regarding what additional Electric Department emails we seek. In the meantime, Plaintiff requests all electronically stored non-email documents kept on the Electric Department computer and servers, and responsive to the above requests. Those documents have not been produced to us, and we request that they be produced immediately.

Additional documents have also been requested through deposition subpoenas duces tecum, and at depositions. Documents that have been requested, but that have not been produced, include: 1) Boucher's Personnel File; 2) the police report regarding Beliveau's termination; 3) any letter or memo to Ellesworth regarding the seizure of Beliveau's work computers; 4) any additional police documents regarding D'Agostino, including any additional reports (including reports of Detective Martin) and any photos of D'Agostino or his car acquired during any Mansfield police investigation. Please provide these documents immediately.

Finally, you have offered to allow us to make a copy of the entire hard drives of Beliveau's work desktop and work laptop computers. Please provide these computer hard drives for copying, or please provide us with a copy of the hard drives, as soon as possible.

We have been requesting the vast majority of the documents described above for more than a year and a half. Please provide these documents to us as soon as possible, and in any event no later than Friday, May 19, 2006. If we have not received the requested documents or received an appropriate response to our requests by the 19th, we will be forced to file an additional motion to compel regarding these documents.

Please contact me with any questions or concerns that you may have.

Sincerely,

Christine M. Griffin

cc:   Lynn Leonard (by mail only)

# WolfBlock

One Boston Place, Boston, MA 02108
Tel: (617) 226-4000 ■ Fax: (617) 226-4500 ■ www.WolfBlock.com

# FACSIMILE TRANSMITTAL

| | | | |
|---|---|---|---|
| **Date:** | May 12, 2006 | **Number of Pages** (including this cover): | **12** |
| **TO:** | Leonard H. Kesten, Esq.<br>Deborah I. Ecker, Esq. | **FAX #:** | 617-880-7171 |
| **COMPANY** | Brody Hardoon Perkins & Kesten LLP | **PHONE #:** | |
| **TO:** | Susan L. Jacobs, Esq.<br>Robert S. Mangiaratti, Esq | **FAX #:** | 508-226-7565 |
| **COMPANY** | Volterra, Goldberg, Mangiaratti & Jacobs | **PHONE #:** | |
| **From:** | Christine M. Griffin | | |
| **Phone #:** | (617) 226-4026 | **Sender's Personal Fax #:** | (617) 226-4526 |

***Special Message:***

Original WILL NOT follow

Original WILL follow via:
X Regular Mail      ☐ First Class Mail
☐ E-mail            ☐ Overnight Delivery
☐ Hand Delivery     ☐ Other

Client:  [Client]
Matter:  [Matter]

**If you have problems receiving this transmission, please contact the sender at the number above.**

**NOTE:** The comments on and attachment to this cover sheet are intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original to us, at the above address, via the U.S. Postal Service. Thank you.

Boston, MA ■ Cherry Hill, NJ ■ Harrisburg, PA ■ New York, NY ■ Norristown, PA ■ Philadelphia, PA ■ Roseland, NJ ■ Wilmington, DE
WolfBlock Government Relations - Harrisburg, PA ■ WolfBlock Public Strategies - Boston, MA and Washington, DC
Wolf, Block, Schorr and Solis-Cohen LLP, a Pennsylvania Limited Liability Partnership

```
05/10/2006 16:40 FAX 16178547557          WOLFBLOCK                    ☒004
```

```
                    *********************
                    ***  TX REPORT  ***
                    *********************

 TRANSMISSION OK

 TX/RX NO                    0614
 RECIPIENT ADDRESS           16178807171
 DESTINATION ID
 ST. TIME                    05/10 16:39
 TIME USE                    01'23
 PAGES SENT                  7
 RESULT                      OK
```

# WolfBlock

One Boston Place, Boston, MA 02108
Tel: (617) 226-4000 ■ Fax: (617) 226-4500 ■ www.WolfBlock.com

# FACSIMILE TRANSMITTAL

| | | | |
|---|---|---|---|
| **Date:** | May 12, 2006 | **Number of Pages** (including this cover): | **12** |
| **TO:** | Leonard H. Kesten, Esq.<br>Deborah I. Ecker, Esq. | **FAX #:** | 617-880-7171 |
| **COMPANY** | Brody Hardoon Perkins & Kesten LLP | **PHONE #:** | |
| **TO:** | Susan L. Jacobs, Esq.<br>Robert S. Mangiaratti, Esq | **FAX #:** | 508-226-7565 |
| **COMPANY** | Volterra, Goldberg, Mangiaratti & Jacobs | **PHONE #:** | |
| **From:** | Christine M. Griffin | | |
| **Phone #:** | (617) 226-4026 | **Sender's Personal Fax #:** | (617) 226-4526 |

***Special Message:***

Original WILL NOT follow

Original WILL follow via:
X Regular Mail     ☐ First Class Mail
☐ E-mail           ☐ Overnight Delivery
☐ Hand Delivery    ☐ Other

Client:   [Client]
Matter:   [Matter]

```
                    ********************
                    ***   TX REPORT   ***
                    ********************

    TRANSMISSION OK

    TX/RX NO                 0613
    RECIPIENT ADDRESS        15082267565
    DESTINATION ID
    ST. TIME                 05/10 16:36
    TIME USE                 01'19
    PAGES SENT               7
    RESULT                   OK
```



# WolfBlock

One Boston Place, Boston, MA 02108
Tel: (617) 226-4000 ■ Fax: (617) 226-4500 ■ www.WolfBlock.com

# FACSIMILE TRANSMITTAL

| | | | |
|---|---|---|---|
| **Date:** | May 12, 2006 | **Number of Pages** (including this cover): | **12** |
| **TO:** | Leonard H. Kesten, Esq.<br>Deborah I. Ecker, Esq. | **FAX #:** | 617-880-7171 |
| **COMPANY** | Brody Hardoon Perkins & Kesten LLP | **PHONE #:** | |
| **TO:** | Susan L. Jacobs, Esq.<br>Robert S. Mangiaratti, Esq | **FAX #:** | 508-226-7565 |
| **COMPANY** | Volterra, Goldberg, Mangiaratti & Jacobs | **PHONE #:** | |
| **From:** | Christine M. Griffin | | |
| **Phone #:** | (617) 226-4026 | **Sender's Personal Fax #:** | (617) 226-4526 |

*Special Message:*

Original WILL NOT follow

Original WILL follow via:
X Regular Mail         ☐ First Class Mail
☐ E-mail               ☐ Overnight Delivery
☐ Hand Delivery        ☐ Other

Client:    [Client]
Matter:    [Matter]

# Brody, Hardoon, Perkins & Kesten, LLP
## Attorneys at Law

Richard E. Brody
Laurence E. Hardoon
Samuel Perkins
Leonard H. Kesten
Jocelyn M. Sedney

Of Counsel:
Cheryl A. Jacques
Maria E. DeLuzio

One Exeter Plaza
Boston, Massachusetts 02116

Telephone 617-880-7100
Facsimile 617-880-7171
www.bhpklaw.com

Judy A. Levenson
Jeremy I. Silverfine
Sherri Gilmore Bunick
Deidre Brennan Regan
Deborah I. Ecker
Djuna E. Perkins
Thomas P. Campbell
Peter E. Montgomery
Andrew S. Brooslin
Kristin Tyler Harris

Administrator:
Elizabeth L. Joyce

May 23, 2006

*Via Facsimile:* (617) 854-7557
Juliane Balliro, Esq.
Christine Marie Griffin, Esq.
Wolf, Block, Schorr and Solis-Cohen, LLP
One Boston Place, 41st Floor
Boston, MA 02108

RE: Dr. John J. Beliveau
VS: Town of Mansfield Municipal Electric
    Department and John D'Agostino
    Civil Action No.: 04 11329 DPW

Dear Counsel:

The following is in response to your facsimile dated May 12, 2006 concerning the defendants' responses to plaintiff's numerous document requests:

1. The Defendants objected to the Plaintiff's Request No. 5 contained in the Plaintiff's First Request for the Production of Documents. Accordingly, no documents were produced.

2. The Defendants produced three documents in response to Request No. 6 contained in the Plaintiff's First Request for the Production of Documents, not one represented in the letter. The Defendants have produced all of the documents that they are aware of and that are currently in their possession, custody and control in response to Request No. 6 and the in response to the numerous other documents requests propounded by the Plaintiff.

3. In Response to Request No. 7, the Defendants are aware of other documents currently in the Defendants possession, custody or control concerning an investigation into Ms. Stoyle's Charge other than the Lampke report that are currently in the Defendants' possession, custody or control. The Defendants will contact Attorney Lampke to determine whether he retained any of his notes from his investigation and whether he relied on documents other than those attached to the report itself during his investigation.

4. The Defendants objected to the Plaintiff's Request No. 12 contained in the Plaintiff's First Request for the Production of Documents. Without waiving that objection, the Defendants agreed to make available for the Plaintiff's

review and copying the meeting minutes from the Board of Selectmen's meetings which would contain communications between D'Agostino and the Board of Selectmen as requested. The Defendants have since responded to this request and have produced the emails available from the Town of Mansfield's main server as well as e-mails retrieved from Mr. D'Agostino's computer. The Defendants are aware of no other responsive documents not already produced during discovery that contain documents relevant to the subject matter of this action.

5. In response to Request No. 13, the Defendants produced the documents that they believed were responsive to this request that were currently in the Defendants possession, custody or control. In addition, the Defendants offered to make the meeting minutes available for the Plaintiff's review and copying and referred the Plaintiff to the Town of Mansfield Public Library or to the company that records the meetings that retains copies of the videotapes. Further, the Defendants have produced the e-mails that they have been able to retrieve from the Town of Mansfield main server as well as archives of the Town of Mansfield Electric Department's e-mails.

6. In response to Request No. 14, the Defendants have not withheld any documents that Bea Kearney gave to counsel.

7. In response to Request No. 18, the Defendants objected to producing the documents requested if any such documents exist from personnel files other than Mr. Beliveau's as any such documents are confidential.

8. In Response to Request No. 20, the Defendants objected to this request on the grounds that it is overbroad, it is overly burdensome, it is not properly limited as to time and it seeks information which is not relevant to the subject matter of this action, which will be inadmissible at the trial of this action and which is not reasonably calculated to lead to the discovery of admissible evidence. Accordingly, no documents were produced.

9. In response to Request No. 21, the Defendants objected to this request on the grounds that it sought discovery of documents prepared in anticipation of litigation or for trial by or for the Defendant or by or for the Defendant's representative. Without waiving the objection, the Defendant's produced the Lampke report.

10. In response to Request No. 22, the Defendants objected to this request on the grounds that it sought discovery of documents prepared in anticipation of litigation or for trial by or for the Defendant or by or for the Defendant's representative. The Defendants did not waive their objection and accordingly, no documents were produced.

11. In response to Request No. 23, the defendants have produced Mr. Lampke's report. The defendants do not possess any notes compiled by Mr. Lampke but have requested his entire file to ascertain if such notes exist. With regard to

    communications between Mr. Lampke and Town Counsel, the defendants state that those communications are privileged.

12. In response to Request No. 24, the Defendants objected to this request on the grounds that it sought discovery of documents prepared in anticipation of litigation or for trial by or for the Defendants or by or for the Defendants representatives. Without waiving this objection, the defendants respond by stating that they are not aware of any documents currently in their possession, custody or control that are not so privileged.

13. In response to Request No. 25, the Defendants objected to this request, but without waiving their objection did produce correspondence between Metrogard and Town Counsel Susan Jacobs.

14. As set forth in the Defendants Response to Request No. 26 contained in the Plaintiff's First Request for the Production of Documents, the Defendants are still not aware of any responsive documents currently in their possession, custody or control.

15. In response to Request No. 27, the Defendants objected to this request on the grounds on the grounds that it is overbroad, and seeks documents that are not relevant to the subject matter of this action, which will be inadmissible at the trial of this action and which is not reasonably calculated to lead to the discovery of admissible evidence. The Defendant further objected to this request to the extent that it seeks documents that are confidential pursuant to M.G.L. c. 268B, § 4. The Defendants did not waive their objections and accordingly, did not produce any documents. The defendants will produce Town of Mansfield documents related to Mr. D'Agostino's request for reimbursement of his legal fees relating to the ethics complaint regarding the so-called Hottleman matter.

16. In response to Request No 28, the Defendants objected to this request for the same reasons set forth above.

17. Request No. 29 Contained in the Plaintiff's First Request for the Production of documents seeks: "[a]ll documents concerning Dr. Beliveau's employment responsibilities from the time of hiring to the time of termination, including but not limited to job descriptions, town charter, and communications regarding expectations of Dr. Beliveau throughout his employment. In response to this request the Defendants produced the Town Charter and referred the Plaintiff to documents produced as Exhibits 1, 13 and 19 attached to the Defendants' document responses. The Defendants have repeatedly offered to make the meeting minutes from the Board of Selectmen and the Board of Light Commissioners available for the Plaintiff's inspection and copying and have referred the Plaintiff to the location where the videotapes of the meetings are kept for his review. The Defendants have objected to producing executive session meeting minutes during which ongoing litigation was discussed as those documents are confidential and are not public records.

18. In response to Request No. 30, the Defendants stated that they would make the Meeting Minutes from the Board of Selectmen and Board of Light Commissioners meetings for the years 1999 to 2004 available for the Plaintiff's inspection and review at a mutually convenient time. The Defendants will still make any and all meeting minutes available to the Plaintiff for his review. The Defendants further responded by stating that they would not produce executive session meeting minutes during which ongoing litigation was discussed as those documents are confidential and are not public records. The Defendants will make available a list of non-privileged executive session meeting minutes that they will make available for the Plaintiff's review.

19. In response to Request No. 31, the Defendants have repeatedly offered to make the meeting minutes from the Board of Selectmen and the Board of Light Commissioners available for the Plaintiff's inspection and review at a mutually convenient time. The Defendants objected to the production of the executive session meeting minutes during which ongoing litigation was discussed as those documents are confidential and are not public records. The Defendants will make available a list of non-privileged executive session meeting minutes that they will make available for the Plaintiff's review.

20. With regard to plaintiff's request number 34, the defendants objected and continue to object to producing Mr. D'Agostino's home telephone records. The defendants will produce Mr. D'Agostino's cell phone records for the period January 1, 2003 and April 1, 2004.

21. With regard to plaintiff's request number 35, we do not know where you get your "understanding" regarding other complaints. The Defendants are not aware of any other complaints or any other reports.

22. With regard to number 36, you have what we have. We are not aware of any other complaints other than those made by Ms. Stoyle and Dr. Beliveau.

23. Request No. 38 contained in Plaintiff's First Request for the Production of Documents seeks documents or communications concerning public records request concerning Dr. Beliveau. The Defendants have produced documents concerning Dr. Beliveau's public records requests. Request No. 38 does not request that the Defendants provide the documents being requested by Dr. Beliveau in his public records requests presumably because the documents being sought are not relevant to the subject matter of this action. As you are aware, the Town of Mansfield by law is allowed to charge for the cost to the Town for the time spent searching, compiling and copying the records requested. Nonetheless, we will give you another estimate for the cost of producing these records.

24. With regard to Request No. 43, the Defendants have produced to the Plaintiff redacted copies of billing records of the law firm of Attorney Mangiaratti to the Town of Mansfield Electric Department from 2001 to the date that the billing records were produced. The Defendants will produce copies of

redacted billing records of the law firm of Attorney Mangiaratti to the Town of Mansfield if any such additional bills exist.

25. The Defendants objected to Request No. 46 and accordingly, no responsive documents were or will be produced.

26. Pursuant to the recent Court order, the Defendants will make the required expert disclosures on or before February 2007.

The above should respond to all of the concerns raised in your May 12, 2006 letter. The defendants again invite both Dr. Beliveau and Ms. Stoyle to copy the hard drives of Beliveau's desktop and laptop computers as well as the hard drive from Ms. Stoyle's desktop computer. If you would like, we can have copies of those hard drives made for you at your expense by our expert. Otherwise, we will make the hard drives available to you at a mutually convenient time and place.

Should you have additional questions or concerns after review of the above, please do not hesitate to contact us.

Very truly yours,

BRODY, HARDOON, PERKINS & KESTEN, LLP

*Deborah Ecker*

Leonard H. Kesten
Deborah I. Ecker

LHK/DIE:nrr

cc. Lynn Leonard, Esq. [via facsimile: (781) 662-1625]
    Susan Jacobs, Esq. [via facsimile: (508) 226-7565]