UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04 11329 DPW

DR. JOHN J. BELIVEAU, )
      Plaintiff )
VS. )
      )
TOWN OF MANSFIELD MUNICIPAL )
ELECTRIC DEPARTMENT AND JOHN )
D'AGOSTINO, )
      Defendants )

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS

  During the course of this action, the Plaintiff has made numerous requests for documents. The Plaintiff has propounded separate requests for production on each of the Defendants, and has attached multiple requests for the production of documents to deposition subpoenas of current and former town employees. Further, Defendant John D'Agostino received two different document requests attached to two of the three days of his deposition. In addition, the Plaintiff had made Freedom of Information Act requests for documents to the Town of Mansfield. Finally, the Plaintiff's former employee, Kim Stoyle, has made document requests to the Defendants that were very similar to the Plaintiff's requests here. The Defendants and their counsel have struggled under this veritable mountain of document demands and have done the best they could to respond.

  It is obvious that the great majority of the documents requested are not calculated to lead to the discovery of admissible evidence as to this Plaintiff's Complaint. The Plaintiff has filed this lawsuit only on the theory that he was retaliated against because of his cooperation with the Ethics Commission and his support of Kimberly Stoyle's discrimination claim. However, it is clear that the documents

1

requested by the Plaintiff track the issues raised in Plaintiff Kimberly Stoyle's lawsuit. Stoyle's lawsuit is founded on a theory of her "whistleblowing" as to allegedly illegal activities in financial dealings between the Town of Mansfield and the Municipal Light Department. Regardless of the fact that the documents do not appear to be even remotely relevant to the Plaintiff's lawsuit, the Defendants have attempted to respond to the multitude of document requests in good faith given the limitations of the Town of Mansfield's computer system and sparse archiving of e-mails and other documents over the years.

Initially, the Plaintiff sought specific categories of e-mails. In the Defendants attempt to respond, the Defendants provided hard copy of e-mails that the Defendants believed were responsive to the Plaintiff's specific requests. With regard to e mails contained at the MMED, it was the Plaintiff himself who created the archiving system which was not instituted until February of 2003. Indeed, both Kimberly Stoyle and the Plaintiff John Beliveau were aware that archiving was about to begin, so each had an opportunity to erase e-mails before the archives were created.

In response to the Plaintiff's requests for e mails, the Defendants' counsel obtained the disks allegedly containing the archived e-mails. However, it has now been discovered that some of the discs are defective and are not accessible. The Defendants have provided to Plaintiff's counsel copies of all of the archives which exist, and have informed them of which archives are defective and offered access to those discs.

It is important for this Court to understand that Beliveau apparently kept a duplicate set of archived MMED e mails on his home computer. It appears that Beliveau is in possession of all of the e-mails contained in the MMED archives at least through the date of his termination. Further, since the Plaintiff Stoyle continued to be employed at the MMED, discovery has shown that she continued to send e-mails to

2

Beliveau. Thus, it certainly appears that Beliveau has always had in his possession all of the MMED e-mails which he now demands be produced by the MMED.

The Town of Mansfield does not archive its e-mail and has no system set up to retain e-mail. When the Defendants or the witnesses received requests for e-mails, the Town of Mansfield employees responsible for the computer system went onto the main server and copied e-mails from the individuals targeted by the Plaintiff in his multiple document requests. However, about eighteen months ago the Mansfield server "crashed" and most e-mails that were not saved to an individual's computer prior to the time that the server crashed were destroyed. The Defendants have only recently accessed the Town of Mansfield e-mails from the individuals specified by the Plaintiff and with the assistance of a computer expert and at great cost to the Defendants, have been able to copy thousands of e-mails. Those thousands of e-mails then were reviewed so that attorney-client information could be redacted. All of the e-mails which the Defendants have been able to open and read, but for the e-mails that the Defendants claim are privileged, have been produced to the Plaintiff.

The Plaintiff did not specifically seek a copy of the entire MMED e-mail archive until he noticed the deposition of Gary Babin the current Director of the Light Department. That deposition did not go forward until March 23, 2006. At that deposition, Mr. Babin did provide the Plaintiff with copies of the MMED e-mail archive that the Defendants were able to recover. Likewise, the Plaintiff did not seek the e-mail archives (not specific documents possibly contained in the archives) from the Town of Mansfield until he noticed the deposition of Lou Costa which deposition did not go forward until March 31, 2006. The Defendants diligently worked with an expert to retrieve the thousands of archive contained in the system and to review all of those e-mails in order to redact out privileged information. As of the date that this opposition

3

is filed, the Plaintiff has a copy of all of the e-mails that the Defendants have retrieved but for those e-mails that the Defendants claim are privileged. A privilege log will be produced to the Plaintiff within one week.

With regard to Beliveau's "log" which was used to question him at his deposition, that document exists in the Plaintiff's computer. By way of background, during Beliveau's deposition in the Stoyle MCAD matter, he testified that he kept notes of contemporaneous events at home. The Defendants requested this "journal" through discovery. The Plaintiff objected on the grounds that it was prepared at the behest of his personal counsel and consisted of attorney client work product. The court held an "in camera" review of the document and decided to deny the defendants Motion to Compel the journal without prejudice at that time. In sending the document to court, Plaintiff's counsel inadvertently sent a copy to defense counsel. Once defense counsel realized that he had received the actual document at issue, he returned it to Plaintiff's counsel.

In February of this year, Plaintiff produced discs containing e-mails from the Plaintiff's computer. Contained in those e-mails was an e-mail from Beliveau's work e-mail address to his off site e-mail address with an attachment labeled "log". The Defendant searched the attachments produced by the Plaintiff and did not see a "log". At that time, Defendant searched the MMED e-mail archives and discovered the attached "log". That document was an early version of the supposed contemporaneous document that Beliveau produced to this court in 2005. The Defendant's computer expert then searched Beliveau's computer and discovered an earlier version of the "log". It was clear to the Defendants that Beliveau had those documents in his possession since before the inception of this action. It was those two version of the "log" that were used at Beliveau's deposition.

4

It was the Plaintiff who chose to remove that document from his document responses and he did not indicate to the Defendants that he had done so. Plaintiff claims that it was "unfair" to him that the Defendants used the document without having first produced it, however the Plaintiff had the document all along. Indeed, it was the plaintiff who misled the Defendants and the Court by claiming that the "log" was a contemporaneous record of events kept at home. In fact, it appears to be a "script" which is regularly rewritten to fit Beliveau's ever changing view of the world. The Plaintiff might not have liked being confronted with the document, but he cannot claim that he was not in possession of the same or aware of its existence.

In addition, the Plaintiff's allege that the Defendants have failed to provide documents allegedly contained on the Plaintiff's computer hard-drive and laptop owned by the Town of Mansfield and used by the Plaintiff while employed by the MMED. Those computers contain tremendous amounts of information. The Defendants have, however, offered to allow the Plaintiff to inspect and copy the hard drives of both computers. To date, the Plaintiff has not taken the Defendants up on their offer.

Further, the Plaintiff complains that counsel for the Defendants would not turn over documents at Mr. Figueredo's deposition that the Plaintiff alleges were responsive to the subpoena duces tecum served on Mr. Figueredo. As explained to the Plaintiff's attorney at retired the deposition, Lt. Figueredo had no documents in his possession and was no longer employed by the Town of Mansfield at the time the Plaintiff's noticed his deposition. Had the Lieutenant not stopped at the police station to get a ride to the train station, he would not have acted as a courier for the Chief of Police in bringing the documents to the Defendant's attorney and as he stated at his deposition, the Lieutenant did not go through the documents given to him to determine what each of the documents were and had not reason to as they were not documents that he

5

possessed and was producing in response to his individual deposition subpoena. A subsequent review of the documents shows that the documents in fact were not in the possession of Lt. Figueredo, but were in the Town of Mansfield's Police Department's possession and were subsequently produced at the appropriate time. The Plaintiff seems to believe that retired town employees subpoenaed to deposition are the "Town" and that the Town is obligated to perform a search of Town documents in order to comply with an individuals deposition subpoena. If that is in fact the case, then the Plaintiff in essence has now served twelve separate requests for documents on the Town of Mansfield, a number clearly exceeding that allowed by any rules of civil procedure. In any event, the Plaintiff was provided with the documents at the appropriate time several days later, despite the fact that again the documents produced by the police department clearly are not relevant to the subject matter of the Plaintiff's case.

Without referring to specific requests and their correlating responses, the Plaintiff next complains that the Defendants have "failed to produce a wide variety of requested information that is vital to the Plaintiff's discovery in this case." This is not sufficient to identify which specific requests the Plaintiff alleges were not adequately responded to in order for the Defendants to properly respond to this assertion. As to those documents sought by the Plaintiff that are specifically listed by him in his Motion to Compel the Defendants respond as follows. The Defendants have produced telephone bills requested and have in their response explained to the Plaintiffs why additional bills are not available as the telephone system at Town Hall is not kept by line. In addition, most if not all of the telephone records sought are surely not relevant to the Plaintiff's claims and certainly the residential telephone bills and personal cellular telephone bills are not relevant. Second, the Plaintiff requests videotapes from public

6

meetings. The Defendants have referred the Plaintiff to the public library where the tapes are kept or to the company who produces the tapes if the Plaintiff wishes to pay for copies of the tapes to be made. The Defendants are under no obligation to go to the library and to have the tapes reproduced for the Plaintiff at the Defendants' cost. Third, the Plaintiff's seek an investigation report generated as a result of Mr. Lampke's investigation into Ms. Stoyle's sexual harassment claims against Mr. D'Agostino. The Defendants objected to producing that report in their response on the basis of privilege and the Plaintiff has provided no reasoning in his Motion to Compel as to why that privilege should not be applied to the report. The Defendants, however, will produce the document at this time. Finally, the Plaintiff seeks Mr. D'Agostino's divorce documents. There is absolutely no justification that the Plaintiff can provide for the need to obtain Mr. D'Agostino's divorce documents as they have no relevance to the Plaintiff's claim. This request simply shows how mean spirited the Plaintiff is and that his only desire all along together with Ms. Stoyle has been to ruin Mr. D'Agostino's reputation and to have him terminated from his position as Town Manager.

  The Defendants have made an effort to respond to the multitude of discovery requests in good faith given the limitations of the Town's computer system and skills. The Plaintiffs have not been prejudiced by any delay as it is readily apparent after review of the Plaintiff's electronic document responses, that the Plaintiff copied the e-mail archives and other requested documents onto his computer prior to leaving his employment with the MMED and that his multiple requests were only propounded to harass the Defendants and to have them expend significant amount of time and money in attempting to produce back to him that which is already in his possession.

7

Wherefore, the Defendants respectfully request that this honorable Court deny the Plaintiff's Motion to Compel Production of Documents from the Defendants Town of Mansfield Electric Department and John D'Agostino.

>Respectfully submitted,
>The Defendants,
>Town of Mansfield Municipal Electric Department
>and John D'Agostino,
>By their attorneys,
>
>/s/ Leonard H. Kesten
>Leonard H. Kesten, BBO No. 542042
>Deborah I. Ecker, BBO No. 554623
>BRODY, HARDOON, PERKINS & KESTEN, LLP
>One Exeter Plaza
>Boston, MA 02116
>(617) 880-7100
>
>/s/ Susan Jacobs
>Susan Jacobs
>Robert Mangiaratti
>VOLTERRA, GOLDBERG, MANGIARATTI &
>JACOBS
>Three Mill Street
>Attleboro, MA 02703
>(508) 222-1463

DATED: April 11, 2006