# A Guide to the Massachusetts Public Records Law



Published by
William Francis Galvin
Secretary of the Commonwealth
Division of Public Records

*Updated December 2006*

26 • A Guide to the Massachusetts Public Records Law

## Attorney-Client Communications and Attorney Work Product

The attorney-client and work product privileges may not be used as a basis to withhold responsive records. The Supreme Judicial Court (Court) recognized the long standing position of the Division of Public Records that common law privileges are not a valid basis for withholding records pursuant to a public records request, absent an applicable exemption.[92] The Court noted, "[w]e agree with the observation that the Legislature 'clearly did not intend to exempt documents involved in litigation from the mandatory disclosure requirements of the [public records statute].'"[93] It appears, therefore, that the Court intended the holding to extend to the attorney-client privilege.

All common law privileges continue to exist in Massachusetts unless abrogated by the Legislature.[94] The Legislature unequivocally decided that all documentary materials or data made or received by a public employee constitute public records, unless one of the strictly and narrowly construed exemptions applies.[95] The statutory definition of "public records" contains no exemption for materials deemed privileged as work product as that term is defined within the Massachusetts Rules of Civil Procedure.[96] The Legislature further decided that all public records are subject to mandatory disclosure.[97]

Through enactment of the Public Records Law, the Legislature abrogated that part of the privilege that relates to documentary materials created or received by public employees that do not fall within the parameters of an exemption.[98] An examination of legislative history supports this conclusion. The Public Records Law is modeled on the federal Freedom of Information Act (FOIA).[99] At the federal level, materials that are covered by common law privileges or discovery rules are encompassed by an exemption.[100] After enactment of the

---

[92] General Electric Company v. Department of Environmental Protection, 429 Mass. 798, 801 (1999).

[93] General Electric Company, 429 Mass. at 803, *quoting* A. Cella, Administrative Law and Practice § 1182, at 584 n.10 (emphasis added).

[94] Mass. Const. Pt. 2, c. 6, Art. 6.

[95] G. L. c. 4, § 7(26); see also Attorney General v. Assistant Commissioner of the Real Property Department, 380 Mass. 623, 625 (1980) (requiring strict and narrow construction of the exemptions); Attorney General v. Board of Assessors of Woburn, 375 Mass. 430, 432 (1978).

[96] G. L. c. 4, § 7(26); see also General Electric Company v. Department of Environmental Protection, 429 Mass. 798, 801 (1999).

[97] G. L. c. 66, § 10(a).

[98] See e.g., District Attorney for the Plymouth District v. Board of Selectmen of Middleborough, 395 Mass. 629, 633 (1985) (where there is an express exception, it comprises the only limitation on the operation of the statute and no other exceptions will be implied).

[99] Globe Newspaper Company v. Boston Retirement Board, 388 Mass. 427, 432-34 (1983).

[100] See 5 U.S.C. § 552(b)(5) (exempting materials which cannot be obtained during discovery in civil litigation); H. R. Rep. No. 1497, 89th Cong., 2nd Sess. 10 (1966) (exemption 5 intended to incorporate the government's common law privilege from discovery in litigation); see also NLRB v. Sears, Roebuck & Co., 421 U.S. 132, 155 (1975) (federal exemption incorporates work product doctrine and attorney-client privilege); Coastal States Gas Corporation v.

federal FOIA, states other than Massachusetts modeled their freedom of information laws on the federal act and included an exemption for litigation strategy and privileged materials.[101] The Legislature removed the counterpart federal language incorporating common law discovery protections.[102] The difference is important, since we can infer from it the intention of the Legislature to reject the standards embodied at the federal level.[103]

It should be noted that the omission is not an oversight on the part of the Legislature. Rather, the Legislature considered and rejected a proposed amendment to the definition of public records that would have exempted "records pertaining to any civil litigation in which an agency, department, authority, or political subdivision is involved."[104] In examining the legislative history of the Public Records Law, the Court found that rejection of the proposed amendment confirms that the Legislature did not intend to incorporate a work product exemption.[105]

## Computer Records

The Legislature did not envision the impact computers would have on the government's ability to collect, store, compile and disseminate information when drafting the Public Records Law.[106] The legal principles embodied in the Public Records Law, however, may be readily transposed into legal principles governing access to information maintained in an automated system.

The statutory definition of "public records" does not distinguish between traditional paper records and records stored in the computer medium.[107] Rather, it provides that all information made or received by a public entity, regardless of the manner in which it exists, constitutes "public records." Computer cards, tapes or diskettes are all independent public records that are subject to the same requirements of the Public Records Law as are paper records. Therefore, a records custodian is obliged to furnish copies of non-exempt portions of computerized information at the cost of reproduction, unless otherwise provided by law.

---

Department of Energy, 617 F.2d 854, 866 (D.C. Cir. 1980) (Congress intended that FOIA should not result in an agency's loss of traditional privileges).
[101] See e.g., Conn. Gen. Stat. c. 3, §§ 1-19 (Connecticut exemptions).
[102] General Electric Company v. Department of Environmental Protection, 429 Mass. 798, 804 (1999).
[103] Id. quoting Globe Newspaper Company v. Boston Retirement Board, 388 Mass. 427, 432-34 (1983).
[104] See House J. 3149 (1973); 1973 Mass. Acts c. 1050, § 1.
[105] General Electric Company, 429 Mass. at 803.
[106] See 1973 Mass. Acts. c. 1050 (legislation providing for the current statutory definition of "public records").
[107] G. L. c. 4, § 7(26).