Not Reported in N.E.2d                                                                                                          Page 1
Not Reported in N.E.2d, 17 Mass.L.Rptr. 501, 2004 WL 792712 (Mass.Super.)
**(Cite as: 2004 WL 792712 (Mass.Super.))**

C

Superior Court of Massachusetts.
Brian C. LAFFERTY, Plaintiff
v.
MARTHA'S VINEYARD COMMISSION,
Defendant.
No. 03-3397.

April 9, 2004.

*MEMORANDUM OF DECISION AND ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT*
RAYMOND J. BRASSARD, Justice.

*1 The plaintiff, Brian C. Lafferty ("Lafferty"), brings this action against the defendant, Martha's Vineyard Commission ("MVC"), pursuant to G.L. c. 66, § 10 ("the Public Records Law") and G.L. c. 249, § 5, for its alleged failure to produce copies of requested public records. Specifically, the plaintiff asks this court to order the defendant to produce certain records in its possession. Pursuant to Mass. R. Civ. P. 56, the plaintiff now moves for summary judgment. For the reasons stated below, the plaintiff's motion is *ALLOWED* in part and *DENIED* in part.

*Background*
The undisputed material facts as established by the summary judgment record are as follows. Sometime in 1999, Down Island Golf Club, Inc. ("Down Island") submitted to the Oak Bluffs Planning Board a proposal for the development of an 18-hole golf course in Oak Bluffs on Martha's Vineyard. The Planning Board referred the proposal to MVC for review as a Development of Regional Impact ("DRI"). MVC denied Down Island's application in July, 2000. On August 11, 2000, Down Island filed an appeal in Dukes County Superior Court.

Following mediation and pursuant to a remand by the Dukes County Superior Court, Down Island submitted a second application for the project to MVC. MVC denied the application in February, 2002, and Down Island appealed to the Superior Court. Down Island submitted a third application for the project with MVC, but in October, 2002, this too was denied. Down Island once again appealed, and all three cases are currently pending.

During this time, CKA Associates, an affiliate of Down Island, represented by Lafferty, applied for a permit under G.L. c. 40B, § 21, to build 376 units of housing on the same property in Oak Bluffs where the golf course had been proposed. In connection with this project, CKA Associates is the plaintiff in an action filed in Land Court on July 30, 2001. MVC intervened in that action by a motion filed on August 7, 2001. The action is now consolidated with another action pending in Dukes County Superior Court.

MVC has sought the advice of its outside counsel, Eric Wodlinger, and his firm, Choate, Hall & Stewart, over the course of these court and administrative proceedings. Matters discussed include permitting and litigation strategy, administrative and deliberative processes and policy, and mediation and settlement positions.

On January 25, 2003, Lafferty sent a written request to MVC for copies of various records in its possession dating from 1990 through 2003. Lafferty's letter included a total of 16 numbered requests which, in relevant part, consisted of the following:

> 4. Copies of any and all e-mails received by the Martha's Vineyard Commission or individual commission members or staff, from any party, related to Down Island Golf DRI applications between 1999 and 2002. (If these records are maintained in electronic form, please provide copies on electronic media.) ("Request No. 4").
> *2 7. Any and all electronic and written communications between Atty. Eric Wodlinger and/or the law firm of Choat [sic], Hall & Stewart and the Martha's Vineyard Commission and/or individual staff members or commission members, from January, 1998 through January, 2003, including but not limited to: opinion letters, bills, invoices, routine correspondence, agreements, etc. ("Request No. 7").
> 8. Any and all electronic and written communications between Attorney Ronald

Case 1:04-cv-11329-DPW   Document 104-5   Filed 06/13/2007   Page 2 of 7

Not Reported in N.E.2d                                                                                                    Page 2
Not Reported in N.E.2d, 17 Mass.L.Rptr. 501, 2004 WL 792712 (Mass.Super.)
**(Cite as: 2004 WL 792712 (Mass.Super.))**

Rappaport and/or the law firm of Reynolds, Rappaport & Kaplan and the Martha's Vineyard Commission and/or individual staff members or commission members, from January, 1998 through January, 2003, including but not limited to: opinion letters, bills, invoices, routine correspondence, agreements, etc. ("Request No. 8").

13. Copies of any and all correspondence between the Martha's Vineyard Commission or individual members of the commission or employees and the State Ethics Commission, including but not limited to letters of opinions, inquiries or routine correspondence. ("Request No. 13").

Subsequent to Lafferty's request, sometime between January 31, 2003 and February 6, 2003, Jennifer Rand, Development of Regional Impact Coordinator for MVC, performed a search of MVC's computer and paper files. Thereafter, on February 6, 2003, MVC responded to Lafferty's request; it provided estimates of copying fees for certain records and informed Lafferty that while some records would by copied for him others would not be provided to him. Specifically, MVC did not provide any records pursuant to Lafferty's Request Nos. 4, 8, and 13. MVC claimed that, pursuant to G.L. c. 4, § 7, Twenty-sixth (a) and the statutes and regulations governing the State Ethics Commission ("the Ethics Commission"), the records sought in Request No. 13 were exempt from the definition of "public records." Moreover, with the exception of bills and invoices, MVC did not provide records in response to Request No. 7, asserting that the records requested were protected by the attorney-client privilege and, pursuant to G.L. c. 4, § 7, Twenty-sixth (d), were exempt from the definition of "public records."

On February 11, 2003, Lafferty petitioned the Supervisor of Records ("the Supervisor"), seeking a determination of whether the records requested were "public records." On June 19, 2003, the Supervisor informed MVC that it was required to disclose records described in Lafferty's January 25, 2003 letter to MVC as Request No. 7 and Request No. 13. On or about July 15, 2003, Lafferty sent MVC a check representing payment for the copying of the public records as set forth in the fee estimate provided by MVC in its February 6, 2003 response. Upon payment, MVC provided Lafferty with copies of many of the records he requested. [FN1] MVC has not, however, provided Lafferty with copies of certain records found in Request Nos. 7, 8 and 13. [FN2]

> FN1. At hearing on this motion, MVC's counsel stated that over 5000 documents have been provided to Lafferty.

> FN2. At hearing on this motion, the parties agreed that records addressed in Request No. 4 are no longer at issue because MVC has been unable to locate any such records. Moreover, MVC has agreed to supplement its initial production with additional documents, if such documents exist, in response to Request No. 8, to the extent such request seeks documents that do not relate to Ronald Rappaport's and/or the law firm of Reynolds, Rappaport & Kaplan's representation of MVC.

*Discussion*

Pursuant to the Public Records Law, Lafferty urges this court to compel MVC to produce documents related to communications between MVC, including its members and staff, and two attorneys as well as correspondence between MVC, including its members and staff, and the State Ethics Commission. MVC maintains that such communications are precluded from disclosure pursuant to exemptions (a) and (d) under G.L. c. 4, § 7, Twenty-sixth, the common law attorney-client privilege, and the statutes and regulations governing the Ethics Commission.

*3 The Public Records Law provides that a governmental entity must permit copies of records, defined as public, in its possession to be "inspected and examined by any person." G.L. c. 66, § 10(a). [FN3] General Laws c. 4, § 7, Twenty-sixth, defines "public records" as:

> FN3. General Laws c. 66, § 10(a), in relevant part, states:
> "Every person having custody of any public record, as defined in clause Twenty-sixth of

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:04-cv-11329-DPW    Document 104-5    Filed 06/13/2007    Page 3 of 7

Not Reported in N.E.2d                                                                                                      Page 3
Not Reported in N.E.2d, 17 Mass.L.Rptr. 501, 2004 WL 792712 (Mass.Super.)
**(Cite as: 2004 WL 792712 (Mass.Super.))**

section seven of chapter four, shall, at reasonable times and without unreasonable delay, permit it, or any segregable portion of a record which is an independent public record, to be inspected and examined by any person, under his supervision, and shall furnish one copy thereof upon payment of a reasonable fee."

"all books, papers, maps, photographs, recorded tapes, financial statements, statistical tabulations, or other documentary materials or data, regardless of physical form or characteristics, made or received by any officer or employee of any agency, executive office, department, board, commission, bureau, division or authority of the commonwealth, or of any political subdivision thereof, or of any authority established by the general court to serve a public purpose...."

The Supreme Judicial Court has recognized that "[p]ublic records are broadly defined and include all documentary materials made or received by an officer or employee of any corporation or public entity of the Commonwealth, unless one of [the] statutory exemptions is applicable." *Hull Mun. Lighting Plant v. Mass. Mun. Wholesale Elec. Co.,* 414 Mass. 609, 614 (1993). There are thirteen statutory exemptions from the definition of public records. The SJC has held that the "fundamental purpose" of the Public Records Law is "to ensure public access to government documents." *Gen. Elec. Co. v. Dep't of Envtl. Protection,* 429 Mass. 798, 801 (1999). Accordingly, this court must abide by "a presumption that the record sought is public," and must place the burden upon the record custodian "to prove with specificity the exemption which applies." *Id.,* quoting G.L. c. 66, § 10(c).

*Lafferty Request Nos. 7 and 8: Communications with Attorneys*

Lafferty argues that MVC is required, pursuant to the Public Records Law, to disclose certain communications, detailed in Request Nos. 7 and 8, between MVC, including its members and staff, and its attorneys. [FN4] MVC contends that these records are excluded from the requirement of disclosure pursuant to exemption (d), which prohibits from disclosure, "inter-agency or intra-agency memoranda or letters relating to policy positions being developed by the agency; but this subclause shall not apply to reasonably completed factual studies or reports on which the development of such policy positions has been or may be based." G.L. c. 4, § 7, Twenty-sixth (d).

> FN4. MVC has already provided Lafferty with documents relating to bills and invoices pursuant to Request No. 7, and has agreed to do the same with respect to Request No. 8, in so far as the documents are not related to the representation of MVC.

As MVC maintains, many of the records requested in Request No. 7, and possibly Request No. 8, could well be records that concern ongoing litigation between MVC and other parties. [FN5] This court (Botsford, J.) and the administrative body governing public records have found that records concerning ongoing litigation fall within exemption (d). [FN6] See *Kent v. Commonwealth,* Civil No. 982693, 2000 WL 1473124, at *4-5 (Mass.Super.Ct. July 27, 2000) (Botsford, J.), citing *Letter-Determination* of the Supervisor of Public Records, SPR 91/039, April 19, 1991, at 3 and *Letter-Determination* of the Supervisor of Public Records, SPR 93/186, June 2, 1993, at 7; see also *Babets v. Sec'y of Human Servs.,* 403 Mass. 230, 237 n. 8 (1988) (stating that exemption (d) protects documents from disclosure "while the deliberative process is ongoing and incomplete."). This court can see no reason to depart from such findings. [FN7] The preparation of and involvement in litigation by an agency, such as MVC, inherently entails the development of "policy positions" by that agency. Litigation often concerns, as does this case, a policy adopted by the agency. Further, the agency prosecutes a strategy for the litigation, and its "policy positions" are frequently subject to change and refinement throughout litigation. Accordingly, records detailed in Request Nos. 7 and 8, in so far as they concern MVC's ongoing litigation or administrative proceedings, are exempt from disclosure pursuant to exemption (d).

> FN5. This court has neither been provided with nor reviewed any of the requested records. There is no dispute, however, that

Case 1:04-cv-11329-DPW   Document 104-5   Filed 06/13/2007   Page 4 of 7

Not Reported in N.E.2d                                                                                Page 4
Not Reported in N.E.2d, 17 Mass.L.Rptr. 501, 2004 WL 792712 (Mass.Super.)
(Cite as: 2004 WL 792712 (Mass.Super.))

MVC is currently involved in lawsuits in which Choate, Hall & Stewart is outside counsel. See *supra* pp. 2-3 (discussing the lawsuits and noting that Request No. 7 seeks communications between Choate, Hall & Stewart and MVC from January, 1998 through January, 2003).

FN6. This court recognizes that in this case the Secretary of Public Records departed from the agency's previously held position and determined that the records at issue were subject to disclosure. Importantly, although this court gives considerable deference to an administrative interpretation of a statute, it is by not controlled by such an interpretation. *Haley v. Comm'r of Public Welfare,* 394 Mass. 466, 473 (1985).

FN7. Lafferty urges this court to consider *Gen. Elec. Co.,* where the SJC stated, "[w]e agree with the observation that the Legislature 'clearly did not intend to exempt documents involved in litigation from the mandatory disclosure requirements of the [public records statute].'" 429 Mass. at 803, quoting A. Cella, Administrative Law and Practice § 1182, at 584 n. 10 (1986). In making this statement, however, the Court was not considering the breadth of exemption (d), but rather it was addressing whether the Legislature intended to exclude records of attorney work product from the Public Records Law.

*4 MVC also argues that, pursuant to the common-law attorney-client privilege, records detailed in Request Nos. 7 and 8 are not subject to the Public Records Law. The Supreme Judicial Court, while not directly addressing the attorney-client privilege, has found that the Public Records Law does not exempt from disclosure records which qualify as privileged attorney work product. *Gen. Elec. Co.,* 429 Mass. at 801. The SJC noted, "[t]here is no ambiguity in the statute's explicit mandate that the public have access to all government documents and records except those that fall within the scope of an express statutory exemption." *Id.* at 805. The SJC refused to imply an exemption, even one descended from common law, stating "[w]here there is an express exception, it comprises the only limitation on the operation of the statute and no other exceptions will be implied." *Id.* at 805-806, quoting *Dist. Attorney for the Plymouth Dist. v. Selectmen of Middleborough,* 395 Mass. 629, 633 (1985).

Subsequent to the *Gen. Elec. Co.* decision, two Superior Court cases have directly addressed the issue of whether records protected by the attorney-client privilege are exempt from disclosure under the Public Records Law. In *Kent,* Judge Botsford concluded that the attorney-client privilege was not an exception to the Public Records Law. Specifically, she noted, "I find nothing in the *General Elec. Co.* opinion to suggest that the [Public Records Law] can properly be construed to include *any* implied exceptions, regardless of public policy concerns, of common law, or of any other consideration...." *Kent,* 2000 WL 1473124, at *5. In contrast, in *Kiewit-Atkinson-Kenny v. Mass. Water Res. Auth.,* 15 Mass. L. Rptr. 101, 103 (Mass.Super.Ct. Aug. 19, 2002) (van Gestel, J.), Judge van Gestel determined that he would not extend the *Gen. Elec. Co.* decision to preclude the common law attorney-client privilege from being an exception under the Public Records Law. In so concluding, Judge van Gestel reported the decision to the Appeals Court to answer the following question:

> "Whether materials in the possession of an entity or person to which the Public Records Law, G.L. c. 66, Sec. 10, applies may be withheld from production solely on the basis that such materials fall within the protection of the attorney-client privilege, or are such materials not protected from disclosure under the Public Records Law unless those materials fall within the scope of an express statutory exemption?"

*Kiewit,* 15 Mass. L. Rptr. at 103. The Appeals Court has not yet responded to Judge van Gestel's question. Therefore, this court continues to be without the guidance of a higher court in making a decision on this issue.

Without such guidance, after a close reading of *Gen. Elec. Co.* and an examination of the Public Records Law, this court agrees with the court's conclusion in

Case 1:04-cv-11329-DPW    Document 104-5    Filed 06/13/2007    Page 5 of 7

Not Reported in N.E.2d                                                                                  Page 5
Not Reported in N.E.2d, 17 Mass.L.Rptr. 501, 2004 WL 792712 (Mass.Super.)
**(Cite as: 2004 WL 792712 (Mass.Super.))**

*Kent.* Until a higher court directly addresses this issue, this court is constrained by the statutory language of G.L. c. 4, § 7, Twenty-sixth and the *Gen. Elec. Co.* decision. This court therefore concludes that the attorney-client privilege is not an exception to the Public Records Law. Accordingly, MVC is required to provide Lafferty with records detailed in Request Nos. 7 and 8 that are not exempted under (d) as discussed above. [FN8]

> FN8. MVC, therefore, is required to provide records sought pursuant to Request Nos. 7 and 8 that are not related to ongoing litigation. This court, however, stays this order pending an answer from the Appeals Court on the question presented by the court in *Kiewit.* 15 Mass. L. Rptr. at 103; see *infra* p. 13.

### *Lafferty's Request No. 13: Communications with the Ethics Commission*

*5 Lafferty argues that MVC is required, pursuant to the Public Records Law, to disclose correspondence, detailed in Request No.13, between MVC, including its members and staff, and the Ethics Commission. MVC maintains that these records fall under G.L. c. 4, § 7, Twenty-sixth (a), which exempts from disclosure records that are "specifically or by necessary implication exempted from disclosure by statute." MVC cites G.L. c. 268B, §§ 3(g) and (4)(a) and 930 Code Mass. Regs. § 3.01, and argues that this statutory and regulatory scheme establishes a framework of confidentiality for the requested records.

This court was unable to uncover any case law addressing whether the statutes governing the Ethics Commission provide an express or implied exemption from the Public Records Law. Without the benefit of authority on this issue, this court must look to the language of G.L. c. 268B, §§ 3(g) and (4)(a), and the accompanying regulations, to determine whether the requested records are exempted from disclosure. General Laws c. 268B, § 3(g), in relevant part, provides:

> "upon written request from a person who is or may be subject to the provisions of this chapter or chapter two hundred and sixty-eight A, [the Ethics Commission shall] render advisory opinions on the requirements of said chapters ... Such requests shall be confidential; provided, however, that the commission may publish such opinions, but the name of the requesting person and any other identifying information shall not be included in such publication unless the requesting person consents to such inclusion."

The confidentiality requirement of this statute has been interpreted in 930 Code Mass. Regs. § 3.01(8), which provides that advisory opinions issued by Ethics Commission shall be confidential, provided that the Ethics Commission may choose to publish an opinion. If such a choice is made, "the name of the requesting person and any other identifying information shall not be included unless the requesting person consents to such inclusion or publicly discloses that he has requested or received an opinion or letter from the Commission." 930 Code Mass. Regs. § 3.01(8).

The Ethics Commission is also governed by G.L. c. 268B, § 4(a), which, in relevant part, provides:

> "Upon receipt of a sworn complaint signed under pains and penalties of perjury, or upon receipt of evidence which is deemed sufficient by the commission, the commission shall initiate a preliminary inquiry into any alleged violation of chapter two hundred and sixty-eight A or this chapter ... All commission proceedings and records relating to a preliminary inquiry or initial staff review to determine whether to initiate an inquiry shall be confidential, except that the general counsel may turn over to the attorney general, the United States Attorney or a district attorney of competent jurisdiction evidence which may be used in a criminal proceeding...."

The confidentiality language of this provision has been interpreted by 930 Code Mass. Regs. § 3.01(2), which provides, "[t]he nature or existence of a preliminary inquiry involving allegations of violations of M.G.L. 268A or 268B, or of an initial staff review to determine whether to conduct a preliminary inquiry, shall be kept confidential by participants in those proceedings."

*6 This statutory and regulatory scheme does indeed set up a framework of confidentiality, as MVC

Case 1:04-cv-11329-DPW    Document 104-5    Filed 06/13/2007    Page 6 of 7

Not Reported in N.E.2d                                                                                              Page 6
Not Reported in N.E.2d, 17 Mass.L.Rptr. 501, 2004 WL 792712 (Mass.Super.)
**(Cite as: 2004 WL 792712 (Mass.Super.))**

argues. General Laws c. 268B, §§ 3(g) and (4)(a) mandate confidentiality on the part of the Ethics Commission and allow nondisclosure on the part of the "requesting person," in this case MVC. See 930 Code Mass. Regs. § 3.01(2), (8); see also 930 Code Mass. Regs. § 3.01(7) (providing, "[n]othing contained in [the] regulations shall be construed to require the subject of a preliminary inquiry or initial staff review to maintain the confidentiality of such proceedings provided, however, that should the subject make a public disclosure ... the Commission may confirm the existence of the inquiry...."). As outlined in G.L. c. 268B, §§ 3(g) and (4)(a), the records which are subject to the confidentiality provisions include advisory opinions, requests for advisory opinions, and preliminary inquires or initial staff reviews.

It is true that the Ethics Commission does have the authority to publish advisory opinions. Importantly, however, pursuant to G.L. c. 268B, § 3(g) and 930 Code Mass. Regs. § 3.01(8), the Ethics Committee is not required to publish advisory opinions; it may do so in its discretion. Moreover, the Ethics Committee may only publish such opinions after eliminating "the name of the requesting person and any other identifying information." G.L. c. 268B, § 3(g). In this case, because Lafferty is seeking copies of advisory opinions from MVC, the "requesting person," issued by the Ethics Commission, any concealment of identifying information would serve little or no purpose; Lafferty would know the "requesting person" is MVC or one of its members or employees. Thus, requiring release of these opinions to Lafferty upon demand would be in direct conflict with the intent of the Legislature in writing confidentiality requirements into G.L. c. 268B, § 3(g). See *Pyle v. Sch. Comm. of S. Hadley*, 423 Mass. 283, 285 (1996) (stating, "[w]here the language of a statute is clear and unambiguous, it is conclusive as to legislative intent.").

It is also important to note that the confidentiality provisions of the statute and regulations encourage agencies and public officials to seek guidance from the Commission and to cooperate with the Commission as to preliminary inquires and staff reviews. In the absence of confidentiality, agencies and public officials would be less willing to seek such guidance and to give such cooperation.

Not all records detailed in Request No. 13, however, are exempt from disclosure. As to records not specifically addressed in G.L. c. 268B, §§ 3(g) and (4)(a)--records other than those concerning advisory opinions, requests for advisory opinions, and preliminary inquiries or initial staff reviews--they must be disclosed by MVC. This court is unwilling to adopt MVC's position that all correspondence between the Ethics Commission and MVC is "specifically or by necessary implication exempted from disclosure by statute." G.L. c. 4, § 7, Twenty-sixth (a). There is nothing explicit or implicit in G.L. c. 268B, §§ 3(g) and (4)(a) that provides confidentiality for all correspondence between MVC and the Ethics Commission. See *Gen. Elec. Co.*, 429 Mass. at 801-802 (stating that statutory exemptions in G.L. c. 4, § 7, Twenty-sixth "must be strictly and narrowly construed.").

*7 Accordingly, this court concludes that, pursuant to exemption (a), MVC is not required to disclose communications with the Ethics Commission in so far as the correspondence concerns advisory opinions, requests for advisory opinions, and preliminary inquires or initial staff reviews. All other correspondence detailed within Request No. 13 must be provided to Lafferty pursuant to the Public Records Law.

### ORDER

For the reasons stated above, it is hereby **ORDERED** that the plaintiff's motion for summary judgment is **ALLOWED,** in so far as the defendant must provide the plaintiff with (1) copies of records contained in Request Nos. 7 and 8 which are not related to ongoing litigation or administrative proceedings, and (2) copies of records contained in Request No. 13 which are not related to advisory opinions, requests for advisory opinions, and preliminary inquires or initial staff reviews. As to records detailed in Request Nos. 7 and 8 which do not pertain to ongoing litigation or administrative proceedings, this court stays this order pending a decision from the Appeals Court addressing whether such documents are protected by the attorney-client privilege. See *Kiewit,*

Case 1:04-cv-11329-DPW   Document 104-5   Filed 06/13/2007   Page 7 of 7

Not Reported in N.E.2d                                                                Page 7
Not Reported in N.E.2d, 17 Mass.L.Rptr. 501, 2004 WL 792712 (Mass.Super.)
**(Cite as: 2004 WL 792712 (Mass.Super.))**

15 Mass. L. Rptr. at 103. The plaintiff's motion for summary judgment is otherwise **DENIED,** and the remaining records are exempt from disclosure. [FN9]

> FN9. The defendant must prepare a privilege log, generically naming the records in its possession, and if a document is withheld, the defendant must provide an explanation.

Not Reported in N.E.2d, 17 Mass.L.Rptr. 501, 2004 WL 792712 (Mass.Super.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.