UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.: 04-11329-DPW

| | |
|---|---|
| DR. JOHN J. BELIVEAU, | ) |
| | ) |
| Plaintiff | ) |
| VS. | ) |
| | ) |
| TOWN OF MANSFIELD MUNICIPAL | ) |
| ELECTRIC DEPARTMENT AND | ) |
| JOHN D'AGOSTINO, | ) |
| | ) |
| Defendants | ) |

CONSOLIDATED WITH

Civil Action No.: 05-10354-DPW

| | |
|---|---|
| KIMBERLY STOYLE, | ) |
| Plaintiff | ) |
| | ) |
| VS. | ) |
| | ) |
| THE MANSFIELD MUNICIPAL | ) |
| ELECTRIC DEPARTMENT , JOHN | ) |
| D'AGOSTINO, TOWN OF MANSFIELD | ) |
| BOARD OF LIGHT COMMISSIONERS, | ) |
| LOUIS AMORUSO, MICHAEL MCCUE | ) |
| DAVID MCCARTER, DANIEL | ) |
| DONOVAN, ROGER ACHILLE, AND | ) |
| STEVEN MACCAFFRIE, | ) |
| Defendants | ) |

**DEFENDANTS' OPPOSITION TO PLANTIFF BELIVEAU'S MOTION TO
PRECLUDE EVIDENCE REGARDING THE KYM GAISSL MATTER**

The Plaintiffs have filed a Motion in Limine to Preclude Evidence

Regarding the Kym Gaissl matter.  The Defendants hereby oppose the

Plaintiffs' Motion to exclude such evidence on the grounds that the evidence

1

concerning Ms. Gaissl's lawsuit is admissible into evidence for multiple purposes.

By way of background, at the time that plaintiff Beliveau was retained as the Director of the Mansfield Municipal Electric Department (MMED), Kym Gaissl was employed as the office manager. Early in Beliveau's tenure, Gaissl made a claim of sexual harassment against Beliveau. Beliveau sought and obtained the support of Defendant D'Agostino with regards to the allegations by Gaissl. Beliveau terminated Gaissl after she made her complaint. Gaissl filed an MCAD complaint against Beliveau as a result. He retaliated by filing a private action against her for slander and defamation.

Subsequently, Gaissl filed a lawsuit against Beliveau in the United States District Court. Beliveau used his private attorney and counsel for the MMED to file a counterclaim against Gaissl. He eventually orchestrated a settlement of the lawsuit that Gaissl filed against him and the MMED. The Defendants can prove that Beliveau increased the amount of the settlement funds received by Gaissl from the Town by the amount of legal fees incurred by Beliveau to prosecute his private action against Gaissl for slander and defamation and that Beliveau subsequently received a check for the

increased amount of the settlement from Gaissl's attorney from that settlement.

In a case such as this, where Beliveau claims that he is more concerned than the Defendants in the protection of the MMED funds, thus making him a "whistleblower", evidence that he has diverted MMED funds for his own use is relevant. Beliveau's case is premised on the proposition that the opposed what he reasonably believed to be illegal uses of MMED funds by the defendants. The defendants dispute this and contend that Beliveau only called himself a Whistleblower when he felt that his job was threatened. Where Beliveau's state of mind is in dispute, evidence that he misused MMED funds is probative of his real motive for complaining about the defendants use of MMED funds.

Further, the facts and procedural history and time line of the litigation by Gaissl are relevant here to show Beliveau's motives and need for D'Agostino's support while the Gaissl lawsuit was ongoing and the profound effect that the lawsuit and the settlement of that lawsuit had on his relationship with D'Agostino, s It was not until Beliveau was able to resolve that Gaissl lawsuit that he turned on D'Agostino. The issues that affected the relationship between D'Agostino and Beliveau are certainly relevant to Beliveau's claims here.

Wherefore, the Defendants respectfully request that this honorable Court deny the Plaintiff's Motion in Limine preclude evidence regarding the Kym Gaissl matter.

Respectfully submitted,
The Defendants,
By their attorneys,

/s/ Leonard H. Kesten
Leonard H. Kesten, BBO# 542042
Deborah I. Ecker, BBO# 554623
BRODY, HARDOON, PERKINS & KESTEN, LLP
One Exeter Plaza
Boston, MA 02116
(617) 880-7100


/s/ Susan Jacobs
Susan Jacobs, Esq.
VOLTERRA, GOLDBERG & JACOBS
Three Mill Street
Attleboro, MA 02703
(508) 222-1463

DATED: June 15, 2007