UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
)
KIMBERLY STOYLE,                    )
    Plaintiff                       )
                                    )
v.                                  )
                                    )   C.A. No. 05-10354  THE
MANSFIELD MUNICIPAL ELECTRIC        )
DEPARTMENT, JOHN D'AGOSTINO,        )
THE TOWN OF MANSFIELD BOARD OF      )
LIGHT COMMISSIONERS, LOUIS AMORUSO, )
MICHAEL MCCUE, DAVID MCCARTER,      )
DANIEL DONOVAN, ROGER ACHILLE       )
and STEVEN MACCAFFRIE,              )
    Defendants                      )
_____

                                                                         CONSOLIDATED WITH

_____
)
DR. JOHN BELIVEAU,                  )
    Plaintiff                       )
                                    )
v.                                  )   C.A. No. 04-11329
                                    )
TOWN OF MANSFIELD MUNICIPAL         )
ELECTRIC DEPARTMENT and             )
JOHN D'AGOSTINO,                    )
    Defendants                      )
_____

**DEFENDANTS' OPPOSITION TO MOTION TO COMPEL PRODUCTION OF MATERIALS FROM DEFENDANTS REGARDING WHICH DEFENDANTS HAVE ASSERTED PRIVILEGE**

    **I. Introduction**

On the eve of trial, the Plaintiff John Beliveau moves to compel production of all documents which the Defendants identified in a privilege log produced more than one year ago. The Plaintiff does not challenge the claim of privilege as to any

particular documents. Rather, Beliveau argues that under Massachusetts law, the Defendants are not entitled to assert any claim of attorney-client or work-product privilege.

This court should apply the federal law of privilege and shield from disclosure documents protected by the work-product doctrine and attorney-client privilege. Should the court look to Massachusetts law, import policy considerations dictate that the attorney-client and attorney work-product privileges should stand even though the Public Records Law does not contain an express exception for them. Further, regardless of whether the attorney-client or attorney work-product privileges exist with respect to public records, exemption (d) of clause 26 of the Public Records Law prohibits disclosure of records regarding on-going litigation between the Town and any individual or entity, including Beliveau and Stoyle.

## II. Federal Law of Privilege Applies

The Plaintiff's complaint alleges violations of both federal and state claims and asserts that this court has jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367(a). In a federal question case where the court is also hearing state law claims pursuant to supplemental jurisdiction, federal privilege law governs the claims in the action. Vanderbilt v. Town of Chilmark, 174 F.R.D. 225, 226-227 (D. Mass. 1997). Therefore, the court should apply the federal law of privilege to decide the issue of whether the defendants may assert claims of attorney-client or work-product privilege doctrine.

**III. The Defendants' claim of privilege should stand because the attorney-client and work-product privileges are included within the scope of exemption under the Freedom of Information Act (FOIA).**

Both the attorney-client and work-product privileges are included within the scope of exemption under FOIA. 5 U.S.C.A. § 552(b)(5). Attorney work-product privilege protects from disclosure materials prepared by attorneys in anticipation of litigation, and protects work done by an attorney in anticipation of, or during, litigation from disclosure to the opposing party. Fed. Rules Civ. Proc. Rule 26(b)(3). The attorney-client "is the oldest of the privileges for confidential communications recognized by law." Maine v. United States Department of Interior, 298 F. 3d 60 (2002), *quoting*, Weinstein's Federal Evidence, §503.03(2d Ed.)

The Freedom of Information Act incorporates the attorney work-product and attorney-client privileges. In National Labor Relations Board v. Sears, Roebuck and Company, 421 U.S. 132, 154-155, (1975), the United States Supreme Court said:

> It is equally clear that Congress had the attorney's work-product privilege specifically in mind when it adopted exemption 5 and that such a privilege had been recognized in the civil discovery context by the prior case law. The Senate Report states that Exemption 5 "would include the working papers of the agency attorney and documents which would come within the attorney-client privilege if applied to private parties," S.Rep. No. 813, p. 2; and the case law clearly makes the attorney's work-product rule of *Hickman v. Taylor* ... applicable to governmental attorneys in litigation....

3

Thus, federal law prohibits the Plaintiff from obtaining the materials which the Defendants have withheld pursuant to the attorney-client or work-product privilege.

**IV. Under Massachusetts law, the attorney-client privilege should stand even though the Public Records Law does not contain an express exception for it.**

Under Massachusetts Law, a question remains as to whether the attorney-client privilege can be invoked to prevent disclosure of documents under the Public Records Law. Prior to the SJC's ruling in General Electric Co. v. Dep't of Envt'l. Prot., 429 Mass. 798 (1999), several trial courts had ruled that both the attorney-client privilege and the work-product doctrine could be used by agencies to shield covered documents from disclosure under the Public Records Act, despite the fact that neither was listed as an exemption. Following the General Electric decision, the trial courts have issued inconsistent decisions as to whether the attorney-client privilege can be invoked by an agency to prevent disclosure of documents.

In Kiewit-Atkinson-Kenny v. Massachusetts Water Resources Authority, 2002 WL 2017107 (2002), Judge vanGestel, after first deciding that the reasoning of General Electric required production under the Public Records Act of documents otherwise covered by the attorney-client privilege, reconsidered his position in light of the important public policy behind the attorney-client privilege and declined to decide the issue, reporting it to the Appeals Court instead. In Suffolk

Construction Co., Inc. v. Commonwealth, 2005 WL 3630421 (Mass. Super. 2005) Judge Sikora held that the "ancient, powerful, and socially useful" attorney-client privilege stands even though the Public Records Law does not contain an express exception for it.

Despite the uncertainty surrounding the issue of whether the attorney-client or attorney work-product privilege applies to the public records law, courts have held that records concerning ongoing litigation are shielded from disclosure by exemption (d) of Mass. Gen. L. c. 4, §7, cl. 26. Exemption (d) of clause 26 prohibits disclosure of "inter-agency or intra-agency memoranda or letters relating to policy positions being developed by the agency." In Lafferty v. Martha's Vineyard Com'n, 17 Mass. L. Rptr. No. 22, 501, 503, 2004 WL 792712 (Mass. Super. 2004) the court wrote that exemption (d) applies to ongoing litigation because "the preparation of and involvement in litigation by an agency inherently entails the development of 'policy positions' by that agency." The court held that because litigation generally concerns a policy adopted by the public entity and that as the entity prosecutes a strategy for the litigation its "policy positions are subject to change and refinement," records concerning ongoing litigation or administrative proceedings are exempt from disclosure. See Kent v. Commonwealth Civil No. 982693, 2000 WL 1473124 (Mass. Super. Ct. 2000) citing *Letter-Determination of the Supervisor of Public Records*, SPR 91/039, April 19, 1991, at 3 and *Letter-Determination of the Supervisor of Public Records*, SPR 93/186, June 2, 1993, at 7.

## V. Conclusion

For the reasons set forth above, the Defendants request that this court DENY the Plaintiff's Motion to Compel Production of Materials Regarding Which the Defendants Have Asserted Privilege.

Respectfully submitted,
The Defendants,
By their attorneys,

 /s/ Susan Jacobs
Susan Jacobs, Esq., BBO# 554875
VOLTERRA, GOLDBERG & JACOBS
Three Mill Street
Attleboro, MA  02703
(508) 222-1463

/s/ Leonard H. Kesten
Leonard H. Kesten, BBO#542042
Deborah I. Ecker, BBO# 554623
BRODY, HARDOON, PERKINS & KESTEN, LLP
One Exeter Plaza
Boston, MA 02116
(617) 880-7100

DATED:  June 15, 2007