UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.: 04-11329DPW

DR. JOHN J. BELIVEAU,          )
                               )
         Plaintiff             )
VS.                            )
                               )
TOWN OF MANSFIELD MUNICIPAL    )
ELECTRIC DEPARTMENT AND JOHN   )
D'AGOSTINO,                    )
                               )
         Defendants            )

CONSOLIDATED WITH:

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.:  05-10354DPW

KIMBERLY STOYLE,                       )
                                       )
         Plaintiff                     )
VS.                                    )
                                       )
THE MANSFIELD MUNICIPAL                )
ELECTRIC DEPARTMENT, JOHN              )
D'AGOSTINO, TOWN OF MANSFIELD          )
BOARD OF LIGHT COMMISSIONERS,          )
LOUIS AMORUSO, MICHAEL McCUE,          )
DAVID McCARTER, DANIEL                 )
DONOVAN, ROGER ACHILLE and             )
STEVEN MacCAFFRIE,                     )
                                       )
         Defendants                    )

**DEFENDANTS' OPPOSITION TO MOTION TO STRIKE EXPERT WITNESS, JOHN J. SULLIVAN**

I.   Introduction

On the sole ground that he lacks the proper qualifications, the Plaintiff, John Beliveau, seeks to preclude John J. Sullivan from offering expert testimony at the trial of this matter.  The Defendants provided the Plaintiff

with a curriculum vitae and a report authored by Mr. Sullivan on February 2, 2007. The Plaintiff deposed Mr. Sullivan on March 20, 2007 but asked very few questions regarding Mr. Sullivan's education, training or experience.

Mr. Sullivan is expected to testify about cash reconciliation at MMED, Annual Charges to MMED, use of the American Express card issued to MMED, cash controls at MMED, borrowings and transfers from the Depreciation Account, and the establishment of a lock box system. Mr. Sullivan's affidavit attached hereto as Exhibit A provides a detailed description of his education, training, and experience. During his thirty year career, Mr. Sullivan has provided auditing, consulting and computer advisory services to municipalities and not-for-profit organizations. He currently heads up his firm's fraud investigation services. As his affidavit demonstrates, Mr. Sullivan is qualified by his education, training, and experience to offer opinions regarding the issues which the Defendants intend to ask him to address.

**II.     Mr. Sullivan has sufficient qualifications regarding the issues which the Defendants intend to ask him to address.**

Among other requirements, the evidence rule governing expert testimony mandates that a putative expert be qualified to testify by knowledge, skill, experience, training or education; under this rule, a testifying expert should have achieved a meaningful threshold of expertise in the given area. <u>Levin v. Dalva Brothers, Inc</u>. 459 F.3d 68 (1st Cir. 2006) Fed. Rules Evid. Rule 702. Applying this standard to the instant case, it is apparent that Mr. Sullivan has sufficient qualifications to offer expert

testimony regarding the issues which the Defendants intend to ask him to address.

Mr. Sullivan's affidavit attached hereto provides a detailed description of his education, training, and experience. As stated in his affidavit, Mr. Sullivan has a bachelor's degree in business management and has taken post-graduate courses in auditing and accounting. Id. At various times he has held a CPA license in both Massachusetts and Vermont and has never been subject to any discipline in connection with his CPA license in either state. Id.

In addition to his formal education, Mr. Sullivan possesses over thirty years of experience providing a wide range of services to Governmental clients. Id. During his career, Mr. Sullivan has taken many continuing education courses in governmental accounting and auditing as well as in fraud prevention and detection. Id. In addition, he has developed and presented continuing education courses for many organizations, including the American Institute of Certified Public Accountants and the Massachusetts Municipal Auditors' and Accountants' Association. Id. The training course he developed for the Massachusetts Uniform Municipal Accounting System has been offered by his firm every year since 1995. Mr. Sullivan has taught college level classes, including a course on Problems in Budgeting in the Masters in Public Administration program offered by Western New England College.

Mr. Sullivan's affidavit details the many audits and fraud investigations he has supervised for municipalities throughout Massachusetts. Among other activities, he has assisted various municipalities

3

and their subdivisions with identifying theft, misuse of funds, embezzlement, procurement law violations, improper cash handling, and unsupported transactions.  Id.  Mr. Sullivan has performed audits of ten 40B affordable housing projects for the Office of the Massachusetts Inspector General.  He has performed audits of 270 school building projects for the Commonwealth's School Building Authority.  He has analyzed and reviewed procedures for accounting systems, account reconciliation, and budgeting for a number of Towns and School Systems.  Id. He conducted a review of the Winchendon Public Schools procedures for recording transactions and reconciliation with the Town.  He further reviewed their procedures, internal controls, and accountability for student activity and revolving funds.

     As a result of his education, training, and experience, Mr. Sullivan has extensive knowledge of accepted practices in many areas of municipal finance, including municipal accounting practices, cash control practices, cash reconciliation, municipal credit card use, and municipal investment and borrowing practices.  Mr. Sullivan should be permitted to testify at trial as he is qualified as an expert through knowledge, skill, experience, education, or training on the issues for which his opinions will be offered.  Thomas J. Kline, Inc. v. Lorillard, Inc. 878 F.2d 791 (4th Cir. 1989).

### III.  Conclusion

For the reasons set forth above, the Defendants request that this court DENY the Plaintiff's Motion to Strike Expert Witness John J. Sullivan.

        Respectfully submitted,
        The Defendants,
        By their attorneys,


        /s/ Susan Jacobs
        Susan Jacobs, Esq., BBO# 554875
        VOLTERRA, GOLDBERG & JACOBS
        Three Mill Street
        Attleboro, MA  02703
        (508) 222-1463


        /s/ Leonard H. Kesten
        Leonard H. Kesten, BBO#542042
        Deborah I. Ecker, BBO# 554623
        BRODY, HARDOON, PERKINS & KESTEN, LLP
        One Exeter Plaza
        Boston, MA 02116
        (617) 880-7100

DATED:  June 19, 2007