UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.: 04-11329-DPW

| | |
|---|---|
| DR. JOHN J. BELIVEAU, | ) |
| | ) |
|     Plaintiff | ) |
| VS. | ) |
| | ) |
| TOWN OF MANSFIELD MUNICIPAL | ) |
| ELECTRIC DEPARTMENT AND | ) |
| JOHN D'AGOSTINO, | ) |
| | ) |
|     Defendants | ) |

**CONSOLIDATED WITH**

Civil Action No.: 05-10354-DPW

| | |
|---|---|
| KIMBERLY STOYLE, | ) |
|     Plaintiff | ) |
| | ) |
| VS. | ) |
| | ) |
| THE MANSFIELD MUNICIPAL | ) |
| ELECTRIC DEPARTMENT , JOHN | ) |
| D'AGOSTINO, TOWN OF MANSFIELD | ) |
| BOARD OF LIGHT COMMISSIONERS, | ) |
| LOUIS AMORUSO, MICHAEL MCCUE | ) |
| DAVID MCCARTER, DANIEL | ) |
| DONOVAN, ROGER ACHILLE, AND | ) |
| STEVEN MACCAFFRIE, | ) |
|     Defendants | ) |

## DEFENDANTS' MOTION FOR MISTRIAL

The defendants hereby ask that this Court declare a mistrial because the plaintiff, John Beliveau, knowingly injected the issue of insurance coverage into this case. As the Court knows, the issue of insurance and settlement negotiations was discussed before the commencement of the trial. At this point, that Court has agreed with the plaintiffs' position that settlement negotiations of the Stoyle

1

matter were excluded. Despite this ruling, Dr. Beliveau testified that he was represented by « insurance counsel » at his deposition in the Stoyle case.

Dr. Beliveau's testimony regarding insurance coverage is particularly prejudicial in this case. In fact, the Beliveau case is not covered by insurance and the Town of Mansfield ratepayers and/or the taxpayers are funding the defense of this lawsuit and will have to pay any damages, if they are awarded. Dr. Beliveau has been fully aware of this fact from the outset of the lawsuit. In fact, the coverage available to the Town for the Stoyle lawsuit is limited.

Dr. Beliveau has now suggested to the jury that insurance is available to pay for defense and damages in this lawsuit. No curative instruction will unring this bell. This Court has noted that even without the mention of insurance, a jury may well assume that insurance exists to cover damages and defense. In a case such as this, where the residents of Mansfield have been forced to pay for the defense of Dr. Beliveau's case, and are responsible for any damages that may be awarded, the willful injection of insurance coverage into the trial has so tainted this jury that a fair trial is no longer possible.

Wherefore, the defendants ask that this Court declare a Mistrial and sanction Dr. Beliveau appropriatly for his willful action which caused the mistrial.

>Respectfully submitted,
>The Defendants,
>By their attorneys,
>
>/s/ Leonard H. Kesten
>Leonard H. Kesten, BBO# 542042
>Deborah I. Ecker, BBO# 554623
>BRODY, HARDOON, PERKINS & KESTEN, LLP
>One Exeter Plaza
>Boston, MA 02116
>(617) 880-7100

        /s/ Susan Jacobs
        Susan Jacobs, Esq.
        VOLTERRA, GOLDBERG & JACOBS
        Three Mill Street
        Attleboro, MA 02703
        (508) 222-1463

Dated: July 9, 2007