UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.: 04-11329-DPW

| | |
|---|---|
| DR. JOHN J. BELIVEAU, | ) |
| | ) |
| Plaintiff | ) |
| VS. | ) |
| | ) |
| TOWN OF MANSFIELD MUNICIPAL | ) |
| ELECTRIC DEPARTMENT AND | ) |
| JOHN D'AGOSTINO, | ) |
| | ) |
| Defendants | ) |

**DEFENDANTS' MOTION FOR DIRECTED VERDICT**

The Defendants, the Town of Mansfield Municipal Electric Department ("MMED") and John D'Agostino, hereby ask that this Court direct a verdict for the Defendants and against the Plaintiff John Beliveau in this matter. In support thereof, the Defendants state as follows.

The Plaintiff John Beliveau has brought this action claiming that the Defendants retaliated against him because he engaged in protected activity. Beliveau alleges that he engaged in the following protected activity: 1) he supported Kimberly Stoyle's sexual harassment complaint when he was interviewed by the investigator hired by the Town to investigate the allegations and when he gave a deposition in that case, 2) when he cooperated with the Ethics Commission in 2003 in the Commission's investigation into D'Agostino's involvement in the hiring of a financial assistant in 2000, 3) when he disclosed alleged financial improprieties in the Town of Mansfield and 4) when he notified the defendants of his draft own charge of retaliation just prior to his termination. While clearly Beliveau suffered an adverse job action when he was terminated, to prevail on his retaliation claim based on his termination he must prove a nexus

1

between his termination and the protected activity alleged. Here, Beliveau has clearly failed to meet his burden and to show such a nexus.

  First, Beliveau admits in his charge of retaliation filed prior to his termination that D'Agostino had already made the decision to terminate him. Accordingly, Beliveau has not proven that his filing of his charge of retaliation was the determinative cause of his termination as he was already admittedly going to be terminated. Likewise, Beliveau has not proven that the decision to terminate him, which was made prior to his filing his retaliation complaint, was in retaliation for his support of Stoyle's sexual harassment complaint or any other whistle blowing activity alleged. Rather, the evidence has clearly shown that Beliveau's termination was due to his inability to get along with others, his attitude towards D'Agostino and other town employees, and his continual efforts to undermine the Defendants. Beliveau has failed to meet his burden of proving a nexus between his termination and the protected activity alleged. Accordingly, no reasonable finder of fact can find that the Defendants retaliated against Beliveau because he engaged in protected activity and the Court should direct a verdict for the Defendants and against the Plaintiff.

  In addition, for Beliveau's support of Stoyle's sexual harassment claim to be protected activity and form the basis for his retaliation claim, Beliveau must prove that he had a good faith, objectively reasonable belief that Stoyle was the subject of sexual harassment by D'Agostino at the time she filed her sexual harassment complaint in December 2002. Here, Beliveau has not shown any such good faith belief. In fact, the evidence introduced is to the contrary. Had Beliveau actually believed that D'Agostino was sexually harassing Stoyle, he had the obligation at the time the incidents occurred as far back as 1999 to take action

as Stoyle's supervisor. Beliveau took no such action but rather, only supported Stoyle's claim when he believed both of their jobs were at risk. Only then did Beliveau disclose conduct that had occurred years earlier. Had Beliveau legitimately believed that the behavior amounted to sexual harassment, he would have and should have acted earlier. Accordingly, he will not be able to show that he had a good faith, objectively reasonable belief that the behavior alleged by Stoyle amounted to sexual harassment as of December of 2002 and accordingly, his support of her claim does not amount to protected activity. Here, no reasonable finder of fact can find that Beliveau had a good faith reasonable belief and accordingly, the court should direct a verdict for the defendants and against the Plaintiff, John Beliveau.

WHEREFORE, as all of Beliveau's remaining claims are premised on the validity of his retaliation claims, the court should direct a verdict of the Defendants and against the Plaintiff John Beliveau on all of his claims against them.

>
> Respectfully submitted,
> The Defendants,
> By their attorneys,
>
> /s/ Leonard H. Kesten
> Leonard H. Kesten, BBO# 542042
> Deborah I. Ecker, BBO# 554623
> BRODY, HARDOON, PERKINS & KESTEN, LLP
> One Exeter Plaza
> Boston, MA 02116
> (617) 880-7100
>
> /s/ Susan Jacobs
> Susan Jacobs, Esq.
> VOLTERRA, GOLDBERG & JACOBS
> Three Mill Street
> Attleboro, MA 02703
> (508) 222-1463

DATED: July 9, 2007