UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.: 04-11329DPW

| | |
|---|---|
| DR. JOHN J. BELIVEAU, | ) |
| | ) |
|     Plaintiff | ) |
| VS. | ) |
| | ) |
| TOWN OF MANSFIELD MUNICIPAL | ) |
| ELECTRIC DEPARTMENT AND JOHN | ) |
| D'AGOSTINO, | ) |
| | ) |
|     Defendants | ) |

CONSOLIDATED WITH:

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.: 05-10354DPW

| | |
|---|---|
| KIMBERLY STOYLE, | ) |
| | ) |
|     Plaintiff | ) |
| VS. | ) |
| | ) |
| THE MANSFIELD MUNICIPAL | ) |
| ELECTRIC DEPARTMENT, JOHN | ) |
| D'AGOSTINO, TOWN OF MANSFIELD | ) |
| BOARD OF LIGHT COMMISSIONERS, | ) |
| LOUIS AMORUSO, MICHAEL McCUE, | ) |
| DAVID McCARTER, DANIEL | ) |
| DONOVAN, ROGER ACHILLE and | ) |
| STEVEN MacCAFFRIE, | ) |
| | ) |
|     Defendants | ) |

**DEFENDANTS' SUPPLEMENTAL JURY INSTRUCTIONS**

**Retaliation**

**(Stoyle v. MMED and D'Agostino)**

    Ms. Stoyle contends that she filed her MCAD complaint because she reasonably believed that she had been the victim of sexual harassment and retaliation. She contends that she was the victim of retaliation because of her

1

complaints of sexual harassment. The defendants contend that Ms. Stoyle did not reasonably believe that she was a victim of these things but that she filed her MCAD complaint for illegitimate reasons.

To prevail on her retaliation claim against the MMED and Mr. D'Agostino, Ms. Stoyle must first prove that she engaged in protected conduct. Not all filings of discrimination claims are considered "protected activity". It is uncontroverted that Ms.Stoyle filed a complaint at the MCAD in December of 2002 alleging sexual harassment and retaliation. In order for this filing to be "protected activity, Ms. Stoyle must prove that she filed this complaint with a good faith, objectively reasonable belief that she had been a victim of sexual harassment and retaliation. It is not enough that she proves that she herself believed this, she must prove that an objectively reasonable person, knowing what she knew, would have believed that she was the victim of sexual harassment and retaliation.

To demonstrate that her complaint of sexual harassment constituted "statutorily protected expression," Ms. Stoyle must demonstrate a good faith, reasonable belief that the MMED and Mr. D'Agostino engaged in unlawful employment practices. Ms. Stoyle must prove both a subjective, good-faith belief that the MMED and D'Agostino engaged in an unlawful employment practice and that her belief was objectively reasonable. See, Santiago v. Lloyd, 66 F. Supp. 2d 282 (D. Puerto Rico 1999); Bell v. Potter, 234 F.Supp. 2d 91 (D.Mass. 2002); Volez v. Janssen Ortho LLC, 389 F.Supp. 2d 253 (Puerto Rico 2005); Harper v. Blockbuster Entertainment, 139 F.3d 1385 (11 Cir. (Fla.), 1998).

Dr. Beliveau likewise claims that his filing of his MCAD complaint on January 13, 2004 constituted "protected conduct". He claims that he "supported"

Ms. Stoyle's claims of sexual harassment and retaliation and that this support led to an adverse employment action against him. The defendants claim that Dr. Beliveau did not reasonably believe that Ms. Stoyle had been the victim of sexual harassment and retaliation and that he did not reasonably believe that he was the victim of retaliation for supporting her and that he supported her claim of sexual harassment and retaliation in bad faith and that he brought his MCAD complaint for illegitimate reasons.

In order for Dr. Beliveau to prevail, he has to prove both that he had an objectively reasonable belief that Ms. Stoyle had been the victim of sexual harassment and retaliation, and that he had an objectively reasonable belief that he was the victim of retaliation for his support of her claims. If you find that Dr. Beliveau did not have an objectively reasonable belief that Ms. Stoyle was the victim of sexual harassment and retaliation and that he did not have an objectively reasonable belief that he was the victim of retaliation for his support of her claims, then you must find for the Defendant.

Respectfully submitted,
The Defendants,
By their attorneys,

/s/ Leonard H. Kesten
Leonard H. Kesten, BBO# 542042
Deborah I. Ecker, BBO# 554623
BRODY, HARDOON, PERKINS & KESTEN, LLP
One Exeter Plaza
Boston, MA 02116
(617) 880-7100

/s/ Susan Jacobs
Susan Jacobs, Esq.
VOLTERRA, GOLDBERG & JACOBS
Three Mill Street

                                                Attleboro, MA 02703
                                                (508) 222-1463

DATED: July 27, 2007